# EXHIBIT G
## Part 1 of 2



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 05/01/2018 | 9959023 | 083523.0117 | 9869 |

5073        7590        04/11/2018

BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Sean Rad, Los Angeles, CA;
Tinder, Inc., West Hollywood, CA;
Jonathan Badeen, North Hollywood, CA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit <u>SelectUSA.gov</u>.

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**or** <u>Fax</u>   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

5073        7590        02/27/2018
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 083523.0117 | 9869 |

TITLE OF INVENTION: Matching Process System And Method

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0 | $0 | $1000 | 05/29/2018 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHOI, YUK TING | 2153 | 707-005000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Baker Botts L.L.P.

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Match.Com, L.L.C.

(B) RESIDENCE: (CITY and STATE or COUNTRY)

Dallas, Texas

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☑ Corporation or other private group entity   ☐ Government

**4a. The following fee(s) are submitted:**

☑ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s):** (**Please first reapply any previously paid issue fee shown above**)

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☑ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number  02-0384  (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature   /Chad C. Walters/        Date   March 22, 2018

Typed or printed name   Chad C. Walters        Registration No.   48,022

ATTORNEY DOCKET NO.       PATENT APPLICATION
083523.0117             15/016,662

1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Sean Rad et al. |
| Serial No.: | 15/016,662 |
| Filed: | February 5, 2016 |
| Group No.: | 2153 |
| Examiner: | Yuk Ting Choi |
| Notice of Allowance Mailed: | February 27, 2018 |
| Confirmation No.: | 9869 |
| Title: | MATCHING PROCESS SYSTEM AND METHOD |

**Mail Stop Issue Fee**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA   22313-1450

Dear Sir:

### RESPONSE TO REASONS FOR ALLOWANCE

  Applicant appreciates the Examiner's allowance of Claims 44, 45, 49, 53, 54 and 58. Pursuant to 37 C.F.R. § 1.104, Applicant respectfully issues a statement commenting on the Examiner's reasons for allowance.  Applicant respectfully disagrees with the Examiner's reasons for allowance to the extent that they are inconsistent with applicable case law, statutes, and regulations.  Furthermore, Applicant does not admit to any characterization or limitation of the claims or to any characterization of a reference by the Examiner, particularly any that are inconsistent with the language of the claims considered in their entirety and including all of their constituent limitations.

            Respectfully submitted,
            BAKER BOTTS L.L.P.
            Attorneys for Applicant


            /Chad C. Walters/


            Chad C. Walters
            Registration No. 48,022

Date: _____
**CUSTOMER NO. 05073**

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15016662 |
| **Filing Date:** | 05-Feb-2016 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Filer:** | Barton E. Showalter/Karen Langford |
| **Attorney Docket Number:** | 083523.0117 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 1501 | 1 | 1000 | 1000 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **1000** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 32129174 |
| **Application Number:** | 15016662 |
| **International Application Number:** | |
| **Confirmation Number:** | 9869 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Barton E. Showalter/Karen Langford |
| **Filer Authorized By:** | Barton E. Showalter |
| **Attorney Docket Number:** | 083523.0117 |
| **Receipt Date:** | 22-MAR-2018 |
| **Filing Date:** | 05-FEB-2016 |
| **Time Stamp:** | 14:48:23 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $1000 |
| RAM confirmation Number | 032318INTEFSW00001122020384 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | 117if.pdf | 115039<br><br>dacc09c416b09491e36867b1dae0cd669aaa0ee5 | no | 1 |

**Warnings:**

**Information:**

| 2 | Post Allowance Communication - Incoming | 117Comments.pdf | 101602<br><br>ea043a511158497063c8ec3cb9029a5c15662cad | no | 1 |

**Warnings:**

**Information:**

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 29987<br><br>895767aeef32a6e486d10920ec1b585c38a2f55e | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 246628 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

5073        7590        02/27/2018

BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

DATE MAILED: 02/27/2018

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 083523.0117 | 9869 |

TITLE OF INVENTION: Matching Process System And Method

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0 | $0 | $1000 | 05/29/2018 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>
**Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
**or** <u>Fax</u> **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

> 5073        7590        02/27/2018
> BAKER BOTTS L.L.P.
> 2001 ROSS AVENUE
> SUITE 700
> DALLAS, TX 75201-2980

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 083523.0117 | 9869 |

TITLE OF INVENTION: Matching Process System And Method

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0 | $0 | $1000 | 05/29/2018 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHOI, YUK TING | 2153 | 707-005000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____ Date _____

Typed or printed name _____ Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 083523.0117 | 9869 |

5073        7590        02/27/2018

BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

DATE MAILED: 02/27/2018

# Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
## (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| ***Notice of Allowability*** | **Application No.**<br>15/016,662 | **Applicant(s)**<br>RAD ET AL. | |
|---|---|---|---|
| | **Examiner**<br>YUK TING CHOI | **Art Unit**<br>2153 | **AIA (First Inventor to File)**<br>**Status**<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MEP 1308.

1. ☒ This communication is responsive to <u>01/22/2018</u>.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are <u>44,45,49,53,54 and 58</u>. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

      a) ☐ All   b) ☐ Some   *c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Information Disclosure Statements (PTO/SB/08),<br>    Paper No./Mail Date _____

3. ☐ Examiner's Comment Regarding Requirement for Deposit<br>    of Biological Material

4. ☒ Interview Summary (PTO-413),<br>    Paper No./Mail Date <u>20180212</u> .

5. ☒ Examiner's Amendment/Comment

6. ☒ Examiner's Statement of Reasons for Allowance

7. ☐ Other _____.

/YUK TING CHOI/
Primary Examiner, Art Unit 2153

Application/Control Number: 15/016,662                                    Page 2
Art Unit: 2153

### DETAILED ACTION

#### Response to Amendment

1.      This office action is in response to applicant's communication filed on 01/22/2018 in response to PTO Office Action mailed on 10/20/2017.  The Applicant's remarks and amendments to the claims and/or the specification were considered with the results as follows.

2.      In response to the last Office Action, claims 44, 49 and 54 have been amended. Claims 48, 52 and 57 are canceled.  As a result, claims 44-47, 49-51, 53-56 and 58 are pending in this office action.

### EXAMINER'S AMENDMENT

3.      An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312.  To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Mr. Clarke W. Stravinoha on 02/12/2018.

The application has been amended as follows:


**In the claim:**


44.      (**Currently Amended**) A method of navigating a user interface, comprising:

Application/Control Number: 15/016,662                                    Page 3
Art Unit: 2153

presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information, the first item of information comprising a graphical representation of a first online dating profile associated with a first user**, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards**;

detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information, the positive preference indication associated with the first item of information comprising an expression of approval for the first user associated with the first online dating profile**, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a right swiping direction associated with the gesture**;

storing the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture, the second item of information comprising a graphical representation of a second online dating profile associated with a second user; and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

46.      (**Cancelled**)


47.      (**Cancelled**)

49.      (**Currently Amended**) A system, comprising:

an interface operable to:

present a graphical representation of a first item of information of a plurality of items of information, the first item of information comprising a graphical representation of a first online dating profile associated with a first user**, wherein the**

Application/Control Number: 15/016,662                                    Page 4
Art Unit: 2153

**interface is further operable to present the graphical representation of the first**
**item of information of the plurality of items of information as a first card of a**
**stack of cards**;

     a processor coupled to the interface and operable to:

        detect a gesture associated with the graphical representation of the first
item of information, the gesture corresponding to a positive preference indication
associated with the first item of information, the positive preference indication
associated with the first item of information comprising an expression of approval for the
first user associated with the first online dating profile**, wherein the processor is**
**further operable to detect a right swiping direction associated with the gesture**;

        store the positive preference indication associated with the first item of
information in response to detecting the gesture; and

     the interface further operable to:

        automatically present a graphical representation of a second item of
information of the plurality of items of information in response to the processor detecting
the gesture, the second item of information comprising a graphical representation of a
second online dating profile associated with a second user; and

        automatically remove the graphical representation of the first item of
information in response to detecting the gesture.


    50.    (**Cancelled**)


    51.    (**Cancelled**)


    54.    (**Currently Amended**)  At least one non-transitory computer-readable
medium comprising a plurality of instructions that, when executed by at least one
processor, are configured to:

     present, on a graphical user interface, a graphical representation of a first item of
information of a plurality of items of information, the first item of information comprising
a graphical representation of a first online dating profile associated with a first user**,**

Application/Control Number: 15/016,662                                          Page 5
Art Unit: 2153

**wherein the plurality of instructions are configured to present the graphical**
**representation of the first item of information of the plurality of items of**
**information as a first card of a stack of cards**;

      detect a gesture associated with the graphical representation of the first item of
information, the gesture corresponding to a positive preference indication associated
with the first item of information, the positive preference indication associated with the
first item of information comprising an expression of approval for the first user
associated with the first online dating profile**, wherein the plurality of instructions are**
**further configured to detect a right swiping direction associated with the gesture**;

      store the positive preference indication associated with the first item of
information in response to detecting the gesture;

      automatically present, on the graphical user interface, a graphical representation
of a second item of information of the plurality of items of information in response to
detecting the gesture, the second item of information comprising a graphical
representation of a second online dating profile associated with a second user; and

      automatically remove the graphical representation of the first item of information
from the graphical user interface in response to detecting the gesture.

     55.    (**Cancelled**)

     56.    (**Cancelled**)

### *Reason for Allowance*

    The following is an examiner's statement of reasons for allowance: The closest

references cited in the record fail to anticipate or render obvious the recited features in

the independent claims 44, 49 and 54. For example, the closest cited references do not

explicitly teach detecting a right swiping direction gesture corresponding to a positive

Application/Control Number: 15/016,662                          Page 6
Art Unit: 2153

preference associated with a graphical representation of a first online dating profile

associated with a first user; automatically presenting a graphical representing of a

second dating profile associated with a second user in response to detecting the

gesture and automatically removing the graphical representation of the first item of

information from the graphical user interface in response to detecting the gesture and

as well as the previous intervening limitations in order to remove irrelevant entities to

the searcher which costs the user of the service time.

Any comments considered necessary by applicant must be submitted no later than the

payment of the issue fee and, to avoid processing delays, should preferably accompany

the issue fee.  Such submissions should be clearly labeled "Comments on Statement of

Reason for Allowance."

### *Conclusion*

    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to YUK TING CHOI whose telephone number is (571)270-

1637.  The examiner can normally be reached on 8:30 AM - 5:30 PM EST.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Heather Herndon can be reached on (571) 272-4136.  The fax phone

Application/Control Number: 15/016,662                                    Page 7
Art Unit: 2153

number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/YUK TING CHOI/
Primary Examiner, Art Unit 2153

| *Examiner-Initiated Interview Summary* | Application No. | Applicant(s) |
| | 15/016,662 | RAD ET AL. |
| | Examiner | Art Unit | |
| | YUK TING CHOI | 2153 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *YUK TING CHOI*.                    (3) _____.

(2) *Clark Starvinoha*.                 (4) _____.

Date of Interview: *2/12/2018*.

Type:    ☒ Telephonic   ☐ Video Conference
         ☐ Personal [copy given to: ☐ applicant    ☒ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes    ☒ No.
   If Yes, brief description: _____.

Issues Discussed   ☐101  ☐112  ☐102  ☒103  ☐Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *44*.

Identification of prior art discussed: *NONE*.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*The Examiner suggested Applicant to incorporate some of the important features in the claims to expedite the prosecution process. Applicant agreed and authorized the Examiner to make changes through the Examiner's Amendemnt .*

**Applicant recordation instructions**:  It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /YUK TING CHOI/ | |
| Primary Examiner, Art Unit 2153 | |

U.S. Patent and Trademark Office
PTOL-413B (Rev. 8/11/2010)                    Interview Summary                    Paper No. 20180212

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2164 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L67/306 OR G06F17/30011 OR G06F17/3053 | 2/12/2018 | YC |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| H04L67/306 OR G06F17/30011 OR G06F17/3053, see attached search history | 2/12/2018 | |
| Google NPL Search | 2/12/2018 | YC |
| East text search, see attached search history | 2/12/2018 | YC |
| Assignee and Inventor search | 2/12/2018 | YC |
| Counsulted Paul Rodriguez for 101 MQAS TC2100 | 4/25/2017 | YC |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | H04L67/306 OR G06F17/30011 OR G06F17/3053, see attached search history | 2/12/2018 | YC |

| | /YUK TING CHOI/ Primary Examiner.Art Unit 2164 |
|---|---|
| | |

# Bibliographic Data

Application No: 15016662

Foreign Priority claimed: ○ Yes  ● No

35 USC 119 (a-d) conditions met: ☐ Yes  ☑ No    ☐ Met After Allowance

Verified and Acknowledged: _____    _____

Examiner's Signature    Initials

Title: Matching Process System And Method

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 02/05/2016 | 707 | 2153 | 083523.0117 |
| **RULE** | | | |

**APPLICANTS**

Tinder, Inc., West Hollywood, CA,

**INVENTORS**

Sean Rad, Los Angeles, CA, UNITED STATES

Jonathan Badeen, North Hollywood, CA, UNITED STATES

**CONTINUING DATA**

This application is a CON of 14059192 10/21/2013 PAT 9733811

14059192 has PRO of 61793866 03/15/2013

14059192 is a CIP of 12339301 12/19/2008 PAT 8566327

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED\*\***

02/19/2016

**STATE OR COUNTRY**

UNITED STATES

**ADDRESS**

BAKER BOTTS L.L.P.

2001 ROSS AVENUE

SUITE 700

DALLAS, TX 75201-2980

UNITED STATES

**FILING FEE RECEIVED**

$1,600

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S223 | 17 | (present$3 display$3 provid$3) near20 (profile user match person) same (approve approval deny disapproval disapprove) near10 (button swip$5 gesture) and (dating match social) near10 (network ) AND ( (H04L67/306 OR G06F17/30011 OR G06F17/3053).CPC. ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/12 14:35 |
| S222 | 2 | swip$3 near10 (right left down up) near20 (remove$3 delet$3 reject$3) near20 (item$3 profile$3 content$3 media) AND ( (H04L67/306 OR G06F17/30011 OR G06F17/3053).CPC. ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/12 14:35 |
| S221 | 2 | swip$3 near10 (right down left side up) near20 (remove$3 delet$3 reject$3) near20 (item$3 profile$3 content$3 media) AND ( (H04L67/306 OR G06F17/30011 OR G06F17/3053).CPC. ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/12 14:34 |
| S220 | 55 | swip$3 near10 (right down left side up) near20 (remove$3 delet$3 reject$3) near20 (item$3 profile$3 content$3 media) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/12 14:33 |
| S219 | 16 | swip$5 near10 (left and right) and match$3 near10 (profil$3) and dating | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 17:12 |
| S218 | 16 | swip$5 near10 (left and right) and match$3 near10 (profil$3) and dating | US-PGPUB; USPAT | OR | OFF | 2018/02/01 17:12 |
| S217 | 6875 | swip$5 near10 (left and right) | US-PGPUB; USPAT | OR | OFF | 2018/02/01 17:12 |
| S216 | 11628 | hook near up | US-PGPUB; USPAT | OR | OFF | 2018/02/01 17:10 |
| S215 | 1103 | swip$5 near10 (left right) and user near10 (match$3 dating) and profile$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 16:58 |
| S214 | 2 | "20120271883" and swip$5 | US-PGPUB; | OR | OFF | 2018/02/01 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 16:55 |
| S213 | 19 | swip$5 near20 (approv$5 satisf$5 like$3 loved interest$3) near20 ( profil$3 user$3) and (dating ) near10 (profile$3 account$3 service$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 16:53 |
| S212 | 16 | swip$5 near20 (approv$5 satisf$5 like$3 loved interest$3) near20 ( profil$3 user$3) and (dating ) near10 (pofile$3 account$3 service$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 16:52 |
| S211 | 372 | swip$5 near20 (approv$5 satisf$5 like$3 loved interest$3) near20 ( profil$3 user$3) and (dating matching) near10 (user profil$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 16:44 |
| S210 | 455 | swip$5 near20 (approv$5 satisf$5 like$3 loved interest$3) near20 ( profil$3 user$3) and (dating matching) and (social) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 16:42 |
| S209 | 813 | swip$5 near20 (approv$5 satisf$5 like$3 loved interest$3) near20 ( profil$3 user$3) and (dating matching) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 16:41 |
| S208 | 1272 | swip$5 near20 (approv$5 satisf$5 like$3 loved interest$3) same ( profil$3 user$3) and (dating matching) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 16:41 |
| S207 | 3687 | swip$5 same (approv$5 satisf$5 like$3 loved interest$3) same ( profil$3 user$3) and (dating matching) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 16:32 |
| S206 | 1 | "15016662" and swip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; | OR | OFF | 2018/02/01 14:48 |

| | | | IBM_TDB | | | |
|---|---|---|---|---|---|---|
| S205 | 1 | "15016662" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 14:45 |
| S204 | 1 | "20070150802" | US-PGPUB; USPAT | OR | OFF | 2018/02/01 14:09 |
| S203 | 1 | "20170150802" | US-PGPUB; USPAT | OR | OFF | 2018/02/01 14:09 |
| S202 | 2 | "20130332453" | US-PGPUB; USPAT | OR | OFF | 2018/02/01 14:03 |
| S201 | 1 | "14984665" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 14:03 |
| S200 | 150 | swip$5 same (approv$5 satisf$5 like$3 loved interest$3) same ( profil$3 near10 user$3) and (dating matching) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 13:44 |
| S199 | 320 | swip$5 same (approv$5 satisf$5 like$3 loved interest$3) same ( profil$3 near10 user$3) and dat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 13:44 |
| S198 | 232 | swip$5 same (approv$5 satisf$5 like$3 loved interest$3) and (dating) and profil$3 near10 user$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 13:43 |
| S197 | 1 | "15016662" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/02/01 13:23 |

2/21/2018 4:18:46 PM
C:\Users\cchoi\Documents\EAST\Workspaces\15016662_matching_process_system_and_method.wsp

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | **Examiner** | **Art Unit** |
| | CAROL CHOI | 2153 |

**CPC**

| Symbol | | | Type | Version |
|---|---|---|---|---|
| G06F | 3 | 04842 | F | 2013-01-01 |
| G06F | 17 | 30554 | I | 2013-01-01 |
| G06F | 17 | 30657 | I | 2013-01-01 |
| G06Q | 10 | 10 | I | 2013-01-01 |
| G06Q | 30 | 02 | I | 2013-01-01 |
| G06Q | 50 | 10 | I | 2013-01-01 |
| G06Q | 50 | 01 | I | 2013-01-01 |
| G06F | 3 | 0482 | I | 2013-01-01 |
| G06F | 3 | 0488 | I | 2013-01-01 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 6 | |
| /CAROL CHOI/<br>Primary Examiner.Art Unit 2153 | 02/12/2018 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 44 | Figs 6-9 |

U.S. Patent and Trademark Office                                        Part of Paper No. 20180212

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | Examiner | Art Unit |
| | CAROL CHOI | 2153 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | | | | | | **NON-CLAIMED** | | | | |
| | | G | 0 | 6 | F | 17 / 30 (2006.01.01) | | | | | | |
| **CROSS REFERENCE(S)** | | | | | | | | | | | | |
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 6 | |
| /CAROL CHOI/ Primary Examiner.Art Unit 2153 | 02/12/2018 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 44 | Figs  6-9 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | Examiner | Art Unit |
| | CAROL CHOI | 2153 |

☐ **Claims renumbered in the same order as presented by applicant**    ☐ **CPA**    ☐ **T.D.**    ☐ **R.1.47**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 44 | | | | | | | | | | | | | | |
| 2 | 45 | | | | | | | | | | | | | | |
| | 46 | | | | | | | | | | | | | | |
| | 47 | | | | | | | | | | | | | | |
| | 48 | | | | | | | | | | | | | | |
| 3 | 49 | | | | | | | | | | | | | | |
| | 50 | | | | | | | | | | | | | | |
| | 51 | | | | | | | | | | | | | | |
| | 52 | | | | | | | | | | | | | | |
| 4 | 53 | | | | | | | | | | | | | | |
| 5 | 54 | | | | | | | | | | | | | | |
| | 55 | | | | | | | | | | | | | | |
| | 56 | | | | | | | | | | | | | | |
| | 57 | | | | | | | | | | | | | | |
| 6 | 58 | | | | | | | | | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 6 | |
| /CAROL CHOI/<br>Primary Examiner.Art Unit 2153 | 02/12/2018 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 44 | Figs  6-9 |

U.S. Patent and Trademark Office        Part of Paper No.  20180212

PTO/SB/30 (07-14)
Approved for use through 07/31/2016. OMB 0651-0031
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Request for Continued Examination (RCE) Transmittal | Application Number | 15/016,662 |
|---|---|---|
| | Filing Date | 2016-02-05 |
| | First Named Inventor | Sean Rad |
| Address to: Mail Stop RCE Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 | Art Unit | 2153   Confirmation No. 9869 |
| | Examiner Name | Yuk Ting Choi |
| | Attorney Docket Number | 083923.0117 |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, to any international application that does not comply with the requirements of 35 U.S.C. 371, or to any design application. See instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.)

1.  [Submission required under 37 CFR 1.114] Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

   a. [ ] Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

      i. [ ] Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

      ii. [ ] Other _____

   b. [✓] Enclosed

      i. [✓] Amendment/Reply         iii. [ ] Information Disclosure Statement (IDS)

      ii. [ ] Affidavit(s)/ Declaration(s)       iv. [ ] Other _____

2.  [Miscellaneous]

   a. [ ] Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

   b. [ ] Other _____

3.  [Fees] The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

   a. [✓] The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. 020384 .

      i. [✓] RCE fee required under 37 CFR 1.17(e)

      ii. [ ] Extension of time fee (37 CFR 1.136 and 1.17)

      iii. [ ] Other _____

   b. [ ] Check in the amount of $ _____ enclosed

   c. [ ] Payment by credit card (Form PTO-2038 enclosed)

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED | | |
|---|---|---|
| Signature | | Date January 22, 2016 |
| Name (Print/Type)  Clarke W. Stavinoha | | Registration No. 71152 |

| CERTIFICATE OF MAILING OR TRANSMISSION | |
|---|---|
| I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the U.S. Patent and Trademark Office on the date shown below. | |
| Signature | |
| Name (Print/Type) | Date |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

1 of 14

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

First Named Inventor:     Sean Rad

Filed:                    February 5, 2016

Serial Number:            15/016,662

Group Art Unit:           2153

Confirmation No.          9869

Examiner:                 Yuk Ting Choi

Title:                    ***Matching Process System and Method***

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

### Response Accompanying Request for Continued Examination ("RCE")

In response to the Final Office Action dated October 20, 2017 (the "Office Action"), and in connection with a requested for continued examination ("RCE"), Applicant respectfully requests the Examiner to reconsider the rejection of the claims in view of the following amendments and remarks. Please amend the application as follows.

ATTORNEY'S DOCKET                                   PATENT APPLICATION
083523.0117                                            USSN 15/016,662

<u>**In the Claim**</u>

Claims 1-43 (Canceled)

44.    (**Currently Amended**)  A method of navigating a user interface, comprising:

presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information<u>, **the first item of information comprising a graphical representation of a first online dating profile associated with a first user**</u>;

detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information<u>, **the positive preference indication associated with the first item of information comprising an expression of approval for the first user associated with the first online dating profile**</u>;

storing the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture<u>, **the second item of information comprising a graphical representation of a second online dating profile associated with a second user**</u>; and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

45.    (Previously Presented)  The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

46.    (Previously Presented)  The method of Claim 44, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture.

36718269

ATTORNEY'S DOCKET                                      PATENT APPLICATION
083523.0117                                              USSN 15/016,662

47.   (Previously Presented)   The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards.

48.   (Cancelled)

49.   **(Currently Amended)**  A system, comprising:

an interface operable to:

present a graphical representation of a first item of information of a plurality of items of information, <u>the first item of information comprising a graphical representation of a first online dating profile associated with a first user</u>;

a processor coupled to the interface and operable to:

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information, <u>the positive preference indication associated with the first item of information comprising an expression of approval for the first user associated with the first online dating profile</u>;

store the positive preference indication associated with the first item of information in response to detecting the gesture; and

the interface further operable to:

automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture, <u>the second item of information comprising a graphical representation of a second online dating profile associated with a second user</u>; and

automatically remove the graphical representation of the first item of information in response to detecting the gesture.

50.   **(Previously Presented)**  The system of Claim 49, wherein the processor is further operable to detect a swiping direction associated with the gesture.

51.   **(Previously Presented)**  The system of Claim 49, wherein the interface is further operable to present the first item of information as a first card of a stack of cards.

52.   **(Cancelled)**

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

5 of 14

53.   (Previously Presented)   The system of Claim 49, wherein the interface is further operable to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

54. **(Currently Amended)** At least one non-transitory computer-readable medium comprising a plurality of instructions that, when executed by at least one processor, are configured to:

present, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information, <u>the first item of information comprising a graphical representation of a first online dating profile associated with a first user</u>;

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information, <u>the positive preference indication associated with the first item of information comprising an expression of approval for the first user associated with the first online dating profile</u>;

store the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture, <u>the second item of information comprising a graphical representation of a second online dating profile associated with a second user</u>; and

automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

55. (Previously Presented) The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to detect a swiping direction associated with the gesture.

56. (Previously Presented) The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are configured to present the first item of information as a first card of a stack of cards.

57. **(Cancelled)**

36718265

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

58.   (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

## REMARKS

This Application has been reviewed carefully in light of the Office Action. Applicant appreciates the Examiner's consideration of the Application. At the time of the Office Action, Claims 44-58 were pending. The Office Action rejects these claims. Although Applicant believes all claims are allowable without amendment, to advance prosecution Applicant has made clarifying amendments to Claims 44, 49, and 54, and has cancelled Claims 48, 52, and 57 without prejudice or disclaimer. At least certain of these amendments are not considered narrowing, and none are considered necessary for patentability. Furthermore, Applicant does not admit that these amendments or cancellations are necessitated by or made in response to any cited reference or combination of cited references. Applicant respectfully requests reconsideration and favorable action in this case.

### Request for Examiner Interview

If the Examiner intends to issue a new Office Action in response to this submission, in the interest of compact and efficient prosecution, Applicant respectfully requests that the Examiner contact Applicant's attorney prior to issuing the new Office Action to discuss a possible resolution to any outstanding issues.

### Claim Rejections under 35 U.S.C. § 101

The Office Action rejects Claims 44-58 under 35 U.S.C. § 101 as allegedly being directed to non-statutory subject matter. Applicant respectfully disagrees, and discusses amended independent Claim 44 as an example.

Applicant's earlier responses have demonstrated that: (1) the claims are not directed to an abstract idea; (2) even if the claims are directed to an abstract idea (which they are not), the claims recite an inventive concept; and (3) that the Office Action has not established a prima facie case of ineligibility under 35 U.S.C. § 101. *See, e.g.*, Response filed with Request for Continued Examination filed April 20, 2017, Response Pursuant to 37 C.F.R. § 1.111 filed August 22, 2017. To avoid burdening the record, Applicant incorporates by reference the arguments set forth in Applicant's earlier responses with respect to the rejection under section 35 U.S.C. § 101. As described in more detail below, the rejection under 35 U.S.C. § 101 maintained by the Office Action remains deficient.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

9 of 14

1.  The Office Action has not established that the claims are directed to an
abstract idea

The rejection, and the Office Action's response to Applicant's previous arguments, fail to make up for the deficiencies identified by Applicant in its previous responses. With respect to step 1 of the *Alice* analysis, the Office Action continues to oversimply the claims, which are directed to a specific technical improvement related to navigating a user interface, not the abstract idea of "identifying related information and returning a record after receiving a preference response from a user," as alleged. Office Action at 6. This is the same kind of oversimplification that the Federal Circuit has cautioned against. *See McRO*, 837 F.3d at 1313 ("We have previously cautioned that courts "must be careful to avoid oversimplifying the claims" by looking at them generally and failing to account for the specific requirements of the claims.").

In response to Applicant's arguments regarding the Office Action's failure to establish a prima facie case of ineligibility, the Office Action suggests that "the examiner has met this burden by identifying that the recited steps of the claim describe 'detecting a gesture corresponding to a positive indication associated with the first item of information . . .' and explaining that this is an abstract idea that is not meaningfully different than the abstract ideas drawn to abstract concepts identified in *Int. Ventures v. Erie Indemnity Co.*" Office Action at 3. But this is not the case. For the reasons explained in the Response Pursuant to 37 C.F.R. § 1.111 filed August 22, 2017, the Office Action does not provide the requisite explanation to establish a prima facie case of ineligibility. *See* USPTO May 4, 2016 Memorandum: Formulating a Subject Matter Eligibility Rejection and Evaluating the Applicant's Response to a Subject Matter Eligibility Rejection, at 2 ("Memorandum") (noting that "[w]hen the examiner has determined the claim recites an **abstract idea**, the rejection should <u>identify</u> the abstract idea as it is recited (e.g., set forth or described) in the claim, and <u>explain why</u> it corresponds to a concept that the courts have identified as an abstract idea").

Merely stating that "[i]t is similar to other concepts that have identified as abstract by the courts, such as remotely accessing and retrieving user-specified information in *Int. Ventures v. Erie Indemnity Co.*" is **not** a sufficient explanation to establish a prima facie case of ineligibility. Office Action at 6. The Office Action provides no explanation as to how, in the context of a method of navigating a user interface, detecting a gesture corresponding to a

positive preference indication associated with the first item of information" is not meaningfully different from "identifying related information and returning a record after receiving a preference response from a user" or "accessing and retrieving user-specified information." Office Action at 6. At a minimum, amended Claim 44 is meaningfully different at least because it recites "detecting a gesture," a concept that is notably absent from both the Office Action's articulation of the alleged abstract idea and its characterization of the decision in *Intellectual Ventures v. Erie Indemnity Co.*, 850 F.3d 1315 (Fed. Cir. 2017).

Thus, the Office Action's so-called explanation is nothing more than an unsupported, conclusory assertion that provides no analysis supporting any alleged similarities between the claims and concepts at issue here (navigating a user interface) and those at issue in *Intellectual Ventures*. As previously explained, amended Claim 44 is distinguishable from those in *Intellectual Ventures*, which related to "systems and methods for accessing a user's remotely stored data and files" (*Id.* at 1329), not an improved method for navigating a user interface as recited in amended Claim 44. That both claims recite an interface is insufficient to establish the similarity suggested (but not supported) by the Office Action, especially given that the claims at issue here relate to ***navigating a graphical user interface*** and the Office Action has not demonstrated any analogous concept was present in the claims found ineligible in *Intellectual Ventures*. *Compare id.* at 1330 (describing a representative claim containing a mobile interface) with amended Claim 44 (reciting a method of navigating a user interface). As explained in the Response filed with Request for Continued Examination filed April 20, 2017, the claims are more appropriately compared to those in *Trading Techs. Int'l, Inc. v. CQG, Inc.*, No 2016-1616, 2017 WL 192716, at *1-2 (Fed. Cir. Jan. 18, 2017).

Thus, the Office Action has not established a prima facie case that amended Claim 44 is directed to an abstract idea.

## 2.   The claims recite an inventive concept

The Office Action has not demonstrated that the claims do not recite an inventive concept. Rather, the Office Action continues to rely on conclusory assertions and portions of Applicant's specification that describe existing network architectures and protocols which Applicant previously demonstrated are irrelevant to the analysis of whether the improved method of navigating a user interface of Claim 44 recites an inventive concept. *See* Office

Action at 3 (citing Applicant's U.S. Patent Publication 2016/0154569 ("Specification") at ¶¶0004-6). The Office Action fails to consider, for example, Applicant's description of the problem that "search results of these services may contain many irrelevant entities to the searcher" and that "[t]his costs the user of the service time and may deter them from continuing through all of the search results." Specification at ¶0008. Aside from being unsupported, the Office Action's assertions that "the recited steps or acts e.g. . . . removing perform only basic generic computer/server data retrieval functions, which are common to all content service" ignores relevant disclosure in Applicant's specification that suggests at least this aspect of amended Claim 44 recites an inventive concept, both individually and when considered as an ordered combination. For example, Applicant's specification explains that automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture is "beneficial because it may focus user 14 on evaluating new entities rather than reevaluating previously-known entities because the entities still appear in result list 13." Applicant's Specification at ¶0044. For at least this reason, the claims recite an inventive concept and are therefore patent-eligible.

For at least these reasons, amended Claim 44 is directed to patent-eligible subject matter, as are Claims 45-47 that depend therefrom. For at least certain analogous reasons, amended Claims 49 and 54 are directed to patent-eligible subject matter, as are their dependent claims. Applicant respectfully requests reconsideration and allowance.

## Claim Rejections Under 35 U.S.C. § 102

The Office Action rejects Claims 44-58 under 35 U.S.C. § 102(e) as allegedly being anticipated by U.S. Patent Publication No. 2013/0179925 A1 to Woods et al. ("*Woods*").[1] The Office Action also rejects Claims 48, 52, and 57 under 35 U.S.C. § 102(e) as being unpatentable over *Woods* in view of U.S. Patent Publication No. 2011/0087974 A1 to Kulus ("*Kulus*").[2] Applicant respectfully traverses these rejections and discusses amended

---

[1] Although the Office Action purports to reject Claim 48 under 35 U.S.C. § 102 over *Woods* (*see* Office Action at 7), the Office Action does not actually articulate a bases for rejecting Claim 48 over *Woods*.

[2] Although the Office Action states that Claims 48, 52, and 57 are rejected under 35 U.S.C. § 102(e) as being unpatentable by *Woods* and *Kulus*, the Office Action appears to contemplate a rejection under 35 U.S.C. § 103. Applicant respectfully requests appropriate clarification of the ground of rejection.

independent Claim 44 as an example.

At a minimum, *Woods* does not disclose, teach, or suggest "presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information, *the first item of information comprising a graphical representation of a first online dating profile associated with a first user*," as recited in amended Claim 44. The Office Action does not allege that *Woods* discloses these features of amended Claim 44. Moreover, *Woods* does not disclose these features of amended Claim 44. As allegedly disclosing the claimed "first item of information," the Office Action relies on disclosure in *Woods* relating to the determination and display of related content. *See* Office Action at 7-8 (citing *Woods* at ¶¶0077-79). The cited portion discloses that "[r]elated content region 550 may display representations of the list of content related to first media asset 510 that matches a profile associated with the user." *Woods* at ¶0079. The mere disclosure of displaying a list of related content, however, does not disclose "presenting, on a graphical user interface, a graphical representation of a first item of information . . . the first item of information comprising a *graphical representation of a first online dating profile associated with a first user*," as recited in amended Claim 44.

At least because *Woods* does not disclose "presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information, the first item of information comprising a graphical representation of a first online dating profile associated with a first user," it follows that *Woods* also does not disclose: "*detecting a gesture associated with the graphical representation of the first item of information*, the gesture corresponding to a *positive preference indication associated with the first item of information*, the positive preference indication *associated with the first item of information* comprising *an expression of approval for the first user associated with the first online dating profile*," "storing the positive preference indication *associated with the first item of information* in response to detecting the gesture," and "automatically *removing the graphical representation of the first item of information from the graphical user interface* in response to detecting the gesture," as recited in amended Claim 44. Moreover, at least because *Woods* does not disclose displaying graphical representations of a profile, let alone "a graphical representation of a second online dating profile associated with a second user," *Woods* also fails to disclose "automatically presenting, on the graphical user interface, a

graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture, the second item of information comprising a graphical representation of a second online dating profile associated with a second user," as recited in amended Claim 44.

Thus, *Woods* does not disclose every feature of amended Claim 44, and therefore does not anticipate the claim. *See* M.P.E.P. § 2131 ("A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference.") (citing *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987)).

For at least these reasons, amended Claim 44 is allowable, as are Claims 45-48 that depend therefrom. For at least certain analogous reasons, Claims 49 and 54 are allowable, together with their dependent claims. Applicant respectfully requests reconsideration and allowance.

**Request for Evidentiary Support**

Should a rejection based on any of the above asserted rejections be maintained, Applicant respectfully requests appropriate evidentiary support. For example, if the Examiner is relying on alleged "common knowledge," alleged "well known" principles, "Official Notice," or other information within the Examiner's personal knowledge, Applicant respectfully requests that the Examiner cite a reference as documentary evidence in support of this position or provide an affidavit. *See* M.P.E.P. § 2144.03 and 37 C.F.R. § 1.104(d)(2).

**No Waiver**

Applicant's arguments and amendments are made without prejudice or disclaimer. By not responding to additional statements made by the Examiner, Applicant does not acquiesce to the additional statements. The distinctions between the applied references and the claims are provided as examples only and are sufficient to overcome the rejections. Applicant reserves the right to discuss additional or other distinctions in a later response or on appeal, if appropriate.

he

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

### Conclusion

Applicant has made an earnest attempt to place this case in condition for allowance. For at least the above reasons, Applicant respectfully requests full allowance of all pending claims.

If a telephone conference would advance prosecution of this Application, the Examiner may contact Clarke W. Stavinoha, Attorney for Applicant, at 214.953.6484. The Examiner may also communicate with Clarke Stavinoha concerning this Application by electronic mail at clarke.stavinoha@bakerbotts.com.

As indicated on the accompanying RCE Transmittal form, the Commissioner is authorized to charge the amount of $1,900 for the RCE fee to Deposit Account No. 02-0384 of Baker Botts L.L.P. Although Applicants believe no other fees are due, the Commissioner is authorized to charge any necessary additional fees and credit any overpayments to Deposit Account No. 02-0384 of Baker Botts L.L.P.

Respectfully submitted,

BAKER BOTTS L.L.P.
Attorneys for Applicant

Clarke W. Stavinoha
Reg. No. 71,152
Telephone: 214.953.6484

Date: _____

**Correspondence Address:**

**Customer No:     05073**

36718265

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15016662 |
| **Filing Date:** | 05-Feb-2016 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Filer:** | Clarke W. Stavinoha/Laurie Scott |
| **Attorney Docket Number:** | 083523.0117 |

Filed as Large Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| RCE- 2ND AND SUBSEQUENT REQUEST | 1820 | 1 | 1900 | 1900 |
| **Total in USD ($)** | | | | **1900** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 31569558 |
| **Application Number:** | 15016662 |
| **International Application Number:** | |
| **Confirmation Number:** | 9869 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Clarke W. Stavinoha/Laurie Scott |
| **Filer Authorized By:** | Clarke W. Stavinoha |
| **Attorney Docket Number:** | 083523.0117 |
| **Receipt Date:** | 22-JAN-2018 |
| **Filing Date:** | 05-FEB-2016 |
| **Time Stamp:** | 16:25:13 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $1900 |
| RAM confirmation Number | 012318INTEFSW00003740020384 |
| Deposit Account | 020384 |
| Authorized User | Laurie Scott |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

     37 CFR 1.16 (National application filing, search, and examination fees)

     37 CFR 1.17 (Patent application and reexamination processing fees)

37 CFR 1.19 (Document supply fees)

37 CFR 1.20 (Post Issuance fees)

37 CFR 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Continued Examination (RCE) | 0835230117RCETrans012218.PDF | 117574<br><br>f7ee2a5de4919cfbd679e5b93ea9379ebfcdbfa2 | no | 1 |

| Warnings: |
|---|
| This is not a USPTO supplied RCE SB30 form. |

| Information: |
|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | | 0835230117RCEAmend012218.PDF | 726021<br><br>5564ce7306bfc33b6e79309094f1627ed96d63dff | yes | 14 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Amendment Submitted/Entered with Filing of CPA/RCE | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 14 |

| Warnings: |
|---|

| Information: |
|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | Fee Worksheet (SB06) | fee-info.pdf | 30568<br><br>0575820ab0c2c4a1de485da0d967692f69f7323e | no | 2 |

| Warnings: |
|---|

| Information: |
|---|

| | Total Files Size (in bytes): | 874163 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 15/016,662 | Filing Date 02/05/2016 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:**   ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| AMENDMENT | **01/22/2018** | | | | | |
| | Total (37 CFR 1.16(i)) | * 12 | Minus | ** 20 | = 0 | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $460 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
MYRTLE LEIGH

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 083523.0117 | 9869 |

5073          7590          10/20/2017
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/20/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail1@bakerbotts.com
ptomail2@bakerbotts.com

| **Office Action Summary** | **Application No.**<br>15/016,662 | **Applicant(s)**<br>RAD ET AL. | |
|---|---|---|---|
| | **Examiner**<br>YUK TING CHOI | **Art Unit**<br>2153 | **AIA (First Inventor to File) Status**<br>No |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --**

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *8/22/2017*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☒ This action is **FINAL**.  2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) *44-58* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) *44-58* is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a) ☐ All  b) ☐ Some**  c) ☐ None of the:

   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 15/016,662                                   Page 2
Art Unit: 2153

## DETAILED ACTION

### *Response to Amendment*

1.      This office action is in response to applicant's communication filed on 08/21/2017 in

response to PTO Office Action mailed on 05/22/2016.  The Applicant's remarks and

amendments to the claims and/or the specification were considered with the results as follows.

2.      In response to the last Office Action, no claims have been amended, added or canceled.

As a result, claims 44-58 are pending in this office action.


### *Response to Arguments*

3.       Applicant's arguments with respect to 35 USC 101 rejections have been fully considered

but are not persuasive and details are as follows:

        a) Applicant's argument with respect to 101 rejection states as "The claims are not

directed to an abstract because the office Action's reformation of the alleged abstract idea still

fails to account for 'detecting a gesture' and that the remaining steps are performed 'in response

to detecting the gesture' ".

        In response to Applicant's argument, the Examiner disagrees because the broadest

reasonable interpretation to the claimed "*detecting a gesture*" is merely detecting an user

input/response associated with a piece of object or data and the broadest reasonable

interpretation to the claimed "*the gesture corresponding to a positive preference indication

associated with the first item of information*" is merely describing a response/feedback to an

item/object from a user.  The remaining steps such as storing the positive preference indication,

presenting a second item of information and removing the first item of information are performed

"*in response to detecting the gesture*". The recited method does not include additional elements

beyond the abstract idea of remotely accessing and retrieving user specified information that

Application/Control Number: 15/016,662                                    Page 3
Art Unit: 2153

have identified as abstract by the courts [*Int. Ventures v. Erie Indemnity Co.*]   Also in view of

Applicant's specification (See PGPUB, para. [0004]-para. [0006]), the recited steps or acts e.g.

detecting, storing, presenting and removing perform only basic generic computer/server data

retrieval functions, which are common to online-search service networking systems such as job

search services, person finding services, real estate services or online-dating services. These

network protocols/ function steps are well-understood, routine and convention activity to match

people/object having similar traits and values.  When viewed either as individual limitations or as

an ordered combination, the claim as a whole does not add significantly more to the abstract

idea of remotely accessing and retrieving user-specified information.

As mentioned in the previous office action mailed on 05/22/2017, in order to establish

that a claim is directed to an abstract idea, the Examiner provides a reasoned rationale that

identifies the concept recited in the claim and explains why it is considered an abstract idea.

This can be done by comparing the recited concept to concepts courts have found to be

abstract ideas.  In this hypothetical, the examiner met this burden by identifying that the recited

steps of the claim describe "detecting a gesture corresponding to a positive indication

associated with the first item of information…" and explaining that this is an abstract idea that is

not meaningfully different than the abstract ideas drawn to abstract concepts identified in *Int.

Ventures v. Erie Indemnity Co.*  Therefore, the Examiner's burden has been met and a proper

prima facie case has been made.

At last, preemption is not a standalone test for patent eligibility.  Applicant's attempt to

show alternative uses of the abstract idea outside the scope of the claims does not change the

conclusion that the claims are directed to patent ineligible subject matter.  Similarly, Applicant's

attempt to show that the recited abstract idea is a narrow and specific one is not persuasive.  A

specific abstract idea is still an abstract idea and is not eligible for patent protection without

Application/Control Number: 15/016,662                                    Page 4
Art Unit: 2153

signification more recited in the claim.  The questions of preemption are inherent in the two-part

framework from *Alice Corp and Mayo* and are resolved by using two-part framework to

distinguish between preemptive claims, and those that integrate the building blocks into

something more…the latter pose no comparable risk of preemption, and therefore remain

eligible." The absence of complete preemption does not guarantee the claim is eligible.

Therefore "[w]here a patent's claims are deemed only to disclose patent ineligible subject matter

under the *Mayo* framework, as they are in this case, preemption concerns are fully addressed

and made moot". *Ariosa Diagnostics, INC, v. Sequenom*, Inc. 788 F.3d 1371, 1379

(Fed.Cir.2015). *See also OIP Tech., Inc. v, Amazon.com, Inc.* 788 F.3d 1359, 1362-63 (Fed Cir.

2015).

       Hence, the 35 USC 101 rejections are maintained.


       b) Applicant's argument with respect to 35 USC 103 rejections for claims 44-58 have

been fully considered but are not persuasive and the details are as follow:

       Applicant's argument with respect to claim 44 states as "Woods does not disclose, teach

or suggest that the user gesture corresponds to a positive preference indication associated with

the first item of information…the user gestures in Wood are merely used for sliding the related

content current being displayed off the display region so that the related content of another type

can be displayed…Woods fails to disclose a positive preference indication associated with the

first item of information presented on the graphical user interface".

       In response to Applicant's argument, the Examiner disagrees because the claim

language as it is recited does not specify what is the first item of information and/or a positive

preference indication and the Examiner interpreted the first item of information is the first

displayed media content and the positive preference indication is a response/feedback with

Application/Control Number: 15/016,662                                        Page 5
Art Unit: 2153

respect to the displayed media item.   Woods discloses "*detecting a gesture associated with the graphical representation of the first item of information*" since the Woods reference discloses receiving a user gesture, e.g. a user swipes along a right direction associated with the displayed media content, the displayed media content which is related to an audio type is the first item of information.  Woods also discloses "*the gesture corresponding to a positive preference indication associated with the first item of information*" since the Woods reference is receiving a gesture corresponding to a positive preference indication when the system receives a user swipes along a right direction associated with the first displayed audio content, the user swipes along a right direction associated with the first displayed audio content to turn on the video type of media content. In response to the user gesture/feedback, the system retrieves and displays related video content in place of the displayed audio media content (See Woods, para. [0099], para. [0119], para. [0120] and Figure 11). Therefore, the Woods reference still read on the argued feature.

Applicant further argues "Woods does not disclose storing the positive preference indication associated with the first item of information in response to detecting the gesture".

In response to Applicant's argument, the Examiner disagrees because the Woods reference discloses storing a user profile indicates user viewing history which includes a list of the media content items that the user has previously accessed for a predetermined length of time.  The user profiles also stores user interests/preferences [e.g. users prefers video type of content] regarding on the displayed audio type of media content (See Woods, [0033] and para. [0076]). Therefore, the Woods reference still read on the argued feature.


**Claim Rejections - 35 USC § 101**

4.      35 U.S.C. 101 reads as follows:

Application/Control Number: 15/016,662                                    Page 6
Art Unit: 2153

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.


Claims 44-58 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.


In claim 44, a "method" is being recited.  The claim is directed to a method includes a series of steps or acts for presenting a graphical representation of a first item of information; detecting a gesture associated with the graphical representation of the first item of information, storing the positive preference indication associated with the first item of information in response to detect the gesture and automatically presenting a graphical representation of a second item of information in response to detecting the gesture. In other words, the claim recites identifying related information and returning a record after receiving a preference response from a user.   It is similar to other concepts that have identified as abstract by the courts, such as remotely accessing and retrieving user-specified information in *Int. Ventures v. Erie Indemnity Co.* The additional step automatically removing the graphical representation of the first item of information in response to detect the gestures the abstract idea, but do not make it less abstract.  The claim does not include additional elements beyond the abstract idea of identify related information and returning a record. The recited steps or acts e.g. detecting, storing, presenting and removing perform only basic generic computer/server data retrieval functions, which are common to all content service. When viewed either as individual limitations or as an ordered combination, the claim as a whole does not add significantly more to the abstract idea of data retrieval of a record.  Therefore, claim 44 is not patent eligible.  Claims 45-48 do not

Application/Control Number: 15/016,662                                    Page 7
Art Unit: 2153

have additional elements add significantly more to the abstract idea of data retrieval of a record.

Thus, claims 44-48 are not patent eligible.  Claims 49 and 54 recited similar features as recited

in claims 44, therefore claims 50-53 and 55-58 also do not have additional elements add

significantly more to the abstract idea of data retrieval of a record, and they are not patent

eligible.

## *Claim Rejections - 35 USC § 102*

5.      In the event the determination of the status of the application as subject to AIA 35 U.S.C.

102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the

statutory basis for the rejection will not be considered a new ground of rejection if the prior art

relied upon, and the rationale supporting the rejection, would be the same under either status.


        The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
> (e) the invention was described in (1) an application for patent, published under section
> 122(b), by another filed in the United States before the invention by the applicant for patent or
> (2) a patent granted on an application for patent by another filed in the United States before
> the invention by the applicant for patent, except that an international application filed under
> the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an
> application filed in the United States only if the international application designated the United
> States and was published under Article 21(2) of such treaty in the English language.


6.      Claims 44-58 are rejected under 35 U.S.C. 102(e) as being anticipated by Woods (US

2013/0179925 A1), hereinafter Woods.

        **Referring to claims 44, 49 and 54**, Woods discloses a method of navigating a user

interface, comprising:

        presenting, on a graphical user interface, a graphical representation of a first item of

information of a plurality of items of information (***See para. [0077]-para. [0079] and Figure 5
displaying an media asset from a list of media assets that matches a profile associated
with an user***);

 detecting a gesture associated with the graphical representation of the first item of
information, the gesture corresponding to a positive preference indication associated with the
first item of information (***See para. [0099] and para. [0118], para. [0120], receiving a user
gesture [e.g. a swipe along a right direction] associated with the displayed media
content/asset that is of an audio type, the gesture represents a positive preference [e.g.
turns on video type] associated with the displayed audio content/asset*** );

storing the positive preference indication associated with the first item of information in
response to detecting the gesture (***See para. [0033] and para, [0076], monitoring and
storing the media content/asset the user has accessed, the user profile includes a
viewing history associated with the user which includes a list of the media assets the
user previously accessed for a predetermined length of time, for example, the user
profile stores user interests/preferences [e.g. user prefers video type] regarding on the
displayed media content/asset that is of the audio type***);

 automatically presenting, on the graphical user interface, a graphical representation of
a second item of information of the plurality of items of information in response to detecting the
gesture (***See para. [0118] and para. [0120], presenting related content of a second type
[e.g. video] in response to the received user gesture [e.g. swipe along a right direction])***);
and

 automatically removing the graphical representation of the first item of information from
the graphical user interface in response to detecting the gesture (***See para. [0118] -para.
[0120], removing the media content/asset of the first type [e.g. audio] which is***

*previously displayed and replacing the removed content of with related media content/asset of the second type [e.g. video])*.

As to claims **45, 53 and 58**, Woods discloses wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information (***See para. [0097]- para. [0099] and para. [0118]-para. [0120], presenting interface controls such as navigation keys [e.g. up, down, left, right] and swipe gestures [e.g. swipe along a left, right, up and down direction] on the displayed media content/asset to cause another media content/asset to be displayed*** ).

As to claims **46, 50 and 55**, Woods discloses wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture (***See para. [0099] and para. [0118], receiving a user gesture [e.g. a swipe along a left direction] associated with the displayed media content/asset that is of a video type, the gesture represents user prefers an audio type of media content/asset***).

As to claims **47, 51 and 56**, Woods discloses presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards (***See para. [0075], compiling a list of the identified content that shares characteristics with the displayed media asset, the displayed media asset is currently available at the top of the list***);

Application/Control Number: 15/016,662                                             Page 10
Art Unit: 2153

7.      Claims 48, 52 and 57 are rejected under 35 U.S.C. 102(e) as being unpatentable by

Woods (US 2013/0179925 A1) and in view of Kulus (US 2011/0087974 A1).


        **As to claims 48, 52, and 57**, Woods discloses the first item of information comprises a

first user profile (***See para. [0044], the first media content/asset that is displayed***

***comprises characteristics of a matched profile of a user***); the second item of information

comprises a second user (***See para. [0044] and para. [0076], the second media***

***content/asset that is displayed comprises characteristics of match profile of another***

***user, such as a friend of the user***).

        Woods does not explicitly disclose the positive preference indication associated with the

first item of information comprises an expression of approval.

        Kulus discloses the positive preference indication associated with the first item of

information comprises an expression of approval (***See para. [0027], the user swipes right or***

***up to indicate approval of an item***).

        Hence, it would have been obvious to one having ordinary skill in the art at the time of

invention was made to modify the sensitive touch-screen movement detection module of

Woods 's system to comprise: the gesture corresponding to a positive preference indication

associated with the first item of information, as taught by Kulus, in order to obtain user's state

of mind, concurrently or in association with an operation of a user control in a more reliable

way (***See Kulas, para. [0002] and para. [0004]***).




                                        *Conclusion*

Application/Control Number: 15/016,662                                    Page 11
Art Unit: 2153

8.      THIS ACTION IS MADE FINAL.  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

9.      The examiner requests, in response to this Office action, support be shown for language added to any original claims on amendment and any new claims. That is indicate support for newly added claim language by specifically pointing to page(s) and line no(s) in the specification and/or drawing figure(s).  This will assist the examiner in prosecuting the application.

        Any inquiry concerning this communication or earlier communications from the examiner should be directed to YUK TING CHOI whose telephone number is (571)270-1637.  The examiner can normally be reached on 8:30 AM - 5:30 PM EST.

        Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

Application/Control Number: 15/016,662                                    Page 12
Art Unit: 2153

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Heather Herndon can be reached on (571) 272-4136.  The fax phone

number for the organization where this application or proceeding is assigned is 571-

273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/YUK TING CHOI/

Primary Examiner, Art Unit 2153

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | Examiner | Art Unit |
| | YUK TING CHOI | 2164 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

| ☐ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/19/2016 | 11/14/2016 | 04/25/2017 | 09/22/2017 | | | | | |
| | 1 | - | - | - | - | | | | | |
| | 2 | - | - | - | - | | | | | |
| | 3 | - | - | - | - | | | | | |
| | 4 | - | - | - | - | | | | | |
| | 5 | - | - | - | - | | | | | |
| | 6 | - | - | - | - | | | | | |
| | 7 | - | - | - | - | | | | | |
| | 8 | - | - | - | - | | | | | |
| | 9 | - | - | - | - | | | | | |
| | 10 | - | - | - | - | | | | | |
| | 11 | - | - | - | - | | | | | |
| | 12 | - | - | - | - | | | | | |
| | 13 | - | - | - | - | | | | | |
| | 14 | - | - | - | - | | | | | |
| | 15 | - | - | - | - | | | | | |
| | 16 | - | - | - | - | | | | | |
| | 17 | - | - | - | - | | | | | |
| | 18 | - | - | - | - | | | | | |
| | 19 | - | - | - | - | | | | | |
| | 20 | - | - | - | - | | | | | |
| | 21 | - | - | - | - | | | | | |
| | 22 | - | - | - | - | | | | | |
| | 23 | - | - | - | - | | | | | |
| | 24 | - | - | - | - | | | | | |
| | 25 | - | - | - | - | | | | | |
| | 26 | - | - | - | - | | | | | |
| | 27 | - | - | - | - | | | | | |
| | 28 | - | - | - | - | | | | | |
| | 29 | - | - | - | - | | | | | |
| | 30 | - | - | - | - | | | | | |
| | 31 | - | - | - | - | | | | | |
| | 32 | - | - | - | - | | | | | |
| | 33 | - | - | - | - | | | | | |
| | 34 | - | - | - | - | | | | | |
| | 35 | - | - | - | - | | | | | |
| | 36 | - | - | - | - | | | | | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | Examiner | Art Unit |
| | YUK TING CHOI | 2164 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/19/2016 | 11/14/2016 | 04/25/2017 | 09/22/2017 | | | | | |
| | 37 | - | - | - | - | | | | | |
| | 38 | - | - | - | - | | | | | |
| | 39 | - | - | - | - | | | | | |
| | 40 | - | - | - | - | | | | | |
| | 41 | - | - | - | - | | | | | |
| | 42 | - | - | - | - | | | | | |
| | 43 | - | - | - | - | | | | | |
| | 44 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 45 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 46 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 47 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 48 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 49 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 50 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 51 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 52 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 53 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 54 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 55 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 56 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 57 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 58 | ✓ | ✓ | ✓ | ✓ | | | | | |

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

1 of 16

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| First Named Inventor: | Sean Rad |
| Filed: | February 5, 2016 |
| Serial Number: | 15/016,662 |
| Group Art Unit: | 2153 |
| Confirmation No. | 9869 |
| Examiner: | Yuk Ting Choi |
| Title: | ***Matching Process System and Method*** |

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

### Response Pursuant to 37 C.F.R. § 1.111

In response to the Non-Final Office Action dated May 22, 2017 (the "Office Action"), Applicant respectfully requests the Examiner to reconsider the rejection of the claims in view of the following remarks.

35679369

**In the Claim**

      Claims 1-43 (Canceled)

      44.    (Previously Presented)  A method of navigating a user interface, comprising:

      presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

      detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

      storing the positive preference indication associated with the first item of information in response to detecting the gesture;

      automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

      automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

      45.    (Previously Presented)  The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

      46.    (Previously Presented)  The method of Claim 44, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture.

35679369

ATTORNEY'S DOCKET                                          PATENT APPLICATION
083523.0117                                                  USSN 15/016,662

3 of 16

47.     (Previously Presented)   The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards.

48.     (Previously Presented) The method of Claim 44, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

35679369

49.     (Previously Presented)  A system, comprising:

an interface operable to:

        present a graphical representation of a first item of information of a plurality of items of information;

a processor coupled to the interface and operable to:

        detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

        store the positive preference indication associated with the first item of information in response to detecting the gesture; and

the interface further operable to:

        automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture; and

        automatically remove the graphical representation of the first item of information in response to detecting the gesture.


50.     (Previously Presented)  The system of Claim 49, wherein the processor is further operable to detect a swiping direction associated with the gesture.


51.     (Previously Presented)  The system of Claim 49, wherein the interface is further operable to present the first item of information as a first card of a stack of cards.


52.     (Previously Presented)  The system of Claim 49, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

5 of 16

53.    (Previously Presented)   The system of Claim 49, wherein the interface is further operable to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

6 of 16

54.    (Previously Presented)  At least one non-transitory computer-readable medium comprising a plurality of instructions that, when executed by at least one processor, are configured to:

present, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

store the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

55.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to detect a swiping direction associated with the gesture.

56.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are configured to present the first item of information as a first card of a stack of cards.

57.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

35679369

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

7 of 16

58.    (Previously Presented)    The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

35679369

## REMARKS

This Application has been reviewed carefully in light of the Office Action. Applicant appreciates the Examiner's consideration of the Application. At the time of the Office Action, Claims 44-58 were pending. The Office Action rejects these claims. Applicant respectfully submits that all pending claims are allowable without amendment, and requests reconsideration and favorable action in this case in view of the following remarks.

### Request for Examiner Interview

If the Examiner intends to issue a new Office Action in response to this submission, in the interest of compact and efficient prosecution, Applicant respectfully requests that the Examiner contact Applicant's attorney prior to issuing the new Office Action to discuss a possible resolution to any outstanding issues.

### Claim Rejections under 35 U.S.C. § 101

The Office Action rejects Claims 44-58 under 35 U.S.C. § 101 as allegedly being directed to non-statutory subject matter. Applicant respectfully disagrees, and discusses independent Claim 44 as an example.

### A.      The Claims Recite Patent-Eligible Subject Matter

In Applicant's Response filed with Request for Continued Examination filed April 20, 2017 (the "Previous Response"), Applicant explained that, contrary to the Office Action's assertions, Claim 44 is not directed to the abstract idea of "identifying related information and returning a record in response to user's response." *See* Previous Response at 8-13. Rather, an appropriate analysis of the claims (i.e., one that does not "oversimplify[] the claims by looking at them generally and failing to account for the specific requirements of the claims") demonstrates that Claim 44 is directed to a particular solution to navigating a user interface. *See McRo, Inc. v. Bandai Namco Games Am. Inc.*, No. 2015-1080, 2016 WL 4896481, at *7. Applicant further explained that even if the claims are directed to such an abstract idea (which they are not), the claims recite an inventive concept, and highlighted deficiencies in the Office Action's reasoning at step 2 (e.g., failing to articulate why the individual elements of the claims do not give rise to an inventive concept or adequately

address the inventive concept contained in the **combination** of claim elements other than making precisely the same conclusory statements). *Id.* at 13-17. For analogous reasons to those explained in the Previous Response, the claims are patent-eligible. This is true despite the Office Action's reformulation of the alleged abstract idea and misplaced reliance on a new case and portions of Applicant's specification.

     1.    <u>The claims are not directed to an abstract idea</u>

With respect to the Office Action's analysis at step 1, Applicant's note that the Office Action relies on a different statement of the alleged abstract idea, now contending that the claims are directed to "identifying related information and returning a record after receiving a preference response from a user." Office Action at 5. Even as rephrased, the Office Action's analysis suffers from the same deficiencies described in the Previous Response. At a minimum, the Office Action oversimplifies the claims and fails to account for their specific requirements. Claim 44 recites a method of navigating a user interface, including:

- presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

- **detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;**

- storing the positive preference indication associated with the first item of information **in response to detecting the gesture**;

- automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information **in response to detecting the gesture**; and

- automatically removing the graphical representation of the first item of information from the graphical user interface **in response to detecting the gesture**.

As just one example, the Office Action's reformulation of the alleged abstract idea still fails to account for "detecting a gesture" and that the remaining steps are performed "in response to detecting the gesture." This is the same kind of oversimplification that the Federal Circuit has cautioned against. *See McRO*, 837 F.3d at 1313 ("We have previously cautioned that

courts "must be careful to avoid oversimplifying the claims" by looking at them generally and failing to account for the specific requirements of the claims.").

In response to Applicant's previous arguments, the Office Action asserts that the burden of showing the claims are directed to an abstract idea can be met "by comparing the recited concept to concepts courts have found to be abstract." Office Action at 3. Even if true, the Office Action has not met this burden. The Office Action alleges that "the [E]xaminer met this burden by identifying that the recited steps of the claim describe 'detecting a gesture corresponding to a positive indication associated with the first item of information . . .' and explaining that this is an abstract idea that is not meaningfully different than the abstract ideas drawn to abstract concepts identified in *Int. Ventures v. Erie Indemnity Co.* Therefore the Examiner's burden has been met and a proper prima facie case has been made." Office Action at 3. But this is incorrect.

The USPTO notes that "[w]hen the examiner has determined the claim recites an **abstract idea**, the rejection should <u>identify</u> the abstract idea as it is recited (e.g., set forth or described) in the claim, and <u>explain why</u> it corresponds to a concept that the courts have identified as an abstract idea." USPTO May 4, 2016 Memorandum: Formulating a Subject Matter Eligibility Rejection and Evaluating the Applicant's Response to a Subject Matter Eligibility Rejection, at 2 ("Memorandum"). The Office Action here does not provide the requisite explanation. The Office Action relies for the first time on *Intellectual Ventures v. Erie Indemnity Co.*, 850 F.3d 1315 (Fed. Cir. 2017), as a purported example of similar claims that a court has found directed to an abstract idea. The Office Action, however, provides no analysis or explanation supporting any alleged similarities between the claims and concepts at issue here and those in *Intellectual Ventures*. *See* Office Action at 5. Rather, the Office Action relies on a single conclusory statement that the alleged abstract idea is "similar to other concepts that have identified as abstract by the courts, such as remotely accessing and retrieving user-specified information in *Int. Ventures v. Erie Indemnity Co.*" Office Action at 5.

When citing to a decision in a § 101 rejection, the USPTO has cautioned that "Examiners should . . . ensure that the rejection is reasonably tied to the facts of the case and . . . avoid relying upon language taken out of context." Memorandum at 3. That is not the case here, as Claim 44 is distinguishable from those in *Intellectual Ventures*. It appears as

though the Office Action relies on the court's discussion of the '002 Patent in *Intellectual Ventures*, which related to "systems and methods for accessing a user's remotely stored data and files." *Id.* at 1329. The representative claim in that case recited:

> 40. A system for storing and accessing user specific resources and information, the system comprising:
> a network for accessing the user specific resources and information stored in a network server;
> and a local device communicating with the network and having a local memory and a mobile interface, wherein the local memory also includes user specific resources and information, and the mobile interface includes pointers corresponding to the user specific resources and information that are stored either on the local device or the network server, wherein the pointers provide links to access the corresponding user specific resources and information.

*Id.* at 1330. "In other words, the claimed invention is directed to a "mobile interface" on a user's device that is capable of accessing the user's data stored anywhere, whether on the user's device or elsewhere on a remote network server." *Id.* This is not analogous to Claim 44, which relates to a particular technological improvement in the area of navigating user interfaces. At best, the claims both recite an interface. That commonality alone, however, does not mean that Claim 44 is directed to similar concepts as those found patent ineligible in *Intellectual Ventures*. As explained in the Previous Response, the claims are more appropriately compared to those in *Trading Techs. Int'l, Inc. v. CQG, Inc.*, No 2016-1616, 2017 WL 192716, at *1-2 (Fed. Cir. Jan. 18, 2017).

### 2.     The claims recite an inventive concept

As explained in the Previous Response, Claim 44 recites an inventive concept. In support of its contrary position, the Office Action's analysis at step 2 relies on portions of Applicant's specification as allegedly supporting its contention that the recited steps "perform only basic generic computer/server data retrieval functions." Office Action at 2-3. The cited portions of Applicant's specification, however, do not support that conclusion. The cited portions state that:

> **[0004] Networking architectures have grown increasingly complex in communications environments. In recent years, a series of protocols and configurations have been developed in order to accommodate a diverse group of end users having various networking needs. Many of these** architectures have gained significant notoriety because they can offer the

> benefits of automation, convenience, management, and enhanced consumer
> selections.
>
> [0005] **Certain network protocols may be used in order to allow an end
> user to conduct an on-line search of candidates to fill a given vacancy.
> These protocols may relate to job searches, person finding services, real
> estate searches, or on-line dating.** While some believe that on-line dating is
> simply a matter of matching supply and demand, there is statistical and
> empirical evidence to suggest that successful on-line dating entails far more.
>
> [0006] For example, people having similar and/or compatible character traits
> and values should be matched together. However, effectively linking two
> participants together can prove to be a challenging endeavor. Coordinating a
> relationship between two like-minded individuals can be a significant chore,
> as there are a number of obstacles and barriers that must be overcome.

Published Specification at ¶¶ 0004-0006 (emphasis added). The Office Action alleges that "[t]hese network protocols/function steps are well-understood, routine and convention[al] activity to match people/object having similar traits and values." Office Action at 3. None of the description of "network protocols" or "protocols and configurations" in the cited portion, however, describe navigating a user interface, let alone suggest that the particular method of navigating a user interface recited in Claim 44 is generic or well-understood, routine, or conventional activity.

3.    <u>Lack of preemption evidences that the claims are directed to patent-eligible subject matter</u>

Finally, the Federal Circuit has explained that "[t]he concern underlying the exceptions to § 101 is . . . preemption." *McRO*, 837 F.3d at 1315. Even if preemption is not a "standalone test for patent eligibility" as the Office Action contends, here it is yet another factor that demonstrates the eligibility of Claim 44. Even assuming that Claim 44 *may involve* "identifying related information and returning a record after receiving a preference response from a user" at a high level of generality, this does not render Claim 44 ineligible because it is *not directed to* "identifying related information and returning a record after receiving a preference response from a user" in the abstract. *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) ("[a]t some level, all inventions embody, use, reflect, rest upon, or apply . . . abstract ideas. Thus an invention is not rendered ineligible for patent simply because it involves an abstract concept"). Said another way, the specific form of

navigating a user interface is not a "long prevalent" or "well-understood" technique that one of skill in the art would recognize. Thus, Claim 44 does not raise the concerns regarding pre-emption that the Supreme Court articulated in *Alice*.

B.    Conclusion

For at least these reasons, Claim 44 is directed to patent-eligible subject matter, as are Claims 45-48 that depend therefrom. For at least certain analogous reasons, Claims 49 and 54 are directed to patent-eligible subject matter, as are their dependent claims. Applicant respectfully requests reconsideration and allowance.

**Claim Rejections Under 35 U.S.C. § 102**

The Office Action rejects Claims 44-47, 49-51, 53-56 and 58 under 35 U.S.C. § 102(e) as allegedly being anticipated by U.S. Patent Publication No. 2013/0179925 A1 to Woods et al. ("*Woods*"). The Office Action also rejects Claims 48, 52, and 57 under 35 U.S.C. § 102(e) as being unpatentable over *Woods* in view of U.S. Patent Publication No. 2011/0087974 A1 to Kulus ("*Kulus*"). Applicant respectfully traverses these rejections and discusses independent Claim 44 as an example.

At a minimum, *Woods* does not disclose "detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information," as recited in Claim 44. The Office Action alleges that *Woods* discloses "receiving a user gesture [e.g. a swipe along a right direction] associated with the displayed media content/asset that is of an audio type, the gesture represents a positive preference [e.g. turns on video type] associated with the displayed audio content/asset." Office Action at 7. Applicant respectfully disagrees.

The Office Action equates the claimed "graphical representation of the first item of information" to "representations of the list of content related to first media asset 510 that matches a profile associated with the user" and, in particular, related content of an "audio type." Office Action at 6-7 (citing *Woods* at ¶¶ 0079, 0120). As allegedly disclosing the claimed "detecting a gesture associated with the graphical representation of the first item of information," the Office Action relies on disclosure in *Woods* that "multiple types of related content may be displayed at a time" and that "[i]n response to receiving a user gesture (e.g., a

swipe along a right direction), control circuitry 304 of second screen device 1120 may slide the related content of the second type (e.g., audio) off display region 1150 and slide back into display region 1150 related content of the first type (e.g., video). *Id.* at ¶¶ 0118, 0120.

Even assuming that the "list of content related to first media asset 510" and the "user gesture" described in *Woods* could be equated to the claimed "detecting a gesture associated with the graphical representation of the first item," the Office Action's assertion that "the gesture represents a positive preference" is conclusory and unsupported. *Woods* does not disclose, teach, or suggest that the user gesture corresponds "to a positive preference indication associated with the first item of information." Rather, the user gestures in *Wood* are merely used for "sliding the related content" currently being displayed off the display region so that related content of another type can be displayed. *See id.* at ¶¶ 0118, 0120. Even assuming, for the sake of argument only, that a gesture resulting in changing the displayed content from audio to video could be equated to a positive preference for video type as the Office Action alleges, it would still fail to disclose "a positive preference indication ***associated with the first item of information***" presented on the graphical user interface (which the Office Action equates to the related content of an audio type). *See* Office Action at 7.

At least because *Woods* fails to disclose "detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information," *Woods* also fails to disclose "storing the positive preference indication associated with the first item of information in response to detecting the gesture," as recited in Claim 44. Moreover, the cited portions merely disclose that "[t]he media guidance application may, for example, monitor the content the user accesses and/or other interactions the user may have with the guidance application." *Woods* at ¶ 0033. The general disclosure of monitoring accessed content or other interactions the user may have does not disclose "***storing the positive preference indication associated with the first item of information in response to detecting the gesture***," as recited in Claim 44.

Thus, *Woods* does not disclose every feature of Claim 44, and therefore does not anticipate the claim. *See* M.P.E.P. § 2131 ("A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single

ATTORNEY'S DOCKET                                          PATENT APPLICATION
083523.0117                                                     USSN 15/016,662

prior art reference.") (citing *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987)). The Office Action does not allege that *Kulus* makes up for the above-described deficiencies of *Woods*.

For at least these reasons, Claim 44 is allowable, as are Claims 45-48 that depend therefrom. For at least certain analogous reasons, Claims 49 and 54 are allowable, together with their dependent claims. Applicant respectfully requests reconsideration and allowance.

**Request for Evidentiary Support**

Should a rejection based on any of the above asserted rejections be maintained, Applicant respectfully requests appropriate evidentiary support. For example, if the Examiner is relying on alleged "common knowledge," alleged "well known" principles, "Official Notice," or other information within the Examiner's personal knowledge, Applicant respectfully requests that the Examiner cite a reference as documentary evidence in support of this position or provide an affidavit. *See* M.P.E.P. § 2144.03 and 37 C.F.R. § 1.104(d)(2).

**No Waiver**

Applicant's arguments and amendments are made without prejudice or disclaimer. By not responding to additional statements made by the Examiner, Applicant does not acquiesce to the additional statements. The distinctions between the applied references and the claims are provided as examples only and are sufficient to overcome the rejections. Applicant reserves the right to discuss additional or other distinctions in a later response or on appeal, if appropriate.

35679369

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

16 of 16

### Conclusion

Applicant has made an earnest attempt to place this case in condition for allowance. For at least the above reasons, Applicant respectfully requests full allowance of all pending claims.

If a telephone conference would advance prosecution of this Application, the Examiner may contact Clarke W. Stavinoha, Attorney for Applicant, at 214.953.6484. The Examiner may also communicate with Clarke Stavinoha concerning this Application by electronic mail at clarke.stavinoha@bakerbotts.com.

Although Applicant believes no fees are due, the Commissioner is authorized to charge any necessary fees and credit any overpayments to Deposit Account No. 02-0384 of Baker Botts L.L. P.

Respectfully submitted,

BAKER BOTTS L.L.P.
Attorneys for Applicant

Clarke W. Stavinoha
Reg. No. 71,152
Telephone: 214.953.6484

Date: August 22, 2017
**Correspondence Address:**

**Customer No:**      **05073**

35679369

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 30149739 |
| **Application Number:** | 15016662 |
| **International Application Number:** | |
| **Confirmation Number:** | 9869 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Clarke W. Stavinoha/Laurie Scott |
| **Filer Authorized By:** | Clarke W. Stavinoha |
| **Attorney Docket Number:** | 083523.0117 |
| **Receipt Date:** | 22-AUG-2017 |
| **Filing Date:** | 05-FEB-2016 |
| **Time Stamp:** | 15:18:05 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 0835230117RespNFOA082217. PDF | 679400  99b0baef39e356a2346f32ab7f3de3877b32 f5a8 | yes | 16 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 16 |

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 679400 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>15/016,662 | Filing Date<br>02/05/2016 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE  ☐ SMALL  ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **08/22/2017** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 10 | Minus | ** 20 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
DARLENE BROWN

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 083523.0117 | 9869 |

5073          7590          05/22/2017
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/22/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail1@bakerbotts.com
ptomail2@bakerbotts.com

| **Office Action Summary** | **Application No.**<br>15/016,662 | **Applicant(s)**<br>RAD ET AL. | |
|---|---|---|---|
| | **Examiner**<br>YUK TING CHOI | **Art Unit**<br>2153 | **AIA (First Inventor to File) Status**<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>4/20/2017</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.**   2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5)☒ Claim(s) <u>44-58</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>44-58</u> is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All   b)☐ Some**  c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4)☐ Other: _____.

Application/Control Number: 15/016,662                                          Page 2
Art Unit: 2153

## DETAILED ACTION

### *Response to Amendment*

1.      This office action is in response to applicant's communication filed on 04/20/2017 in

response to PTO Office Action mailed 11/21/2016.  The Applicant's remarks and amendments

to the claims and/or the specification were considered with the results as follows.

2.      In response to the last Office Action, no claims have been amended, added or canceled.

As a result, claims 44-58 are pending in this office action.


### *Response to Arguments*

3.       Applicant's arguments with respect to 35 USC 101 rejections have been fully considered

but are not persuasive and details are as follows:

        Applicant's argument with respect to 101 rejection states as "The claims are patent-

eligible because they are not directed to an abstract idea, but rather a specific solution for

"navigating a user interface" by responding in multiple distinct ways to a particularized "gesture"

that is associated with graphical representation and corresponds to a positive preference

indication…The claims are patent-eligible because they contain inventive concepts when

conserved as an ordered combination with other claim elements… Claim 44 does not seek to tie

up any abstract idea such that others cannot practice it ".

        In response to Applicant's argument, the Examiner disagrees because detecting the

claimed "*preference indication*" is just receiving a preference response from a user and the

recited method does not include additional elements beyond the abstract idea of remotely

accessing and retrieving user specified information identify related information that have

identified as abstract by the courts [*Int. Ventures v. Erie Indemnity Co.*].  Also in view of

Applicant's specification (See PGPUB, para. [0004]-para. [0006]), the recited steps or acts e.g.

detecting, storing, presenting and removing perform only basic generic computer/server data retrieval functions, which are common to online-search service networking systems such as job search services, person finding services, real estate services or online-dating services. These network protocols/ function steps are well-understood, routine and convention activity to match people/object having similar traits and values.  When viewed either as individual limitations or as an ordered combination, the claim as a whole does not add significantly more to the abstract idea of remotely accessing and retrieving user-specified information.

In addition, in order to establish that a claim is directed to an abstract idea, the Examiner provides a reasoned rationale that identifies the concept recited in the claim and explains why it is considered an abstract idea. This can be done by comparing the recited concept to concepts courts have found to be abstract ideas.  In this hypothetical, the examiner met this burden by identifying that the recited steps of the claim describe "detecting a gesture corresponding to a positive indication associated with the first item of information…" and explaining that this is an abstract idea that is not meaningfully different than the abstract ideas drawn to abstract concepts identified in *Int. Ventures v. Erie Indemnity Co.*  Therefore, the Examiner's burden has been met and a proper prima facie case has been made.

At last, preemption is not a standalone test for patent eligibility.  Applicant's attempt to show alternative uses of the abstract idea outside the scope of the claims does not change the conclusion that the claims are directed to patent ineligible subject matter.  Similarly, Applicant's attempt to show that the recited abstract idea is a narrow and specific one is not persuasive.  A specific abstract idea is still an abstract idea and is not eligible for patent protection without signification more recited in the claim.  The questions of preemption are inherent in the two-part framework from *Alice Corp and Mayo* and are resolved by using two-part framework to distinguish between preemptive claims, and those that integrate the building blocks into

Application/Control Number: 15/016,662                                          Page 4
Art Unit: 2153

something more…the latter pose no comparable risk of preemption, and therefore remain

eligible." The absence of complete preemption does not guarantee the claim is eligible.

Therefore "[w]here a patent's claims are deemed only to disclose patent ineligible subject matter

under the *Mayo* framework, as they are in this case, preemption concerns are fully addressed

and made moot*". Ariosa Diagnostics, INC, v. Sequenom*, Inc. 788 F.3d 1371, 1379

(Fed.Cir.2015). *See also OIP Tech., Inc. v, Amazon.com, Inc.* 788 F.3d 1359, 1362-63 (Fed Cir.

2015).

     Hence, the 35 USC 101 rejections are maintained.


     Applicant's argument with respect to 35 USC 103 rejections for claims 44-58 have been

fully considered but are moot in view of the new ground(s) of rejection.

     Applicant argues "The claimed technology was invented prior to August 6, 2012".

     In response to Applicant's argument, after reviewing Applicant's Affidavit's Exhibit C

document which is filed on 04/20/2017, the Examiner believes Applicant has shown enough

evidence to indicate that the claimed invention was invented prior to August 6, 2012.  To

advance prosecution, the Examiner has incorporated a newly cited reference to teach the

claimed invention.


### Claim Rejections - 35 USC § 101

4.     35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or

composition of matter, or any new and useful improvement thereof, may obtain a patent

therefor, subject to the conditions and requirements of this title.

Application/Control Number: 15/016,662                                    Page 5
Art Unit: 2153

Claims 44-58 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.


In claim 44, a "method" is being recited.  The claim is directed to a method includes a series of steps or acts for presenting a graphical representation of a first item of information; detecting a gesture associated with the graphical representation of the first item of information, storing the positive preference indication associated with the first item of information in response to detect the gesture and automatically presenting a graphical representation of a second item of information in response to detecting the gesture. In other words, the claim recites identifying related information and returning a record after receiving a preference response from a user.   It is similar to other concepts that have identified as abstract by the courts, such as remotely accessing and retrieving user-specified information in *Int. Ventures v. Erie Indemnity Co.* The additional step automatically removing the graphical representation of the first item of information in response to detect the gestures the abstract idea, but do not make it less abstract.  The claim does not include additional elements beyond the abstract idea of identify related information and returning a record. The recited steps or acts e.g. detecting, storing, presenting and removing perform only basic generic computer/server data retrieval functions, which are common to all content service. When viewed either as individual limitations or as an ordered combination, the claim as a whole does not add significantly more to the abstract idea of data retrieval of a record.  Therefore, claim 44 is not patent eligible.  Claims 45-48 do not have additional elements add significantly more to the abstract idea of data retrieval of a record. Thus, claims 44-48 are not patent eligible.  Claims 49 and 54 recited similar features as recited in claims 44, therefore claims 50-53 and 55-58 also do not have additional elements add

Application/Control Number: 15/016,662                                    Page 6
Art Unit: 2153

significantly more to the abstract idea of data retrieval of a record, and they are not patent

eligible.

### *Claim Rejections - 35 USC § 102*

5.      In the event the determination of the status of the application as subject to AIA 35 U.S.C.

102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the

statutory basis for the rejection will not be considered a new ground of rejection if the prior art

relied upon, and the rationale supporting the rejection, would be the same under either status.


        The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
> (e) the invention was described in (1) an application for patent, published under section
> 122(b), by another filed in the United States before the invention by the applicant for patent or
> (2) a patent granted on an application for patent by another filed in the United States before
> the invention by the applicant for patent, except that an international application filed under
> the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an
> application filed in the United States only if the international application designated the United
> States and was published under Article 21(2) of such treaty in the English language.


6.      Claims 44-58 are rejected under 35 U.S.C. 102(e) as being anticipated by Woods (US

2013/0179925 A1), hereinafter Woods.

        **Referring to claims 44, 49 and 54**, Woods discloses a method of navigating a user

interface, comprising:

        presenting, on a graphical user interface, a graphical representation of a first item of

information of a plurality of items of information (***See para. [0077]-para. [0079] and Figure 5***

***displaying an media asset from a list of media assets that matches a profile associated***

***with an user***);

Application/Control Number: 15/016,662                                  Page 7
Art Unit: 2153

    detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information (***See para. [0099] and para. [0118], para. [0120], receiving a user gesture [e.g. a swipe along a right direction] associated with the displayed media content/asset that is of an audio type, the gesture represents a positive preference [e.g. turns on video type] associated with the displayed audio content/asset*** );

    storing the positive preference indication associated with the first item of information in response to detecting the gesture (***See para. [0033] and para, [0076], monitoring and storing the media content/asset the user has accessed, the user profile includes a viewing history associated with the user which includes a list of the media assets the user previously accessed for a predetermined length of time, for example, the user profile stores user interests/preferences [e.g. user prefers video type] regarding on the displayed media content/asset that is of the audio type***);

    automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture (***See para. [0118] and para. [0120], presenting related content of a second type [e.g. video] in response to the received user gesture [e.g. swipe along a right direction])***; and

    automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture (***See para. [0118] -para. [0120], removing the media content/asset of the first type [e.g. audio] which is previously displayed and replacing the removed content of with related media content/asset of the second type [e.g. video])***.

**As to claims 45, 53 and 58**, Woods discloses wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information (***See para. [0097]- para. [0099] and para. [0118]-para. [0120], presenting interface controls such as navigation keys [e.g. up, down, left, right] and swipe gestures [e.g. swipe along a left, right, up and down direction] on the displayed media content/asset to cause another media content/asset to be displayed*** ).

**As to claims 46, 50 and 55**, Woods discloses wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture (***See para. [0099] and para. [0118], receiving a user gesture [e.g. a swipe along a left direction] associated with the displayed media content/asset that is of a video type, the gesture represents user prefers an audio type of media content/asset***).

**As to claims 47, 51 and 56**, Woods discloses presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards (***See para. [0075], compiling a list of the identified content that shares characteristics with the displayed media asset, the displayed media asset is currently available at the top of the list***);

Application/Control Number: 15/016,662                          Page 9
Art Unit: 2153

7.      Claims 48, 52 and 57 are rejected under 35 U.S.C. 102(e) as being unpatentable by
Woods (US 2013/0179925 A1) and in view of Kulus (US 2011/0087974 A1).


        **As to claims 48, 52, and 57**, Woods discloses the first item of information comprises a
first user profile (***See para. [0044], the first media content/asset that is displayed
comprises characteristics of a matched profile of a user***); the second item of information
comprises a second user (***See para. [0044] and para. [0076], the second media
content/asset that is displayed comprises characteristics of match profile of another
user, such as a friend of the user***).

        Woods does not explicitly disclose the positive preference indication associated with the
first item of information comprises an expression of approval.

        Kulas discloses the positive preference indication associated with the first item of
information comprises an expression of approval (***See para. [0027], the user swipes right or
up to indicate approval of an item***).

        Hence, it would have been obvious to one having ordinary skill in the art at the time of
invention was made to modify the sensitive touch-screen movement detection module of
Woods 's system to comprise: the gesture corresponding to a positive preference indication
associated with the first item of information, as taught by Kulas, in order to obtain user's state
of mind, concurrently or in association with an operation of a user control in a more reliable
way (***See Kulas, para. [0002] and para. [0004]***).

Application/Control Number: 15/016,662                                      Page 10
Art Unit: 2153

8.      The examiner requests, in response to this Office action, support be shown for language added to any original claims on amendment and any new claims. That is indicate support for newly added claim language by specifically pointing to page(s) and line no(s) in the specification and/or drawing figure(s).  This will assist the examiner in prosecuting the application.


            Any inquiry concerning this communication or earlier communications from the examiner should be directed to YUK TING CHOI whose telephone number is (571)270-1637.  The examiner can normally be reached on 8:30 AM - 5:30 PM EST.

      Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

      If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Heather Herndon can be reached on (571) 272-4136.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 15/016,662                                                    Page 11
Art Unit: 2153

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/YUK TING CHOI/

Primary Examiner, Art Unit 2153

| | | | | |
|---|---|---|---|---|
| ***Notice of References Cited*** | Application/Control No. 15/016,662 | | Applicant(s)/Patent Under Reexamination RAD ET AL. | |
| | Examiner YUK TING CHOI | | Art Unit 2153 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-2011/0087974 A1 | 04-2011 | Kulas; Charles J. | G06F3/04812 | 715/760 |
| * | B | US-2013/0179925 A1 | 07-2013 | Woods; Thomas Steven | H04N21/42209 | 725/42 |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2164 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L67/306 OR G06F17/30011 OR G06F17/3053 | 7/19/2016 | YC |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| H04L67/306 OR G06F17/30011 OR G06F17/3053 and East Text Search, see attached search history | 7/19/2016 | YC |
| Google NPL Search | 4/18/2017 | YC |
| East text search, see attached search history | 4/25/2017 | YC |
| IDS Search and Assignee | 7/19/2016 | YC |
| Counsulted Paul Rodriguez for 101 MQAS TC2100 | 4/25/2017 | YC |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | /YUK TING CHOI/<br>Primary Examiner.Art Unit 2164 |
|---|---|

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| *Index of Claims* | 15016662 | RAD ET AL. |
| | Examiner | Art Unit |
| | YUK TING CHOI | 2164 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/19/2016 | 11/14/2016 | 04/25/2017 | | | | | |
| | 1 | - | - | - | | | | | |
| | 2 | - | - | - | | | | | |
| | 3 | - | - | - | | | | | |
| | 4 | - | - | - | | | | | |
| | 5 | - | - | - | | | | | |
| | 6 | - | - | - | | | | | |
| | 7 | - | - | - | | | | | |
| | 8 | - | - | - | | | | | |
| | 9 | - | - | - | | | | | |
| | 10 | - | - | - | | | | | |
| | 11 | - | - | - | | | | | |
| | 12 | - | - | - | | | | | |
| | 13 | - | - | - | | | | | |
| | 14 | - | - | - | | | | | |
| | 15 | - | - | - | | | | | |
| | 16 | - | - | - | | | | | |
| | 17 | - | - | - | | | | | |
| | 18 | - | - | - | | | | | |
| | 19 | - | - | - | | | | | |
| | 20 | - | - | - | | | | | |
| | 21 | - | - | - | | | | | |
| | 22 | - | - | - | | | | | |
| | 23 | - | - | - | | | | | |
| | 24 | - | - | - | | | | | |
| | 25 | - | - | - | | | | | |
| | 26 | - | - | - | | | | | |
| | 27 | - | - | - | | | | | |
| | 28 | - | - | - | | | | | |
| | 29 | - | - | - | | | | | |
| | 30 | - | - | - | | | | | |
| | 31 | - | - | - | | | | | |
| | 32 | - | - | - | | | | | |
| | 33 | - | - | - | | | | | |
| | 34 | - | - | - | | | | | |
| | 35 | - | - | - | | | | | |
| | 36 | - | - | - | | | | | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | Examiner | Art Unit |
| | YUK TING CHOI | 2164 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/19/2016 | 11/14/2016 | 04/25/2017 | | | | | |
| | 37 | - | - | - | | | | | |
| | 38 | - | - | - | | | | | |
| | 39 | - | - | - | | | | | |
| | 40 | - | - | - | | | | | |
| | 41 | - | - | - | | | | | |
| | 42 | - | - | - | | | | | |
| | 43 | - | - | - | | | | | |
| | 44 | ✓ | ✓ | ✓ | | | | | |
| | 45 | ✓ | ✓ | ✓ | | | | | |
| | 46 | ✓ | ✓ | ✓ | | | | | |
| | 47 | ✓ | ✓ | ✓ | | | | | |
| | 48 | ✓ | ✓ | ✓ | | | | | |
| | 49 | ✓ | ✓ | ✓ | | | | | |
| | 50 | ✓ | ✓ | ✓ | | | | | |
| | 51 | ✓ | ✓ | ✓ | | | | | |
| | 52 | ✓ | ✓ | ✓ | | | | | |
| | 53 | ✓ | ✓ | ✓ | | | | | |
| | 54 | ✓ | ✓ | ✓ | | | | | |
| | 55 | ✓ | ✓ | ✓ | | | | | |
| | 56 | ✓ | ✓ | ✓ | | | | | |
| | 57 | ✓ | ✓ | ✓ | | | | | |
| | 58 | ✓ | ✓ | ✓ | | | | | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 1 | 15/016662 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/18 09:40 |
| S2 | 4 | "12339301" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/18 10:45 |
| S3 | 2 | "14059192" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/18 10:47 |
| S4 | 91 | (present$3) near10 (profile match person) same (approve approval disapproval disapprove gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 08:47 |
| S5 | 13 | (present$3) near10 (next second) near10 (profile match person) same (approve approval disapproval disapprove gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:25 |
| S6 | 5 | (present$3) near10 (next second) near10 (profile user match person) same (approve approval disapproval disapprove) near10 (button swip$5 gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:27 |
| S7 | 14 | (present$3 display$3 provid$3) near10 (next second) near10 (profile user match person) same (approve approval disapproval disapprove) near10 (button swip$5 gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:27 |
| S8 | 164 | (present$3 display$3 provid$3) near20 | US-PGPUB; | OR | OFF | 2016/07/19 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | (profile user match person) same (approve approval disapproval disapprove) near10 (button swip$5 gesture) and (dating match social) near10 (network ) | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 09:28 |
| S9 | 181 | (present$3 display$3 provid$3) near20 (profile user match person) same (approve approval deny disapproval disapprove) near10 (button swip$5 gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:29 |
| S10 | 181 | (present$3 display$3 provid$3) near20 (profile user match person) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:29 |
| S11 | 184 | (present$3 display$3 provid$3) near20 (profile$3 user$3 match$2 person$3) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:35 |
| S12 | 14 | (present$3 display$3 provid$3 load$3 retriev$3) near5 (next second plurality) near20 (profile$3 user$3 match$2 person$3) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:36 |
| S13 | 66 | (present$3 display$3 provid$3 load$3 retriev$3) near5 (next second plurality) near20 (profile$3 user$3 match$2 person$3) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:36 |
| S14 | 135 | (present$3 display$3 provid$3 load$3 retriev$3) near5 (profile$3 user$3 match$2 person$3) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:37 |
| S15 | 4 | "20140040368" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:04 |
| S16 | 832 | "6480885" "7917448" "8060463" "20050021750" "20060059147" "20060085419" | US-PGPUB; USPAT; USOCR; FPRS; EPO; | OR | OFF | 2016/07/19 10:05 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | BM_TDB | | | |
| S17 | 749 | "6480885" "7917448" "8060463" | USPAT | OR | OFF | 2016/07/19 10:06 |
| S18 | 8 | "20050021750" "20060059147" "20060085419" | US-PGPUB | OR | OFF | 2016/07/19 10:06 |
| S19 | 168 | S17 AND ( (H04L67/306 OR G06F17/30011 OR G06F17/3053).CPC. ) | USPAT | OR | OFF | 2016/07/19 10:08 |
| S20 | 10 | "20060106780" "20070073687" "20070073803" "20080294624" "20080301118" "20090106040" | US-PGPUB | OR | OFF | 2016/07/19 10:11 |
| S21 | 1 | "20140040368" | US-PGPUB | OR | OFF | 2016/07/19 10:16 |
| S22 | 1 | 15/016662 and remov$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:21 |
| S23 | 1 | "13804045" and remov$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:27 |
| S24 | 1 | "13804045" and delet$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:28 |
| S25 | 1 | "13804045" and favorite | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:35 |
| S28 | 2 | (add$3) near10 (favor$3) near10 list and swiping near5 direction | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:37 |
| S30 | 23 | (add$3) near20 (favor$3) near10 list and swiping | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:37 |
| S31 | 44 | (add$3 populat$3 stor$3) near20 (favor$3) near10 list and swiping | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; | OR | OFF | 2016/07/19 10:38 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | BM_TDB | | | |
| S32 | 1 | "13804045" and swiping | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:39 |
| S33 | 201 | (add$3 populat$3 stor$3) near20 (favor$3) near10 list and (remov$3 delet$3) near20 (search) near5 result | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:40 |
| S34 | 226 | (add$3 populat$3 stor$3) near20 (favor$3) and (remov$3 delet$3) near20 (search) near5 result | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:40 |
| S35 | 1 | (add$3 populat$3 stor$3) near20 (favor$3) same (remov$3 delet$3) near20 (search) near5 result | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:41 |
| S36 | 17 | (add$3 populat$3 stor$3) near20 (favorite ) same ((remov$3 delet$3) near20 result ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:41 |
| S37 | 17 | (add$3 populat$3 stor$3) near20 (favorite liked) same ((remov$3 delet$3) near20 result ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:44 |
| S61 | 1 | 13/804045 and stor$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:18 |
| S62 | 1 | 13/804045 and track$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:22 |
| S63 | 1 | 13/804045 and skip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; | OR | OFF | 2016/07/19 15:23 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | JPO; DERWENT; IBM_TDB | | | |
| S64 | 1 | 13/804045 and like$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:23 |
| S66 | 1 | 13/804045 and right and counter | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:24 |
| S69 | 1 | 13/804045 and swip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:46 |
| S70 | 5 | "20110087974" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 16:12 |
| S71 | 749 | "6480885" "7917448" "8060463" | USPAT | OR | OFF | 2016/07/19 17:23 |
| S72 | 134 | S71 and match$3 AND ( (H04L67/306 OR G06F17/30011 OR G06F17/3053).CPC. ) | USPAT | OR | OFF | 2016/07/19 17:23 |

4/25/2017 3:05:30 PM
C:\ Users\ cchoi\ Documents\ EAST\ Workspaces\ 15016662_matching_process_system_and_method.wsp

PTO/SB/30 (10-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST
FOR
# CONTINUED EXAMINATION (RCE) TRANSMITTAL

Address to:
**Mail Stop RCE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

| | |
|---|---|
| Application Number | 15/016,662 |
| Filing Date | 02/05/2016 |
| First Named Inventor | Sean Rad |
| Art Unit | 2153 |
| Examiner Name | Choi, Yuk Ting |
| Attorney Docket Number | 083523.0117 9869 |

**This is a Request for Continued Examination (RCE) under 37 C.F.R. 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application.  See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. Submission required under 37 C.F.R. § 1.114
   a. Previously submitted
      ☐ Consider the amendment(s)/reply under 37 C.F.R. 1.116 previously filed on _____
         (Any unentered amendment(s) referred to above will be entered).
      ii. ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____
      iii. ☐ Other _____
   b. ☒ Enclosed
      i. ☒ Amendment/Reply                  iii. ☐ Information Disclosure Statement (IDS)
      ii. ☒ Affidavit(s)/Declaration(s)      iv. ☐ Other _____

2. Miscellaneous
   a. ☐ Suspension of action on the above-identified application is requested under 37 C.F.R. 1.103(c) for a period of _____months.  (Period of suspension shall not exceed 3 months; Fee under 37 C.F.R. 1.117(i) **required**)
   b. ☐ Other _____

3. Fees  The RCE fee under 37 C.F.R. 1.17(e) is required by 37 C.F.R. 1.114 when the RCE is filed.
   a. ☒ **The Director is hereby authorized to charge the following fees to:**
      **Deposit Account No.   02-0384 of Baker Botts L.L.P.**
      i. ☒ **$1200.00 RCE fee required under 37 C.F.R. 1.17(e)**
      ii. ☐
      iii. ☒ **Other:  $600.00 2 Month Extension of time**
   b. ☒ **The Director is hereby authorized to charge any additional fees or credit any overpayments to: Deposit Account No.   02-0384 of Baker Botts L.L.P.**
   c. ☐ Payment by credit card  (Form PTO-2038 enclosed)
      **WARNING: Information on this form may become public.  Credit card information should not be included on this form.  Provide credit card information and authorization on PTO-2038.**

| SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED | | | |
|---|---|---|---|
| Name       (Print / Type)   Johnson K. Kunohena | Registration No. (Attorney/Agent) | | 69093 |
| Signature | Date | April 20, 2017 | |

Burden Hour Statement:  This form is estimated to take 0.2 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND Fees and Completed Forms to the following address:  Assistant Commissioner for Patents, Box RCE, Washington, DC 20231.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

1 of 19

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| First Named Inventor: | Sean Rad |
| Filed: | February 5, 2016 |
| Serial Number: | 15/016,662 |
| Group Art Unit: | 2153 |
| Confirmation No. | 9869 |
| Examiner: | Yuk Ting Choi |
| Title: | ***Matching Process System and Method*** |

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

### Request filed with Request for Continued Examination

In response to the Final Office Action dated November 21, 2016 (the "Office Action") and Advisory Action dated March 21, 2017 (the "Advisory Action"), Applicant respectfully requests the Examiner to reconsider the rejection of the claims in view of the following remarks.

**In the Claim**

     Claims 1-43 (Canceled)

     44.    (Previously Presented)  A method of navigating a user interface, comprising:

     presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

     detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

     storing the positive preference indication associated with the first item of information in response to detecting the gesture;

     automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

     automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

     45.    (Previously Presented)  The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

     46.    (Previously Presented)  The method of Claim 44, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

3 of 19

47.    (Previously Presented)   The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards.

48.    (Previously Presented)  The method of Claim 44, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

4 of 19

49.    (Previously Presented)  A system, comprising:

an interface operable to:

    present a graphical representation of a first item of information of a plurality of items of information;

a processor coupled to the interface and operable to:

    detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

    store the positive preference indication associated with the first item of information in response to detecting the gesture; and

the interface further operable to:

    automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture; and

    automatically remove the graphical representation of the first item of information in response to detecting the gesture.

50.    (Previously Presented)  The system of Claim 49, wherein the processor is further operable to detect a swiping direction associated with the gesture.

51.    (Previously Presented)  The system of Claim 49, wherein the interface is further operable to present the first item of information as a first card of a stack of cards.

52.    (Previously Presented)  The system of Claim 49, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

5 of 19

    53.    (Previously Presented)  The system of Claim 49, wherein the interface is further operable to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

54.    (Previously Presented)  At least one non-transitory computer-readable medium comprising a plurality of instructions that, when executed by at least one processor, are configured to:

present, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

store the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

55.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to detect a swiping direction associated with the gesture.

56.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are configured to present the first item of information as a first card of a stack of cards.

57.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

7 of 19

58.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

## REMARKS

This Application has been reviewed carefully in light of the Office Action and Advisory Action.  Applicant appreciates the Examiner's consideration of the Application.  At the time of the Office Action, Claims 44-58 were pending and stand rejected.  Applicant respectfully submits that all pending claims are allowable without amendment, and requests reconsideration and favorable action in this case in view of the following remarks.

### Request for Examiner Interview

If the Examiner intends to issue a new Office Action in response to this submission, in the interest of compact and efficient prosecution, Applicant respectfully requests that the Examiner contact Applicant's attorney prior to issuing the new Office Action to discuss a possible resolution to any outstanding issues.

### Claim Rejections under 35 U.S.C. § 101

The Office Action rejects Claims 44-58 under 35 U.S.C. § 101 as allegedly being directed to non-statutory subject matter. In particular, the Office Action alleges that the claims are directed to the abstract idea of "identifying related information and returning a record in response to user's response." Office Action, p. 4.  In addition, the Advisory Action alleges that "[t]he recited steps or acts e.g. detecting, storing, presenting and removing perform only basic generic computer/server data retrieval functions, which are common to all content service. When viewed either as individual limitations or as an ordered combination, the claim as a whole does not add significantly more to the abstract idea of data retrieval of a record based on the user's response." Advisory Action, p. 2.

This broad and sweeping characterization that the claims, however, fails to acknowledge Federal Circuit precedent that "[i]n considering patent eligibility under § 101, one must focus *on the claims*.  This is because a claim may 'preempt' only that which the claims encompass, not what is disclosed but left unclaimed." *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1334 (Fed. Cir. 2012) (emphasis added).   Thus, Applicant respectfully disagrees with the characterization of the claims in the Office Action and Advisory Action, and traverses the rejection using independent Claim 44 as an example.

Under the proper analysis, Applicants' claims are patent eligible because (A) the

claims are not directed to an abstract idea; and (B) the claims, when considered as an ordered combination with other elements of each claim, supply an inventive concept rendering the claims patent eligible.  In addition, because the Office Action and Advisory Action, among other things, fail to substantively address the patent eligibility of the **ordered combination** of elements—as discussed further in Section (B)—they fail to establish a *prima facie* case of patent ineligibility.  As a result, Applicant requests withdrawal of the rejection of the claims based on Section 101.

### (A) The claims are patent-eligible because they are not directed to an abstract idea, but rather a specific solution for "navigating a user interface" by responding in multiple distinct ways to a particularized "gesture" that is "associated with [a] graphical representation" and corresponds to "a positive preference indication"

The Office Action's analysis is inconsistent with the Supreme Court's analysis in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014), and is legally incorrect.  Contrary to the Examiner's characterizations, only those claims that "would risk **disproportionately** tying up the use of the underlying ideas" are patent ineligible.  *Id.* at 2354–55 (emphasis added).  And those that "pose no **comparable** risk of pre-emption . . . remain eligible for the monopoly granted under our patent laws."  *Id.* at 2355  (emphasis added).  The Office Action alleges that Claim 44 is directed to the abstract idea of "identifying related information and returning a record in response to user's response." Office Action, p. 4.  As discussed above, however, the Office Action's articulation of the abstract idea directly contradicts Federal Circuit precedent that "[i]n considering patent eligibility under § 101, one must focus **on the claims**."  *Dealertrack, Inc.*, 674 F.3d at 1334 (emphasis added).   Indeed, focusing on the claim language, as the Federal Circuit counsels, confirms that they are directed to a particular solution to navigating a user interface.  For example, the claim language recites a detecting and responding to a "gesture" that must not only be "associated with the graphical representation of the first item of information" but must also "correspond[] to a positive preference indication associated with the first item of information." ' In addition, the claim language requires performing several separate and distinct actions related to the gesture including "detecting [the] gesture," "storing the positive preference indication . . . **in response to** detecting the gesture," "automatically presenting . . . a graphical representation

. . . *in response to* detecting the gesture," and "automatically removing the graphical representation . . . *in response to* detecting the gesture." The specification also explains, for example:

> In some embodiments, matching server 20 creates a match between two users 14 after both users 14 have expressed a preference for each other's profiles using like button 86 or the swiping gesture associated with like button 86. When matching server 20 creates a match, it may also provide the matched users with the ability to contact each other through a contact button. In some embodiments, when a match is created, matching server 20 may immediately (or soon thereafter) present an option to users 14 that have been matched to engage in a communication session (e.g., a chat, an SMS message, an e-mail, a telephone call, a voice communication session, a video communication session) . This may be done in response to a first user 14 expressing a preference for a second user 14 that has already expressed a preference for the first user 14.

Application, pp. 49–50.

Thus, rather than performing conventional activities with some abstract "information and returning a record" as the Office Action suggests, the claims are directed to detecting and responding to particularized "gestures" corresponding to particular graphical representations and positive preferences. Notably, the Office Action fails to provide any reasoning as to why Applicant's claims—with its specific limitations—create any risk of tying up any building block of human ingenuity, much less disproportionately doing so. Importantly, the Supreme Court calls for "tread[ing] carefully in construing this exclusionary principle lest it swallow all of patent law." *Alice,* 134 S. Ct. at 2354. Even more recently, the Federal Circuit has emphasized the need "to avoid oversimplifying the claims by looking at them generally and failing to account for the specific requirements of the claims." *McRo, Inc. v. Bandai Namco Games Am. Inc.*, No. 2015-1080, 2016 WL 4896481, at *7 (Fed. Cir. Sep. 13, 2016).

Indeed, because Applicants' claims limit themselves to a particular practical application, the claims provide a guarantee that there is no comparable risk of preempting all ways of navigating a user interface. *See Alice,* 134 S. Ct. at 2354–55. The M.P.E.P. requires that "[i]f the record as a whole suggests that it is *more likely than not* that the claimed invention would be considered a practical application of an abstract idea . . . then USPTO personnel should not reject the claim." M.P.E.P. § 2106 III (emphasis added).

Applicants' ordered combination of elements do not rise to the level of preempting the basic tools of scientific and technological work that the Supreme Court is concerned with.  *See id.*  Despite Claim 1 reciting particular ways of detecting and responding to specific gestures in the context of navigating a user interface, the Examiner fails to explain how the claim language creates any preemption concern.  In fact, even assuming, for the sake of argument only, that the Office Action's characterization of the claims as directed to the abstract idea of "identifying related information and returning a record in response to user's response" is accurate (a characterization with which Applicant does not agree), Claim 44 clearly does not preempt all methods of doing so. The Federal Circuit's recent opinion in *McRo, Inc. v. Bandai Namco Games Am. Inc.* is instructive. *See McRo, Inc.*, 2016 WL 4896481 at * 7. In *McRo, Inc.*, the Federal Circuit disagreed with the district court's characterization of the claims as being directed to the abstract idea of "automated rule-based use of morph targets and delta sets for lip-synchronized three-dimensional animation" because "the claims [were] limited to rules with specific characteristics" and "the specific, claimed features of these rules allow for the improvement realized by the invention." *Id.* Here, like in *McRo*, Claim 44 recites specific features that allow for improvements to navigating a user interface. *See McRo*, 2016 WL 4896481 at *9. Moreover, "by incorporating the specific features" recited in the claims, Claim 44 is "limited to a specific process" and does not "preempt approaches . . . that use . . . different techniques." *Id.* at 10.

As the Patent Office itself recognizes, it is proper to "compare the claim to claims already found to be directed to an abstract idea in a previous court decision." USPTO May 19, 2016 Memorandum: Recent Subject Matter Eligibility Decisions (*Enfish, LLC v. Microsoft Corp.* and *TLI Communications LLC v. A.V. Automotive, LLC*) at 1 ("Recent Subject Matter Eligibility Decisions") at 1. Here, the Office Action contends that the alleged abstract idea of "identifying related information and returning a record in response to user's response" is "similar to other concepts that have identified as abstract by the courts, such as using categories to organize, store and transmit information in Cyberfone, or comparing new and stored information and using rules to identifying options in Smartgene." Office Action, p. 4. The Office Action's contention, however, is merely conclusory and provides no analysis or explanation to support the alleged similarities between these concepts and the method of navigating a user interface recited in Claim 44. Indeed, Claim 44 is more similar to claims

recently found to be patent-eligible by the Federal Circuit.

In *Trading Techs. Int'l, Inc. v. CQG, Inc.*, the Federal Circuit found that a claim covering "[a] method for displaying market information . . . on a graphical user interface" was directed to patent-eligible subject matter. No. 2016-1616, 2017 WL 192716, at *1-2 (Fed. Cir. Jan. 18, 2017). The Federal Circuit agreed with the district court's conclusion that "rather than reciting 'a mathematical algorithm,' 'a fundamental economic or longstanding commercial practice,' or 'challenge in business,' the challenged patents 'solve problems of prior graphical user interface devices . . . in the context of computerized trading[] relating to speed, accuracy and usability'" and "are directed to improvements in existing graphical user interface devices that have no 'pre-electronic trading analog.'" *Id.* at *2. Claim 44 is more similar to the claims found patent-eligible in *Trading Techs.* than the cases relied on by the Office Action. For example, the "dynamically displaying," "displaying," and "setting" steps recited in the claims at issue in *Trading Techs.* are analogous to the "presenting," "automatically presenting," and "automatically removing" steps recited in Claim 44. *Id.* at *1-2. Similarly, Claim 44 solves problems of prior user interface devices and is directed to improvements in navigating user interfaces that have no pre-computer analog. Like the claims at issue in *Trading Techs.*, Claim 44 does "not simply claim displaying information," and recites more than "identifying related information and returning a record in response to user's response" as alleged by the Office Action. *Id.* at *3. Moreover, the graphical user interface of Claim 44 is "not an idea that has long existed, the threshold criterion of an abstract idea and ineligible concept." *Id.*

In addition, Claim 44, as a whole, is distinguishable from the patent-ineligible abstract concepts found in the *Alice* and *Bilski* Supreme Court cases. *Alice* involved "a method of exchanging financial obligations between two parties using a third-party intermediary to mitigate settlement risk." *Alice*, 134 S. Ct. at 2356. *Bilski* involved the concept of hedging risk. *Bilski v. Kappos*, 561 U.S. 593 (2010). Like the concept of hedging risk in *Bilski*, *Alice's* "concept of intermediated settlement" was held to be "**a fundamental economic practice long prevalent in our system of commerce**." *Alice*, 134 S. Ct. at 2356 (emphasis added). Similarly, the Court in *Alice* found that "[t]he use of a third-party intermediary . . . is also a **building block of the modern economy**." *Id.* (emphasis added). Thus, the Court held, "intermediated settlement . . . is an 'abstract idea' beyond the scope of § 101." *Id.*

Unlike the claims directed to the concept of intermediated settlement and hedging risk in *Alice* and *Bilski*, respectively, the steps of Claim 44 are not directed to "a fundamental economic practice long prevalent in our system of commerce." *Id.* For example, Claim 44 recites "a method of navigating a user interface" by "presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information," "detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information," "storing the positive preference indication associated with the first item of information in response to detecting the gesture," "automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture," and "automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture." Claim 44 is therefore directed to a particular technological improvement in the area of navigating user interfaces, and does not merely recite the abstract idea of "identifying related information and returning a record in response to user's response," as alleged in the Office Action. Office Action, p. 4.

Furthermore, Claim 44 is distinguishable from other claims already found to be directed to an abstract idea in previous court decisions at least because it is not directed to a certain method of organizing human activity, a fundamental economic practice, an idea of itself, a mathematical algorithm, or a basic tool of scientific and technological work. *See PNC Bank v. Secure Axcess, LLC*, CBM2014-00100 (Board Sept. 9, 2014), at 20–21. *See also U.S. Bancorp v. Solutran, Inc.*, CBM2014-00076 (Board Aug. 7, 2014), at 13–14. Accordingly, Claim 44 is not directed to an abstract idea and is therefore allowable under Section 101.

For at least these reasons, the Office Action has failed to establish that Claim 44 is directed to an abstract idea, and for at least these reasons, Claim 44 is allowable under Section 101, together with its dependent claims. For at least certain analogous reasons, Claims 49 and 54 are also allowable under Section 101.

### **(B) The claims are patent-eligible because they contain inventive concepts when considered as an ordered combination with other claim elements**

In searching for something more, the Supreme Court "consider[s] the elements of

each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Alice*, 134 S. Ct. at 2355. But the Office Action and Advisory Action fail to articulate why the individual elements of the claims do not give rise to an inventive concept. For example, the they do not address the individual inventiveness of the following recited features of Claim 44:

- A method of ***navigating a user interface***, comprising:
- ***presenting, on a graphical user interface, a graphical representation of a first item of information*** of a plurality of items of information;
- ***detecting a gesture associated with the graphical representation of the first item of information,*** the gesture corresponding to ***a positive preference indication*** associated with the first item of information;
- ***storing the positive preference indication*** associated with the first item of information ***in response to detecting the gesture***;
- ***automatically presenting, on the graphical user interface, a graphical representation of a second item of information*** of the plurality of items of information ***in response to detecting the gesture***; and
- ***automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture***.

As one example, the Office Action does not explain how a "gesture" that is "associated with the graphical representation of the first item of information" and "correspond[s] to a positive preference indication associated with the first item of information" is not an inventive concept, particularly when the claim further requires performing several separate and distinct actions based on the claimed gesture including "detecting [the] gesture," "storing the positive preference indication . . . *in response to* detecting the gesture," "automatically presenting . . . a graphical representation . . . *in response to* detecting the gesture," and "automatically removing the graphical representation . . . *in response to* detecting the gesture."

Like the enhancements to the rubber curing process provided by the computer in *Diehr*, at least the aforementioned features of Claim 44 provide improvements to the field of

user interfaces, and in particular to navigating a user interface. *See, e.g.*, *Interim Eligibility Guidance* at 31-33; *Preliminary Instructions* at 3 (citing *Alice*, 134 S.Ct. at 2359-60; *Diamond v. Diehr*, 450 U.S. 175, 177-178 (1981)). Accordingly, these features are meaningful beyond the mere concept of "identifying related information and returning a record in response to user's responses," both individually and as an ordered combination.

Perhaps more importantly, the Office Action and the Advisory Action do not adequately address the inventive concept contained in the ***combination*** of claim elements other than making precisely the same conclusory statements. Office Action, p. 2 (stating with no explanation that "When viewed . . . as an ordered combination, the claim as a whole does not add significantly more to the abstract idea of data retrieval of a record based on the user's response."); Advisory Action at 2 (same). Indeed, the specificity of the instant claims as an ordered combination confirm that they are directed to a patent-eligible implementation. The Patent Office recently issued guidelines entitled, "Subject Matter Eligibility Examples: Business Methods" dated December 15, 2016, that emphasize the importance of analyzing claims as a ***combination*** of claim elements in the § 101 context. In one of those subject matter eligibility examples—namely, example "34. System for Filtering Internet Content" — the Patent Office notes that "the Federal Circuit determined, these limitations [of a local computer, ISP server, Internet computer network, and controlled access network account] do not amount to significantly more when 'taken individually, because they recite generic computer, network and Internet components, none of which is inventive by itself.'" *Id.* at p. 3. Nevertheless, as the Patent Office acknowledges, "an inventive concept can be found in the unconventional and non-generic ***combination*** of known elements . . . ." *Id.* at 4. In that example, those "limitations confine the abstract idea to a particular, practical application of the abstract idea" and "[t]hus, when viewed as an ordered combination, the claim limitations amount to significantly more than the abstract idea of content filtering." *Id.* The Patent Office "agree[s] that this instruction [to consider additional elements both individually <u>and</u> in combination] is vital to ensuring the eligibility of many claims, because even if an element does not amount to significantly more on its own (*e.g.,* because it is merely a generic computer components performing generic computer functions), it can still amount to significantly more when considered in combination with the other elements of the claim." "July 2015 Update: Subject Matter Eligibility" at pp. 1–2.

In improperly characterizing the claims, the Office Action ignores that the claims are an ordered combination of functional and structural components that solve a particular problem of navigating a user interface. As the Supreme Court recently cautioned: not all abstract ideas are unpatentable because "[a]t some level, all inventions embody, use, reflect, rest upon, or apply . . . abstract ideas. Thus an invention is not rendered ineligible for patent simply because it *involves* an abstract concept" *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (internal citations omitted). Rather, if it "pose[s] no comparable risk of pre-emption . . . [it] therefore remain[s] eligible for the monopoly granted under our patent laws." *Id.* at 2355. Following the *Alice* decision, the Federal Circuit has confirmed patentability of computer-implemented clams on numerous occasions. *See, e.g., Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (2016) (in upholding patent eligibility of computer-implemented claims, reasoning that "Much of the advancement made in computer technology consists of improvements to software that, by their very nature, may not be defined by particular physical features but rather by logical structures and processes. We do not see in *Bilski* or *Alice*, or our cases, an exclusion to patenting this large field of technological progress.").

In this case, other than summarily stating that the claims do not add additional elements when considered either individually or as an ordered combination (see Office Action, p. 2 & Advisory Action, p. 2), the Office Action and Advisory Action fail to articulate any specific reason why the non-generic and unconventional *combination* of elements does not give rise to an inventive concept. Moreover, the claim limitations themselves confirm that they operate to confine the claims to a "particular, and practical application," rather than abstract subject matter—a conclusion that would only be further reinforced when the claim is viewed as ordered combination of elements. Accordingly, because the Office Action and Advisory Action do not adequately address patent eligibility of the ordered combination of elements, much less the individual elements, the Office Action fails to establish a *prima facie* case of patent ineligibility. As a result, Applicants respectfully request reconsideration and withdrawal of the pending § 101 rejections.

### Claim 44 Does Not Seek To Tie Up any Abstract Idea Such that Others Cannot Practice It.

Claim 44 does not monopolize the basic tool for performing any scientific or technological work. *See Alice*, 134 S. Ct. at 2354 ("abstract ideas are the basic tools of scientific and technological work. Monopolization of those tools through the grant of a patent might tend to impede innovation more than it would promote it."); *see also* Interim Guidelines at 74625 ("[A] streamlined eligibility analysis can be used for a claim that may or may not recite a judicial exception but, when viewed as a whole, clearly does not seek to tie up any judicial exception such that others cannot practice it."). For example, Claim 44, as discussed above, requires much more than "identifying related information and returning a record in response to user's response." Even assuming that Claim 44 *may involve* "identifying related information and returning a record in response to user's response" at a high level of generality, this does not render Claim 44 ineligible because it is *not directed to* "identifying related information and returning a record in response to user's response" in the abstract. *See Alice*, 134 S.Ct. at 2354 ("[a]t some level, all inventions embody, use, reflect, rest upon, or apply . . . abstract ideas. Thus an invention is not rendered ineligible for patent simply because it involves an abstract concept"). Said another way, the specific form of navigating a user interface is not a "long prevalent" or "well-understood" technique that one of skill in the art would recognize. Thus, Claim 44 does not raise the concerns regarding pre-emption that the Supreme Court articulated in *Alice*.

Conclusion

For at least these reasons, Applicants respectfully request reconsideration and allowance of Claim 44, together with its dependent claims. For at least certain analogous reasons, Applicants respectfully request reconsideration and allowance of independent Claims 49 and 54, together with their dependent claims.

### Claim Rejections under 35 U.S.C. § 103

The Office Action rejects Claims 44-58 under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent Application Publication No. 2014/0040368 to Janssens ("*Janssens*") in view of U.S. Patent Application Publication No. 2014/0162241 to Morgia ("*Morgia*"). Applicant traverses these rejections for the reasons discussed below.

The claimed technology was invented prior to August 6, 2012, which is the priority date of *Janssens*.[1] As evidence, Applicant previously submitted the declaration of inventor Jonathan Badeen and its accompanying exhibits. *See* Response dated March 14, 2017. Thus, pursuant to M.P.E.P. § 715, the Section 103 rejection using *Janssens* is overcome. Applicant respectfully requests reconsideration and allowance of all pending claims.

In response to Applicant's submission pursuant to M.P.E.P. § 715 on March 14, 2017, the Examiner issued an Advisory Action indicating that "the Affidavit filed on 03/14/2017 is not going to be entered" because "the Examiner requires further consideration and examination regarding on (sic) the Affidavit filed on 03/14/2017." Advisory Action dated March 21, 2017 at 2. Thus, for further consideration and examination, Applicant submits the declaration of inventor Jonathan Badeen and its accompanying exhibits concurrently with this response. In view of the Request for Continued Examination (RCE) accompanying this response, Applicant respectfully requests entry of the declaration, and reconsideration and allowance of all pending claims in light of the declaration and exhibits.

**Request for Evidentiary Support**

Should a rejection based on any of the above asserted rejections be maintained, Applicant respectfully requests appropriate evidentiary support. For example, if the Examiner is relying on alleged "common knowledge," alleged "well known" principles, "Official Notice," or other information within the Examiner's personal knowledge, Applicant respectfully requests that the Examiner cite a reference as documentary evidence in support of this position or provide an affidavit. *See* M.P.E.P. § 2144.03 and 37 C.F.R. § 1.104(d)(2).

**No Waiver**

Applicant's arguments and amendments are made without prejudice or disclaimer. By not responding to additional statements made by the Examiner, Applicant does not acquiesce to the additional statements. The distinctions between the applied references and the claims are provided as examples only and are sufficient to overcome the rejections. Applicant

---

[1] *Janssens* has a filing date of March 14, 2013, and claims priority to a provisional application No. 61/680,217, filed on August 6, 2012.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

19 of 19

reserves the right to discuss additional or other distinctions in a later response or on appeal, if appropriate.

## Conclusion

Applicant has made an earnest attempt to place this case in condition for allowance. For at least the above reasons, Applicant respectfully requests full allowance of all pending claims.

If a telephone conference would advance prosecution of this Application, the Examiner may contact Chad C. Walters, Attorney for Applicants, at 214.953.6511. The Examiner may also communicate with Chad Walters concerning this Application by electronic mail at chad.walters@bakerbotts.com.

The Commissioner is hereby authorized to charge the $1,200.00 Request for Continued Examination (RCE) fee and the $600.00 two-month Extension of Time fee, and to the extent necessary, any additional fees deemed necessary to Deposit Account No. 02-0384 of BAKER BOTTS L.L.P.

Respectfully submitted,

BAKER BOTTS L.L.P.
Attorneys for Applicant

Johnson K. Kuncheria
Reg. No. 69,093
Telephone: 214.953.6674

Date:  April 20, 2017

**Correspondence Address:**

**Customer No:**    05073

35255980

ATTORNEY DOCKET NO.:
083523.0117

PATENT APPLICATION
15/016,662

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Sean Rad et al. |
| Serial No.: | 15/016,662 |
| Filing Date: | February 5, 2016 |
| Group Art Unit: | 2153 |
| Examiner: | Yuk Ting Choi |
| Confirmation No.: | 9869 |
| Title: | MATCHING PROCESS SYSTEM AND METHOD |

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Dear Sir:

## DECLARATION PURSUANT TO 37 C.F.R. § 1.131

I, the undersigned, declare and state that:

1.     I am over the age of 21 years, of sound mind, and competent in all respects to make this Declaration.

2.     I am an inventor of the subject matter of the above-referenced application (the "Application").

3.     Prior to August 6, 2012 (the "Effective Date"), I gained a full understanding of the subject matter of at least the current version of the claims of the Application (attached as Exhibit A).

4.     Attached as Exhibit B are screenshots and accompanying descriptions of a working application developed prior to the Effective Date.  The application presented potential matches to a candidate.  After the candidate expressed a preference regarding a potential match, the application automatically removes that potential match and presents the

ATTORNEY DOCKET NO.:                          PATENT APPLICATION
083523.0117                                                      15/016,662

next potential match.  The application was tested, prior to the Effective Date, to confirm that the functionality discussed above worked.

     5.    Prior to the Effective Date, I developed code that implemented using swiping gestures to express approval and disapproval of a potential match.  Attached as Exhibit C are portions of that source code.

     6.    All of the work in conceiving and reducing to practice the subject matter of the current version of the claims in the Application occurred in the United States.

     7.    I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true.  Further, I declare that these statements are made with the knowledge that willful false statements, and the like so made, are punishable by fine or imprisonment, or both, under Section 1001, Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the Application or any patent issuing thereon.

Signed this _6th_ day of _February_ , 2017.

Jonathan Badeen

# EXHIBIT A

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

## Currently Pending Claims

Claims 1-43 (Cancelled)

44.    (Previously Presented)  A method of navigating a user interface, comprising:

presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

storing the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

45.    (Previously Presented)  The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

46.    (Previously Presented)  The method of Claim 44, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

47.    (Previously Presented)  The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards.


48.    (Previously Presented)  The method of Claim 44, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

49.     (Previously Presented)  A system, comprising:

an interface operable to:

present a graphical representation of a first item of information of a plurality of items of information;

a processor coupled to the interface and operable to:

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

store the positive preference indication associated with the first item of information in response to detecting the gesture; and

the interface further operable to:

automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture; and

automatically remove the graphical representation of the first item of information in response to detecting the gesture.

50.     (Previously Presented)  The system of Claim 49, wherein the processor is further operable to detect a swiping direction associated with the gesture.

51.     (Previously Presented)  The system of Claim 49, wherein the interface is further operable to present the first item of information as a first card of a stack of cards.

52.     (Previously Presented)  The system of Claim 49, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

53.     (Previously Presented)  The system of Claim 49, wherein the interface is further operable to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

54.    (Previously Presented)   At least one non-transitory computer-readable medium comprising a plurality of instructions that, when executed by at least one processor, are configured to:

present, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

store the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

55.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to detect a swiping direction associated with the gesture.

56.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are configured to present the first item of information as a first card of a stack of cards.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

57.     (Previously Presented)     The at least one non-transitory computer-readable medium of Claim 54, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

58.     (Previously Presented)     The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

# EXHIBIT B

ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



Alexa



 25 Shared Friends    16 Shared Interests

      

ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



| ...ıl... AT&T 🛜 | 5:22 PM | 📍 ⁘ 🔋 |
|---|---|---|

Alexa                                    Done

Block this User

July 17, 2012 5:16 PM

> Hey! Nice meeting you. We should go out sometime

For sure...it seems like we have a lot in common.  How about some organic coffee?.  I know a great place!

> Sounds great! See you soon



Send

ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662







# EXHIBIT C

ATTORNEY DOCKET NO.:                                   PATENT APPLICATION
083523.0117                                                      15/016,662

```
                        MBGameViewController ABRIDGED
//
//   MBGameViewController.m
//   matchbox
//
//   Created by Jonathan Badeen on 6/6/12.
//   Copyright (c) 2012 Hatch Labs. All rights reserved.
//

...

@implementation MBGameViewController

#pragma mark - Game & Cards

- (void)updateGame
{
    ...

    for (UIGestureRecognizer *gestureRecognizer in
self.currentCard.gestureRecognizers) {
        gestureRecognizer.enabled = gameButtonsEnabled;
    }
}

- (MBCardView *)dequeueReusableCard
{
    MBCardView *card = [self.reusableCards lastObject];
    if (!card) {
        card = [[MBCardView alloc] init];
        ...
        [card addGestureRecognizer:[[UIPanGestureRecognizer alloc]
initWithTarget:self action:@selector(cardPanned:)]];
    } ...

    for (UIGestureRecognizer *gestureRecognizer in card.gestureRecognizers) {
        gestureRecognizer.enabled = NO;
    }

    return card;
}

- (void)cardPanned:(UIPanGestureRecognizer *)gestureRecognizer
{
    static CGPoint startLocation;
    static UIImageView *dislikeImageView;
    static UIImageView *likeImageView;

    CGFloat confirmedXTranslation = 100.0;
    CGFloat minConfirmedVelocity = 2000.0;
    CGPoint translation = [gestureRecognizer translationInView:self.currentCard];

    switch (gestureRecognizer.state) {
        case UIGestureRecognizerStatePossible:

            break;
        case UIGestureRecognizerStateBegan:
            startLocation = [gestureRecognizer locationInView:self.currentCard];
            likeImageView = [[UIImageView alloc] initWithImage:[UIImage
imageNamed:@"MBLikedStamp"]];
            likeImageView.transform = CGAffineTransformMakeRotation(M_PI_4 / 2.0 *
-1);
            likeImageView.center =
CGPointMake(CGRectGetMidX(self.currentCard.bounds) - 45.0,
```

ATTORNEY DOCKET NO.:
083523.0117

PATENT APPLICATION
15/016,662

```
                         MBGameViewController ABRIDGED
CGRectGetMidY(self.currentCard.bounds) - 85.0);
                likeImageView.alpha = 0;
                [self.currentCard addSubview:likeImageView];

        dislikeImageView = [[UIImageView alloc] initWithImage:[UIImage
imageNamed:@"MBNopeStamp"]];
        dislikeImageView.transform = CGAffineTransformMakeRotation(M_PI_4 / 2.0
* 1);
        dislikeImageView.center =
CGPointMake(CGRectGetMidX(self.currentCard.bounds) + 45.0,
CGRectGetMidY(self.currentCard.bounds) - 85.0);
        dislikeImageView.alpha = 0;
        [self.currentCard addSubview:dislikeImageView];

        self.nextCard.hidden = NO;
    case UIGestureRecognizerStateChanged:
    {
        CGFloat rotationDirection = startLocation.y /
CGRectGetHeight(self.currentCard.bounds) < 0.5 ? 1 : -1;
        CATransform3D translationTransform =
CATransform3DMakeTranslation(translation.x, translation.y, 0);
        CATransform3D rotationTransform = CATransform3DMakeRotation((M_PI * 2) *
(translation.x / 5000.0), 0, 0, rotationDirection);
        CATransform3D transform = CATransform3DConcat(translationTransform,
rotationTransform);
        self.currentCard.layer.transform = transform;

        CGFloat startStampShowX = 30.0;
        likeImageView.alpha = (translation.x - startStampShowX) /
(confirmedXTranslation - startStampShowX);
        dislikeImageView.alpha = (translation.x + startStampShowX) /
(-confirmedXTranslation + startStampShowX);
    }
        break;
    case UIGestureRecognizerStateEnded:
    case UIGestureRecognizerStateCancelled:
        if (fabsf(translation.x) < confirmedXTranslation && [gestureRecognizer
velocityInView:self.currentCard].x < minConfirmedVelocity) {
            [UIView animateWithDuration:0.2 delay:0
options:UIViewAnimationCurveEaseOut animations:^{
                self.currentCard.transform = CGAffineTransformIdentity;
                likeImageView.alpha = 0;
                dislikeImageView.alpha = 0;
            } completion:^(BOOL finished) {
                self.nextCard.hidden = YES;
                [likeImageView removeFromSuperview];
                [dislikeImageView removeFromSuperview];
            }];
        } else {
            NSTimeInterval maxDuration = 0.2;
            NSTimeInterval adjustedDuration = maxDuration;
            [UIView animateWithDuration:adjustedDuration delay:0
options:UIViewAnimationCurveEaseOut animations:^{
                CGFloat direction = 1.0;
                if (translation.x > 0) {

                } else {
                    direction = -1.0;
                }
                //CGFloat rotationDirection = startLocation.y /
CGRectGetHeight(self.currentCard.bounds) < 0.5 ? -1 : 1;
                CGFloat xPos = 400.0;
                CGAffineTransform translationTransform =
                                    Page 2
```

ATTORNEY DOCKET NO.:
083523.0117

PATENT APPLICATION
15/016,662

```
                    MBGameViewController ABRIDGED
CGAffineTransformMakeTranslation(xPos * direction, [(NSNumber
*)[self.currentCard.layer valueForKeyPath:@"transform.translation.y"] floatValue]);
                //CGAffineTransform rotationTransform =
CGAffineTransformMakeRotation((M_PI * 2) * (xPos / 5000.0) * rotationDirection);
                self.currentCard.transform = translationTransform;
//CGAffineTransformConcat(translationTransform, rotationTransform);
            } completion:^(BOOL finished) {
                [likeImageView removeFromSuperview];
                [dislikeImageView removeFromSuperview];

                MBUser *user = self.currentCard.user;
                [self updateGame];
                if (translation.x < 0) {
                    [[MBMatchboxAPI sharedMatchboxAPI] dislikeUser:user];
                } else {
                    [[MBMatchboxAPI sharedMatchboxAPI] likeUser:user
completion:^(BOOL success, MBUser *user, BOOL isMatch) {
                        if (success && isMatch) {
                            MBNewMatchViewController *vc =
[[MBNewMatchViewController alloc] init];
                            vc.matchedUser = user;
                            vc.backgroundScreenshot = [UIImage
imageWithView:self.view];
                            [self presentViewController:vc animated:NO
completion:^{

                            }];
                        }
                    }];
                }
            }];
        }
            break;
        case UIGestureRecognizerStateFailed:

            break;
        default:
            break;
    }

}
...

@end
```

Page 3

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15016662 |
| **Filing Date:** | 05-Feb-2016 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Filer:** | Samir A Bhavsar/Judy Baggett |
| **Attorney Docket Number:** | 083523.0117 |

Filed as Large Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 2 months with $0 paid | 1252 | 1 | 600 | 600 |
| **Miscellaneous:** | | | | |
| RCE- 1st Request | 1801 | 1 | 1200 | 1200 |
| **Total in USD ($)** | | | | **1800** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28982751 |
| **Application Number:** | 15016662 |
| **International Application Number:** | |
| **Confirmation Number:** | 9869 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Samir A Bhavsar/Judy Baggett |
| **Filer Authorized By:** | Samir A Bhavsar |
| **Attorney Docket Number:** | 083523.0117 |
| **Receipt Date:** | 20-APR-2017 |
| **Filing Date:** | 05-FEB-2016 |
| **Time Stamp:** | 15:36:28 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $1800 |
| RAM confirmation Number | 042117INTEFSW00002476020384 |
| Deposit Account | 020384 |
| Authorized User | Judy Baggett |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: ||

     37 CFR 1.16 (National application filing, search, and examination fees)

     37 CFR 1.17 (Patent application and reexamination processing fees)

37 CFR 1.19 (Document supply fees)

37 CFR 1.20 (Post Issuance fees)

37 CFR 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Continued Examination (RCE) | 117receform.PDF | 74951<br><br>351266d25d1161b46ad7310361518f95095a4c64 | no | 1 |
| **Warnings:** | | | | | |
| This is not a USPTO supplied RCE SB30 form. | | | | | |
| **Information:** | | | | | |
| 2 | | 117rceres.PDF | 966919<br><br>45a279a074f505e7f57bcfa576b22c352001eec13 | yes | 19 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | Document Description | Start | End | |
| | Amendment Submitted/Entered with Filing of CPA/RCE | 1 | 1 | |
| | Claims | 2 | 7 | |
| | Applicant Arguments/Remarks Made in an Amendment | 8 | 19 | |

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Affidavit-Rule 131-pre-AIA (FTI) ONLY | 117Declaration.PDF | 854243<br><br>915787970148951d42607efbd737641ddd98fc2 | no | 21 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 4 | Fee Worksheet (SB06) | fee-info.pdf | 32098<br><br>f363b65abef7815189f4efb79c825e6432501436 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 1928211 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>15/016,662 | Filing Date<br>02/05/2016 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:**  ☒ LARGE  ☐ SMALL  ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **04/20/2017** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 15 | Minus | ** 20 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
SHEILA D. CHAPMAN

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 083523.0117 | 9869 |

5073          7590          03/21/2017
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/21/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail1@bakerbotts.com
ptomail2@bakerbotts.com

| ***Advisory Action***<br>***Before the Filing of an Appeal Brief*** | **Application No.**<br>15/016,662 | **Applicant(s)**<br>RAD ET AL. | |
|---|---|---|---|
| | **Examiner**<br>YUK TING CHOI | **Art Unit**<br>2153 | **AIA (First Inventor to File) Status**<br>No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>14 March 2017</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

<u>NO NOTICE OF APPEAL FILED</u>

1. ☒ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

   a) ☒ The period for reply expires <u>3</u> months from the mailing date of the final rejection.

   b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

   c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires _____ months from the mailing date of the prior Advisory Action or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

    *Examiner Note: If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE <u>FIRST</u> RESPONSE TO APPLICANT'S <u>FIRST</u> AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).*

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☒ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   a) ☒ They raise new issues that would require further consideration and/or search (see NOTE below);

   b) ☐ They raise the issue of new matter (see NOTE below);

   c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

    NOTE: *See Continuation Sheet*. (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☒ For purposes of appeal, the proposed amendment(s): (a) ☒ will not be entered, or (b) ☐ will be entered, and an explanation of how the new or amended claims would be rejected is provided below or appended.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

9. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

12. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: <u>See Continuation Sheet.</u>

13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____

14. ☐ Other: _____.

<u>STATUS OF CLAIMS</u>

15. The status of the claim(s) is (or will be) as follows:

   Claim(s) allowed: .

   Claim(s) objected to: .

   Claim(s) rejected: 44-58.

   Claim(s) withdrawn from consideration: .

/YUK TING CHOI/
Primary Examiner, Art Unit 2153

Continuation of 3. NOTE:  This office action is in response to applicant's communication filed on 03/14/2017 in response to Final office action mailed on 11/21/2016. No claims have been amended, added or canceled. The Affidavit filed on 03/14/2017 needs further examination and consideration. Therefore, the Affidavit wil not be entered.  .

Continuation of 12. does NOT place the application in condition for allowance because:  Applicant's argument with respect to 101 rejection states as "Applicants respectfully disagree at least because such a characterization overs simplifies the claimed invention, and improperly ignores numerous features recited in claim 44".

In response to Applicant's argument, the Examiner disagrees because detecting the claimed "preference indication" is just detecting a preference response from a user and the recited features do not have additional elements beyond the abstract idea of identify related information based on a user's response and returning a record. The recited steps or acts e.g. detecting, storing, presenting and removing perform only basic generic computer/server data retrieval functions, which are common to all content service. When viewed either as individual limitations or as an ordered combination, the claim as a whole does not add significantly more to the abstract idea of data retrieval of a record based on the user's response.   Therefore, the 35 USC 101 rejections are maintained.

Applicant's argument with respect to 35 USC 103 rejections states as "The claimed technology was invented prior to August 6, 2012, which is the priority date of Janssens…".
In response to Applicant's argument, the Examiner requires further consideration and examination regarding on the Affidavit filed on 03/14/2017.  Therefore, the Affidavit filed on 03/14/2017 is not going to be entered.   The 35 USC 103 rejections made in the Final rejection mailed on 11/21/2016 are still valid.

DO NOT ENTER: /Y.C/
the Affidavit

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

1 of 17

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| First Named Inventor: | Sean Rad |
| Filed: | February 5, 2016 |
| Group Art Unit: | 2153 |
| Confirmation No. | 9869 |
| Examiner: | Yuk Ting Choi |
| Title: | *Matching Process System and Method* |

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

### Response Under 37 C.F.R. § 1.116

In response to the Final Office Action dated November 21, 2016 (the "Office Action"), Applicant respectfully requests the Examiner to reconsider the rejection of the claims in view of the following remarks.

30500388

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

1 of 17

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

First Named Inventor:     Sean Rad

Filed:     February 5, 2016

Group Art Unit:     2153

Confirmation No.     9869

Examiner:     Yuk Ting Choi

Title:     ***Matching Process System and Method***

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

### <u>Response Under 37 C.F.R. § 1.116</u>

    In response to the Final Office Action dated November 21, 2016 (the "Office Action"), Applicant respectfully requests the Examiner to reconsider the rejection of the claims in view of the following remarks.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

2 of 17

**In the Claim**

Claims 1-43 (Cancelled)

44.     (Previously Presented)  A method of navigating a user interface, comprising:

presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

storing the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

45.     (Previously Presented)   The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

46.     (Previously Presented)   The method of Claim 44, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

3 of 17

47.    (Previously Presented)   The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards.

48.    (Previously Presented)  The method of Claim 44, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

49.     (Previously Presented)  A system, comprising:

an interface operable to:

present a graphical representation of a first item of information of a plurality of items of information;

a processor coupled to the interface and operable to:

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

store the positive preference indication associated with the first item of information in response to detecting the gesture; and

the interface further operable to:

automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture; and

automatically remove the graphical representation of the first item of information in response to detecting the gesture.

50.     (Previously Presented)   The system of Claim 49, wherein the processor is further operable to detect a swiping direction associated with the gesture.

51.     (Previously Presented)   The system of Claim 49, wherein the interface is further operable to present the first item of information as a first card of a stack of cards.

52.     (Previously Presented)  The system of Claim 49, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

5 of 17

53.    (Previously Presented)   The system of Claim 49, wherein the interface is further operable to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

54.    (Previously Presented)  At least one non-transitory computer-readable medium comprising a plurality of instructions that, when executed by at least one processor, are configured to:

present, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

store the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

55.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to detect a swiping direction associated with the gesture.

56.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are configured to present the first item of information as a first card of a stack of cards.

57.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

7 of 17

58.   (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

## REMARKS

This Application has been reviewed carefully in light of the Office Action. Applicant appreciates the Examiner's consideration of the Application. At the time of the Office Action Claims 44-58 were pending. The Office Action rejects these claims. Applicant respectfully submits that all pending claims are allowable without amendment, and respectfully requests reconsideration and favorable action in this case in view of the following remarks.

## Request for Interview

If the Examiner intends to issue a new Office Action in response to this submission, in the interest of compact and efficient prosecution, Applicant respectfully requests that the Examiner contact Applicant's attorney prior to issuing the new Office Action to discuss a possible resolution to any outstanding issues.

## Claim Rejections under 35 U.S.C. § 101

The Office Action rejects Claims 44-58 under 35 U.S.C. § 101 as allegedly being directed to non-statutory subject matter. In particular, the Office Action alleges that the claims are directed to the abstract idea of "identifying related information and returning a record in response to user's response." Office Action at 4. Applicant respectfully disagrees, and discusses independent Claim 44 as an example.

In *Alice* and *Mayo*, the Supreme Court laid out a two-step framework for determining if a claim recites patent eligible subject matter. Both parts must be met to reject a claim under Section 101. Step one requires determining whether the claims are directed to an abstract idea. *See Alice Corp. Pty v. CLS Bank Int'l*, 134 S.Ct. 2347, 2355 (2014). If the claims are not directed to an abstract idea, the inquiry ends there and the claims are found patent-eligible. *Id.* at 2357. However, if the claims are directed to an abstract idea, the next step is to determine whether the claims recite "something more," (i.e., additional features that render the claim patent eligible). *Id.* at 2354. The key question in determining patent eligibility is whether an invention "risk[s] disproportionately tying up the use of the underlying ideas." *Id.* If it does not, the invention "remain[s] eligible for the monopoly granted under our patent laws." *Id.* at 2355.

<u>The Claims are Directed to Statutory Subject Matter</u>

The Supreme Court and the Federal Circuit have not provided an explicit definition of "abstract ideas." Instead, they have identified abstract ideas by way of example - longstanding economic practices, certain methods of organizing human activity, mathematical formulas, and ideas of themselves are all considered abstract ideas. *Id.* at 2355-56. Using this guidance, the USPTO has laid out requirements that Examiners must meet to present a prima facie case that a rejected claim is patent ineligible. (USPTO July 2015 Update: Subject Matter Eligibility ("July 2015 Update") § III, *available at* http://www.uspto.gov/sites/default/files/documents/ieg-july-2015-update.pdf.) In addressing this part of the test, the Supreme Court emphasized that "[a]n invention is not rendered ineligible simply because it involves an abstract concept." *Alice Corp.*, 134 S.Ct. at 2355. Indeed, "all inventions embody, use, reflect, rest upon, or apply . . . abstract ideas." *Id.*

Recently, the Federal Circuit "highlighted several important points regarding the subject matter eligibility analysis, in particular regarding whether a claim is directed to an abstract idea." USPTO May 19, 2016 Memorandum: Recent Subject Matter Eligibility Decisions (*Enfish, LLC v. Microsoft Corp.* and *TLI Communications LLC v. A.V. Automotive, LLC*) at 1 ("Recent Subject Matter Eligibility Decisions"). For example, the Federal Circuit "noted that when determining whether a claim is directed to an abstract idea, it is appropriate to compare the claim to claims already found to be directed to an abstract idea in a previous court decision." *Id.* In addition, the Federal Circuit "cautioned against describing a claim at a high level of abstraction untethered from the language of the claim when determining the focus of the claimed invention," and noted that "an invention's ability to run on a general purpose computer does not automatically doom the claim." *Id.* As explained below, independent Claim 44 is distinguishable from the claims already found to be patent-ineligible abstract concepts, and the Office Action's characterization of the claims over-simplifies the claimed invention and improperly ignores a number of features recited in Claim 44.

The Office Action alleges that Claim 44 is directed to the abstract idea of "identifying related information and returning a record in response to user's response." Office Action 4. Applicants respectfully disagree at least because such a characterization over-simplifies the claimed invention, and improperly ignores numerous features recited in Claim 44. Claim 44 is not merely directed to "identifying related information and returning a record in response

to a user's response." Rather, Claim 44 is directed to a particular method of navigating a user interface. For example, Claim 44 recites, "presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information," "detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information," "storing the positive preference indication associated with the first item of information in response to detecting the gesture," "automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture," and "automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture." Thus, Claim 44 does not merely recite the abstract idea of "identifying related information and returning a record in response to user's response" as alleged in the Office Action. The Federal Circuit has repeatedly emphasized the need "to avoid oversimplifying the claims by looking at them generally and failing to account for the specific requirements of the claims." *McRo, Inc. v. Bandai Namco Games Am. Inc.*, No. 2015-1080, 2016 WL 4896481, at *7 (Fed. Cir. Sep. 13, 2016).

As noted above, it is proper to "compare the claim to claims already found to be directed to an abstract idea in a previous court decision." Recent Subject Matter Eligibility Decisions at 1. Here, the Office Action contends that the alleged abstract idea of "identifying related information and returning a record in response to user's response" is "similar to other concepts that have identified as abstract by the courts, such as using categories to organize, store and transmit information in Cyberfone, or comparing new and stored information and using rules to identifying options in Smartgene." Office Action at 4. The Office Action's contention, however, is merely conclusory and provides no analysis or explanation to support the alleged similarities between these concepts and the method of navigating a user interface recited in Claim 44. Indeed, Claim 44 is more similar to claims recently found to be patent-eligible by the Federal Circuit.

In *Trading Techs. Int'l, Inc. v. CQG, Inc.*, the Federal Circuit found that a claim covering "[a] method for displaying market information . . . on a graphical user interface" was directed to patent-eligible subject matter. No. 2016-1616, 2017 WL 192716, at *1-2 (Fed. Cir. Jan. 18, 2017). The Federal Circuit agreed with the district court's conclusion that

"rather than reciting 'a mathematical algorithm,' 'a fundamental economic or longstanding commercial practice,' or 'challenge in business,' the challenged patents 'solve problems of prior graphical user interface devices . . . in the context of computerized trading[] relating to speed, accuracy and usability'" and "are directed to improvements in existing graphical user interface devices that have no 'pre-electronic trading analog.'" *Id.* at \*2. Claim 44 is more similar to the claims found patent-eligible in *Trading Techs.* than the cases relied on by the Office Action. For example, the "dynamically displaying," "displaying," and "setting" steps recited in the claims at issue in *Trading Techs. Int'l* are analogous to the "presenting," "automatically presenting," and "automatically removing" steps recited in Claim 44. *Id.* at \*1-2. Similarly, Claim 44 solves problems of prior user interface devices and is directed to improvements in navigating user interfaces that have no pre-computer analog. Like the claims at issue in *Trading Techs.*, Claim 44 does "not simply claim displaying information," and recites more than "identifying related information and returning a record in response to user's response" as alleged by the Office Action. *Id.* at \*3. Moreover, the graphical user interface of Claim 44 is "not an idea that has long existed, the threshold criterion of an abstract idea and ineligible concept." *Id.*

In addition, Claim 44, as a whole, is distinguishable from the patent-ineligible abstract concepts found in the *Alice* and *Bilski* Supreme Court cases. *Alice* involved "a method of exchanging financial obligations between two parties using a third-party intermediary to mitigate settlement risk." *Alice*, 134 S. Ct. at 2356. *Bilski* involved the concept of hedging risk. *Bilski v. Kappos*, 561 U.S. 593 (2010). Like the concept of hedging risk in *Bilski*, *Alice's* "concept of intermediated settlement" was held to be "*a fundamental economic practice long prevalent in our system of commerce*." *Alice*, 134 S. Ct. at 2356 (emphasis added). Similarly, the Court in *Alice* found that "[t]he use of a third-party intermediary . . . is also a *building block of the modern economy*." *Id.* (emphasis added). Thus, the Court held, "intermediated settlement . . . is an 'abstract idea' beyond the scope of § 101." *Id.*

Unlike the claims directed to the concept of intermediated settlement and hedging risk in *Alice Corp.* and *Bilski*, respectively, the steps of Claim 44 are not directed to "a fundamental economic practice long prevalent in our system of commerce." *Id.* For example, Claim 44 recites "a method of navigating a user interface" by "presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of

information," "detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information," "storing the positive preference indication associated with the first item of information in response to detecting the gesture," "automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture," and "automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture." Claim 44 is therefore directed to a particular technological improvement in the area of user interfaces, and does not merely recite the abstract idea of "identifying related information and returning a record in response to user's response," as alleged in the Office Action. Office Action at 4.

Furthermore, Claim 44 is distinguishable from other claims already found to be directed to an abstract idea in previous court decisions at least because it is not directed to a certain method of organizing human activity, a fundamental economic practice, an idea of itself, a mathematical algorithm, or a basic tool of scientific and technological work. *See PNC Bank v. Secure Axcess, LLC*, CBM2014-00100 (Board Sept. 9, 2014), at 20–21. *See also U.S. Bancorp v. Solutran, Inc.*, CBM2014-00076 (Board Aug. 7, 2014), at 13–14. Accordingly, Claim 44 is not directed to an abstract idea and is therefore allowable under Section 101.

The reasoning provided in the Supreme Court decision in *Alice* confirms that Claim 44 is eligible under Section 101. As the Supreme Court has stated:

> [W]e tread carefully in construing this exclusionary principle lest it swallow all of patent law. *Mayo*, 566 U.S., at —, 132 S.Ct., at 1293-1294. ***At some level, "all inventions ... embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas."*** *Id.*, at —, 132 S.Ct., at 1293. ***Thus, an invention is not rendered ineligible for patent simply because it involves an abstract concept.*** *See Diamond v. Diehr*, 450 U.S. 175, 187, 101 S.Ct. 1048, 67 L.Ed.2d 155 (1981). "[A]pplication[s]" of such concepts "to a new and useful end," we have said, remain eligible for patent protection. *Gottschalk v. Benson*, 409 U.S. 63, 67, 93 S.Ct. 253, 34 L.Ed.2d 273 (1972).
>
> Accordingly, in applying the § 101 exception, we must distinguish between patents that claim the "***'buildin[g] block[s]'***" of human ingenuity and those that ***integrate the building blocks into something more***, *Mayo*, 566 U.S., at —, 132 S.Ct., at 1303, thereby "transform[ing]" them into a patent-eligible invention, *id.*, at —, 132 S.Ct., at 1294. The former "***would risk disproportionately tying up the use of the underlying***" ideas, *id.*, at —, 132 S.Ct., at 1294, and are

> therefore ineligible for patent protection. The latter pose no comparable
> risk of pre-emption, and therefore remain eligible for the monopoly
> granted under our patent laws.

*Alice*, 134 S.Ct. at 2354-55 (emphasis added). Claim 44 does not claim a "building block of human ingenuity," but rather claims a particular "method of navigating a user interface." Further, Claim 44 poses no risk of disproportionally tying up the use of underlying ideas, and therefore poses no comparable risk of preemption.

Indeed, even assuming, for the sake of argument only, that the Office Action's characterization of the claims as directed to the abstract idea of "identifying related information and returning a record in response to user's response" is accurate (a characterization with which Applicant does not agree), Claim 44 clearly does not preempt all methods of doing so. The Federal Circuit's recent opinion in *McRo, Inc. v. Bandai Namco Games Am. Inc.* is instructive. *See McRo, Inc.*, 2016 WL 4896481 at * 7. In *McRo, Inc.*, the Federal Circuit disagreed with the district court's characterization of the claims as being directed to the abstract idea of "automated rule-based use of morph targets and delta sets for lip-synchronized three-dimensional animation" because "the claims [were] limited to rules with specific characteristics" and "the specific, claimed features of these rules allow for the improvement realized by the invention." *Id.* Here, like in *McRo*, Claim 44 recites specific features that allow for improvements to navigating a user interface. *See McRo*, 2016 WL 4896481 at *9. Moreover, "by incorporating the specific features" recited in the claims, Claim 44 is "limited to a specific process" and does not "preempt approaches . . . that use . . . different techniques." *Id.* at 10.

For at least these reasons, the Office Action has failed to establish that Claim 44 is directed to an abstract idea, as required by Part 1, and for at least these reasons, Claim 44 is allowable under Section 101, together with its dependent claims. For at least certain analogous reasons, Claims 49 and 54 are also allowable under Section 101.

### The Claims Recite Significantly More Than the Alleged Abstract Idea

Even assuming, for the sake of argument only, that the first part of the test had been met (which, as discussed above, it has not), Claim 44 still would be patentable under Section 101 because the second part of the test is not met. Specifically, the recited features of Claim 44 amount to "significantly more" than a mere abstract idea. *See Interim Eligibility Guidance*

at 20-21 ("To be patent-eligible, a claim that is directed to a judicial exception must include additional features to ensure that the claim describes a process or product that applies the exception in a meaningful way, such that it is more than a drafting effort designed to monopolize the exception."). For example, Claim 44 recites the following features:

- A method of ***navigating a user interface***, comprising:
- ***presenting, on a graphical user interface, a graphical representation of a first item of information*** of a plurality of items of information;
- ***detecting a gesture associated with the graphical representation of the first item of information,*** the gesture corresponding to ***a positive preference indication*** associated with the first item of information;
- ***storing the positive preference indication*** associated with the first item of information ***in response to detecting the gesture***;
- ***automatically presenting, on the graphical user interface, a graphical representation of a second item of information*** of the plurality of items of information ***in response to detecting the gesture***; and
- ***automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.***

Like the enhancements to the rubber curing process provided by the computer in *Diehr*, at least the aforementioned features of Claim 44 provide improvements to the field of user interfaces, and in particular to navigating a user interface. *See, e.g.*, *Interim Eligibility Guidance* at 31-33; *Preliminary Instructions* at 3 (citing *Alice*, 134 S.Ct. at 2359-60; *Diamond v. Diehr*, 450 U.S. 175, 177-178 (1981)). Accordingly, these features are meaningful beyond the mere concept of "identifying related information and returning a record in response to user's responses," both individually and as an ordered combination. *See Interim Eligibility Guidance* at 32-33 (the recited features of a claim that "impose meaningful limits" to the bounds of an abstract idea "amount[] to significantly more than the judicial exception").

<u>Claim 44 Does Not Seek To Tie Up any Abstract Idea Such that Others Cannot Practice It.</u>

Claim 44 does not monopolize the basic tool for performing any scientific or technological work. *See Alice*, 134 S.Ct. at 2354 ("abstract ideas are the basic tools of scientific and technological work. Monopolization of those tools through the grant of a patent might tend to impede innovation more than it would promote it."); *see also* Interim Guidelines at 74625 ("[A] streamlined eligibility analysis can be used for a claim that may or may not recite a judicial exception but, when viewed as a whole, clearly does not seek to tie up any judicial exception such that others cannot practice it."). For example, Claim 44, as discussed above, requires much more than "identifying related information and returning a record in response to user's response." Even assuming that Claim 44 *may involve* "identifying related information and returning a record in response to user's response" at a high level of generality, this does not render Claim 44 ineligible because it is *not directed to* "identifying related information and returning a record in response to user's response" in the abstract. *See Alice*, 134 S.Ct. at 2354 ("[a]t some level, all inventions embody, use, reflect, rest upon, or apply . . . abstract ideas. Thus an invention is not rendered ineligible for patent simply because it involves an abstract concept"). Said another way, the specific form of navigating a user interface is not a "long prevalent" or "well-understood" technique that one of skill in the art would recognize. Thus, Claim 44 does not raise the concerns regarding pre-emption that the Supreme Court articulated in *Alice Corp.*

Conclusion

For at least these reasons, Applicants respectfully request reconsideration and allowance of Claim 44, together with its dependent claims. For at least certain analogous reasons, Applicants respectfully request reconsideration and allowance of independent Claims 49 and 54, together with their dependent claims.

**Claim Rejections under 35 U.S.C. § 103**

The Office Action rejects Claims 44-58 under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent Application Publication No. 2014/0040368 to Janssens ("*Janssens*") in view of U.S. Patent Application Publication No. 2014/0162241 to Morgia ("*Morgia*"). Applicant traverses these rejections for the reasons discussed below.

ATTORNEY'S DOCKET                                      PATENT APPLICATION
083523.0117                                               USSN 15/016,662

The claimed technology was invented prior to August 6, 2012, which is the priority date of *Janssens*.[1] As evidence, Applicant submits the declaration of inventor Jonathan Badeen and its accompanying exhibits. Thus, pursuant to M.P.E.P. § 715, the Section 103 rejection using *Janssens* is overcome. Applicant respectfully requests reconsideration and allowance of all pending claims.

## Request for Evidentiary Support

Should a rejection based on any of the above asserted rejections be maintained, Applicant respectfully requests appropriate evidentiary support. For example, if the Examiner is relying on alleged "common knowledge," alleged "well known" principles, "Official Notice," or other information within the Examiner's personal knowledge, Applicant respectfully requests that the Examiner cite a reference as documentary evidence in support of this position or provide an affidavit. *See* M.P.E.P. § 2144.03 and 37 C.F.R. § 1.104(d)(2).

## No Waiver

Applicant's arguments and amendments are made without prejudice or disclaimer. By not responding to additional statements made by the Examiner, Applicant does not acquiesce to the additional statements. The distinctions between the applied references and the claims are provided as examples only and are sufficient to overcome the rejections. Applicant reserves the right to discuss additional or other distinctions in a later response or on appeal, if appropriate.

---

[1] *Janssens* has a filing date of March 14, 2013, and claims priority to a provisional application No. 61/680,217, filed on August 6, 2012.

ATTORNEY'S DOCKET                                        PATENT APPLICATION
083523.0117                                                USSN 15/016,662

### Conclusion

Applicant has made an earnest attempt to place this case in condition for allowance. For at least the above reasons, Applicant respectfully requests full allowance of all pending claims.

If a telephone conference would advance prosecution of this Application, the Examiner may contact Chad C. Walters, Attorney for Applicants, at 214.953.6511. The Examiner may also communicate with Chad Walters concerning this Application by electronic mail at chad.walters@bakerbotts.com.

The Commissioner is authorized to charge the $200.00 one-month extension of time fee to Deposit Account No. 02-0384 of BAKER BOTTS L.L.P.  Although Applicant believes no other fees are due, the Commissioner is authorized to charge any necessary additional fees and credit any overpayments to Deposit Account No. 02-0384 of Baker Botts L.L.P.

Respectfully submitted,

BAKER BOTTS L.L.P.
Attorneys for Applicant

Chad C. Walters
Reg. No. 48,022
Telephone: 214.953.6511

Date: _March 13, 2017_

**Correspondence Address:**

**Customer No:**      **05073**

30500388

ATTORNEY DOCKET NO.:                          PATENT APPLICATION
083523.0117                                              15/016,662


## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE


In re Application of:        Sean Rad et al.

Serial No.:                  15/016,662

Filing Date:                 February 5, 2016

Group Art Unit:              2153

Examiner:                    Yuk Ting Choi

Confirmation No.:            9869

Title:                       MATCHING PROCESS SYSTEM AND METHOD


Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Dear Sir:

### DECLARATION PURSUANT TO 37 C.F.R. § 1.131

   I, the undersigned, declare and state that:

   1.    I am over the age of 21 years, of sound mind, and competent in all respects to
make this Declaration.

   2.    I am an inventor of the subject matter of the above-referenced application (the
"Application").

   3.    Prior to August 6, 2012 (the "Effective Date"), I gained a full understanding of
the subject matter of at least the current version of the claims of the Application (attached as
Exhibit A).

   4.    Attached as Exhibit B are screenshots and accompanying descriptions of a
working application developed prior to the Effective Date.  The application presented
potential matches to a candidate.  After the candidate expressed a preference regarding a
potential match, the application automatically removes that potential match and presents the

ATTORNEY DOCKET NO.:
083523.0117

PATENT APPLICATION
15/016,662

next potential match.  The application was tested, prior to the Effective Date, to confirm that the functionality discussed above worked.

     5.    Prior to the Effective Date, I developed code that implemented using swiping gestures to express approval and disapproval of a potential match.  Attached as Exhibit C are portions of that source code.

     6.    All of the work in conceiving and reducing to practice the subject matter of the current version of the claims in the Application occurred in the United States.

     7.    I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true.  Further, I declare that these statements are made with the knowledge that willful false statements, and the like so made, are punishable by fine or imprisonment, or both, under Section 1001, Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the Application or any patent issuing thereon.

Signed this _6th_ day of _February_, 2017.

_____

Jonathan Badeen

# EXHIBIT A

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

## Currently Pending Claims

Claims 1-43 (Cancelled)

44.    (Previously Presented)  A method of navigating a user interface, comprising:

presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

storing the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

45.    (Previously Presented)  The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

46.    (Previously Presented)  The method of Claim 44, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture.

ATTORNEY'S DOCKET
083523.0117

PATENT APPLICATION
USSN 15/016,662

47.    (Previously Presented)  The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards.


48.    (Previously Presented)  The method of Claim 44, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET                    PATENT APPLICATION
083523.0117                              USSN 15/016,662

49.      (Previously Presented)  A system, comprising:

an interface operable to:

present a graphical representation of a first item of information of a plurality of items of information;

a processor coupled to the interface and operable to:

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

store the positive preference indication associated with the first item of information in response to detecting the gesture; and

the interface further operable to:

automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture; and

automatically remove the graphical representation of the first item of information in response to detecting the gesture.

50.      (Previously Presented)  The system of Claim 49, wherein the processor is further operable to detect a swiping direction associated with the gesture.

51.      (Previously Presented)  The system of Claim 49, wherein the interface is further operable to present the first item of information as a first card of a stack of cards.

52.      (Previously Presented)  The system of Claim 49, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET                                   PATENT APPLICATION
083523.0117                                              USSN 15/016,662

53.     (Previously Presented)  The system of Claim 49, wherein the interface is further operable to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

ATTORNEY'S DOCKET                              PATENT APPLICATION
083523.0117                                         USSN 15/016,662

54.    (Previously Presented)   At least one non-transitory computer-readable medium comprising a plurality of instructions that, when executed by at least one processor, are configured to:

present, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;

store the positive preference indication associated with the first item of information in response to detecting the gesture;

automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

55.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to detect a swiping direction associated with the gesture.

56.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are configured to present the first item of information as a first card of a stack of cards.

ATTORNEY'S DOCKET                                PATENT APPLICATION
083523.0117                                           USSN 15/016,662

57.    (Previously Presented)    The at least one non-transitory computer-readable medium of Claim 54, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the positive preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

58.    (Previously Presented)    The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.