# **EXHIBIT G**
## **Part 2 of 2**

# EXHIBIT B

ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662



**Block this User**

July 17, 2012 5:16 PM

Hey! Nice meeting you. We should go out sometime

For sure...it seems like we have a lot in common. How about some organic coffee?. I know a great place!

Sounds great! See you soon



ATTORNEY DOCKET NO.
083523.0117

PATENT APPLICATION
15/016,662







# EXHIBIT C

ATTORNEY DOCKET NO.:
083523.0117

PATENT APPLICATION
15/016,662

```
                          MBGameViewController ABRIDGED
//
//  MBGameViewController.m
//  matchbox
//
//  Created by Jonathan Badeen on 6/6/12.
//  Copyright (c) 2012 Hatch Labs. All rights reserved.
//

...

@implementation MBGameViewController

#pragma mark - Game & Cards

- (void)updateGame
{
    ...

    for (UIGestureRecognizer *gestureRecognizer in
self.currentCard.gestureRecognizers) {
        gestureRecognizer.enabled = gameButtonsEnabled;
    }
}

- (MBCardView *)dequeueReusableCard
{
    MBCardView *card = [self.reusableCards lastObject];
    if (!card) {
        card = [[MBCardView alloc] init];
        ...
        [card addGestureRecognizer:[[UIPanGestureRecognizer alloc]
initWithTarget:self action:@selector(cardPanned:)]];
    } ...

    for (UIGestureRecognizer *gestureRecognizer in card.gestureRecognizers) {
        gestureRecognizer.enabled = NO;
    }

    return card;
}

- (void)cardPanned:(UIPanGestureRecognizer *)gestureRecognizer
{
    static CGPoint startLocation;
    static UIImageView *dislikeImageView;
    static UIImageView *likeImageView;

    CGFloat confirmedXTranslation = 100.0;
    CGFloat minConfirmedVelocity = 2000.0;
    CGPoint translation = [gestureRecognizer translationInView:self.currentCard];

    switch (gestureRecognizer.state) {
        case UIGestureRecognizerStatePossible:

            break;
        case UIGestureRecognizerStateBegan:
            startLocation = [gestureRecognizer locationInView:self.currentCard];
            likeImageView = [[UIImageView alloc] initWithImage:[UIImage
imageNamed:@"MBLikedStamp"]];
            likeImageView.transform = CGAffineTransformMakeRotation(M_PI_4 / 2.0 *
-1);
            likeImageView.center =
CGPointMake(CGRectGetMidX(self.currentCard.bounds) - 45.0,
                          Page 1
```

ATTORNEY DOCKET NO.:
083523.0117

PATENT APPLICATION
15/016,662

```
                           MBGameViewController ABRIDGED
CGRectGetMidY(self.currentCard.bounds) - 85.0);
                likeImageView.alpha = 0;
                [self.currentCard addSubview:likeImageView];

                dislikeImageView = [[UIImageView alloc] initWithImage:[UIImage
imageNamed:@"MBNopeStamp"]];
                dislikeImageView.transform = CGAffineTransformMakeRotation(M_PI_4 / 2.0
* 1);
                dislikeImageView.center =
CGPointMake(CGRectGetMidX(self.currentCard.bounds) + 45.0,
CGRectGetMidY(self.currentCard.bounds) - 85.0);
                dislikeImageView.alpha = 0;
                [self.currentCard addSubview:dislikeImageView];

                self.nextCard.hidden = NO;
            case UIGestureRecognizerStateChanged:
            {
                CGFloat rotationDirection = startLocation.y /
CGRectGetHeight(self.currentCard.bounds) < 0.5 ? 1 : -1;
                CATransform3D translationTransform =
CATransform3DMakeTranslation(translation.x, translation.y, 0);
                CATransform3D rotationTransform = CATransform3DMakeRotation((M_PI * 2) *
(translation.x / 5000.0), 0, 0, rotationDirection);
                CATransform3D transform = CATransform3DConcat(translationTransform,
rotationTransform);
                self.currentCard.layer.transform = transform;

                CGFloat startStampShowX = 30.0;
                likeImageView.alpha = (translation.x - startStampShowX) /
(confirmedXTranslation - startStampShowX);
                dislikeImageView.alpha = (translation.x + startStampShowX) /
(-confirmedXTranslation + startStampShowX);
            }
                break;
            case UIGestureRecognizerStateEnded:
            case UIGestureRecognizerStateCancelled:
                if (fabsf(translation.x) < confirmedXTranslation && [gestureRecognizer
velocityInView:self.currentCard].x < minConfirmedVelocity) {
                    [UIView animateWithDuration:0.2 delay:0
options:UIViewAnimationCurveEaseOut animations:^{
                        self.currentCard.transform = CGAffineTransformIdentity;
                        likeImageView.alpha = 0;
                        dislikeImageView.alpha = 0;
                    } completion:^(BOOL finished) {
                        self.nextCard.hidden = YES;
                        [likeImageView removeFromSuperview];
                        [dislikeImageView removeFromSuperview];
                    }];
                } else {
                    NSTimeInterval maxDuration = 0.2;
                    NSTimeInterval adjustedDuration = maxDuration;
                    [UIView animateWithDuration:adjustedDuration delay:0
options:UIViewAnimationCurveEaseOut animations:^{
                        CGFloat direction = 1.0;
                        if (translation.x > 0) {

                        } else {
                            direction = -1.0;
                        }
                        //CGFloat rotationDirection = startLocation.y /
CGRectGetHeight(self.currentCard.bounds) < 0.5 ? -1 : 1;
                        CGFloat xPos = 400.0;
                        CGAffineTransform translationTransform =
                                    Page 2
```

ATTORNEY DOCKET NO.:                                          PATENT APPLICATION
083523.0117                                                                 15/016,662

```
                        MBGameViewController ABRIDGED
CGAffineTransformMakeTranslation(xPos * direction, [(NSNumber
*)[self.currentCard.layer valueForKeyPath:@"transform.translation.y"] floatValue]);
                //CGAffineTransform rotationTransform =
CGAffineTransformMakeRotation((M_PI * 2) * (xPos / 5000.0) * rotationDirection);
                self.currentCard.transform = translationTransform;
//CGAffineTransformConcat(translationTransform, rotationTransform);
            } completion:^(BOOL finished) {
                [likeImageView removeFromSuperview];
                [dislikeImageView removeFromSuperview];

                MBUser *user = self.currentCard.user;
                [self updateGame];
                if (translation.x < 0) {
                    [[MBMatchboxAPI sharedMatchboxAPI] dislikeUser:user];
                } else {
                    [[MBMatchboxAPI sharedMatchboxAPI] likeUser:user
completion:^(BOOL success, MBUser *user, BOOL isMatch) {
                        if (success && isMatch) {
                            MBNewMatchViewController *vc =
[[MBNewMatchViewController alloc] init];
                            vc.matchedUser = user;
                            vc.backgroundScreenshot = [UIImage
imageWithView:self.view];

                            [self presentViewController:vc animated:NO
completion:^{

                            }];
                        }
                    }];
                }
            }];
        }
        break;
    case UIGestureRecognizerStateFailed:

        break;
    default:
        break;
    }


}

...

@end
```

Page 3

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15016662 |
| **Filing Date:** | 05-Feb-2016 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Filer:** | Clarke W. Stavinoha/Laurie Scott |
| **Attorney Docket Number:** | 083523.0117 |

Filed as Large Entity

**Filing Fees for** **Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 1 month with $0 paid | 1251 | 1 | 200 | 200 |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **200** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28624327 |
| **Application Number:** | 15016662 |
| **International Application Number:** | |
| **Confirmation Number:** | 9869 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Clarke W. Stavinoha/Laurie Scott |
| **Filer Authorized By:** | Clarke W. Stavinoha |
| **Attorney Docket Number:** | 083523.0117 |
| **Receipt Date:** | 14-MAR-2017 |
| **Filing Date:** | 05-FEB-2016 |
| **Time Stamp:** | 14:33:52 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $200 |
| RAM confirmation Number | 031517INTEFSW00000758020384 |
| Deposit Account | 020384 |
| Authorized User | Laurie Scott |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
|     37 CFR 1.16 (National application filing, search, and examination fees) | |
|     37 CFR 1.17 (Patent application and reexamination processing fees) | |

37 CFR 1.19 (Document supply fees)

37 CFR 1.20 (Post Issuance fees)

37 CFR 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 0835230117RespFOA031317.PDF | 812949 53c3db7c3df5f0f00ee02c02b0fc39ac8b9c94b1 | yes | 17 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | Document Description | | Start | | End |
| | Response After Final Action | | 1 | | 1 |
| | Claims | | 2 | | 7 |
| | Applicant Arguments/Remarks Made in an Amendment | | 8 | | 17 |

| Warnings: | |
|---|---|
| Information: | |

| 2 | Affidavit-Rule 131-pre-AIA (FTI) ONLY | 0835230117Dec0311317.PDF | 1087738 ef002ea24cc83cde230000bed417cc54da7986c5 | no | 21 |

| Warnings: | |
|---|---|
| Information: | |

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 30387 c0f9931607e7d98246f4b7efb5994c01b54f6a95 | no | 2 |

| Warnings: | |
|---|---|
| Information: | |

| | | Total Files Size (in bytes): | 1931074 |
|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>15/016,662 | Filing Date<br>02/05/2016 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE  ☐ SMALL  ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **03/14/2017** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 15 | Minus | ** 20 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
BRENDA HARRISON

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 083523.0117 | 9869 |

| 5073          7590          11/21/2016 |
|---|
| BAKER BOTTS L.L.P. |
| 2001 ROSS AVENUE |
| SUITE 600 |
| DALLAS, TX 75201-2980 |

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/21/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail1@bakerbotts.com
ptomail2@bakerbotts.com

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | **Application No.** 15/016,662 | **Applicant(s)** RAD ET AL. | |
|---|---|---|---|
| | **Examiner** YUK TING CHOI | **Art Unit** 2153 | **AIA (First Inventor to File) Status** No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>10/27/2016</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☒ This action is **FINAL**.   2b)☐ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) <u>44-58</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☐ Claim(s) _____ is/are allowed.
7)☒ Claim(s) <u>44-58</u> is/are rejected.
8)☐ Claim(s) _____ is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.
11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
     a)☐ All  b)☐ Some**  c)☐ None of the:
     1.☐ Certified copies of the priority documents have been received.
     2.☐ Certified copies of the priority documents have been received in Application No. _____.
     3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4)☐ Other: _____.

# DETAILED ACTION

### *Response to Amendment*

1.      This office action is in response to applicant's communication filed on 10/27/2016 in

response to PTO Office Action mailed 08/09/2016.  The Applicant's remarks and amendments

to the claims and/or the specification were considered with the results as follows.

2.      In response to the last Office Action, claims 44, 46, 48, 49, 50, 52, 54, 55 and 57 have

been amended.  As a result, claims 44-58 are pending in this office action.


### *Response to Arguments*

3.       Applicant's arguments with respect to claims 44-58 have been fully considered but are

moot in view of the new ground(s) of rejection.

        Applicant's argument with respect to 101 rejection states as "Detecting and acting upon

the claimed preference indication is not simply and retrieving information as the office action

contends…".

        In response to Applicant's argument, the Examiner disagrees because detecting the

claimed "preference indication" is just detecting a preference response from a user and the

recited method does not include additional elements beyond the abstract idea of identify related

information and returning a record. The recited steps or acts e.g. detecting, storing, presenting

and removing perform only basic generic computer/server data retrieval functions, which are

common to all content service. When viewed either as individual limitations or as an ordered

combination, the claim as a whole does not add significantly more to the abstract idea of data

retrieval of a record.

Application/Control Number: 15/016,662                                  Page 3
Art Unit: 2153

Applicant's argument with respect to the 102 rejection states as "Janssens still does not disclose the claimed limitations because they require expressing a preference on the item being presented".

In response to Applicant's argument, the Examiner disagrees because when the user clicks on the right arrow to look at the next match, the user may or may not satisfied with the current match and the user has shown his/her preference to check out another profile. Therefore, the Janssens reference teaches a preference indication associated with the first item of information when the user has expressed interest to look another profile when he/she clicks on the right arrow.   Applicant has amended the claim to recite a "positive preference indication" and after consideration, the Examiner has incorporated a newly cited reference to teach the amended feature.

## Claim Rejections - 35 USC § 101

4.      35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Claims 44-58 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.

In claim 44, a "method" is being recited.  The claim is directed to a method includes a series of steps or acts for presenting a graphical representation of a first item of information; detecting a gesture associated with the graphical representation of the first item of information,

Application/Control Number: 15/016,662                                     Page 4
Art Unit: 2153

storing the positive preference indication associated with the first item of information in response to detect the gesture and automatically presenting a graphical representation of a second item of information in response to detecting the gesture. In other words, the claim recites identifying related information and returning a record in response to user's response.   It is similar to other concepts that have identified as abstract by the courts, such as using categories to organize, store and transmit information in Cyberfone, or comparing new and stored information and using rules to identifying options in SmartGene.   The additional step automatically removing the graphical representation of the first item of information in response to detect the gestures the abstract idea, but do not make it less abstract.  The claim does not include additional elements beyond the abstract idea of identify related information and returning a record. The recited steps or acts e.g. detecting, storing, presenting and removing perform only basic generic computer/server data retrieval functions, which are common to all content service. When viewed either as individual limitations or as an ordered combination, the claim as a whole does not add significantly more to the abstract idea of data retrieval of a record.  Therefore, claim 44 is not patent eligible.  Claims 45-48 do not have additional elements add significantly more to the abstract idea of data retrieval of a record. Thus, claims 44-48 are not patent eligible.  Claims 49 and 54 recited similar features as recited in claims 44, therefore claims 50-53 and 55-58 also do not have additional elements add significantly more to the abstract idea of data retrieval of a record, and they are not patent eligible.

### *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which

Application/Control Number: 15/016,662                                    Page 5
Art Unit: 2153

said subject matter pertains.  Patentability shall not be negatived by the manner in which the
invention was made.

6.      Claims 44-58 are rejected under 35 U.S.C. 103(a) as being unpatentable by Janssens

(US 2014/0040368 A1) and in view of Morgia et al. (US 2014/0162241A1), hereinafter Morgia.

        **Referring to claims 44, 49 and 54**, Janssens discloses a method of navigating a user

interface, comprising:

        presenting, on a graphical user interface, a graphical representation of a first item of

information of a plurality of items of information (***See para. [0046] and Figure 3, displaying a***

***card or a profile from a plurality of cards or profiles of users on a Card-feed pane 303***);

         detecting a gesture associated with the graphical representation of the first item of

information, the gesture corresponding to a preference indication associated with the first

item of information (***See para. [0046] and para. [0047] and Figure 3,  a form of user***

***interaction is received, e.g. the user is clicking the right [forward] arrow, the right***

***[forward] arrow enables the user to view other cards within the card-feed , the gesture***

***clicking the right [forward] arrow indicates user is interested to view a new card [profile]***

***or a previously viewed card [profile]***);

        storing the preference indication associated with the first item of information in response

to detecting the gesture (***See para. [0047], the system maintains a history of which cards***

***of a given has viewed and the user's interactions with a given card, e.g. the system***

***tracks whether the user has viewed the first profile or the first card on the card-feed***

***pane, and the system indicates whether the next card is to be displayed is a new or***

***previously viewed card when user clicks on the right [forward] arrow***);

         automatically presenting, on the graphical user interface, a graphical representation of

a second item of information of the plurality of items of information in response to detecting the

Application/Control Number: 15/016,662                                         Page 6
Art Unit: 2153

gesture (***See para. [0049], automatically replace the currently displayed card in the card-feed area 303 with another card in the feed when clicking on the right arrow***); and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture (***See para. [0049], automatically replace the currently displayed card in the card-feed area 303 with another card in the feed when clicking on the right arrow, the first profile or the first card has been removed to display the next card in the feed***).

Janssens does not explicitly disclose detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information.

Morgia discloses detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information and storing the positive preference indication associated with the first item of information in response to detecting the gesture (***See para. [01206] and Figures 84A-D, the system presents a list of items to an user, the user can swipe an item to the left to indicate that the item is a bad idea or swipe to the right to indicate that is a favored item, the graphical interface shows icons appearing next to items that have swiped, with a thumbs up icon appear next to an item that has been swiped to the right and a trash icon appear next to the item that has been swiped to the left***).

Hence, it would have been obvious to one having ordinary skill in the art at the time of invention was made to modify the sensitive touch- screen movement detection module of Janssens 's system to comprise: the gesture corresponding to a positive preference indication associated with the first item of information, as taught by Morgia, in order to include feedback

Application/Control Number: 15/016,662                                    Page 7
Art Unit: 2153

mechanisms to allow the system to be a true-two way communication tool (**See Morgia, para. [0074]**).

**As to claims 45, 53 and 58**, Janssens discloses wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information (**See para. [0044]- para. [0048] and Figure 3, presenting interface controls such as card-feed pane 303, chat pane 312, right or forward button 307, contact list pane 302 and etc. configured to allow a second profile or card to be displayed when the user performs a right arrow button on the first card or the profile**).

**As to claims 46, 50 and 55**, Janssens discloses wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture (**See para. [0047], the system detects different forms of user interaction maybe used to indicate to the system that a new card or previously viewed card is to be displayed such as clicking, mouse dragging, hovering, swiping, gesturing and so on**).

**As to claims 47, 51 and 56**, Janssens discloses presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards (**See para. [0046] and Figure 3, displaying a card or a profile from a plurality of cards or profiles of users on a Card-feed pane 303**);

   **As to claims 48, 52, and 57**, Janssens discloses the first item of information comprises a first user profile; the second item of information comprises a second user profile (***See para. [0047], the system maintains a history of which cards of a given has viewed and the user's interactions with a given card, e.g. the system tracks whether the user has viewed the first profile or the first card on the card-feed pane, and the system indicates whether the next card is to be displayed is a new or previously viewed card when user clicks on the right [forward] arrow)***;  and the preference indication associated with the first item of information […] associated with the first user profile (***See para. [0047], the system maintains a history of which cards of a given has viewed and the user's interactions with a given card, e.g. the system tracks whether the user has viewed the first profile or the first card on the card-feed pane, and the system indicates whether the next card is to be displayed is a new or previously viewed card when user clicks on the right [forward] arrow).***

   Janssens does not explicitly disclose the positive preference indication associated with the first item of information comprises an expression of approval.

   Morgia discloses the positive preference indication associated with the first item of information comprises an expression of approval (***See para. [01206] and Figures 84A-D, the system presents a list of items to a user, the user can swipe an item to the right to indicate that is a favored item***).

   Hence, it would have been obvious to one having ordinary skill in the art at the time of invention was made to modify the sensitive touch- screen movement detection module of Janssens 's system to comprise: the gesture corresponding to a positive preference indication associated with the first item of information, as taught by Morgia, in order to include feedback

Application/Control Number: 15/016,662                                      Page 9
Art Unit: 2153

mechanisms to allow the system to be a true-two way communication tool (**See Morgia, para. [0074]**).

## Conclusion

7.      Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action.  Accordingly, THIS ACTION IS MADE FINAL.  See MPEP § 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

8.      The examiner requests, in response to this Office action, support be shown for language added to any original claims on amendment and any new claims. That is indicate support for newly added claim language by specifically pointing to page(s) and line no(s) in the specification and/or drawing figure(s).  This will assist the examiner in prosecuting the application.


Any inquiry concerning this communication or earlier communications from the examiner should be directed to YUK TING CHOI whose telephone number is (571)270-1637.  The examiner can normally be reached on 9:30 AM - 6:00 PM EST.

Application/Control Number: 15/016,662                                    Page 10
Art Unit: 2153

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Christyann Pulliam can be reached on (571) 270-1007.  The fax phone

number for the organization where this application or proceeding is assigned is 571-

273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/YUK TING CHOI/
Primary Examiner, Art Unit 2164

| | | |
|---|---|---|
| **Notice of References Cited** | Application/Control No.<br>15/016,662 | Applicant(s)/Patent Under Reexamination<br>RAD ET AL. |
| | Examiner<br>YUK TING CHOI | Art Unit<br>2153 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-2014/0162241 A1 | 06-2014 | Morgia; Michael A. | G06Q30/02 | 434/362 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Index of Claims* | Application/Control No.  15016662 | Applicant(s)/Patent Under Reexamination  RAD ET AL. |
|---|---|---|
| | Examiner  YUK TING CHOI | Art Unit  2164 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/19/2016 | 11/14/2016 | | | | | | | |
| | 1 | - | - | | | | | | | |
| | 2 | - | - | | | | | | | |
| | 3 | - | - | | | | | | | |
| | 4 | - | - | | | | | | | |
| | 5 | - | - | | | | | | | |
| | 6 | - | - | | | | | | | |
| | 7 | - | - | | | | | | | |
| | 8 | - | - | | | | | | | |
| | 9 | - | - | | | | | | | |
| | 10 | - | - | | | | | | | |
| | 11 | - | - | | | | | | | |
| | 12 | - | - | | | | | | | |
| | 13 | - | - | | | | | | | |
| | 14 | - | - | | | | | | | |
| | 15 | - | - | | | | | | | |
| | 16 | - | - | | | | | | | |
| | 17 | - | - | | | | | | | |
| | 18 | - | - | | | | | | | |
| | 19 | - | - | | | | | | | |
| | 20 | - | - | | | | | | | |
| | 21 | - | - | | | | | | | |
| | 22 | - | - | | | | | | | |
| | 23 | - | - | | | | | | | |
| | 24 | - | - | | | | | | | |
| | 25 | - | - | | | | | | | |
| | 26 | - | - | | | | | | | |
| | 27 | - | - | | | | | | | |
| | 28 | - | - | | | | | | | |
| | 29 | - | - | | | | | | | |
| | 30 | - | - | | | | | | | |
| | 31 | - | - | | | | | | | |
| | 32 | - | - | | | | | | | |
| | 33 | - | - | | | | | | | |
| | 34 | - | - | | | | | | | |
| | 35 | - | - | | | | | | | |
| | 36 | - | - | | | | | | | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2164 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/19/2016 | 11/14/2016 | | | | | | | |
| | 37 | - | - | | | | | | | |
| | 38 | - | - | | | | | | | |
| | 39 | - | - | | | | | | | |
| | 40 | - | - | | | | | | | |
| | 41 | - | - | | | | | | | |
| | 42 | - | - | | | | | | | |
| | 43 | - | - | | | | | | | |
| | 44 | ✓ | ✓ | | | | | | | |
| | 45 | ✓ | ✓ | | | | | | | |
| | 46 | ✓ | ✓ | | | | | | | |
| | 47 | ✓ | ✓ | | | | | | | |
| | 48 | ✓ | ✓ | | | | | | | |
| | 49 | ✓ | ✓ | | | | | | | |
| | 50 | ✓ | ✓ | | | | | | | |
| | 51 | ✓ | ✓ | | | | | | | |
| | 52 | ✓ | ✓ | | | | | | | |
| | 53 | ✓ | ✓ | | | | | | | |
| | 54 | ✓ | ✓ | | | | | | | |
| | 55 | ✓ | ✓ | | | | | | | |
| | 56 | ✓ | ✓ | | | | | | | |
| | 57 | ✓ | ✓ | | | | | | | |
| | 58 | ✓ | ✓ | | | | | | | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|-----------|
| S109 | 50 | (positive favor$5 interest$3) near20 (swip$3 flip$3) near20 list | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 12:01 |
| S108 | 7 | (positive favor$5 interest$3) near10 (preference indication gesture) near20 (swip$3 flip$3) near20 list | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 12:00 |
| S107 | 15 | (positive favor$5 like$3) near10 (preference indication gesture) near20 (swip$3 flip$3) near20 list | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 11:56 |
| S100 | 1 | "20110087974" and swip$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 11:16 |
| S99 | 1 | "20110087974" and (display$3 present$3 ) near10 (second another different other) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 11:16 |
| S97 | 8 | (swip$3 flick$3) near10 (positive approval) same (display$3 present$3) near10 (another different other second) near20 (item user profile picture) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 11:14 |
| S92 | 1 | "15016662" and positive | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:58 |
| S91 | 1 | "15016662" and present$3 near10 (profile) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:57 |
| S90 | 1 | "15016662" and present$3 near10 (second) | US-PGPUB; USPAT; | | | | 2016/11/14 10:56 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
| S89 | 4 | "1501662" and present$3 near10 (second) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:55 |
| S88 | 9 | (chang$3 flip$5 display$3 present$3 ) near20 (next another second other) near20 (person picture$3 profile$3) near20 (positive approval liked love$3 favorite$3) near10 (indication button icon gesture) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:53 |
| S87 | 4 | "20140040368" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:52 |
| S85 | 25 | (chang$3 flip$5 display$3 present$3 ) near20 (person picture$3 profile$3) near20 (positive approval liked love$3 favorite$3) near10 (indication button icon gesture) and (dating match$3) near10 (profile$3 people ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:48 |
| S84 | 12 | (chang$3 flip$5 display$3 present$3 ) near20 ( picture$3 profile$3) near20 (positive approval liked love$3 favorite$3) near10 (indication button icon gesture) and (social) near5 network and match$3 near10 (profile$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:45 |
| S80 | 12 | (display$3 present$3 show$3 flip$5 scan$5) near20 (member$3 profile) near20 (positive approval liked love$3 favorite$3) near10 (indication button icon gesture) and (social) near5 network and match$3 near10 (profile$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:39 |
| S79 | 7 | "20130117264" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:36 |
| S78 | 236 | (display$3 present$3 show$3 flip$5 scan$5) near20 (member$3 profile) near20 (positive approval liked love$3 favorite$3) near10 (indication button icon gesture) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:34 |
| S77 | 347 | (display$3 present$3 show$3 flip$5 scan$5) near20 (member$3 profile) near20 (positive approval liked favorited interested check$3) near10 (button icon gesture) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:32 |

| S74 | 4 | (display$3 present$3 show$3 flip$5 scan$5) near20 (second another alternate other) near10 (profile member) near20 (positive approval liked favorited interested check$3) near10 (button icon gesture) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/11/14 10:28 |

**11/14/2016 2:55:42 PM**
**C:\Users\cchoi\Documents\EAST\Workspaces\15016662_matching_process_system_and_method.wsp**

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2164 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L67/306 OR G06F17/30011 OR G06F17/3053 | 7/19/2016 | YC |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| H04L67/306 OR G06F17/30011 OR G06F17/3053 and East Text Search, see attached search history | 7/19/2016 | YC |
| Google NPL Search | 11/14/2016 | YC |
| East text search, see attached search history | 11/14/2016 | YC |
| IDS Search and Assignee | 7/19/2016 | YC |
| Counsulted Paul Rodriguez for 101 MQAS TC2100 | 11/14/2016 | YC |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | /YUK TING CHOI/<br>Primary Examiner.Art Unit 2164 |
|---|---|

ATTORNEY'S DOCKET
076533.0150

PATENT APPLICATION
USSN 15/016,662

1 of 11

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

First Named Inventor:    Sean Rad

Filed:    February 5, 2016

Group Art Unit:    2164

Confirmation No.    9869

Examiner:    Yuk Ting Choi

Title:    ***Matching Process System and Method***

**Mail Stop Amendment**
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

### <u>Response under 37 C.F.R. § 1.111</u>

In response to the non-final Office Action dated August 9, 2016, Applicant respectfully requests the Examiner to reconsider the rejection of the claims in view of the following remarks.

27554704

ATTORNEY'S DOCKET                                     PATENT APPLICATION
076533.0150                                              USSN 15/016,662

2 of 11

**In the Claim**

Claims 1-43 (Cancelled)

44.      (Currently Amended)  A method of navigating a user interface, comprising:

presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a **positive** preference indication associated with the first item of information;

storing the **positive** preference indication associated with the first item of information in response to detecting the gesture;

automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

45.      (Previously Presented)  The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

46.      (Currently Amended)  The method of Claim 44, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture. ~~, the swiping direction indicating approval of the first item of information.~~

ATTORNEY'S DOCKET
076533.0150

PATENT APPLICATION
USSN 15/016,662

3 of 11

47.    (Previously Presented)   The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards.

48.    (Currently Amended)  The method of Claim 44, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the **positive** preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

49.    (Currently Amended)  A system, comprising:

an interface operable to:

present a graphical representation of a first item of information of a plurality of items of information;

a processor coupled to the interface and operable to:

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a **positive** preference indication associated with the first item of information;

store the **positive** preference indication associated with the first item of information in response to detecting the gesture; and

the interface further operable to:

automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture; and

automatically remove the graphical representation of the first item of information in response to detecting the gesture.

50.    (Currently Amended)  The system of Claim 49, wherein the processor is further operable to [[:]] detect a swiping direction associated with the gesture. ~~; and~~

~~determine that the swiping direction indicates approval of the first item of information.~~

51.    (Previously Presented)  The system of Claim 49, wherein the interface is further operable to present the first item of information as a first card of a stack of cards.

52.    (Currently Amended)  The system of Claim 49, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the **positive** preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET
076533.0150

PATENT APPLICATION
USSN 15/016,662

53.    (Previously Presented)   The system of Claim 49, wherein the interface is further operable to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

54.    (Currently Amended)  At least one non-transitory computer-readable medium comprising a plurality of instructions that, when executed by at least one processor, are configured to:

present, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a **positive** preference indication associated with the first item of information;

store the **positive** preference indication associated with the first item of information in response to detecting the gesture;

automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

55.    (Currently Amended)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to **[[:]]** detect a swiping direction associated with the gesture. ~~; and~~

~~determine that the swiping direction indicates approval of the first item of information.~~

56.    (Previously Presented)   The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are configured to present the first item of information as a first card of a stack of cards.

57.    (Currently Amended)    The at least one non-transitory computer-readable medium of Claim 54, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the **positive** preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

58.    (Previously Presented)    The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

## REMARKS

This Application has been reviewed carefully in light of the non-final Office Action dated August 9, 2016.    Applicant appreciates the Examiner's consideration of the Application. Although Applicant believes all claims are allowable without amendment. to advance prosecution, Applicant amends Claims 44, 46, 48, 49, 50, 52, 54, 55, and 57.  For at least the reasons discussed below, Applicant respectfully requests reconsideration and favorable action.

### Request for Interview

If the Examiner intends to issue a new Office Action in response to this submission, in the interest of compact and efficient prosecution, Applicant respectfully requests that the Examiner contact Applicant's attorney prior to issuing the new Office Action to discuss a possible resolution to any outstanding issues.

### Claim Rejections under 35 U.S.C. § 101

The Office Action rejects Claims 44-58 under 35 U.S.C. § 101 alleging that the claimed invention is directed to non-statutory subject matter.   Applicant traverses.   The Examiner has impermissibly simplified the claims and has ignored key claim limitations in contravention to Federal Circuit authority.  *McRO, Inc. v. Bandai Namco Games America*, 2015-1080, Slip Op. at 21 (Fed. Cir. September 13, 2016).  In particular, the Office Action states: "The claim does not include additional elements beyond the abstract idea of identify [sic] related information and returning a record."  Office Action at 3.  This impermissibly oversimplifies the claim and the *McRO* decision is analogous.  Here, as in *McRO*, the claims do not recite about retrieving information as the Examiner alleges.  Rather, Claim 44 recites a specific manner of improving the operation of a computing device:

- detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;
- automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and
- automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

As just one example, detecting and acting upon the claimed "preference indication" is not simply identifying and retrieving information as the Office Action contends. This is true of all the pending claims. Therefore, Applicant respectfully requests reconsideration and allowance of the pending claims.

## Claim Rejections under 35 U.S.C. § 102

The Office Action rejects Claims 44, 45, 47, 49, 51, 53, 54, 56 and 58 under 35 U.S.C. § 102(a)(1) as allegedly being anticipated by U.S. Patent Application Publication No. 2014/0040368 A1 to Janssens ("*Janssens*"). Applicant traverses because the cited portions of *Janssens* does not disclose all of the limitations of these claims. Therefore, Applicant requests reconsideration and allowance of all pending claims.

For example, the cited portions of *Janssens* fails to disclose, or even teach or suggest, the following limitations of Claim 44:

- detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;
- automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and
- automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

The Examiner does not dispute that the cited portions of *Janssens* discloses a user activating an arrow to move from viewing one profile to another. Office Action at 4. Applicant disagrees with the Examiner that this discloses any form of preference indication as the user is simply navigating to another item. For this reason alone, *Janssens* does not anticipate the claim.

In addition, even under the Examiner's interpretation that activating an arrow to proceed to another profile represents a user's interest a new profile, the cited portions of *Janssens* still does not disclose the claimed limitations because they require expressing a preference on the item being presented: "detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information[.]" In contrast, the Examiner's erroneous interpretation of *Janssens*, even if accepted, merely amounts to the

user expressing interest in another profile that is not being shown. Moreover, expressing interest in seeing a new profile does not disclose a positive preference indication for the item being presented to the user as the claim requires.

Therefore, the cited portions of *Janssens* do not anticipate Claim 44. For analogous reasons, the cited portions of *Janssens* do not anticipate Claims 49 and 54. As examples, the following limitations Claim 49 are not disclosed by *Janssens*:

- detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;
- automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and
- automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

As examples, the following limitations Claim 54 are not disclosed by *Janssens*:

- detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a positive preference indication associated with the first item of information;
- automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture; and
- automatically remove the graphical representation of the first item of information in response to detecting the gesture.

Therefore, Applicant respectfully requests reconsideration and allowance of Claims 44, 49, and 54 as well as its dependent claims.

## Claim Rejections under 35 U.S.C. § 103

The Office Action rejects Claims 46, 48, 50, 52, 55 and 57 under 35 U.S.C. § 103(a) as allegedly being unpatentable over *Janssens* and in view of U.S. Patent Application Publication No. 2011/0087974 A1 to Kulas ("*Kulas*"). For the reasons discussed above regarding the Section 102 rejection, Applicant traverses the Section 103 rejection and respectfully requests reconsideration and allowance of these claims.

ATTORNEY'S DOCKET
076533.0150

PATENT APPLICATION
USSN 15/016,662

11 of 11

### **Conclusion**

Applicant has made an earnest attempt to place this case in condition for allowance. For at least the above reasons, Applicant respectfully requests full allowance of all pending claims.

If the Examiner believes a telephone conference would advance prosecution of this Application in any way, the Examiner is invited to contact the undersigned Attorney for Applicant at the Examiner's convenience.

Applicant believes no fees are due. However, the Commissioner is authorized to charge any necessary fees and credit any overpayments to Deposit Account No. 02-0384 of Baker Botts L.L.P.

Respectfully submitted,

BAKER BOTTS L.L.P.
Attorneys for Applicant

Roshan S. Mansinghani
Reg. No. 62,429

Date: _10/27/2016_

**Correspondence Address:**

**Customer No:    05073**

27554704

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 27336255 |
| **Application Number:** | 15016662 |
| **International Application Number:** | |
| **Confirmation Number:** | 9869 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Roshan Suresh Mansinghani/Laurie Scott |
| **Filer Authorized By:** | Roshan Suresh Mansinghani |
| **Attorney Docket Number:** | 076533.0150 |
| **Receipt Date:** | 27-OCT-2016 |
| **Filing Date:** | 05-FEB-2016 |
| **Time Stamp:** | 09:45:29 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 0765330150RespOA102716. PDF | 417163<br>18ccb6802843f012d65af07994bf94160cfcffee9 | yes | 11 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 11 |

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 417163 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>15/016,662 | Filing Date<br>02/05/2016 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **10/27/2016** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 15 | Minus | ** 20 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

LIE
NICOLE NICHOLSON

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 076533.0150 | 9869 |

5073          7590          08/09/2016

BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 600
DALLAS, TX 75201-2980

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2164 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/09/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail1@bakerbotts.com
ptomail2@bakerbotts.com

| **Office Action Summary** | **Application No.**<br>15/016,662 | **Applicant(s)**<br>RAD ET AL. | |
|---|---|---|---|
| | **Examiner**<br>YUK TING CHOI | **Art Unit**<br>2164 | **AIA (First Inventor to File) Status**<br>No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>02/05/2016</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>44-58</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>44-58</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on <u>02/05/2016</u> is/are:  a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All  b) ☐ Some**  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>02/05/2016</u>.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____ .

Application/Control Number: 15/016,662                                    Page 2
Art Unit: 2164

## DETAILED ACTION

1.      Application No: 15/016,661 filed on 02/05/2016 is being examined AIA first to invent

provisions.  A preliminary amendment filed on 02/04/2015 canceled claims 1-43 and new claims

44-58 are added.  Claims 44-58 are pending.

### *IDS*

2.      The information disclosure statements (IDS) submitted on 02/05/2016 are in compliance

with the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statements are

being considered by the examiner.

### *Drawings*

3.      The drawings received on 02/05/2016 are accepted by the Examiner.

### *Priority*

4.      Acknowledgment is made of applicant's claim for domestic priority based on a

provisional application no. 61/793,866 filed on 03/15/2013.

### Claim Rejections - 35 USC § 101

5.      35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or

composition of matter, or any new and useful improvement thereof, may obtain a patent

therefor, subject to the conditions and requirements of this title.

Claims 44-58 are rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter.

Application/Control Number: 15/016,662                                    Page 3
Art Unit: 2164

In claim 44, a "method" is being recited.  The claim is directed to a method includes a series of steps or acts for presenting a graphical representation of a first item of information; detecting a gesture associated with the graphical representation of the first item of information, storing the preference indication associated with the first item of information in response to detect the gesture and automatically presenting a graphical representation of a second item of information in response to detecting the gesture. This concept is related to using categories to organize, store and transmit information and as well as data recognition and storage which has been identified to be abstract idea by the courts. The additional step automatically removing the graphical representation of the first item of information in response to detect the gestures the abstract idea, but do not make it less abstract.  The claim does not include additional elements beyond the abstract idea of identify related information and returning a record. The recited steps or acts e.g. detecting, storing, presenting and removing perform only basic generic computer/server data retrieval functions, which are common to all content service. When viewed either as individual limitations or as an ordered combination, the claim as a whole does not add significantly more to the abstract idea of data retrieval of a record.  Therefore, claim 44 is not patent eligible.  Claims 45-48 do not have additional elements add significantly more to the abstract idea of data retrieval of a record. Thus, claims 44-48 are not patent eligible.  Claims 49 and 54 recited similar features as recited in claims 44, therefore claims 50-53 and 55-58 also do not have additional elements add significantly more to the abstract idea of data retrieval of a record, and they are not patent eligible.

### Claim Rejections - 35 USC § 102

6.      In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the

Application/Control Number: 15/016,662                                      Page 4
Art Unit: 2164

statutory basis for the rejection will not be considered a new ground of rejection if the prior art

relied upon, and the rationale supporting the rejection, would be the same under either status.

    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use,
> on sale or otherwise available to the public before the effective filing date of the claimed
> invention.

7.    Claims 44, 45, 47, 49, 51, 53, 54, 56 and 58 are rejected under 35 U.S.C. 102(a)(1) as

being anticipated by Janssens (US 2014/0040368 A1).

    **Referring to claims 44, 49 and 54**, Janssens discloses a method of navigating a user

interface, comprising:

    presenting, on a graphical user interface, a graphical representation of a first item of

information of a plurality of items of information (***See para. [0046] and Figure 3, displaying a***

***card or a profile from a plurality of cards or profiles of users on a Card-feed pane 303***);

    detecting a gesture associated with the graphical representation of the first item of

information, the gesture corresponding to a preference indication associated with the first

item of information (***See para. [0046] and para. [0047] and Figure 3,  a form of user***

***interaction is received, e.g. the user is clicking the right [forward] arrow, the right***

***[forward] arrow enables the user to view other cards within the card-feed , the gesture***

***clicking the right [forward] arrow indicates user is interested to view a new card [profile]***

***or a previously viewed card [profile]***);

    storing the preference indication associated with the first item of information in response

to detecting the gesture (***See para. [0047], the system maintains a history of which cards***

***of a given has viewed and the user's interactions with a given card, e.g. the system***

Application/Control Number: 15/016,662                                                    Page 5
Art Unit: 2164

*tracks whether the user has viewed the first profile or the first card on the card-feed pane, and the system indicates whether the next card is to be displayed is a new or previously viewed card when user clicks on the right [forward] arrow*);

automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture (*See para. [0049], automatically replace the currently displayed card in the card-feed area 303 with another card in the feed when clicking on the right arrow*); and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture (*See para. [0049], automatically replace the currently displayed card in the card-feed area 303 with another card in the feed when clicking on the right arrow, the first profile or the first card has been removed to display the next card in the feed*).

**As to claims 45, 53 and 58**, Janssens discloses wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information (*See para. [0044]- para. [0048] and Figure 3, presenting interface controls such as card-feed pane 303, chat pane 312, right or forward button 307, contact list pane 302 and etc. configured to allow a second profile or card to be displayed when the user performs a right arrow button on the first card or the profile*).

**As to claims 47, 51 and 56**, Janssens discloses presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards (*See para. [0046] and Figure 3,*

Application/Control Number: 15/016,662                                      Page 6
Art Unit: 2164

*displaying a card or a profile from a plurality of cards or profiles of users on a Card-feed pane 303*);

### Claim Rejections - 35 USC § 103

8.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the manner in which the invention was made.

9.      Claims 46, 48, 50, 52, 55, and 57 are rejected under 35 U.S.C. 103(a) as being unpatentable over Janssens (US 2014/0040368 A1) and in view of Kulas (US 2011/0087974 A1).

       **As to claims 46, 50 and 55**, Janssens discloses wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture (***See para. [0047], the system detects different forms of user interaction maybe used to indicate to the system that a new card or previously viewed card is to be displayed such as clicking, mouse dragging, hovering, swiping, gesturing and so on***).

       Janssens does not explicitly disclose the swiping direction indicating approval of the first item of information.

       Kulas discloses the swiping direction indicating approval of the first item of information (***See para. [0027], a user can swipe upward to indicate approval***).

       Hence, it would have been obvious to one having ordinary skill in the art at the time of invention was made to modify the sensitive touch- screen movement detection module of Janssens 's system to comprise: the swiping direction indicating approval of the first item of

Application/Control Number: 15/016,662                                    Page 7
Art Unit: 2164

information, as taught by Kulas, in order to improve the service provided to a user by

determining ways of identifying a user's state of mind (See Kulas, **_para. [0004]_**).


    **As to claims 48, 52, and 57**, Janssens discloses the first item of information comprises

a first user profile; the second item of information comprises a second user profile (**_See para._**

**_[0047], the system maintains a history of which cards of a given has viewed and the_**

**_user's interactions with a given card, e.g. the system tracks whether the user has_**

**_viewed the first profile or the first card on the card-feed pane, and the system indicates_**

**_whether the next card is to be displayed is a new or previously viewed card when user_**

**_clicks on the right [forward] arrow_**);  and the preference indication associated with the first

item of information […] associated with the first user profile (**_See para. [0047], the system_**

**_maintains a history of which cards of a given has viewed and the user's interactions_**

**_with a given card, e.g. the system tracks whether the user has viewed the first profile or_**

**_the first card on the card-feed pane, and the system indicates whether the next card is_**

**_to be displayed is a new or previously viewed card when user clicks on the right_**

**_[forward] arrow_**).

    Janssens does not explicitly disclose the preference indication associated with the first

item of information comprises an expression of approval.

    Kulas discloses the preference indication associated with the first item of information

comprises an expression of approval (**_See para. [0027], a user can swipe upward to_**

**_indicate approval_**).

    Hence, it would have been obvious to one having ordinary skill in the art at the time of

invention was made to modify the sensitive touch- screen movement detection module of

Janssens 's system to comprise: the swiping direction indicating approval of the first item of

Application/Control Number: 15/016,662                                             Page 8
Art Unit: 2164

information, as taught by Kulas, in order to improve the service provided to a user by

determining ways of identifying a user's state of mind (See Kulas, *para. [0004]).*

## *Conclusion*

10      The examiner requests, in response to this Office action, support be shown for language

added to any original claims on amendment and any new claims. That is indicate support for

newly added claim language by specifically pointing to page(s) and line no(s) in the

specification and/or drawing figure(s).  This will assist the examiner in prosecuting the

application.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to YUK TING CHOI whose telephone number is

(571)270-1637.  The examiner can normally be reached on 9:30 AM - 6:00 PM EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Christyann Pulliam can be reached on (571) 270-1007.  The fax phone

number for the organization where this application or proceeding is assigned is 571-

273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Application/Control Number: 15/016,662                                    Page 9
Art Unit: 2164

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/YUK TING CHOI/

Primary Examiner, Art Unit 2164

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 15/016,662 | RAD ET AL. |
| | | Examiner | Art Unit | Page 1 of 1 |
| | | YUK TING CHOI | 2164 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-2014/0040368 A1 | 02-2014 | Janssens; Olivier Maurice Maria | H04L67/306 | 709/204 |
| * | B | US-2011/0087974 A1 | 04-2011 | Kulas; Charles J. | G06F3/04812 | 715/760 |
| * | C | US-7,203,674 B2 | 04-2007 | Cohen; Morgan | G06Q10/02 | 707/999.003 |
| * | D | US-9,009,109 B2 | 04-2015 | Tan; Min-Liang | G06F17/30699 | 705/26.1 |
| * | E | US-7,401,098 B2 | 07-2008 | Baker; Benjamin D. | H04L12/1818 | 707/999.006 |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| PTO-1449 | | Application No. 15/016662 | | Applicant(s) Sean Rad et al. | | |
|---|---|---|---|---|---|---|
| **Information Disclosure Citation in an Application** | | Docket Number **076533.0150** | | Group Art Unit 2164 | Filing Date 02/05/2016 | |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| A | 8,566,327 | 10/22/2013 | Carrico et al. | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |

**U.S. PUBLICATION DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| E | 2014/0074824 | 03/13/2014 | Rad et al. | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| I | Chegg® Blog, Chegg® Product Updates, "Introducing the Chegg Flashcards App," http://blog.chegg.com/2012/02/03/introducing-the-chegg-flashcards-app/, 10 pages | Dated 02/03/2012 Printed 02/05/2016 |
| J | | |
| K | | |
| L | | |
| M | | |
| N | | |
| O | | |
| P | | |
| Q | | |
| R | | |

| EXAMINER /Yuk Ting Choi/ | DATE CONSIDERED 08/03/2016 |
|---|---|

EXAMINER:  Initial if citation considered, whether or not citation is in conformance with MPEP § 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to the applicant.

U.S. Patent and Trademark Office

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /C.C./

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2164 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| H04L67/306 OR G06F17/30011 OR G06F17/3053 | 7/19/2016 | YC |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| H04L67/306 OR G06F17/30011 OR G06F17/3053 and East Text Search, see attached search history | 7/19/2016 | YC |
| Google NPL Search | 7/19/2016 | YC |
| East text search, see attached search history | 7/19/2016 | YC |
| IDS Search and Assignee | 7/19/2016 | YC |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | /YUK TING CHOI/<br>Primary Examiner.Art Unit 2164 |
|---|---|

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2164 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/19/2016 | | | | | | | |
| | 1 | - | | | | | | | |
| | 2 | - | | | | | | | |
| | 3 | - | | | | | | | |
| | 4 | - | | | | | | | |
| | 5 | - | | | | | | | |
| | 6 | - | | | | | | | |
| | 7 | - | | | | | | | |
| | 8 | - | | | | | | | |
| | 9 | - | | | | | | | |
| | 10 | - | | | | | | | |
| | 11 | - | | | | | | | |
| | 12 | - | | | | | | | |
| | 13 | - | | | | | | | |
| | 14 | - | | | | | | | |
| | 15 | - | | | | | | | |
| | 16 | - | | | | | | | |
| | 17 | - | | | | | | | |
| | 18 | - | | | | | | | |
| | 19 | - | | | | | | | |
| | 20 | - | | | | | | | |
| | 21 | - | | | | | | | |
| | 22 | - | | | | | | | |
| | 23 | - | | | | | | | |
| | 24 | - | | | | | | | |
| | 25 | - | | | | | | | |
| | 26 | - | | | | | | | |
| | 27 | - | | | | | | | |
| | 28 | - | | | | | | | |
| | 29 | - | | | | | | | |
| | 30 | - | | | | | | | |
| | 31 | - | | | | | | | |
| | 32 | - | | | | | | | |
| | 33 | - | | | | | | | |
| | 34 | - | | | | | | | |
| | 35 | - | | | | | | | |
| | 36 | - | | | | | | | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15016662 | RAD ET AL. |
| | Examiner | Art Unit |
| | YUK TING CHOI | 2164 |

| ✓ | Rejected | | - | Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | ÷ | Restricted | | I | Interference | | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/19/2016 | | | | | | | |
| | 37 | - | | | | | | | |
| | 38 | - | | | | | | | |
| | 39 | - | | | | | | | |
| | 40 | - | | | | | | | |
| | 41 | - | | | | | | | |
| | 42 | - | | | | | | | |
| | 43 | - | | | | | | | |
| | 44 | ✓ | | | | | | | |
| | 45 | ✓ | | | | | | | |
| | 46 | ✓ | | | | | | | |
| | 47 | ✓ | | | | | | | |
| | 48 | ✓ | | | | | | | |
| | 49 | ✓ | | | | | | | |
| | 50 | ✓ | | | | | | | |
| | 51 | ✓ | | | | | | | |
| | 52 | ✓ | | | | | | | |
| | 53 | ✓ | | | | | | | |
| | 54 | ✓ | | | | | | | |
| | 55 | ✓ | | | | | | | |
| | 56 | ✓ | | | | | | | |
| | 57 | ✓ | | | | | | | |
| | 58 | ✓ | | | | | | | |

## EAST Search History

## EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 749 | "6480885" "7917448" "8060463" | USPAT | OR | OFF | 2016/07/19 17:23 |
| L2 | 134 | L1 and match$3 AND ( (H04L67/306 OR G06F17/30011 OR G06F17/3053).CPC. ) | USPAT | OR | OFF | 2016/07/19 17:23 |
| S1 | 1 | 15/016662 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/18 09:40 |
| S2 | 4 | "12339301" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/18 10:45 |
| S3 | 2 | "14059192" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/18 10:47 |
| S4 | 91 | (present$3) near10 (profile match person) same (approve approval disapproval disapprove gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 08:47 |
| S5 | 13 | (present$3) near10 (next second) near10 (profile match person) same (approve approval disapproval disapprove gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:25 |
| S6 | 5 | (present$3) near10 (next second) near10 (profile user match person) same (approve approval disapproval disapprove) near10 (button swip$5 gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:27 |
| S7 | 14 | (present$3 display$3 provid$3) near10 (next second) near10 (profile user match person) same (approve approval disapproval disapprove) near10 (button | US-PGPUB; USPAT; USOCR; FPRS; EPO; | OR | OFF | 2016/07/19 09:27 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | swip$5 gesture) and (dating match social) near10 (network ) | JPO; DERWENT; IBM_TDB | | | |
| S8 | 164 | (present$3 display$3 provid$3) near20 (profile user match person) same (approve approval disapproval disapprove) near10 (button swip$5 gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:28 |
| S9 | 181 | (present$3 display$3 provid$3) near20 (profile user match person) same (approve approval deny disapproval disapprove) near10 (button swip$5 gesture) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:29 |
| S10 | 181 | (present$3 display$3 provid$3) near20 (profile user match person) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:29 |
| S11 | 184 | (present$3 display$3 provid$3) near20 (profile$3 user$3 match$2 person$3) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:35 |
| S12 | 14 | (present$3 display$3 provid$3 load$3 retriev$3) near5 (next second plurality) near20 (profile$3 user$3 match$2 person$3) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:36 |
| S13 | 66 | (present$3 display$3 provid$3 load$3 retriev$3) near5 (next second plurality) near20 (profile$3 user$3 match$2 person$3) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:36 |
| S14 | 135 | (present$3 display$3 provid$3 load$3 retriev$3) near5 (profile$3 user$3 match$2 person$3) same ((approve approval deny disapproval disapprove) near10 (button swip$5 gesture)) and (dating match social) near10 (network ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 09:37 |
| S15 | 4 | "20140040368" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:04 |
| S16 | 832 | "6480885" "7917448" "8060463" "20050021750" "20060059147" | US-PGPUB; USPAT; | OR | OFF | 2016/07/19 10:05 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | "20060085419" | USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
| S17 | 749 | "6480885" "7917448" "8060463" | USPAT | OR | OFF | 2016/07/19 10:06 |
| S18 | 8 | "20050021750" "20060059147" "20060085419" | US-PGPUB | OR | OFF | 2016/07/19 10:06 |
| S19 | 168 | S17 AND ( (H04L67/306 OR G06F17/30011 OR G06F17/3053).CPC. ) | USPAT | OR | OFF | 2016/07/19 10:08 |
| S20 | 10 | "20060106780" "20070073687" "20070073803" "20080294624" "20080301118" "20090106040" | US-PGPUB | OR | OFF | 2016/07/19 10:11 |
| S21 | 1 | "20140040368" | US-PGPUB | OR | OFF | 2016/07/19 10:16 |
| S22 | 1 | 15/016662 and remov$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:21 |
| S23 | 1 | "13804045" and remov$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:27 |
| S24 | 1 | "13804045" and delet$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:28 |
| S25 | 1 | "13804045" and favorite | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:35 |
| S28 | 2 | (add$3) near10 (favor$3) near10 list and swiping near5 direction | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:37 |
| S30 | 23 | (add$3) near20 (favor$3) near10 list and swiping | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:37 |
| S31 | 44 | (add$3 populat$3 stor$3) near20 (favor$3) near10 list and swiping | US-PGPUB; USPAT; | OR | OFF | 2016/07/19 10:38 |

| | | | USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| S32 | 1 | "13804045" and swiping | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:39 |
| S33 | 201 | (add$3 populat$3 stor$3) near20 (favor$3) near10 list and (remov$3 delet$3) near20 (search) near5 result | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:40 |
| S34 | 226 | (add$3 populat$3 stor$3) near20 (favor$3) and (remov$3 delet$3) near20 (search) near5 result | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:40 |
| S35 | 1 | (add$3 populat$3 stor$3) near20 (favor$3) same (remov$3 delet$3) near20 (search) near5 result | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:41 |
| S36 | 17 | (add$3 populat$3 stor$3) near20 (favorite ) same ((remov$3 delet$3) near20 result ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:41 |
| S37 | 17 | (add$3 populat$3 stor$3) near20 (favorite liked) same ((remov$3 delet$3) near20 result ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 10:44 |
| S61 | 1 | 13/804045 and stor$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:18 |
| S62 | 1 | 13/804045 and track$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:22 |

| S63 | 1 | 13/804045 and skip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:23 |
| S64 | 1 | 13/804045 and like$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:23 |
| S66 | 1 | 13/804045 and right and counter | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:24 |
| S67 | 0 | 13/804045 and swipping | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:46 |
| S68 | 0 | 13/804045 and swip | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:46 |
| S69 | 1 | 13/804045 and swip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 15:46 |
| S70 | 5 | "20110087974" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2016/07/19 16:12 |

7/19/2016 6:06:11 PM
C:\Users\cchoi\Documents\EAST\Workspaces\15016662_matching_process_system_and_method.wsp

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| Application Number | | 15/016662 |
| Filing Date | | 02/05/2016 |
| First Named Inventor | Sean Rad et al. | |
| Art Unit | | 2164 |
| Examiner Name | | Yuk Choi |
| Attorney Docket Number | | 076533.0150 |

### U.S.PATENTS

| Examiner Initial* | Cite No | Patent Number | Kind Code¹ | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 6480885 | | 2002-11-12 | OLIVIER | |
| | 2 | 7917448 | | 2011-03-29 | Smola et al. | |
| | 3 | 8060463 | | 2011-11-15 | Spiegel | |

If you wish to add additional U.S. Patent citation information please click the Add button.

### U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code¹ | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 20050021750 | | 2005-01-27 | Abrams | |
| | 2 | 20060059147 | | 2006-03-16 | Weiss et al. | |
| | 3 | 20060085419 | | 2006-04-20 | Rosen | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /C.C./

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | |
| | Filing Date | |
| | First Named Inventor | Sean Rad et al. |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | 076533.0150 |

| | 4 | 20060106780 | | 2006-05-18 | Dagan | |
| | 5 | 20070073687 | | 2007-03-29 | Terrill et al. | |
| | 6 | 20070073803 | | 2007-03-29 | Terrill et al. | |
| | 7 | 20080294624 | | 2008-11-27 | Kanigsberg et al. | |
| | 8 | 20080301118 | | 2008-12-04 | Chien et al. | |
| | 9 | 20090106040 | | 2009-04-23 | Jones | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

**FOREIGN PATENT DOCUMENTS**

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2]i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

**NON-PATENT LITERATURE DOCUMENTS**

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /C.C./

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | Sean Rad et al. |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket  Number | 076533.0150 |

| | 1 | PCT Notification of Transmittal of the International Search Report and the Written Opinion of the International Searching Authority, or the Declaration with attached PCT International Search Report and Written Opinion of the International Searching Authority in International Application No. PCT/US 08/87706, dated February 10, 2009, 8 pages. | ☒ |
|---|---|---|---|

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | /Yuk Ting Choi/ | Date Considered | 08/03/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /C.C./

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/016,662 | 02/05/2016 | Sean Rad | 076533.0150 |

**CONFIRMATION NO. 9869**

5073
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 600
DALLAS, TX 75201-2980

**PUBLICATION NOTICE**


*OC000000083353001*

**Title:**Matching Process System And Method

**Publication No.**US-2016-0154569-A1
**Publication Date:**06/02/2016

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Office of Public Records. The Office of Public Records can be reached by telephone at (703) 308-9726 or (800) 972-6382, by facsimile at (703) 305-8759, by mail addressed to the United States Patent and Trademark Office, Office of Public Records, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently http://pair.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

# PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| Application or Docket Number |
|---|
| 15/016,662 |

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE($) | FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 280 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 600 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 720 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 15 minus 20 = | * | | | OR | x 80 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 minus 3 = | * | | | | x 420 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1600 |

## APPLICATION AS AMENDED - PART II

### AMENDMENT A

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x | = | OR | x | = |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x | = | OR | x | = |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

### AMENDMENT B

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x | = | OR | x | = |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x | = | OR | x | = |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 15/016,662 | 02/05/2016 | 2611 | 1600 | 076533.0150 | 15 | 3 |

**CONFIRMATION NO. 9869**

5073
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 600
DALLAS, TX 75201-2980

**FILING RECEIPT**

OC00000080776589

Date Mailed: 02/24/2016

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Sean Rad, Los Angeles, CA;
Jonathan Badeen, North Hollywood, CA;

**Applicant(s)**

Tinder, Inc., West Hollywood, CA;

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**

This application is a CON of 14/059,192 10/21/2013
which is a CIP of 12/339,301 12/19/2008 PAT 8566327
and claims benefit of 61/793,866 03/15/2013

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** No

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 02/19/2016

page 1 of 3

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 15/016,662**

**Projected Publication Date:** 06/02/2016

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

Matching Process System And Method

**Preliminary Class**

345

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (07-09)
Approved for use through 07/31/2012, OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( **Not for submission under 37 CFR 1.99**) | | |
|---|---|---|
| Application Number | | |
| Filing Date | | |
| First Named Inventor | Sean Rad et al. | |
| Art Unit | | |
| Examiner Name | | |
| Attorney Docket Number | 076533.0150 | |

| U.S.PATENTS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Patent Number | Kind Code1 | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | 6480885 | | 2002-11-12 | OLIVIER | |
| | 2 | 7917448 | | 2011-03-29 | Smola et al. | |
| | 3 | 8060463 | | 2011-11-15 | Spiegel | |

If you wish to add additional U.S. Patent citation information please click the Add button.

| U.S.PATENT APPLICATION PUBLICATIONS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Publication Number | Kind Code1 | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | 20050021750 | | 2005-01-27 | Abrams | |
| | 2 | 20060059147 | | 2006-03-16 | Weiss et al. | |
| | 3 | 20060085419 | | 2006-04-20 | Rosen | |

| | | | | | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | | | | |
| | Filing Date | | | | |
| | First Named Inventor | Sean Rad et al. | | | |
| | Art Unit | | | | |
| | Examiner Name | | | | |
| | Attorney Docket  Number | 076533.0150 | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 4 | 20060106780 | 2006-05-18 | Dagan | |
| | 5 | 20070073687 | 2007-03-29 | Terrill et al. | |
| | 6 | 20070073803 | 2007-03-29 | Terrill et al. | |
| | 7 | 20080294624 | 2008-11-27 | Kanigsberg et al. | |
| | 8 | 20080301118 | 2008-12-04 | Chien et al. | |
| | 9 | 20090106040 | 2009-04-23 | Jones | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

**FOREIGN PATENT DOCUMENTS**

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2]i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

**NON-PATENT LITERATURE DOCUMENTS**

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | Sean Rad et al. |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | 076533.0150 |

| | 1 | PCT Notification of Transmittal of the International Search Report and the Written Opinion of the International Searching Authority, or the Declaration with attached PCT International Search Report and Written Opinion of the International Searching Authority in International Application No. PCT/US 08/87706, dated February 10, 2009, 8 pages. | ☒ |
|---|---|---|---|

| If you wish to add additional non-patent literature document citation information please click the Add button |
|---|

| EXAMINER SIGNATURE |
|---|

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

ATTORNEY DOCKET NO.                                        PATENT APPLICATION
076533.0150

1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:          Sean Rad et al.

Filed:                         Herewith

Title:                         *Matching Process System and Method*

Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Applicants respectfully request, pursuant to 37 C.F.R. §§ 1.56, 1.97 and 1.98, that the reference listed on the attached PTO-1449 form be considered and cited in the examination of the above-identified patent application.  Pursuant to 37 C.F.R. §§1.97(g) and (h), Applicants make no representation that these documents qualify as prior art or that these documents are material to patentability of the present application or that a search has been made.  Copies of U.S. patents, U.S. non-published patent applications, and U.S. patent application publications have not been provided.  To the extent applicable, documents other than U.S. patents, U.S. non-published patent applications, and U.S. patent application publications are enclosed for the convenience of the examiner.

ATTORNEY DOCKET NO.                                  PATENT APPLICATION
076533.0150

2

## **REMARKS**

Pursuant to 37 C.F.R. § 1.97(b), Applicants believe this Supplemental IDS is being filed before the mailing date of the first Office Action.  Therefore, Applicants believe no fee is currently due for this submission.  However, if a fee is required, the Commissioner is hereby authorized to charge any necessary fees and credit any overpayments to Deposit Account No. 02-0384 of Baker Botts L.L.P.

Respectfully submitted,

Baker Botts L.L.P.
Attorneys for Applicants

Roshan S. Mansinghani
Reg. No. 62,429
Tel. 214.953.6737

Date:   February 5, 2016

Correspondence Address:

at Customer No.      **05073**

18224130

Page 1 of 1

| PTO-1449 **Information Disclosure Citation in an Application** | Application No. | Applicant(s) Sean Rad et al. | | |
|---|---|---|---|---|
| | Docket Number **076533.0150** | Group Art Unit | | Filing Date |

### U.S. PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|---|
| A | | 8,566,327 | 10/22/2013 | Carrico et al. | | | |
| B | | | | | | | |
| C | | | | | | | |
| D | | | | | | | |

### U.S. PUBLICATION DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|---|
| E | | 2014/0074824 | 03/13/2014 | Rad et al. | | | |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |

### NON-PATENT DOCUMENTS

| | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| I | | Chegg® Blog, Chegg® Product Updates, "Introducing the Chegg Flashcards App," http://blog.chegg.com/2012/02/03/introducing-the-chegg-flashcards-app/, 10 pages | Dated 02/03/2012 Printed 02/05/2016 |
| J | | | |
| K | | | |
| L | | | |
| M | | | |
| N | | | |
| O | | | |
| P | | | |
| Q | | | |
| R | | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

EXAMINER:  Initial if citation considered, whether or not citation is in conformance with MPEP § 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to the applicant.

**U.S. Patent and Trademark Office**

ATTORNEY DOCKET NO.                                    DECLARATION AND
076533.0150                                           POWER OF ATTORNEY

1

DECLARATION AND POWER OF ATTORNEY

As a below named inventor, I hereby declare:

that my residence and post office address, are as stated below next to my name;

that I believe I am the original and sole inventor (if only one name is listed below) or an original and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention, design or discovery in an application entitled ***Matching Process System and Method,*** of which (check one):

     __ X __ is attached hereto; or

     ____ was filed on _____ as Application Serial No. _____ and was amended on _____ (if applicable);

that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above;

that I acknowledge the duty to disclose to the U.S. Patent and Trademark Office all information known to me to be material to patentability as defined in 37 C.F.R. §1.56.

that I have made or authorized to be made the application for the above entitled invention, design, or discovery.

Active 17095593

ATTORNEY DOCKET NO.         DECLARATION AND
076533.0150             POWER OF ATTORNEY

2

I hereby appoint:

Practitioners at Customer Number <strong>05073</strong>

all of the firm of BAKER BOTTS L.L.P., my attorneys with full power of substitution and revocation, to prosecute this application and to transact all business in the United States Patent and Trademark Office connected therewith, and to file and prosecute any international patent applications filed thereon before any international authorities.

| Send Correspondence To: | Direct Telephone Calls To: |
|---|---|
| Chad C. Walters | Chad C. Walters |
| The above-mentioned Customer Number | at 214.953.6511 |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment of not more than five years, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

ATTORNEY DOCKET NO.                                    DECLARATION AND
076533.0150                                          POWER OF ATTORNEY

                                    3


Title of Invention:              *Matching Process System and Method*

Full name of inventor:           Sean Rad


Inventor's signature             _____

                                 01/20/2015
Date                             _____

Residence (City, County, State)  Los Angeles, California

Post Office Address              2341 Weybridge Lane
                                 Los Angeles, California 90077

Active 17095593

ATTORNEY DOCKET NO.                          DECLARATION AND
076533.0150                                  POWER OF ATTORNEY

4

Title of Invention:              *Matching Process System and Method*

Full name of inventor:           Jonathan Badeen

Inventor's signature

Date                             2/4/16

Residence (City, County, State)  North Hollywood, California

Post Office Address              11201 Otsego St. #400
                                 North Hollywood, California 91601

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Filer:** | Roshan Suresh Mansinghani/Laurie Scott |
| **Attorney Docket Number:** | 076533.0150 |

Filed as Large Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Utility application filing | 1011 | 1 | 280 | 280 |
| Utility Search Fee | 1111 | 1 | 600 | 600 |
| Utility Examination Fee | 1311 | 1 | 720 | 720 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **1600** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 24835877 |
| **Application Number:** | 15016662 |
| **International Application Number:** | |
| **Confirmation Number:** | 9869 |
| **Title of Invention:** | Matching Process System And Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Roshan Suresh Mansinghani/Laurie Scott |
| **Filer Authorized By:** | Roshan Suresh Mansinghani |
| **Attorney Docket Number:** | 076533.0150 |
| **Receipt Date:** | 05-FEB-2016 |
| **Filing Date:** | |
| **Time Stamp:** | 13:54:57 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $1600 |
| RAM confirmation Number | 167 |
| Deposit Account | 020384 |
| Authorized User | BAKER & BOTTS, LLP |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 CFR 1.16 (National application filing, search, and examination fees) | |
| Charge any Additional Fees required under 37 CFR 1.17 (Patent application and reexamination processing fees) | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Application Data Sheet | 0765330150ADS020516.PDF | 458406 <br> 7fdb71cf57e405e98374f8bccd555e0acae35f8d9 | no | 7 |

| Warnings: |
|---|
| Information: |
| This is not an USPTO supplied ADS fillable form |

| 2 | | 0765330150PatApp020516.PDF | 3452321 <br> 6bc64998829d461588e9cd5c709376ca17db81fa | yes | 64 |
|---|---|---|---|---|---|

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Specification | 1 | 55 |
| Claims | 56 | 63 |
| Abstract | 64 | 64 |

| Warnings: |
|---|
| Information: |

| 3 | Drawings-only black and white line drawings | 0765330150Dwgs020516.PDF | 421787 <br> 2f4a2ec0xd6c0cc8d93b751ce1440a83c23f0dbd | no | 11 |
|---|---|---|---|---|---|

| Warnings: |
|---|
| Information: |

| 4 | | 0765330150PrelAmend020516.PDF | 227989 <br> c65b89efca9ffba7421fbb9759a79a2bd1c47b5f | yes | 9 |
|---|---|---|---|---|---|

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Preliminary Amendment | 1 | 1 |
| Specification | 2 | 2 |
| Claims | 3 | 8 |

| | Applicant Arguments/Remarks Made in an Amendment | | 9 | 9 |
|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | | 0765330150IDS020516.PDF | 161481<br><br>2109f6f9596374d2abfba30c9354d682f6f9a626 | yes | 4 |
|---|---|---|---|---|---|

| | **Multipart Description/PDF files in .zip description** | | | |
|---|---|---|---|---|
| | **Document Description** | | **Start** | **End** |
| | Transmittal Letter | | 1 | 1 |
| | Information Disclosure Statement (IDS) Form (SB08) | | 2 | 4 |

**Warnings:**

**Information:**

| 6 | | 0765330150SuppIDS020516.PDF | 102582<br><br>a78ac2018dc64acf299b7150712e73710e2bc0b3 | yes | 3 |
|---|---|---|---|---|---|

| | **Multipart Description/PDF files in .zip description** | | | |
|---|---|---|---|---|
| | **Document Description** | | **Start** | **End** |
| | Transmittal Letter | | 1 | 2 |
| | Information Disclosure Statement (IDS) Form (SB08) | | 3 | 3 |

**Warnings:**

**Information:**

| 7 | Non Patent Literature | 0765330150CheggRef020515.PDF | 817666<br><br>a04fc755e1bad91f237ea5ea70d3363ed00df3b7 | no | 10 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Oath or Declaration filed | 0765330150Decl020516.PDF | 78398<br><br>fcd08ae0f06e4ccdd8ab3cffe6b65297f5a06eb9 | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Fee Worksheet (SB06) | fee-info.pdf | 34393<br><br>183c157fd9b2eb48c4e5af53e36c0b3dc4fb2b9c | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | | 5755023 | |
|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 076533.0150 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

Inventor    1                                                                          [Remove]
Legal Name

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Sean | | Rad | |

**Residence Information (Select One)**  ⦿ US Residency  ◯ Non US Residency  ◯ Active US Military Service

| City | Los Angeles | State/Province | CA | Country of Residence i | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 2341 Weybridge Lane | | |
|---|---|---|---|
| Address 2 | | | |
| City | Los Angeles | State/Province | CA |
| Postal Code | 90077 | Country i | US |

Inventor    2                                                                          [Remove]
Legal Name

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Jonathan | | Badeen | |

**Residence Information (Select One)**  ⦿ US Residency  ◯ Non US Residency  ◯ Active US Military Service

| City | North Hollywood | State/Province | CA | Country of Residence i | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 11201 Otsego St. #400 | | |
|---|---|---|---|
| Address 2 | | | |
| City | North Hollywood | State/Province | CA |
| Postal Code | 91601 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.                    [Add]

## Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below.**
**For further information see 37 CFR 1.33(a).**

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 076533.0150 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

☐ **An Address is being provided for the correspondence Information of this application.**

| **Customer Number** | 05073 | | |
|---|---|---|---|
| **Email Address** | ptomail1@bakerbotts.com | Add Email | Remove Email |

## Application Information:

| **Title of the Invention** | Matching Process System and Method | | |
|---|---|---|---|
| **Attorney Docket Number** | 076533.0150 | **Small Entity Status Claimed** ☐ | |
| **Application Type** | Nonprovisional | | |
| **Subject Matter** | Utility | | |
| **Total Number of Drawing Sheets (if any)** | 11 | **Suggested Figure for Publication (if any)** | |

## Filing By Reference :

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

☐   Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐   **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ⦿ Customer Number | ◯ US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 05073 | | |

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 076533.0150 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application. Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the application number blank.

| Prior Application Status | Pending | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | |
| | Continuation of | 14/059192 | 2013-10-21 | |

| Prior Application Status | Patented | | | | Remove | |
|---|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) | |
| 14/059192 | Continuation in part of | 12/339301 | 2008-12-19 | 8566327 | 2013-10-22 | |

| Prior Application Status | Expired | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | |
| 14/059192 | Claims benefit of provisional | 61/793866 | 2013-03-15 | |

| Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. |
|---|

## Foreign Priority Information:

| This section allows for the applicant to claim priority to a foreign application.  Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d).  When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2).  Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1). |
|---|

| | | | Remove | |
|---|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) | |
| | | | | |

| Additional Foreign Priority Data may be generated within this form by selecting the **Add** button. |
|---|

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 076533.0150 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.

NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

## Authorization to Permit Access:

☒   Authorization to Permit Access to the Instant Application by the Participating Offices

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the instant patent application is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect to: 1) the instant patent application-as-filed; 2) any foreign application to which the instant patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the instant patent application; and 3) any U.S. application-as-filed from which benefit is sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date of filing this Authorization.

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 076533.0150 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

## Applicant    1

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

◉ Assignee          ◯ Legal Representative under 35 U.S.C. 117          ◯ Joint Inventor

◯ Person to whom the inventor is obligated to assign.          ◯ Person who shows sufficient proprietary interest

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor :

If the Applicant is an Organization check here.          ☒

| Organization Name | Tinder, Inc. |
|---|---|

**Mailing Address Information For Applicant:**

| **Address 1** | 8899 Beverly Blvd. | | |
|---|---|---|---|
| Address 2 | | | |
| **City** | West Hollywood | **State/Province** | CA |
| **Country** | US | Postal Code | 90048 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not subsitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

### Assignee    1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication . An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

If the Assignee or Non-Applicant Assignee is an Organization check here.          ☐

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 076533.0150 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| | | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| **Address 1** | |
|---|---|
| Address 2 | |

| **City** | | **State/Province** | |
|---|---|---|---|
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.

## Signature:

| NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. | | | | | |
|---|---|---|---|---|---|
| **Signature** | | | | Date (YYYY-MM-DD) | 2016-02-05 |
| First Name | Roshan S. | Last Name | Mansinghani | Registration Number | 62429 |
| Additional Signature may be generated within this form by selecting the Add button. | | | | | |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that:  (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent.  If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.      The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a).  Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.      A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.      A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.      A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.      A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent C o o p eration Treaty.

6.      A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.      A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906.  Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive.  Such disclosure shall not be used to make determinations about individuals.

8.      A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151.  Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.      A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.



ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

1

## MATCHING PROCESS SYSTEM AND METHOD

### RELATED APPLICATION

This application is a continuation-in-part of Serial No. 12/339,301, entitled "MATCHING PROCESS SYSTEM AND METHOD," Attorney's Docket 076533.0130 filed December 19, 2008.

This application claims benefit under 35 U.S.C. § 119(e) to U.S. Provisional Application Serial No. 61/793,866, entitled "SOCIAL MATCHING SYSTEM AND METHOD," Attorney's Docket 076533.0146, filed March 15, 2013.

### TECHNICAL FIELD

This invention relates generally to computer matching systems and more particularly to a matching process system and method.

ATTORNEY'S DOCKET
076533.0146                    PATENT APPLICATION

2

BACKGROUND

     Networking architectures have grown increasingly complex in communications environments. In recent years, a series of protocols and configurations have been
5    developed in order to accommodate a diverse group of end users having various networking needs. Many of these architectures have gained significant notoriety because they can offer the benefits of automation, convenience, management, and enhanced consumer selections.

10         Certain network protocols may be used in order to allow an end user to conduct an on-line search of candidates to fill a given vacancy. These protocols may relate to job searches, person finding services, real estate searches, or on-line dating. While some believe
15    that on-line dating is simply a matter of matching supply and demand, there is statistical and empirical evidence to suggest that successful on-line dating entails far more.

     For example, people having similar and/or compatible
20    character traits and values should be matched together. However, effectively linking two participants together can prove to be a challenging endeavor. Coordinating a relationship between two like-minded individuals can be a significant chore, as there are a number of obstacles and
25    barriers that must be overcome.

     One problem that has arisen is that matching services are limited to searching for matches only within their own platform. Thus, only people who have gone through the process of signing up for the service are
30    searched for a match. One solution to this problem is to have users register in multiple services. This is problematic because it can be expensive and time

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

3

consuming for users.  Further, the user must then visit
all of the services to monitor the search progress; this
inefficiency may cause users to give up on the search
process.

5          Another problem is that the search results of these
services   contain   many   irrelevant   entities   to   the
searcher.   This costs the user of the service time and
may deter them from continuing through all of the search
results.

10         Another problem is that large numbers of unwanted
communication requests can become a nuisance to the user.
Too  many  nuisance  requests  may  deter  the  user  from
further  use  of  the  system.   Users  with  the  most
attractive profiles are oftentimes the ones that receive
15    the most unwanted attention.  If the users with the most
attractive profiles cease to use the system, the quality
of the user pool deteriorates.

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

4

SUMMARY

In one embodiment, a method for profile matching comprises receiving a plurality of user profiles, each user profile comprising traits of a respective user. It also comprises receiving a preference indication for a first user profile of the plurality of user profiles. It further comprises determining a potential match user profile of the plurality of user profiles based on the preference indication for the first user profile. The method also comprises presenting the potential match user profile to a second user.

Receiving a preference indication for a first user profile may include receiving from a third user a recommendation of the first user profile for the second user. It may also include receiving from the second user a preference indication for the first user profile. The method may further include determining a score of a third user profile of the plurality of user profiles as a potential match for the second user. It may also include altering the score of the third user profile based on the preference indication for the first user profile.

In another embodiment, a method for profile matching comprises receiving a plurality of user profiles, each user profile comprising traits of a respective user. The method further comprises receiving a request for matches from a first user, the first user associated with a first user profile. The method also comprises scoring the plurality of user profiles for potential matching with the first user based on comparisons of the plurality of user profiles with the first user profile. It also comprises identifying a second user profile of the plurality of user profiles as a potential match for the

ATTORNEY'S DOCKET
076533.0146                                    PATENT APPLICATION

5

first user based on the scoring. The method further comprises identifying commonality between a third user profile of the plurality of user profiles and the second user profile. In addition, the method comprises presenting to the first user the third user profile as a potential match for the first user.

Depending on the specific features implemented, particular embodiments may exhibit some, none, or all of the following technical advantages. Various embodiments may be capable of dynamically updating match search results based on user activity. Some embodiments may be capable of enhancing match search results by reducing the impact of restrictive user preferences. In addition, some embodiments may provide the ability to evaluate the attractiveness of potential matches. Various embodiments may be capable of importing user profiles from other social-networking systems. Some embodiments may be capable of generating the pool of users based on both explicit and implicit criteria derived from other social networking systems. Other technical advantages will be readily apparent to one skilled in the art from the following figures, description and claims.

ATTORNEY'S DOCKET
076533.0146                              PATENT APPLICATION

6

## BRIEF DESCRIPTION OF THE DRAWINGS

Reference is now made to the following description taken in conjunction with the accompanying drawings, wherein like reference numbers represent like parts, and which:

FIGURE 1A is an overview of one embodiment of the matching system;

FIGURE 1B shows the contents of the terminal from FIGURE 1A;

FIGURE 1C shows the contents of the matching server from FIGURE 1A;

FIGURE 1D is a diagram of a database from FIGURE 1C showing one embodiment of how a matching server stores a pool;

FIGURE 1E is a diagram of the display from FIGURE 1B showing one embodiment of the presentation of search results to a user;

FIGURE 1F is a diagram of the display from FIGURE 1B showing one embodiment of the presentation of details of a match result entity to a user;

FIGURE 2 is a diagram depicting how a user may recommend an entity to another user, in accordance with a particular embodiment;

FIGURE 3 is a diagram of the display from FIGURE 1B depicting how the user may be made aware of fate characteristics the user shares with a match result entity, in accordance with a particular embodiment;

FIGURE 4 is a diagram depicting how two platforms may be searched for a match, in accordance with a particular embodiment;

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

7

FIGURE 5 is a flow chart indicating how a result list may be generated, in accordance with a particular embodiment;

FIGURE 6 shows one embodiment of the matching system displaying to a user the profile information of a second user;

FIGURE 7 is a diagram of the display from FIGURE 6 showing the effect of a left swipe gesture;

FIGURE 8 is a diagram of the display from FIGURE 6 showing the effect of a right swipe gesture;

FIGURE 9 shows the matching system displaying a match of a first user and a second user, in accordance with a particular embodiment;

FIGURE 10 is a flowchart depicting a method for enabling communication between two users of the matching system of FIGURE 1 based on a mutual expression of approval, in accordance with a particular embodiment;

FIGURE 11 is a flowchart depicting a method for enabling communication between two users of the matching system of FIGURE 1 based on a user suggested matching proposal, in accordance with a particular embodiment; and

FIGURES 12A-D depict embodiments of a user interface.

ATTORNEY'S DOCKET
076533.0146                               PATENT APPLICATION

8

DETAILED DESCRIPTION

Referring to FIGURE 1A, one embodiment of a matching
system is shown.  FIGURE 1A is a simplified block diagram
of  a  system  100  for  facilitating  an  on-line  dating
5     scenario in a network environment.  In other embodiments,
system 100 can be leveraged to identify and to evaluate
suitable    candidates    in    other    areas    (e.g.
hiring/employment,   recruiting,   real   estate,   general
person  searches,  etc.).    Users  14  interact  with  a
10    matching server 20 through terminals 10.  FIGURE 1B is a
diagram  showing,  in  one  embodiment,  the  contents  of
terminal 10.  Terminal 10 comprises interface 16 (so that
user 14 may be able to interact with terminal 10) and
display 12.   FIGURE 1C is a diagram showing, in one
15    embodiment, the contents of matching server 20.  Matching
server 20 comprises memory 26 and at least one CPU 28.
Memory 26 may store multiple databases, such as databases
26a and 26b.   Terminal 10 and matching server 20 are
communicatively coupled via network connections 22 and
20    network 24.

Users  14  are  clients,  customers,  prospective
customers, or entities wishing to participate in an on-
line   dating   scenario   and/or   to   view   information
associated with other participants in the system.   Users
25    14 may also seek to access or to initiate a communication
with other users that may be delivered via network 24.
Users 14 may review data (such as profiles, for example)
associated with other users in order to make matching
decisions or elections.   Data, as used herein, refers to
30    any type of numeric, voice, video, text, or script data,
or  any  other  suitable  information  in  any  appropriate

ATTORNEY'S DOCKET
076533.0146

9

format that may be communicated from one point to
another.

In one embodiment, terminal 10 represents (and is
inclusive of) a personal computer that may be used to
access network 24. Alternatively, terminal 10 may be
representative of a cellular telephone, an electronic
notebook, a laptop, a personal digital assistant (PDA),
or any other suitable device (wireless or otherwise: some
of which can perform web browsing), component, or element
capable of accessing one or more elements within system
100. Interface 16, which may be provided in conjunction
with the items listed above, may further comprise any
suitable interface for a human user such as a video
camera, a microphone, a keyboard, a mouse, or any other
appropriate equipment according to particular
configurations and arrangements. In addition, interface
16 may be a unique element designed specifically for
communications involving system 100. Such an element may
be fabricated or produced specifically for matching
applications involving a user.

Display 12, in one embodiment, is a computer
monitor. Alternatively, display 12 may be a projector,
speaker, or other device that allows user 14 to
appreciate information that system 100 transmits.

Network 24 is a communicative platform operable to
exchange data or information emanating from user 14.
Network 24 could be a plain old telephone system (POTS).
Transmission of information emanating from the user may
be assisted by management associated with matching server
20 or manually keyed into a telephone or other suitable
electronic equipment. In other embodiments, network 24
could be any packet data network offering a

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

10

communications interface or exchange between any two
nodes in system 100. Network 24 may alternatively be any
local area network (LAN), metropolitan area network
(MAN), wide area network (WAN), wireless local area
5   network (WLAN), virtual private network (VPN), intranet,
or any other appropriate architecture or system that
facilitates communications in a network or telephonic
environment, including a combination of any networks or
systems described above. In various embodiments, network
10  connections 22 may include, but are not limited to, wired
and/or wireless mediums which may be provisioned with
routers and firewalls.

        Matching server 20 is operable to receive and to
communicate information to terminal 10. In some
15  embodiments, matching server 20 may comprise a plurality
of servers or other equipment, each performing different
or the same functions in order to receive and communicate
information to terminal 10. Matching server 20 may
include software and/or algorithms to achieve the
20  operations for processing, communicating, delivering,
gathering, uploading, maintaining, and/or generally
managing data, as described herein. Alternatively, such
operations and techniques may be achieved by any suitable
hardware, component, device, application specific
25  integrated circuit (ASIC), additional software, field
programmable gate array (FPGA), server, processor,
algorithm, erasable programmable ROM (EPROM),
electrically erasable programmable ROM (EEPROM), or any
other suitable object that is operable to facilitate such
30  operations.

        In some embodiments, user 14, using terminal 10,
registers with matching server 20. Registration may

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

11

include user 14 submitting information to matching server
20 about user 14 as well as characteristics user 14 is
seeking to be matched with.  Such information may include
a user handle, which may be a combination of characters
5   that uniquely identifies user 14 to matching server 20.
In  various  embodiments,  matching  server  20  may  be
configured  to  collect  this  information;  for  example,
matching server 20 may be configured to ask user 14 to
respond to a series of questions.  Matching server 20 may
10   be  configured  to  receive  the  information  submitted  by
user 14 and create a profile for user 14 based on that
information, storing the profile in memory 26.

As an example only, consider a case where user 14 is
interested  in  participating  in  an  on-line  dating
15   scenario.   User 14 can access the Internet via terminal
10, travel to a web site managed by matching server 20,
and begin  the  registration process.   As part of  the
registration process, matching server 20 may ask user 14
a series  of  questions  which  identifies  characteristics
20   about user 14.   Thus, matching server 20 may ask about
the height, weight, age, location, and ethnicity of user
14.   It may also ask about the birthplace, parents,
eating  habits,  activities,  and  goals  of  user  14.
Matching  server  20  may  further  use  the  registration
25   process to discover what user 14 may be looking for in a
match, such as age, weight, height, location, ethnicity,
diet, education, etc.   Further, matching server 20 may
ask user 14 to indicate how important certain factors are
when looking for a match.   For example, matching server
30   20 may allow the user to indicate which characteristics
in  a  potential  match  are  a  necessity.   In  another
example, matching server 20 may ask, "How important is it

12

that your match does not smoke?"  Matching server 20 may
also allow the user to indicate that certain
characteristics are not important search criteria.  For
example, when asking user 14 about what height or weight
user 14 is seeking in a match, matching server 20 may be
configured to receive "not important" as a response.  In
yet another example, matching server 20 may allow user 14
to rate which factors are important on a numerical scale.
For example, matching server 20 may ask user 14 the
following:  "On a scale of 1 - 10, how important is it
that your match has the same education level as you?"  In
some embodiments, matching server 20 may specify that any
number of questions or requested descriptions are
necessary before registration may be concluded.  As an
example only, matching server 20 may require that user 14
communicate the sex of user 14 and the sex user 14
prefers to be matched with.  After concluding the
registration process, matching server 20 may store the
responses of user 14 as a profile.  This same process may
be repeated by several different users 14, causing
matching server 20 to contain a plurality of profiles.

FIGURE 1D depicts an embodiment in which matching
server 20 has a database 26a which contains a pool 30.
Each entry in database 26a has a pool entity 30a along
with information concerning that entity.  In one
embodiment, each pool entity 30a-e represents a user and
their profile.  In some embodiments, not all registered
users are in pool 30.  As discussed further below,
matching server 20 may use a selection process for
including stored profiles in pool 30.  As depicted in
FIGURE 1D, in this embodiment, the collection of users
and profiles forms pool 30 through which matching server

ATTORNEY'S DOCKET                                    PATENT APPLICATION
076533.0146

13

20 may perform various functions such as searches for
matches.

     Matching server 20 may be configured to search
through pool 30 and present matches to user 14.     In
5    FIGURE  1E,  one  embodiment  of  this  presentation  is
depicted as occurring through display 12.     In various
embodiments,  matches  may  be  presented  to  user  14
utilizing other communication schemes, such as electronic
messages (i.e., e-mail) or text messages (i.e., utilizing
10   SMS).     In the depicted embodiment, a result list 31 is
presented to user 14.     A  match result entity 31a in a
result list 31 may be associated with a view button 33.
Using interface 16, user 14 may request that matching
server 20 provide more information about an entity in
15   result list 31 by pressing the associated view button 33.
Matching server 20 may then communicate to user 14 more
information  about  that  entity  by  retrieving  the
information from memory 26.  In FIGURE 1F, one embodiment
of information that matching server 20 provides for user
20   14 is shown.   Using display 12, user 14 views an entity
from result list 31.   Matching server 20 may also provide
user 14 with the ability to contact the entity through a
contact button 35.    In one embodiment, when contact
button 35 is utilized by user 14, matching server 20 may
25   provide user 14 with contact information of the entity
such  as  a  telephone  number  or  an  e-mail  address;  in
another embodiment, matching server 20 may provide user
14 with a way to directly contact the entity, such as
sending  a  message  or  providing  voice  or  video
30   communication between user 14 and the entity.    Even
further, matching server 20 may be configured to allow
user 14 to express a negative preference for the entity

through dislike button 36.  In one embodiment, when, for example, dislike button 36 is utilized by user 14, matching server 20 may remove the entity from result list 31; in another embodiment, the entity may be removed from
5    pool 30 of users from which matches are identified.

As an example only, consider that user 14 has submitted a search request to matching server 20. Matching server 20 may search through pool 30, identify results, and communicate result list 31 to user 14 which
10    would contain other users for whom matching server 20 had created a profile and who were identified through a search and selection process.  Next, user 14 may be interested in learning more about Jane Doe, entity 31a; thus, user 14 would click view button 33 associated with
15    Jane Doe.  Matching server 20 would receive this request and respond by displaying Jane Doe's profile (stored in memory 26), as depicted in FIGURE 1F.  Next, after reading the profile, user 14 may be interested in contacting Jane Doe; hence, user 14 would click contact
20    button 35.  Matching server 20 would respond by allowing user 14 enter a message that matching server 20 would then communicate to Jane Doe.

Matching server 20 may even further be configured to allow user 14 to store a match result entity; in one
25    embodiment, the system may be configured to allow user 14 to utilize favorite button 34 that will add the desired match result entity into another list.  In another embodiment, utilizing favorite button 34 will remove the associated match result entity from result list 31.

30    As an example only, user 14 may decide that he would like to save Jane Doe's profile so that he can review it later.  User 14 may click favorite button 34, and

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

15

matching server 20 may respond by placing Jane Doe's
profile into a separate list. Further, matching server
20 may also remove Jane Doe from user's 14 result list
31. As a result, user 14 may see another match result
5    entity populate result list 31. This is beneficial
because it may focus user 14 on evaluating new entities
rather than reevaluating previously-known entities
because the entities still appear in result list 31.

In some embodiments, matching server 20 may be
10   configured to generate pool 30 by default according to
various characteristics and preferences of user 14 and
other users of the system. Matching server 20 may also
restrict entities from being included in pool 30 based on
the status of the profile, or if user 14 has rejected or
15   blocked an entity. Matching server 20 may also restrict
entities from the pool that have blocked or rejected user
14. For example, matching server 20 may not allow
profiles that are not in good standing to be included in
pool 30. In other embodiments, matching server 20 may be
20   configured to generate pool 30 by first choosing seeds.
Seeds include, but are not limited to, profiles that user
14 has sent a message to or profiles that user 14 has
expressed a preference for. Each seed is then compared
to other entities to determine which entities will be
25   included in pool 30. Any suitable method can be used to
determine which entities are included in pool 30. For
example, any characteristics or algorithms described
herein may form the basis of such a determination. As
another example, a commonality score may be generated
30   based on the comparison between each entity and the seed.
In some embodiments, this commonality score can be a
measure of how physically similar the users are to each

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

16

other.   This score may be generated based on the number
of users that have expressed a positive preference for
both the seed and the entity being compared.   This score
may also be generated based on whether the seed and
5    entity have been viewed together in one session; further,
the more times the seed and entity have been viewed
together, the larger the commonality score.   The law of
large numbers may allow for a vast amount of such
commonalities to be established over a few days.   Testing
10   has revealed that using such commonality scoring methods
has yielded at least one physical match for 80% of users
whose profile has been viewed at least once, and between
6 and 1000 physical matches for 60% of users whose
profile has been viewed at least once.   Matching server
15   20 may be further configured to allow entities that have
a commonality score above a certain threshold to become a
part of pool 30.   Matching server 20 may further be
configured to update pool 30.   In some embodiments,
matching server 20 may do so by creating new seed
20   entities based on activity by user 14, such as indicating
a preference for that entity.   Further, matching server
20 may then compare the chosen seed entity with other
profiles stored in matching server 20 and determine
whether those profiles will be included in pool 30 using
25   a threshold score as described above.   At least one
advantage realized by this embodiment is that user 14 is
presented with updated potential matches which increases
the likelihood of user 14 finding a suitable match.
Another advantage present in certain embodiments is that
30   these updated potential matches have a greater likelihood
of compatibility with user 14 since they are chosen based

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

17

on their commonality with entities user 14 has expressed
a preference for.

    As an example only, consider the case in which user
14 has registered, requested a search, and received from
matching server 20 results list 31.   Then, user 14
decides to contact Jane Doe and presses contact button
35.   Aside from providing user 14 with the ability to
contact Jane Doe, matching server 20 will designate Jane
Doe's profile as a seed.   Matching server 20 will then
compare Jane Doe's profile to other profiles stored in
memory 26 in order to identify other users who may be
similar to Jane Doe and thus be a good match for user 14.
In this example, matching server 20 will generate a
commonality score for each of these comparisons and
compare these scores to a preset threshold.   If the
commonality score is lower than the threshold, that
profile will not be added to pool 30.   However, if the
commonality score is higher than the threshold, matching
server 20 will add this profile to pool 30.   As an
example, further assume that the seed, Jane Doe, is being
compared to another entity, Susan Smith.   Based on the
fact that both Susan and Jane have three users (Tom,
Dick, and Harry) who have expressed a positive preference
for their profiles, matching server 20 generates a
commonality score of 100 for the comparison.   In
contrast, matching server 20 generated a commonality
score of 50 for the comparison between the seed (Jane
Doe) and yet another entity, Lucy Goosey.   This was
because only one user (Bob) had indicated a positive
preference toward both Lucy and Jane.   Continuing the
example, matching server 20 is using a commonality
threshold score of 70, which results in including Susan's

ATTORNEY'S DOCKET
076533.0146                              PATENT APPLICATION

18

profile (whose commonality score was greater than the
threshold score) in pool 30 and excluding Lucy's (whose
commonality score was less than the threshold score).
Thus, user 14 gets the benefit of having more entities
5      identified that may be good matches.

In some embodiments, matching server 20 may be
configured to include behavioral scales.  These may
include multi-item scales for materialism and gender-role
traditionalism.  Such scales may provide the advantage of
10     improved matching through deeper appreciation for the
personality of entities in the system.

In some embodiments, matching server 20 may be
configured to analyze profile text for categories.  It
may search for a number of text strings and then
15     associate the profile with any number of categories.  As
an example only, matching server 20 may add any profile
to the Cat category whose text contains any of the
following strings:

20             "cat" "cats" "cat." "cats." "cat," "cats,"

Matching server 20 may be configured to make it more
likely that a profile will be in a result list if
categories associated with the profile are also
25     categories found in the user's profile who submitted the
search request.

Matching server 20 may be configured to analyze one
or more portions of the text of an entity's profile and
generate a readability score that may be used in various
30     ways, such as in the process of searching for matches for
user 14.  In some embodiments, matching server 20 may
analyze factors such as, but not limited to:  average

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

19

number of words per sentence, total number of words with greater than three syllables, and total number of words in the profile. Matching server 20 may also concatenate all of the collected responses with a single space
5   between them. It may further break the text into sentences, words, and syllables. From these statistics, matching server 20 may also be configured to generate a readability score by, in one embodiment, taking the average of the Flesch Kincaid Reading Ease test, the
10  Flesch Kincaid Grade Level test, and the Gunning Fox score. Other embodiments may utilize any other combination of these or other tests to determine a readability score. In some embodiments, analyses may be used to determine the IQ of an entity, the grade level of
15  the writing, or how nervous the entity generally is. An advantage of this embodiment may be that the system provides user 14 with a metric for determining approximate intelligence of other users. The readability score may be used, for example, in the matching process
20  to identify potential matches.

As an example only, the Flesch Kincaid Reading Ease score may be generated by first computing the following intermediate score:

25      $$206.835 - (1.015 * [\text{Average Words per Sentence}]) - (84.6 * [\text{Average Syllables per Word}])$$

Then, the Flesch Kincaid Reading Ease score is determined by using the following table:
30

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

20

| Intermediate Score Condition | Flesh Kincaid Reading Ease Score |
|---|---|
| < 100 | 4 |
| < 91 | 5 |
| < 81 | 6 |
| < 71 | 7 |
| < 66 | 8 |
| < 61 | 9 |
| < 51 | 10 |
| < 31 | 13 |
| < 0 | 14 |
| Else | 15 |

The Flesch Kincaid Grade Level may be computed according to the following:

5     (0.39 * [Average Words Per Sentence]) + (11.8 * [Average Syllables Per Word]) - 15.59

The Gunning Fox score may be computed according to the following:

10

([Average Words Per Sentence] + ((([Number Of Words With More Than 3 Syllables] / [Number of Words In Entire Text]) + 100)) * 0.4

15   As indicated, any suitable tests may be utilized in any suitable manner to determine a readability score.

In some embodiments, matching server 20 may be configured to allow a user to interact with the result list of another user. Matching server 20 may be

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

21

configured to allow a user to express a preference for
entities within a result list of another user, and to
indicate to the other user of this preference.  Thus, a
user may be able to get advice from a friend regarding
5    what other users may constitute good matches for the user
and thus be able to find a better match.

As an example only, consider FIGURES 1A and FIGURE
2.  Two users 14, Harry and Sally, are connected to
matching server 20 via terminals 10.  Display 12a is used
10   by Harry while display 12b is used by Sally.  Matching
server 20 allows Sally to view Harry's result list 31 on
her terminal in display 12b.  By pressing recommend
button 37, Sally may indicate a preference for one or
more of the entities in result list 31.  Assume Sally
15   presses recommend button 37 associated with Jane Loe.
After doing so, matching server 20 will notify Harry of
Sally's preference.  On Harry's display 12a, matching
server 20 will cause notification 39 to appear,
associating it with Jane Loe.  Notification 39 will
20   indicate to Harry that Sally has recommended Jane Loe as
a potential match.  Harry may find Sally's preference
helpful in determining which entities he should pursue
further if, for example, he believes Sally understands
the type of person he is looking for.

25   In one embodiment, matching server 20 may be
configured to analyze the profiles of both user 14 and
the entities in pool 30 for keywords.  Matching server 20
may be configured to search through the profile of user
14 for keywords that relate to things such as activities
30   and interests.  Matching server 20 may generate a score
for each entity in pool 30 based on a comparison between
the list of keywords found in user's 14 profile and a

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

22

similarly-generated list of keywords of each entity in
pool 30.  In one embodiment, this is accomplished by
storing a list of words in memory 26, and using it to
identify keywords in the searched profiles.  In some
5   embodiments, identified keywords may be used as a means
of weighting various scores.  As an example only, a
profile that contains the word "God" may be weighted much
differently than a profile which has merely indicated
that their religious preference is Christian.  In various
10  embodiments, this may provide an advantage to user 14 in
that user 14 is able to determine how similar he/she is
with a potential match.  In addition, the keyword
analysis may be used by the system when searching and
identifying matches for a user.

15       As an example only, consider two registered users,
Harry and Sally, both of whom have profiles stored in
matching server 20.  Matching server 20 then analyzes
each of these profiles by comparing it to a list of
predefined keywords.  Matching server 20 then associates
20  each word that matched the list of keywords with each
profile.  Now assume that Harry performs a search.  While
fulfilling Harry's query, matching server 20 evaluates
Sally's profile for inclusion in Harry's result list 31.
This evaluation includes comparing the list of keywords
25  found in Harry's profile to the keywords found in Sally's
profile.  The more keywords that Harry and Sally have in
common, the more likely it will be that matching server
20 will include Sally's profile in Harry's result list
31.

30       In some embodiments, matching server 20 may be
configured to impute a level of physical attractiveness
to an entity in pool 30.  Matching server 20 may be

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

23

configured to monitor how frequent an entity in pool 30
has been viewed as well as how many times that entity has
been part of a result list in order to impute the level
of physical attractiveness. Matching server 20 may
5   further be configured to generate a score based on this
data. Further, in some embodiments, matching server 20
may impute physical attractiveness to an entity based on
the imputed physical attractiveness scores of other
entities. Matching server 20 may compute an average of
10  the imputed physical attractiveness scores of the other
entities weighted by the commonality score between each
of the other entities and the present entity. Empirical
data indicates that people are more likely to match with
people of similar attractiveness. Thus, in many
15  embodiments, a user may obtain an advantage in that they
are able to be presented with potential matches that,
according to one measurement, are as attractive as the
user.

As an example only, consider a registered user,
20  Sally, whose profile was created by matching server 20 in
January. Since that time, matching server 20 has
recorded the number of times Sally's profile has appeared
in any user's result list 31; assume that this has
occurred 10 times. Further, matching server 20 has also
25  recorded the number of times a user has viewed Sally's
profile by clicking view button 33 associated with
Sally's profile; assume that this has happened 5 times.
In this manner, matching server 20 has constructed a
ratio that represents the imputed physical attractiveness
30  of Sally's profile. Still further, assume that Harry, a
registered user, now submits a query. Matching server 20
has evaluated the imputed physical attractiveness ratio

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

24

of Harry's profile.  When evaluating Sally's profile for
inclusion in result list 31 returned to Harry, matching
server 20 will compare the imputed physical
attractiveness of Sally's profile and Harry's profile.
The more similar the ratios associated with Harry and
Sally's profiles are to each other, the more likely it is
that Sally's profile will be selected by matching server
20 to be in Harry's result list 31.  In another example,
assume that Sally's profile has not been registered long
enough to generate a meaningful imputed physical
attractiveness ratio.  Matching server 20 may then
generate an imputed physical attractiveness score based
on entities that Sally does have commonality scores with.
This computed average may be weighted by the strength of
the commonality score between Sally and each entity with
whom she has a commonality score.  Continuing the
example, assume that Sally has a commonality score of 5
with Lucy and 10 with Julia.  When matching server 20
computes the Sally's average, it will give twice as much
weight to Julia's imputed physical attractiveness score
than to Lucy's.

In some embodiments, matching server 20 may be
configured to make an entity in result list 31 more
appealing to user 14 by pointing out coincidences in the
profile data that give user 14 a sense of fate with the
entity.  In one embodiment, matching server 20 may be
configured to search for similar initials, birthplaces,
birth dates, birth month, birth year, university, first
names, last names, user handles, parental occupations,
and keywords to identify users who may give another user
a sense of fate.  In other embodiments, matching server

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

25

20 may use the fate characteristics as a metric in the matching process.

As an example only, assume that Harry is a registered user who has performed a search. After matching server 20 returns a result list, Harry chooses to learn more about one of the entities in the result list and clicks view button 33. Consider FIGURE 3, which is only an example of information that matching server 20 may return to Harry after clicking view button 33. In Harry's display 12, matching server 20 presents certain details about the profile. In particular, matching server 20 presents to Harry a fate notification 32 which points out specific similarities between the profile of the entity and Harry's profile. Reading fate notification 32 gives Harry a sense of familiarity which enhances his appreciation for the profile.

In another example, fate characteristics may be used to decide whether a profile in pool 30 is included in user's 14 result list 31. Assume that Harry is a registered user who has submitted a matching query to matching server 20. While determining which entities to include in Harry's result list, matching server 20 considers two profiles: Sally and Roxy. Sally and Harry both have the same birth date, initials, and have parents that work in the same profession. In contrast, Roxy and Harry only share the same birth place. Matching server 20 may be configured to award more points to Sally than to Roxy based on these comparisons, making it more likely that Sally's profile will be included in Harry's result list.

In some embodiments, matching server 20 may be configured to evaluate the likelihood of contact between

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

26

user 14 and an entity in pool 30.  Matching server 20 may
be configured to compare demographic data between user 14
and pool entity 30a.   In another embodiment, matching
server 20 may be configured to weigh the demographic
5    similarities and differences based on the sex of user 14.
The demographic data may include, but is not limited to,
age, education, ethnicity, income, and location.

As an example only, assume that Harry and Sally are
registered users who have profiles in matching server 20.
10   Harry has submitted a search request to matching server
20.   While fulfilling this request, matching server 20
evaluates Sally's profile since her profile is in pool
30.  As part of the evaluation, matching server 20 looks
at the differences between Harry and Sally's stated age,
15   income, education, ethnicity, and location.   In this
example, Harry is 10 years older than Sally, makes
$10,000 more per year, and has a Master's degree while
Sally has a bachelor's degree.   Even with these
disparities, matching server 20 will give Sally's profile
20   a high score which makes it more likely that Sally's
profile will appear in Harry's result list.  However, if
it was Sally who submitted the search, and matching
server 20 was evaluating Harry's profile, a different
score is possible.  So, if it were Sally who was 10 years
25   older, made $10,000 more per year, and had a Master's
degree while Harry had a Bachelor's degree, matching
server 20 would give a low score to Harry's profile,
making it less likely that his profile would appear in
Sally's result list.   Matching server 20 may be
30   configured this way because empirical data has shown that
these demographic differences do not have an equivalent

ATTORNEY'S DOCKET                        PATENT APPLICATION
076533.0146

27

effect on the choices men and women make regarding
matches.

In another embodiment, matching server 20 may be
configured to compare the locations of user 14 and pool
5      entity 30a in increments of ten miles.  In yet another
embodiment, matching server 20 may be configured to score
the location comparison in light of other factors; as an
example, matching system 20 may be configured to return a
score consistent with a 10 mile difference in location
10     even though there is a 50 mile difference between user 14
and pool entity 30a if user 14 and pool entity 30a have
the same income, education, and age.  An advantage
realized in several embodiments is that it better
approximates how a user evaluates entities.  Entities
15     that live further away are generally less appealing to a
user; but, users may still be interested if the entity
matches their preferences in other categories.

As an example only, consider a registered user,
Harry, who submits a search request.  While fulfilling
20     this request, matching server 20 examines Sally's profile
in pool 30, and determines that the stated locations of
Harry's and Sally's profiles are 13 miles apart.
Matching server 20 will give Sally's profile a score as
if the distance between them were only 10 miles.
25     However, in yet another example, Sally's profile may
indicate that she lives 50 miles away from Harry.  Yet,
matching server 20 also notes that both Harry and Sally
make $100,000 per year, have Master's degrees, and that
Harry and Sally are one year apart in age (Harry is
30     older).  Given these similarities, matching server 20
will give a score to Sally's profile that is consistent
with a 20 mile difference in location even though they

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

28

are actually 50 miles apart.   In this manner, matching
server 20 takes into account empirical data that shows
that people searching for matches who indicate that they
want to see matches who live close to them are still
5     willing to pursue a potential match that lives far away
if the potential match fits very closely with the other
search criteria.

In another embodiment, matching server 20 may be
configured to evaluate the age difference between user 14
10    and pool entity 30a using ranges as well as a sliding
scale.  By way of example only, matching server 20 may be
configured to assign a high value to an age difference
between 0 and -5, while assigning a lower value to an age
difference between +2 and 0.  An even lower value may be
15    assigned to an age difference between -6 and -8.   Even
lower values would be assigned incrementally as the age
difference increases outside of the ranges discussed.
The higher the assigned value is, the more likely it will
be that pool entity 30a will be included in result list
20    31.  Yet another embodiment may apply this combination of
ranges and a sliding scale but use different values and
ranges depending on the sex of user 14.

As an example only, consider a situation in which a
registered    user,    Harry,    requests    a    search    to    be
25    performed.     While    fulfilling    this    request,    matching
server 20 evaluates Sally's profile, which was in pool
30.    As    part    of    the    evaluation,    matching    server    20
compares the ages of Harry and Sally, and determines that
Harry is two years older than Sally; this determination
30    leads to matching server 20 assigning, in this example,
50 points to Sally's profile.   Matching server 20 may
also be configured to assign 50 points to Sally's profile

ATTORNEY'S DOCKET                      PATENT APPLICATION
076533.0146

29

had she been five years younger than Harry; but, if she
had been up to two years older than Harry, matching
server 20 may have been configured to assign 40 points to
her profile.      Matching server 20 may be further
5   configured to assign 30 points to Sally's profile if she
was 6 to 8 years younger than Harry. However, if Sally
were more than 8 years younger than Harry, matching
server 20 may be configured to further decrease the
number of points assigned to her profile:  if she was 9
10  years younger, then 25 points; if she was 10 years
younger, 20 points; if she was 11 years younger, 15
points; etc.    The more points assigned to Sally's
profile, the more likely it is that her profile will
appear in Harry's result list.  Thus, matching server 20
15  may be configured to assign a score based on age
difference using a combination of ranges and a sliding
scale.

       In another example, matching server 20 may assign
scores differently if it was Sally who was searching and
20  if it was Harry's profile that was being evaluated.   In
this example, matching server 20 may be configured to
assign Harry's profile 50 points if he were between 1 and
5 years older than her.  If he were 6 to 8 years older
than her, matching server 20 may assign 45 points.  If he
25  were greater than 8 years older than her, matching server
20 may assign points in the following fashion: if he was
9 years older, 40 points would be assigned; if he was 10
years older, 35 points would be assigned; etc.  However,
if he was up to two years younger than Sally, matching
30  server 20 may assign 50 points to his profile.  If he
were more than two years younger, matching server 20 may
assign less points on a sliding scale:  45 points if he

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

30

were 3 years younger, 40 points if he were 4 years
younger, etc.   The more points assigned to Harry's
profile, the more like it is that his profile will appear
in Sally's result list.   This example illustrates how
5    matching server 20 may be configured to take the sex of
user 14 into account when scoring based on age
differences.

In various embodiments, matching server 20 may be
configured to evaluate the attractiveness of an entity in
10    pool 30 through collected feedback from other users.   In
one embodiment, matching server 20 may present an entity
to user 14, prompting user 14 to rate the attractiveness
of the entity on a scale from 1 - 9.   This range gives
the advantage of having a midpoint.   Matching server 20
15    may further be configured to collect such responses and
store them; in one embodiment, matching server 20 may
store the data in memory 26, using a structure such as
database 26b.   Matching server 20 may further be
configured to compute the average of such responses for
20    the entity, and store this number as well.   In various
embodiments, these values may be used in order to help in
the matching process.   Empirical data indicates that
people are more likely to match with people of similar
attractiveness.   Thus, in various embodiments, users
25    whose attractiveness rating are similar will be more
likely to appear in each other's result list.   Further, a
user may indicate that they only want profiles in their
result list whose average attractiveness rating is higher
than an indicated threshold.

30    As an example only, assume registered user, Harry,
uses terminal 10, which in this example is Harry's
personal computer, and establishes communication with

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

31

matching server 20.  In this example, this communication
occurs by Harry using a Web browser to access a Web page
controlled by matching server 20.  Sometime after
visiting the Web page, matching server 20 may present
Harry with an option to rate the physical attractiveness
of other users registered with matching server 20.  Using
display 12 and interface 16, Harry may view profiles of
registered users and rank them on a scale of 1 - 9 by
entering the values using interface 16; in this example,
interface 16 comprises a mouse and/or a keyboard.  After
submitting this rating, matching server 20 will associate
it with the profile and store it.  Matching server 20
will also allow other users to rate profiles, thereby
collecting a plurality of rankings for profiles.
Matching server 20 may use this data when trying to find
matches for users.  One example of this is that matching
server 20 may allow user 14 to specify that he/she is
searching for profiles which have an average rating of 6
or above. In turn, matching server 20 may populate user's
14 result list from the pool only with profiles whose
average rating is at 6 or above.  Another example of how
matching server 20 may use this data involves making it
more likely that an entity will appear in a user's result
list if the entity and that user have a similar average
attractiveness rating.  So, if a user has an average
rating of 6, then an entity with an average rating of 5
may be more likely to appear in the user's result list
than an entity with an average rating of 2.

In another example, assume that Harry is a
registered user and has requested a search.  While
fulfilling this request, matching server 20 evaluates
Sally's profile.  As part of this evaluation, matching

32

server 20 notices that Sally's profile contains feedback
from other users ranking the attractiveness of Sally's
profile.  Matching server 20, in this example, averages
that data; Sally's profile average is 6.  Matching server
5    20 may then examine Harry's profile to determine a
similar average.  If Harry's profile has an average close
to 6, it will be more likely that matching server 20 will
include Sally's profile in Harry's result list.    If
Harry's profile average is lower than 6, it will be less
10   likely that Sally's profile will be included in Harry's
result list.  If Harry's profile average is greater than
6, it will be even less likely that Sally's profile will
be included in Harry's result list.    The more Harry's
profile average deviates from that of Sally's, the less
15   likely it will be that matching server 20 will present
Sally's profile in Harry's result list.

In some embodiments, matching server 20 may be
configured to analyze profile information and received
activity information to construct "pairs" which link at
20   least two profiles.    These pairings may also be
associated with a value that ascertains the quality of
the pairing.  For example, a pairing which results from
one user viewing the profile of another user may be
assigned a value that is less than a pairing which
25   results from a first user viewing the profile of a second
user when the second user has also viewed the first
user's profile.    Matching server 20 may use these
pairings in order to generate search results for entities
within and outside of the pairing.  Each member of the
30   pair may be used as a seed entity for generating search
results for users in matching server 20.    In various
embodiments, an advantage may be realized as matching

ATTORNEY'S DOCKET                                PATENT APPLICATION
076533.0146

33

server 20 analyzes many of these pairs to develop dynamic results to users of the system, the results being potentially more relevant as matching server 20 leverages the interaction between users and profiles to generate
5   search results.

Pairs may be formed from a variety of user activity received by matching server 20. This activity may include: profile views, mutual profile views, one-way double blind communication, mutual double-blind
10  communication, declining double blind communication, one way wink, mutual wink, expressing disinterest in response to receiving a wink, one way favorite, and mutual favorite. Other suitable activity may also be received by matching server 20 and utilized as a basis for
15  generating pairs.

For example, Harry may be a registered user who has expressed a positive preference for Sally. Matching server 20 may be configured to generate a pair which includes Harry and Sally. Matching server 20 may utilize
20  this pair when providing search results to other users. Betty may have requested matches, and Betty may be similar to Sally. Matching server 20 may present Harry in Betty's result list as a result of the pairing between Harry and Sally. Further, Jim may have executed a search
25  and Jim may be similar to Harry. As a result of the pairing between Sally and Harry, matching server 20 may present Sally in Jim's list of search results.

In some embodiments, matching server 20 may be configured to encourage user 14 to interact with entities
30  in pool 30. For example, matching server 20 may present a list of limited entities from pool 30 to user 14, but not present other entities to user 14 unless user 14

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

34

interacts with the already presented entities.  Possible
interaction with these entities may include viewing more
information regarding the entity, expressing a positive
or negative preference for the entity, and choosing to
5   contact the entity.  Other suitable forms of interaction
may also be utilized.  For example, matching server 20
may prompt the user with a question about the list of
entities, such as asking whether or not the user likes
the entity.  Responses to such prompts may include "yes,"
10  "maybe," "no," "remove," and "remove other."  The
presented entities may be chosen using a variety of
methods.  For example, the presented entities may be
chosen based on various scoring algorithms as described
above.  In addition, presented entities may be chosen
15  using predictive analysis, such as logistical regression.
Other techniques may be used to determine the presented
entities.  For example, entities that have been presented
previously may be excluded.  As another example, entities
that have been blocked by user 14 may also be excluded.
20  In various embodiments, a combination of these techniques
as well as others may be used to determine the limited
number of entities presented to user 14.

For example, Harry may be a registered user of the
matching system.  Matching server 20 may be configured to
25  present to Harry a list of five entities that Harry must
interact with.  Once Harry has interacted with these
entities, matching server 20 may present five more
entities for Harry to interact with.  Previously, Harry
has blocked Sally, another registered user of the system.
30  As a result, matching server 20 may exclude Sally from
being presented to Harry in the list of five entities.
Further, Harry has already interacted with Betty, another

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

35

registered user of the system:  Harry sent a message to
Betty utilizing matching server 20.  As a result, Betty
will be excluded from being presented to Harry in the
list of five entities.   Matching server 20 may then
choose two of the five entities using scoring algorithms
described above.   For example, matching server 20 may
choose Alice and Amy to be presented in the list of five
entities because Alice and Amy have received high scores
when their profiles were compared to Harry's profile.
Matching server 20 may choose the remaining three
entities using predictive analysis.   According to this
example, matching server 20 may use logistical regression
to identify Carla, Christi, and Camela as the other three
entities to present to Harry.   Thus, in this example,
Harry is presented with a list of five entities by
matching server 20.   Matching server 20 may not present
another set of five entities until Harry has interacted
with these five entities.   Harry may interact with these
entities in a variety of ways.   For example, Harry may
send a message to Alice and send a "wink" to Amy.   In
addition, Harry may choose to view more information about
Carla's profile, but express a negative preference
towards Christi and Camela.   After matching server 20
receives these types of interaction with the presented
five entities, another set of five entities may be
presented to Harry.

In this example, matching server 20 may further be
configured to process the user interaction provided by
Harry.   For example, matching server 20 may utilize
Alice's profile as a seed entity to generate other
possible entities to present to Harry since Harry sent a
message to Alice.   Thus, a benefit is from presenting a

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

36

the five entities to Harry in that the interaction
between Harry and these entities may be utilized by
matching server 20 to generate other entities for
matching to Harry.  This serves as an example of how
5    preferences may be identified based on user behavior.

In FIGURE 4, one embodiment is disclosed wherein
matching server 20, with pool 30, may be configured to
interact with another platform, such as social networking
platform 50, containing a set 52 of users.  Users 14 are
10   communicatively coupled to matching server 20 and social
networking platform 50.  Matching server 20 may further
be configured to provide users of social networking
platform 50 a service by which they may search for users
within set 52 or within pool 30 using the algorithms and
15   processing of matching server 20.  Matching server 20 may
even further be configured to allow users of matching
server 20 to search through pool 30 and set 52.  Matching
server 20 may be configured to parse the profiles of the
entities in set 52, collecting data and applying
20   algorithms.

In another embodiment, matching server 20 may be
configured to allow users of social networking platform
50 to interact with matching server 20 using social
networking platform 50.  This level of integration
25   provides the advantage of users not having to learn and
sign up for a different platform.

Social networking platform 50, in one embodiment,
may be a service which stores profiles of its users.
This service may be further configured to provide access
30   to the stored profiles.  In one embodiment, social
networking platform 50 may also allow other services to

ATTORNEY'S DOCKET
076533.0146

37

interact with users of social networking platform 50
through social networking platform 50.

In one embodiment, matching server 20 may be
configured to collect requests from users of social
networking platform 50 and perform a search through pool
30 and set 52. Matching server 20 may further be
configured to present the results of this search from
within social networking platform 50. Matching server 20
may further be configured to present entities in the
search result from pool 30 as if they were entities of
set 52; in one embodiment, matching server 20 may be
configured to generate profiles of entities from pool 30
into set 52. Thus, users of social networking platform
50 may view all of the entities in the search result,
regardless of their source (either from pool 30 or set
52), within the environment of social networking platform
50.

As an example only, consider two users: Harry, for
whom matching server 20 has created a profile, and Sally,
who has a profile stored in social networking platform
50. From within social networking platform 50, matching
server 20 presents to Sally the ability to perform a
search which Sally uses. The results of this search are
presented to Sally within social networking platform 50.
In this example, Harry's profile is displayed to Sally as
a search result along with other entities from set 52
though Harry's profile was from pool 30. In this example,
matching server 20 uses the algorithms discussed herein
and searches through the profiles stored in pool 30 and
set 52. In order to display Harry's profile to Sally,
matching server 20 creates a profile in set 52 using the
data stored in Harry's profile in pool 30. Sally is then

ATTORNEY'S DOCKET                           PATENT APPLICATION
076533.0146

38

able to interact with this newly created profile from within social networking platform 50 in the same manner as she is other entities in set 52.

In another embodiment, matching server 20 may be configured to allow its users to interact with social networking platform 50 through matching server 20. In one embodiment, matching server 20 supplements pool 30 with set 52. In yet another embodiment, entities from set 52 appear as entities of pool 30 to the user in their list of search results. In one embodiment, matching server 20 may be configured to generate profiles within pool 30 from entities of set 52; the system may be configured to do so through capabilities provided by social networking platform 50, such as an application programming interface.

As an example only, consider two users: Harry, whose profile is stored in matching server 20, and Sally, whose profile is stored in social networking platform 50. Harry submits a search request to matching server 20. Matching server 20 may return result list 31 to Harry, which, in this example, contains an entity representing Sally's profile. Matching server 20 may accomplish this by creating profiles in pool 30 that correspond to the profiles found in set 52. Once these profiles have been imported into pool 30, matching server 20 may then search through pool 30. While doing so, matching server 20 applies the algorithms and scores discussed herein. Thus, in this example, matching server 20 has been configured to both search and apply scoring algorithms to entities in pool 30 and set 52. Further, in one example, Harry is not able to distinguish that Sally's profile was originally stored in social networking platform 50.

ATTORNEY'S DOCKET                        PATENT APPLICATION
076533.0146

39

Rather, matching server 20 presents Sally's profile in the same manner as other profiles stored in pool 30. Thus, in this example, Harry may use favorite button 34, view button 33, and contact button 35 when interacting with Sally's profile in the same manner as described above.

One advantage present in various embodiments is that a user has a wider pool of entities to search through. Another advantage is that a user does not have to sign up with several platforms to search through the users on those platforms.

FIGURE 5 is a flowchart illustrating one embodiment of how result list 31 may be generated. At step 62, matching server 20 generates pool 30, as described above. At step 64, matching server 20 applies a filter to pool 30, removing certain entities; in various embodiments, this filter is based on user's 14 own sex and the sex user 14 desires to be matched with. At step 66, matching server 20 may be configured to apply algorithms to pool 30 that will generate a plurality of scores for each entity in pool 30. In one embodiment, these algorithms may include analyzing the text of the profiles of the entities in pool 30 to generate a readability score, determining how attractive an entity of pool 30 is, or measuring how likely it is that user 14 will contact an entity of pool 30. At step 68, matching server 20 may be configured to collect all of the scores from step 66; in one embodiment, matching server 20 may use database 26b to store all of these scores. At step 70, matching server 20 may be configured to apply an ordering algorithm which will determine the order in which entities in result list 31 are presented to user 14. In

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

40

one embodiment, this ordering algorithm is based, in part, on the scoring algorithms applied at step 66. The ordering algorithm assigns points to each entity and orders them based on these values, constructing result

5    list 31.   An embodiment of this ordering algorithm is summarized in the following table:

| Condition | Number of Points for Ordering |
|---|---|
| Readability score 1 point higher than user | +33554432 |
| Match result entity has expressed a preference for the user | +16777216 |
| Match result entity has been recommended by a friend of the user | +8388608 |
| User has viewed the details of match result entity | +2097152 |
| Match result entity has commonality with an entity user has expressed a preference for | +1048576 |
| Both have the same ambition | +128 |
| Both have the same beliefs | +16384 |
| Same answer for Build | +64 |
| Same answer for Car | +1 |
| Both have the same diet | +4 |
| Both have the same preference for drinking alcohol | +131072 |
| Same answer for Ethnicity | +1024 |
| Same answer for Fear | +256 |
| Same answer for Hair | +2 |
| Same answer for Number of children | +524288 |
| Same answer for morning | +32 |
| Same answer for "must have" | +32768 |
| Same answer for "night out" | +16 |
| Same answer for "pets" | +65536 |
| Same answer for politics | +8192 |
| Same answer for relationship status | +0 |
| Same answer for "romance" | +512 |

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

41

| Condition | Number of Points for Ordering |
|---|---|
| Same answer for smoking preferences | +262144 |
| Same answer for sports interests | +8 |
| Same answer for "system" | +4096 |

     As an example only, consider a registered user, Harry, who desires to perform a search. Before processing the request, matching server 20 may ask Harry what sex he is and what sex does he desire to be matched with; in this example, Harry responds that he is a male seeking a female. After doing so, matching server 20 will generate pool 30 as described above. Next, matching server 20 will apply a filter to remove certain entities from pool 30. In this example, all males will be removed from pool 30 since Harry is seeking a female. Further, all females seeking females will be removed from pool 30 since Harry is a male. In other examples, other entities that are removed from pool 30 include entities that Harry has expressed a negative preference for before, or entities that have expressed a negative preference for Harry. After pool 30 has been filtered, matching server 20 applies a variety of scoring algorithms to the entities remaining in pool 30. These algorithms may account for various comparisons such as those based on readability, likelihood to contact, fate, and keywords described above. Matching server 20 will then tabulate these scores, storing them, in this example, in database 26b. Matching server 20 will then determine what order these entities are presented to Harry by applying an ordering algorithm. Here, matching server 20 assigns one ordering score to each entity by examining the results of

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

42

the scoring algorithms.  After doing so, matching server will present result list 31 to Harry, where the order of the entities that appear in the result list is based on the ordering algorithm.  In this example, it is possible for result list 31 to change.  Consider another user, Sally, who appears in Harry's result list.  If Harry decides to add her into a separate list by using favorite button 34, Sally will be removed from result list 31 (as described above).  However, Sally will also become a seed entity from which entities may be added to pool 30 (as described above).  Hence, matching server 20 will update the pool, apply the filters, apply the scoring algorithms, tabulate the results, apply the ordering algorithm, and update result list 31.  As another example, an entity may update their profile which can change result list 31.  For example, assume Sally's profile had an ordering algorithm score that placed her within the top 20 entities in result list 31.  Sally then changes her profile which results in keywords that match Harry's profile being added to her profile.  Matching server 20 will then update her scoring algorithms.  In this example, the change in Sally's profile and resulting increase in keyword matches with Harry's profile significantly increased her score.  This was then reflected in the ordering algorithm as it was also applied to the updated profile.  Afterwards, Sally's profile is now placed within the top 5 entities in result list 31.

In some embodiments, matching server 20 may be configured to receive required characteristics from user 14 regarding a match.  User 14 may be allowed to specify such restrictions based upon any number of

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

43

characteristics, including those described herein.  For
example, matching server 20 may allow user 14 to specify
that entities that indicate they have children should not
be displayed.   In another example, user 14 may specify
5   that only entities between the ages of 20 and 30 should
be present in result list 31.   In some embodiments,
matching server 20 may implement these restrictions in
step 64 of FIGURE 5.   In other embodiments, however,
matching server 20 may refuse to apply these restrictions
10   to certain entities based on the characteristics of the
entities.  Any number of characteristics, including those
described herein, may form the basis upon which matching
server 20 decides not to apply the restrictions submitted
by user 14.  As an example only, matching server 20 may
15   ignore the restrictions if the entity has a high enough
attractiveness rating.   In another example, though user
14 has requested that no profiles which are located more
than 50 miles away should be present in result list 31,
matching server 20 may include such profiles because
20   those profiles have over 5 matching keywords, a high
attractiveness rating, and have specified the same life
goals as user 14.   Thus, in some embodiments, matching
server 20 may refuse to apply restrictions submitted by
user 14 based on any combination of characteristics or
25   algorithms.

        An advantage present in many embodiments is that
through taking into account various factors when scoring
potential matches and using only very few strict filters,
a large amount of result entities may be returned to the
30   user.  A further advantage is that the ordering algorithm
will put the most relevant search results first, saving
the user time.

ATTORNEY'S DOCKET
076533.0146                               PATENT APPLICATION

44

FIGURES 6-9 depict embodiments of a user interface
presented to users of the matching system discussed above
with respect to FIGURES 1 and 4.   According to some
embodiments, users 14 interact with matching server 20

5    through interface 16 presented by terminal 10.   In
addition to the embodiments of interface 16 described
above in relation to FIGURE 1A, interface 16 may also
comprise a touch screen interface operable to detect and
receive touch input such as a tap or a swiping gesture.

10   In some embodiments, matching server 20 may import
profiles from other social networking systems.   This
level of integration provides the advantage of users only
having to update their profile information in one place.
For example, when user 14 updates his profile within

15   social networking platform 50, matching server 20 is also
able to access the updated profile information.

In some embodiments, matching server 20 may further
be configured, as part of the user registration process,
to link to a user's existing profile within social

20   networking platform 50.   Matching server 20 may be
configured to parse the profiles of the users in set 52,
e.g., collecting data and applying algorithms.   For
example, matching server 20 may use explicit signals from
social networking platform 50 such as common friends,

25   common interests, common network, location, gender,
sexuality, or age to evaluate potential matches between
users 14.   Matching server 20 may also use implicit
signals such as for whom a user 14 expresses approval and
disapproval.   Implicit signals may also include facial

30   recognition algorithms to detect ethnicity, hair color,
eye color, etc., of profiles that user 14 has expressed
interest in.

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

45

In particular embodiments, matching server 20 may
have users 14 to link their user profiles to an existing
profile within social networking platform 50.  Matching
server 20 may be configured to generate and add profiles
5   to user profile pool 30 from entities of set 52; the
system may be configured to do so through capabilities
provided by social networking platform 50, such as an
application programming interface.   One advantage of
linking is that matching server 20 can use the
10  authentication features provided by social networking
platform 50.   For example, creating a user profile on
matching server 20 containing false information becomes
harder when the information must come from another
verifiable and peer monitored source such as social
15  networking platform 50.

In some embodiments, matching server 20 may allow a
user 14 to propose a match between two of his connections
within social networking platform 50.   For example, Harry
may be friends with both Bob and Sally within social
20  networking platform 50.   Harry believes Bob and Sally are
a good match and therefore instructs matching server 20
to create a match between the two users in user profile
pool 30.   Once matched, matching server 20 allows Harry
and Sally to communicate with each other.

25  In some embodiments, matching server 20 may be
configured to apply a relevance algorithm which
determines the content and order in which matching server
20 displays potential matches to user 14.   A relevance
algorithm may be based on both explicit and implicit
30  signals from user 14.   Explicit signals include
information entered by user 14 as part of its user
profile, such as height, weight, age, location, income,

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

46

and ethnicity. Explicit signals may also include information about the characteristics user 14 is seeking in a match, such as gender, hair color, eye color, or occupation. Explicit signals may also be entered by user 14 as part of a search request. For example, user 14 may request matching server 20 limit the pool of potential matches to those users within a fixed geographic region. Matching server 20 is operable to compare geographic positions associated with the plurality of user profiles in user profile pool 30 with a geographic position associated with user 14. Explicit signals may be imported from a social networking platform 50, such as the number of shared entities in a social graph of user 14. Implicit signals may be based on the behavior of user 14 either within system 100 or other social networking platforms 50. For example, if user 14 has expressed disapproval of a user profile in the past, matching server 20 may no longer present the disapproved of user profile to user 14 in future searches. In various embodiments, matching server 20 may be configured to evaluate the attractiveness of a user in user profile pool 30 through collected feedback from other users. For example, matching server 20 may rank a user profile that receives more likes as more relevant than a user profile that receives fewer likes. In particular embodiments, matching server 20 may assign a higher relevance to a user profile if the other user has previously expressed a preference for user 14. As an example, user Harry may have previously expressed a preference for user Sally. If Sally requests a set of user profiles from matching server 20, and Harry's user profile is included in the set, matching server 20 may assign Harry's user profile a

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

47

higher relevance based on his expression of preference
for Sally.   This can result in Harry's profile being
presented to Sally sooner than otherwise would have
occurred.   This may be advantageous in that it can
5   increase the chances of a match without compromising a
user's feelings of privacy when expressing preferences
for potential matches.   In some embodiments, matching
server 20 may be configured to use the fate
characteristics as a metric in the relevance algorithm.

10      In some embodiments, terminal 10 is operable to
determine its own geographic location by a global
positioning satellite navigational system.   Terminal 10
may also determine its own geographic location using
cellphone-based triangulation techniques, Wi-Fi based
15   positioning system, Global Positioning Satellite (GPS)
system, or network addresses assigned by a service
provider.

    FIGURE 6 shows one embodiment of system 100
displaying to a user the profile information of a second
20   user.   Matching server 20 may be configured to search
through its plurality of profiles and present suggested
matches to user 14.   In FIGURE 6, one embodiment of this
presentation is depicted as occurring through the display
of terminal 10.   In this embodiment, a plurality of user
25   profiles is presented to user 14.   Using terminal 10,
user 14 may request that matching server 20 present a
subset of users from user profile pool 30 based on
specified search parameters.   The display may show an
image of a suggested user and one or more aspects of the
30   suggested user's profile information.   In some
embodiments, the combination of image and one or more
aspects of profile information is displayed as "card" 88

ATTORNEY'S DOCKET                                PATENT APPLICATION
076533.0146

48

representing the suggested user.  A set of suggested
users may be displayed as stack of cards 88.  User 14 may
view information regarding one suggested user at a time
or more than one of the suggested users at a time.  User

5   14 may be presented with a summary of information
regarding a suggested user.  The summary may include one
or more of: a picture, an icon, name, location
information, gender, physical attributes, hobbies, or
other profile information.

10       In some embodiments, terminal 10 may also display
"information" button 84 which allows user 14 to request
matching server 20 to retrieve and display more
information about the presented user from user profile
pool 30.  In addition, user 14 may express approval or

15   disapproval for a presented user.  Expressing approval or
disapproval can be accomplished through various methods.
For example, terminal 10 may display "like" button 86
(represented by a green heart icon) and "dislike" button
82 (represented by a red "X" icon).  Pressing like button

20   86 indicates to matching server 20 that user 14 approves
of and is interested in communication with the presented
user.  Pressing dislike button 82 indicates that user 14
disapproves of and does not want to communicate with the
presented user.  The approval preference of user 14 is

25   anonymous in that matching server 20 does not inform
users 14 whether other users have expressed approval or
disapproval for them.

As an example, consider two registered users, Harry
and Sally, both of whom have profiles stored in matching

30   server 20.  Harry is at a restaurant and requests
matching server 20 to present him users within a one-mile
radius of his location.  Matching server 20 compares a

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

49

geographic position associated with Sally with a geographic position associated with Harry. If Sally is currently within the one-mile radius of Harry and matching server 20 determines her profile information matches Harry's preferences, matching server 20 will present Harry one or more aspects of Sally's profile information. If other users also meet the search criteria, matching server 20 will present one or more aspects of those users' profile information as well. Harry may request more information about Sally by pressing information button 84. Harry may also indicate his preference to communicate directly with Sally by selecting like button 86. In another example, Harry may expand his search to a twenty-five mile radius to meet people in his town, not just his immediate vicinity.

FIGURES 7 and 8 are diagrams of embodiments of the display from FIGURE 6 showing the effect of a left swipe gesture (FIGURE 7) and the effect of a right swipe gesture (FIGURE 8). In one embodiment, users 14 may navigate through the set of presented users by swiping through stack of cards 88. Users 14 may also express approval of a presented user by performing a right swipe gesture or express disapproval by performing a left swipe gesture. In some embodiments, user 14 performs a swiping gesture by moving a finger or other suitable object across a screen of terminal 10. Other suitable gestures or manners of interacting with terminal 10 may be used (e.g., tapping on portions of a screen of terminal 10).

In some embodiments, matching server 20 creates a match between two users 14 after both users 14 have expressed a preference for each other's profiles using like button 86 or the swiping gesture associated with

ATTORNEY'S DOCKET                    PATENT APPLICATION
076533.0146

50

like button 86.  When matching server 20 creates a match,
it may also provide the matched users with the ability to
contact each other through a contact button.  In some
embodiments, when a match is created, matching server 20
5    may immediately (or soon thereafter) present an option to
users 14 that have been matched to engage in a
communication session (e.g., a chat, an SMS message, an
e-mail, a telephone call, a voice communication session,
a video communication session).  This may be done in
10   response to a first user 14 expressing a preference for a
second user 14 that has already expressed a preference
for the first user 14.

FIGURE 9 shows one embodiment of matching system 100
displaying a match of a first user and a second user, in
15   accordance with a particular embodiment.  Matching server
20 may provide first user 14 and second user 14 with each
other's contact information such as a telephone number or
an e-mail address. Matching server 20 may also provide
both first and second users 14 with a way to directly
20   contact the other, such as sending a message or providing
voice or video communication between the first and second
user.  In some embodiments, direct communication may be
initiated by pressing "Send a Message" button 92.
Alternatively, a user may choose to continue browsing the
25   set of presented users by pressing "Keep Playing" button
94.

For example, user Harry may indicate a preference to
communicate directly with user Sally by selecting like
button 86.  At this point, Sally is not aware that Harry
30   expressed a preference for her.  If Sally also requests
matching server 20 present her with a set of possible
matches, Harry may appear in her set.  Sally may select

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

51

like button 86 (or perform an associated swiping gesture)
when viewing Harry's profile.   Matching server 20 may
then notify both Harry and Sally that a match occurred.
At this point, both Harry and Sally are made aware that
5       they each expressed approval of each other's profile.
Matching server 20 then enables Harry and Sally to
directly communicate with each other (e.g., through a
private chat interface).

    In some embodiments, one advantage of a system
10      disclosing preferences of profiles to users when mutual
approval has occurred is that a user can feel more secure
in their privacy knowing that their preferences will be
disclosed to those that have expressed a preference for
that user.  As an example, a user can avoid embarrassment
15      if their expression of preference for a profile was not
reciprocated.    This may lead to users more actively
expressing their preferences.   Such increased activity
can be used by the matching system to generate more
potential matches or better rankings of potential
20      matches.  In some embodiments, matching server 20 may be
configured to allow direct communication between users
when there has been a mutual expression of preference.
This may be advantageous because users can avoid
browsing, deleting, or responding to unwanted messages.

25      FIGURE 10 is a flowchart depicting a method for
enabling communication between two users of the matching
system of FIGURE 1 based on a mutual expression of
approval, in accordance with a particular embodiment.

    At step 1002, in some embodiments, matching server
30      20 generates a set of user profiles in response to a
request for matching from a first user 14.  At step 1004,
matching server 20 presents the set of user profiles to

ATTORNEY'S DOCKET
076533.0146                          PATENT APPLICATION

52

first user 14.    Matching server 20 determines the
contents and ordering of the set of users profiles by
using, e.g., the relevance algorithms described above in
the discussion of FIGURE 4.  For example, matching server
20 may only include user profiles whose contents indicate
location within a specified geographical radius and order
the presentation of those user profiles based on the
number of mutual friends in common with first user 14.

At step 1006, in some embodiments, matching server
20 receives an indication of the preference of first user
14 regarding a presented user profile.  Matching server
20 determines if first user 14 expresses approval or
disapproval of the presented user profile at step 1008.
If first user 14 disapproves of the presented user
profile then a match is not made and, at step 1016,
matching server 20 will not allow communication between
the two users.  If first user 14 expresses approval for
the presented user profile at step 1008, then matching
server 20 will check if second user 14 represented by the
presented user profile has already expressed a preference
for first user 14 at step 1010.  If matching server 20
detects a mutual expression of approval then a match is
made between first and second users 14.  Then, at step
1012, matching server 20 allows private communications
between first and second users 14.  If a mutual
expression of approval is not detected at step 1010, then
matching server 20 stores the preference of first user 14
regarding the presented user profile for future
comparison and continues to step 1016 where private
communications are not yet allowed.

FIGURE 11 is a flowchart depicting a method for
enabling communication between two users of the matching

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

53

system of FIGURE 1 based on a matching proposal suggested
by a user, in accordance with a particular embodiment.
At step 1102, matching server 20 receives interactions
from first user 14.   Interactions from first user 14 may
include identification of user profiles for two other
users 14.   For example, Harry is connected to both Bob
and Sally within social networking platform 50.   Harry
believes Bob and Sally are a good match for each other
and generates a matching proposal requesting matching
server 20 to create a match between Bob and Sally.

At step 1104, in some embodiments, matching server
20 validates the suggested matching proposal between
second and third users 14.   For example, matching server
20 verifies that Bob's profile indicates that he wants to
be matched with a woman, and Sally's profile indicates
that she wants to be matched with a man.   Matching server
20 may also verify that Sally has not previously
expressed disapproval for Bob.   If matching server 20
determines the suggested matching proposal is valid,
matching server 20 creates the match and allows
communication between the users 14 suggested to be
matched at step 1106.   If matching server 20 determines
the suggested matching proposal is not valid, matching
server 20 does not create a match and does not allow
communication between second and third users 14 at step
1108.   In some embodiments, step 1104 may not be
performed.   For example, if a matching proposal is
suggested, then matching server 20 may perform step 1106
with respect to the users suggested to be matched.

FIGURES 12A-D depict embodiments of a user
interface.   In some embodiments, the interface allows
user 14 of terminal 10 to enable communication between

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

54

other users 14 by suggesting a matching proposal to
matching server 20.

     FIGURE 12A illustrates one embodiment of an
interface for proposing a match between two users. The
5    interface is divided into three sections: connection list
area 1202, search area 1204, and suggestion area 1206.
Connection list area 1202 displays a set of connections
user 14 has with other users of, e.g., system 100 of
FIGURE 1. Connections may be based on prior matches
10   created by matching server 20. Connections may also be
imported from another social networking platform 50.
Search area 1204 enables user 14 to search for particular
connections within system 100. In some embodiments, the
search may be limited to just the connections displayed
15   in connection list area 1202. Suggestion area 1206
displays the connections that user 14 may use to form a
suggested match.

     FIGURE 12B illustrates suggestion area 1206
displaying a first selected user (i.e., "Jonathan Smith")
20   of a proposed match between two users. User 14
identifies the first selected user through a set of
interactions with connection list area 1202, search area
1204, and suggestion area 1206. For example, user 14 may
locate a connection in connection list area 1202 by
25   typing a user handle in search area 1204. User 14 may
then add the connection to suggestion area 1206. In some
embodiments, user 14 may drag the connection from
connection list area 1202 to suggestion area 1206.

     FIGURE 12C illustrates suggestion area 1206
30   displaying a proposed match between two suggested users
(i.e., "Jonathan Smith" and "Mary Major"). For example,
user 14 may locate a second connection in connect list

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

55

area 1202 that user 14 believes is a match for the first
connection.   User 14 may add the second connection to
suggestion area 1206.   When both connections are added to
suggestion area 1206, matching server 20 may create a
match between the two users and allow communication
between them.

FIGURE 12D illustrates an example communication
interface between users of the matching system.   User 14
is presented with chat box 1208 for each of the matches
that exist for user 14.   Users 14 may communicate with
each other through chat box 1208.   In some embodiments,
users 14 may communicate through SMS messages, e-mail,
telephone calls, online voice communication sessions,
and/or video communication sessions.

Modifications, additions, or omissions may be made
to the methods described herein (such as those described
above with respect to FIGURES 5, 10 and 11) without
departing from the scope of the disclosure.   For example,
the steps may be combined, modified, or deleted where
appropriate, and additional steps may be added.
Additionally, the steps may be performed in any suitable
order without departing from the scope of the present
disclosure.

Although several embodiments have been illustrated
and described in detail, it will be recognized that
substitutions and alterations are possible without
departing from the spirit and scope of the appended
claims.

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

56

WHAT IS CLAIMED IS:

1.    A method for profile matching, comprising:
receiving a plurality of user profiles, each user
5    profile comprising traits of a respective user;
receiving a preference indication for a first user
profile of the plurality of user profiles;
determining a potential match user profile of the
plurality of user profiles based on the preference
10   indication for the first user profile; and
presenting the potential match user profile to a
second user.

2.    The method of Claim 1, wherein receiving a
15   preference indication for a first user profile comprises
receiving from a third user a recommendation of the first
user profile for the second user.

3.    The method of Claim 1, wherein receiving a
20   preference indication for a first user profile comprises
receiving from the second user a preference indication
for the first user profile.

4.    The method of Claim 1, further comprising
25   prompting a user to submit a preference indication for
the first user profile.

5.    The method of Claim 1, wherein receiving a
preference indication for a first user profile comprises
30   receiving from the second user a request for
communication with a first user associated with the first
user profile.

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

57

6.    The method of Claim 1, further comprising:
determining a score of a third user profile of the plurality of user profiles as a potential match for the second user; and
altering the score of the third user profile based on the preference indication for the first user profile.

7.    The method of Claim 1, wherein determining a potential match user profile based on the preference indication for the first user profile comprises determining a potential match user profile based on identified commonality between the potential match user profile and the first user profile.

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

58

8.   A method for profile matching, comprising:

receiving a plurality of user profiles, each user profile comprising traits of a respective user;

receiving a request for matches from a first user, the first user associated with a first user profile;

scoring the plurality of user profiles for potential matching with the first user based on comparisons of the plurality of user profiles with the first user profile;

identifying a second user profile of the plurality of user profiles as a potential match for the first user based on the scoring;

identifying commonality between a third user profile of the plurality of user profiles and the second user profile; and

presenting to the first user the third user profile as a potential match for the first user.

9.   The method of Claim 8, wherein scoring the plurality of user profiles for potential matching with the first user based on comparisons of the plurality of user profiles with the first user profile comprises:

generating readability scores for each of the plurality of user profiles and the first user profile; and

comparing the readability scores for each of the plurality of user profiles with the readability score for the first user profile.

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

59

    10.   The method of Claim 8, wherein scoring the plurality of user profiles for potential matching with the first user based on a comparison of the plurality of user profiles with the first user profile comprises scoring based on fate characteristics based on comparisons of the plurality of user profiles with the first user profile.

    11.   The method of Claim 8, wherein scoring the plurality of user profiles for potential matching with the first user based on comparisons of the plurality of user profiles with the first user profile comprises:

    generating scores based on comparisons of the plurality of user profiles with a plurality of user preferences of the first user profile; and

    reducing a scoring impact of a difference between at least one user preference of the plurality of user preferences of the first user profile and a user profile of the plurality of user profiles based on an age preference.

ATTORNEY'S DOCKET                          PATENT APPLICATION
076533.0146

60

12.    The   method   of   Claim   8,   wherein   scoring   the
plurality of user profiles for potential matching with
the first user based on comparisons of the plurality of
user profiles with the first user profile comprises:

generating   scores   based   on   comparisons   of   the
plurality of user profiles with a plurality of user
preferences of the first user profile; and

reducing a scoring impact of a difference between at
least   one   user   preference   of   the   plurality   of   user
preferences of the first user profile and a user profile
of the plurality of user profiles based on a location
preference.

13.    The   method   of   Claim   8,   wherein   scoring   the
plurality of user profiles for potential matching with
the first user based on comparisons of the plurality of
user profiles with the first user profile comprises:

generating a score of a fourth user profile of
the plurality of user profiles for potential matching
with the first user based on a comparison of the fourth
user profile with the first user profile; and

modifying the score of the fourth user profile
for   potential   matching   with   the   first   user   based   on
receiving selections of the fourth user profile.

14.    The   method   of   Claim   8,   wherein   scoring   the
plurality of user profiles for potential matching with
the   first   user   comprises   determining   an   attractiveness
rating of at least one user profile of the plurality of
user   profiles   by   at   least   analyzing   a   frequency   of
selections of the at least one user profile.

ATTORNEY'S DOCKET
076533.0146

61

15.   A system for profile matching, comprising:

an interface operable to:

receive a plurality of user profiles, each user profile comprising traits of a respective user; and

receive a preference indication for a first user profile of the plurality of user profiles;

a processor coupled to the interface and operable to determine a potential match user profile of the plurality of user profiles based on the preference indication for the first user profile; and

the interface further operable to present the potential match user profile to a second user.

16.   The system of Claim 15, wherein an interface operable to receive a preference indication for a first user profile comprises an interface operable to receive from a third user a recommendation of the first user profile for the second user.

17.   The system of Claim 15, wherein an interface operable to receive a preference indication for a first user profile comprises an interface operable to receive from the second user a preference indication for the first user profile.

18.   The system of Claim 15, wherein the processor is further operable to prompt a user to submit a preference indication for the first user profile.

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

62

19.   The system of Claim 15, wherein an interface operable to receive a preference indication for a first user profile comprises an interface operable to receive from the second user a request for communication with a first user associated with the first user profile.

20.   The system of Claim 15, wherein the processor is further operable to:

determine a score of a third user profile of the plurality of user profiles as a potential match for the second user; and

alter the score of the third user profile based on the preference indication for the first user profile.

21.   The system of Claim 15, wherein a processor operable to determine a potential match user profile based on the preference indication for the first user profile comprises a processor operable to determine a potential match user profile based on identified commonality between the potential match user profile and the first user profile.

ATTORNEY'S DOCKET                              PATENT APPLICATION
076533.0146

63

22.   A system for profile matching, comprising:

an interface operable to:

receive a plurality of user profiles, each user profile comprising traits of a respective user; and

5      receive a request for matches from a first user, the first user associated with a first user profile;

a processor coupled to the interface and operable to:

10     score the plurality of user profiles for potential matching with the first user based on comparisons of the plurality of user profiles with the first user profile;

identify a second user profile of the plurality 15 of user profiles as a potential match for the first user based on the scoring; and

identify commonality between a third user profile of the plurality of user profiles and the second user profile; and

20     the interface further operable to present to the first user the third user profile as a potential match for the first user.

ATTORNEY'S DOCKET
076533.0146

PATENT APPLICATION

64

## MATCHING PROCESS SYSTEM AND METHOD

ABSTRACT

A method for profile matching includes receiving a
5    plurality of user profiles, each user profile comprising
traits of a respective user. The method includes
receiving a preference indication for a first user
profile of the plurality of user profiles. The method
also includes determining a potential match user profile
10   of the plurality of user profiles based on the preference
indication for the first user profile. The method also
includes presenting the potential match user profile to a
second user.

Title: Matching Process System and
Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*1/11*



*FIG. 1A*



*FIG. 1B*

*FIG. 1C*

Title: Matching Process System and
        Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*2/11*

| NAME | PROPERTY 1 | PROPERTY 2 | o o o |
|------|-----------|-----------|-------|
| Jane Doe — 30a | | | |
| Jane Roe — 30b | | | |
| Jane Boe — 30c | | | o o o |
| Jane Loe — 30d | | | |
| Jane Snoe — 30e | | | |

30 ← (bracket)   26a

*FIG. 1D*



SEARCH RESULTS

1. Jane Doe — 31a  [View] — 33   [♡] — 34
2. Jane Roe — 31b  [View] — 33   [♡] — 34
3. Jane Boe — 31c  [View] — 33   [♡] — 34

[See More]

31   12

*FIG. 1E*



Jane Doe
[Contact] — 35
[✕] — 36

Born: 10/01/75
Hometown: Dallas, TX
Likes: Chocolate, rollerblading
Dislikes: Body odor, arrogance, football

12

*FIG. 1F*

Title: Matching Process System and
Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*3/11*



*FIG. 2*



*FIG. 3*

Title: Matching Process System and
       Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*4/11*



**FIG. 4**



**FIG. 5**

Title: Matching Process System and
Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*5/11*



FIG. 6

FIG. 7

FIG. 8

FIG. 9

Title: Matching Process System and
Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*6/11*



*FIG. 10*

Title: Matching Process System and
Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*7/11*



*FIG. 11*

Title: Matching Process System and
Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*8/11*



*FIG. 12A*

Title: Matching Process System and
Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*9/11*



*FIG. 12B*

Title: Matching Process System and
        Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*10/11*



*FIG. 12C*

Title: Matching Process System and
          Method
Inventors: Sean Rad et al.
Atty. Dkt. No. 076533.0150

*11/11*



*FIG. 12D*

ATTORNEY'S DOCKET                                    PATENT APPLICATION
076533.0150

1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| First Named Inventor: | Sean Rad et al. |
| Filed: | Herewith |
| Group Art Unit: | Unknown |
| Confirmation No. | Unknown |
| Examiner: | Unknown |
| Title: | ***Matching Process System and Method*** |

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

### **Preliminary Amendment**

Prior to the initial review of this non-provisional utility continuation patent application entitled "Matching Process System and Method" by Sean Rad, et al., please amend the application as follows.

ATTORNEY'S DOCKET                                        PATENT APPLICATION
076533.0150

2

IN THE SPECIFICATION

Please replace the RELATED APPLICATIONS section with the following section:

RELATED APPLICATIONS

~~This application is a continuation-in-part of Serial No. 12/339,301, entitled "MATCHING PROCESS SYSTEM AND METHOD," Attorney's Docket 076533.0130 filed December 19, 2008.~~

~~This application claims benefit under 35 U.S.C. § 119(e) to U.S. Provisional Application Serial No. 61/793,866, entitled "SOCIAL MATCHING SYSTEM AND METHOD," Attorney's Docket 076533.0146, filed March 15, 2013.~~

This application is a continuation application of U.S. Patent Application No. 14/059,192, entitled "MATCHING PROCESS SYSTEM AND METHOD," Attorney's Docket 076533.0146, filed October 21, 2013, currently pending; which (a) is a continuation-in-part of U.S. Patent Application No. 12/339,301, entitled "MATCHING PROCESS SYSTEM AND METHOD," Attorney's Docket No. 076533.0130, filed December 19, 2008, now U.S. Patent No. 8,566,327, issued October 22, 2013; and (b) claims benefit under 35 U.S.C. § 119(e) to U.S. Provisional Application Serial No. 61/793,866, entitled "SOCIAL MATCHING SYSTEM AND METHOD," Attorney's Docket No. 076533.0146, filed March 15, 2013.

ATTORNEY'S DOCKET                                    PATENT APPLICATION
076533.0150

3

IN THE CLAIMS

Claims 1-43 (Cancelled)

44.      (New)  A method of navigating a user interface, comprising:

presenting, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detecting a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a preference indication associated with the first item of information;

storing the preference indication associated with the first item of information in response to detecting the gesture;

automatically presenting, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically removing the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

45.      (New)   The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

46.      (New)  The method of Claim 44, wherein detecting the gesture associated with the graphical representation of the first item of information comprises detecting a swiping direction associated with the gesture, the swiping direction indicating approval of the first item of information.

47.      (New)   The method of Claim 44, wherein presenting the graphical representation of the first item of information of the plurality of items of information comprises presenting the first item of information as a first card of a stack of cards.

ATTORNEY'S DOCKET
076533.0150

PATENT APPLICATION

4

48.     (New)  The method of Claim 44, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

PATENT APPLICATION

5

49.     (New)  A system, comprising:

an interface operable to:

present a graphical representation of a first item of information of a plurality of items of information;

a processor coupled to the interface and operable to:

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a preference indication associated with the first item of information;

store the preference indication associated with the first item of information in response to detecting the gesture; and

the interface further operable to:

automatically present a graphical representation of a second item of information of the plurality of items of information in response to the processor detecting the gesture; and

automatically remove the graphical representation of the first item of information in response to detecting the gesture.

50.     (New)  The system of Claim 49, wherein the processor is further operable to:

detect a swiping direction associated with the gesture; and

determine that the swiping direction indicates approval of the first item of information.

51.     (New)  The system of Claim 49, wherein the interface is further operable to present the first item of information as a first card of a stack of cards.

52.     (New)  The system of Claim 49, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET                                    PATENT APPLICATION
076533.0150

6

53.    (New)  The system of Claim 49, wherein the interface is further operable to present user interface controls such that all user interface controls configured to cause another item of information of the plurality of items of information to be displayed are associated with performing an action on the first item of information.

PATENT APPLICATION

7

54. (New)  At least one non-transitory computer-readable medium comprising a plurality of instructions that, when executed by at least one processor, are configured to:

present, on a graphical user interface, a graphical representation of a first item of information of a plurality of items of information;

detect a gesture associated with the graphical representation of the first item of information, the gesture corresponding to a preference indication associated with the first item of information;

store the preference indication associated with the first item of information in response to detecting the gesture;

automatically present, on the graphical user interface, a graphical representation of a second item of information of the plurality of items of information in response to detecting the gesture; and

automatically remove the graphical representation of the first item of information from the graphical user interface in response to detecting the gesture.

55. (New)  The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are further configured to:

detect a swiping direction associated with the gesture; and

determine that the swiping direction indicates approval of the first item of information.

56. (New)  The at least one non-transitory computer-readable medium of Claim 54, wherein the plurality of instructions are configured to present the first item of information as a first card of a stack of cards.

57. (New)  The at least one non-transitory computer-readable medium of Claim 54, wherein:

the first item of information comprises a first user profile;

the second item of information comprises a second user profile; and

the preference indication associated with the first item of information comprises an expression of approval for a user associated with the first user profile.

ATTORNEY'S DOCKET                                    PATENT APPLICATION
076533.0150
                                    8

     58.     (New)  The at least one non-transitory computer-readable medium of Claim
54, wherein the plurality of instructions are further configured to present user interface
controls such that all user interface controls configured to cause another item of information
of the plurality of items of information to be displayed are associated with performing an
action on the first item of information.

ATTORNEY'S DOCKET                                          PATENT APPLICATION
076533.0150

9

## REMARKS

Entry of this Amendment is respectfully requested.

If the Examiner feels that a telephone conference or an interview would advance prosecution of this Application in any manner, the undersigned attorney for Applicants stands ready to conduct such a conference at the convenience of the Examiner.

Although Applicants believe no fee is due, the Commissioner is hereby authorized to charge any required fee or credit any overpayment to Deposit Account No. 02-0384 of Baker Botts L.L.P.

Respectfully submitted,

BAKER BOTTS L.L.P.
Attorneys for Applicants

Roshan S. Mansinghani
Reg. No. 62,429

Date:  February 5, 2016

**Correspondence Address:**

**Customer No:      05073**

ATTORNEY DOCKET NO.                                          PATENT APPLICATION
076533.0150

1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:          Sean Rad et al.

Filed:                        Herewith

Title:                        *Matching Process System and Method*

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

<b><u>INFORMATION DISCLOSURE STATEMENT</u></b>

    Applicants respectfully request, pursuant to 37 C.F.R. §§ 1.56, 1.97 and 1.98, that the references listed on the attached PTO-1449 form, and previously cited in U.S. Application Serial No. 12/339,301 filed December 19, 2008 by Applicants, and entitled "*Matching Process System and Method*," be considered and cited in the examination of the above-identified continuation patent application.  Pursuant to 37 C.F.R. § 1.98(d), copies of these references are not being furnished.  Furthermore, pursuant to 37 C.F.R. § 1.97(h), no representation is made that these references qualify as prior art or that these references are material to the patentability of the present application.

    Pursuant to 37 C.F.R. § 1.97(b), Applicants believe no fee is currently due.  However, if a fee is required, the Commissioner is hereby authorized to charge any necessary fees and credit any overpayments to Deposit Account No. 02-0384 of Baker Botts L.L.P.

Respectfully submitted,
BAKER BOTTS L.L.P.
Attorneys for Applicants

Roshan S. Mansinghani
Registration No. 62,429

Dated: February 5, 2016

Customer Number **05073**