# **EXHIBIT H**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/944,542 | 02/12/2019 | 10203854 | 083523.0121 | 3585 |

5073        7590        01/23/2019

BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Sean Rad, Los Angeles, CA;
Match Group, LLC, Dallas, TX;
Todd M. Carrico, Sachse, TX;
Kenneth B. Hoskins, Plano, TX;
James C. Stone, Addison, TX;
Jonathan Badeen, North Hollywood, CA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

| By mail, send to: | Mail Stop ISSUE FEE | By fax, send to: | (571)-273-2885 |
|---|---|---|---|
| | Commissioner for Patents | | |
| | P.O. Box 1450 | | |
| | Alexandria, Virginia 22313-1450 | | |

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

5073      7590      11/06/2018

BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

| | |
|---|---|
| | (Typed or printed name) |
| | (Signature) |
| | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 | 3585 |

TITLE OF INVENTION: Matching Process System and Method

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 02/06/2019 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHOI, YUK TING | 2153 | 707-005000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

**2.** For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 **Baker Botts L.L.P.**
2 _____
3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

| (A) NAME OF ASSIGNEE | (B) RESIDENCE: (CITY and STATE OR COUNTRY) |
|---|---|
| **Match Group, LLC** | **Dallas, Texas** |

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☒ Issue Fee   ☐ Publication Fee (if required)   ☐ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☐ Electronic Payment via EFS-Web   ☐ Enclosed check   ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. **02-0384**

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

| Authorized Signature | /Chad C. Walters/ | Date | **December 21, 2018** |
|---|---|---|---|
| Typed or printed name | **Chad C. Walters** | Registration No. | **48,022** |

PTOL-85 Part B (08-18) Approved for use through 01/31/2020      OMB 0651-0033      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

ATTORNEY DOCKET NO.                           PATENT APPLICATION
083523.0121                                               15/944,542

1

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Sean Rad et al. |
| Serial No.: | 15/944,542 |
| Filed: | April 3, 2018 |
| Group No.: | 2153 |
| Examiner: | Yuk Ting Choi |
| Notice of Allowance Mailed: | November 6, 2018 |
| Confirmation No.: | 3585 |
| Title: | MATCHING PROCESS SYSTEM AND METHOD |

**Mail Stop Issue Fee**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA   22313-1450

Dear Sir:

## RESPONSE TO REASONS FOR ALLOWANCE

      Applicant appreciates the Examiner's allowance of Claims 1, 2, 5, 7, 8, 11, 13, 14, 17, 19, 20 and 23.  Pursuant to 37 C.F.R. § 1.104, Applicant respectfully issues a statement commenting on the Examiner's reasons for allowance.  Applicant respectfully disagrees with the Examiner's reasons for allowance to the extent that they are inconsistent with applicable case law, statutes, and regulations.  Furthermore, Applicant does not admit to any characterization or limitation of the claims or to any characterization of a reference by the Examiner, particularly any that are inconsistent with the language of the claims considered in their entirety and including all of their constituent limitations.

                                      Respectfully submitted,
                                      BAKER BOTTS L.L.P.
                                      Attorneys for Applicant

                                      /Chad C. Walters/

                                      Chad C. Walters
                                      Registration No. 48,022

Date:  December 21, 2018
**CUSTOMER NO. 05073**

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15944542 |
| **Filing Date:** | 03-Apr-2018 |
| **Title of Invention:** | Matching Process System and Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Filer:** | Chad Christian Walters/Karen Langford |
| **Attorney Docket Number:** | 083523.0121 |

Filed as Large Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 1501 | 1 | 1000 | 1000 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **1000** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 34670951 |
| **Application Number:** | 15944542 |
| **International Application Number:** | |
| **Confirmation Number:** | 3585 |
| **Title of Invention:** | Matching Process System and Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Chad Christian Walters/Karen Langford |
| **Filer Authorized By:** | Chad Christian Walters |
| **Attorney Docket Number:** | 083523.0121 |
| **Receipt Date:** | 21-DEC-2018 |
| **Filing Date:** | 03-APR-2018 |
| **Time Stamp:** | 12:53:44 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $1000 |
| RAM confirmation Number | 122118INTEFSW00014442020384 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | 121if.pdf | 112241 <br><br> 0b8492463dd2c61a3bd6387dbfc9e431ac5 5e15b | no | 1 |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| 2 | Post Allowance Communication - Incoming | 121comments.pdf | 102618 <br><br> 325d42cb93b530fc0d0256478c149fce14a1 1eb1 | no | 1 |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| 3 | Fee Worksheet (SB06) | fee-info.pdf | 29985 <br><br> 1c6ed4fb58c6d028d7a1f8b28b0a21657689 e3433 | no | 2 |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 244844 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

5073        7590        11/06/2018

BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980

| EXAMINER |
| --- |
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2153 | |

DATE MAILED: 11/06/2018

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 | 3585 |

TITLE OF INVENTION: Matching Process System and Method

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 02/06/2019 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. <u>PROSECUTION ON THE MERITS IS CLOSED.</u>  THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.  SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u>  SEE 35 U.S.C. 151.  THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.  IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to:    Mail Stop ISSUE FEE
                     Commissioner for Patents
                     P.O. Box 1450
                     Alexandria, Virginia 22313-1450

By fax, send to:    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

5073          7590          11/06/2018
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 | 3585 |

TITLE OF INVENTION: Matching Process System and Method

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 02/06/2019 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHOI, YUK TING | 2153 | 707-005000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

4a. Fees submitted:  ☐ Issue Fee   ☐ Publication Fee (if required)   ☐ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☐ Electronic Payment via EFS-Web   ☐ Enclosed check   ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status**  (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____          Date _____

Typed or printed name _____          Registration No. _____

Page 2 of 3

PTOL-85 Part B (08-18) Approved for use through 01/31/2020          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 | 3585 |

5073        7590        11/06/2018

BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

DATE MAILED: 11/06/2018

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b) (2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No.<br>15/944,542 | Applicant(s)<br>Rad et al. | |
|---|---|---|---|
| | Examiner<br>YUK TING CHOI | Art Unit<br>2153 | AIA Status<br>No |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to 10/02/2018.
   - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are 1-2,5,7-8,11,13-14,17,19-20 and 23 . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐All     b) ☐ Some     *c) ☐ None of the:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
       * Certified copies not received: _____ .

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
   **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
   - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☑ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date 08/07/2018.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____ .
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____ .

5. ☐ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/YUK TING CHOI/
Primary Examiner, Art Unit 2153

## DETAILED OFFICE

### *Response to Amendment*

1.      This office action is in response to applicant's communication filed on 10/02/2018 in response to PTO Office Action mailed on 08/08/2018.  The Applicant's remarks and amendments to the claims and/or the specification were considered with the results as follows.

2.      In response to the last Office Action, claims 1, 7, 13, 19 have been amended.  Claims 3, 4, 6, 9, 10, 12, 15, 16, 18, 21, 22 and 24 are canceled. As a result, claims 1, 2, 5, 7, 8, 11, 13, 14, 17, 19, 20 and 23 are pending in this office action.

3.      The Terminal Disclaimer, which filed on 10/03/2018 has been considered and approved. Therefore, the Double Patenting rejections have been withdrawn.

4.      The 35 USC 101 rejections have been withdrawn due to the amendment filed on 10/02/2018.

5.      The 35 USC 103 rejections have been withdrawn due to the amendment filed on 10/02/2018.


### *Reasons for Allowance*

6.      The following is an examiner's statement of reasons for allowance:

        The closest prior art fails to anticipate or render obvious the recited features of:  the first user indicates a first positive preference associated with the graphical representation of the second user on the graphic user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface, wherein the first gesture comprises a first swiping gesture; allow the first user to communicate with the second user in response to the first electronic device of the first user transmitting the first positive preference indication regarding the second user and a second user expressing a positive preference regarding the first user; transmit from the first electronic device of the first user a first negative

preference indication associated with a graphical representation of a third potential match on the

graphical user interface, the first negative preference indication associated with a second

gesture performed on the graphical user interface, the third potential match corresponding to a

third user, wherein the second gesture comprises a second swiping gesture different than the

first swiping gesture, as recited in independent claims 1, 7, 13 and 19.

These features, together with the other limitations of the independent claims are novel

and non-obvious over the prior art of record.  The dependent claims 2, 5, 8, 11, 14, 17, 20 and

23 are being definite, enabled by the specification, and further limiting to the independent claim,

are also allowable.

7.     Any comments considered necessary by applicant must be submitted no later than the

payment of the issue fee and, to avoid processing delays, should preferably accompany the

issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons

for Allowance."

### *Contact Information*

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to YUK TING CHOI whose telephone number is (571)270-1637.  The

examiner can normally be reached on Monday-Friday 9am-6pm.

Examiner interviews are available via telephone, in-person, and video conferencing

using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is

encouraged to use the USPTO Automated Interview Request (AIR) at

http://www.uspto.gov/interviewpractice.

      If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Alford W Kindred can be reached on 5712724037.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

      Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private

PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you

would like assistance from a USPTO Customer Service Representative or access to the

automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/YUK TING CHOI/

Primary Examiner, Art Unit 2153

| **Issue Classification** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/944,542 | Rad et al. |
| | Examiner | Art Unit |
| | YUK TING CHOI | 2153 |

**CPC**

| Symbol | | | | Type | Version |
|---|---|---|---|---|---|
| G06F | / | 3 | / | 04842 | F | 2013-01-01 |
| G06F | / | 17 | / | 30554 | I | 2013-01-01 |
| G06F | / | 17 | / | 30657 | I | 2013-01-01 |
| G06Q | / | 10 | / | 10 | I | 2013-01-01 |
| G06Q | / | 30 | / | 02 | I | 2013-01-01 |
| G06Q | / | 50 | / | 10 | I | 2013-01-01 |
| G06Q | / | 50 | / | 01 | I | 2013-01-01 |
| G06F | / | 3 | / | 0482 | I | 2013-01-01 |
| G06F | / | 3 | / | 0488 | I | 2013-01-01 |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 12 | |
| /YUK TING CHOI/ Primary Examiner, Art Unit 2153 | 22 October 2018 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 6-9 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/944,542 | Rad et al. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2153 |

| INTERNATIONAL CLASSIFICATION | | |
|---|---|---|
| **CLAIMED** | | |
| G06F | 17 | 30 |

| NON-CLAIMED | | |
|---|---|---|
| | | |

| US ORIGINAL CLASSIFICATION | |
|---|---|
| **CLASS** | **SUBCLASS** |
| | |

| CROSS REFERENCES(S) | | | | | | |
|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | |
| | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 12 | |
| /YUK TING CHOI/ | 22 October 2018 | O.G. Print Claim(s) | O.G. Print Figure |
| Primary Examiner, Art Unit 2153 | | | |
| (Primary Examiner) | (Date) | 1 | 6-9 |

U.S. Patent and Trademark Office

Part of Paper No.: 20181022

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/944,542 | Rad et al. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2153 |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☑ T.D.   ☐ R.1.47

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | | 10 | 10 | 19 | | | | | | | | | | |
| 2 | 2 | 6 | 11 | 11 | 20 | | | | | | | | | | |
| | 3 | | 12 | | 21 | | | | | | | | | | |
| | 4 | 7 | 13 | | 22 | | | | | | | | | | |
| 3 | 5 | 8 | 14 | 12 | 23 | | | | | | | | | | |
| | 6 | | 15 | | 24 | | | | | | | | | | |
| 4 | 7 | | 16 | | | | | | | | | | | | |
| 5 | 8 | 9 | 17 | | | | | | | | | | | | |
| | 9 | | 18 | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 12 | |
| /YUK TING CHOI/<br>Primary Examiner, Art Unit 2153 | 22 October 2018 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 6-9 |

U.S. Patent and Trademark Office

Part of Paper No.: 20181022

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/944,542 | Rad et al. |
| | Examiner | Art Unit |
| | YUK TING CHOI | 2153 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| G06F17/30867 OR G06F17/3053 OR G06F17/30386 | 10/22/2018 | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| G06F17/30867 OR G06F17/3053 OR G06F17/30386 and East Text search | 10/22/2018 | |
| East Text Search | 10/22/2018 | |
| Inventor and Assignee search | 10/22/2018 | |
| IDS search | 10/22/2018 | |
| NPL google search | 10/22/2018 | |
| | | |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | 6F17/30867 OR G06F17/3053 OR G06F17/30386 and East Text search | 10/22/2018 | YC |

| /YUK TING CHOI/ Primary Examiner, Art Unit 2153 | |
|---|---|
| | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L11 | 7 | ((sean near5 rad) (johnathan near5 badeen)(todd near5 carrico)(kenneth near5 hoskin) (james near5 stone)).in. and (user match$3) near10 profil$3 and swip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/10/22 13:55 |
| L9 | 1 | (allow$3 establish$3 generat$3 creat$3 initiat$3 start$3) near10 (first initial) near20 ( communica$5 chat$3 messag$3) near20 (both near10 (parties clients subscribers user$3 users) near20 (positive indication approval agreed approved allowed liked)) and swip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/10/22 13:55 |
| L7 | 4 | ((tinder ("match.com")).as. and profil$3 and swip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/10/22 13:55 |
| L5 | 20 | (swip$3 near10 direction) same (approv$3 like disappro$5 dislike) AND ( (G06F17/30867 OR G06F17/3053 OR G06F17/30386).CPC. ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/10/22 13:54 |
| L4 | 3 | match$3 near10 (profil$3) and dating and different near10 (social) near10 (network$3 platform$3) and approval near10 (user$3) and swip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/10/22 13:54 |
| L3 | 18 | match$3 near10 (profil$3) and dat$3 and different near10 (social) near10 (network$3 platform$3) and approval near10 (user$3) and swip$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/10/22 13:54 |
| S287 | 1 | "20120088524" and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 17:51 |
| S286 | 1 | "20120088524" and email | US-PGPUB; | OR | OFF | 2018/08/02 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | | | 17:51 |
| S285 | 2 | "20120088524" and social | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2018/08/02<br>17:47 |
| S284 | 1 | "20120088524" and dismiss$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2018/08/02<br>17:15 |
| S282 | 1 | "20120088524" and receiv$3 near5<br>message$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2018/08/02<br>17:01 |
| S281 | 1 | "20120088524" and send near5<br>message$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2018/08/02<br>16:54 |
| S280 | 1 | "20120088524" and send same saved | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2018/08/02<br>16:53 |
| S279 | 1 | "20120088524" and saved | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2018/08/02<br>16:46 |
| S278 | 1 | "20120088524" and dismiss$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2018/08/02<br>16:44 |
| S277 | 1 | "20120088524" and director$3 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS; EPO;<br>JPO;<br>DERWENT; | OR | OFF | 2018/08/02<br>16:43 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | IBM_TDB | | | | |
| S276 | 1 | "20120088524" and profile$3 and (dating) and criter$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:23 |
| S275 | 1 | "20120088524" and (user) near10 profile$3 and select$3 near10 criter$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:20 |
| S274 | 1 | "20120088524" and (generat$3 creat$3) near10 profile$3 and select$3 near10 criter$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:19 |
| S273 | 1 | "20120088524" and creat$3 near10 profile$3 and select$3 near10 criter$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:18 |
| S271 | 1 | "20120088524" and profile$3 and (dat$3) near10 (preference$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:14 |
| S270 | 1 | "20120088524" and profile$3 and (dat$3) and criter$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:13 |
| S268 | 1 | "20120088524" and profile$3 and (dat$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:12 |
| S267 | 1 | "20120088524" and profile$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:12 |
| S266 | 1 | "20120088524" and sav$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; | OR | OFF | 2018/08/02 16:03 |

| | | | JPO; DERWENT; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| S264 | 1 | "20120088524" and interest$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:03 |
| S263 | 1 | "20120088524" and (dismiss$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:02 |
| S262 | 8 | "9733811" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 12:30 |
| S261 | 1 | "15676773" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 12:12 |

10/22/2018 2:20:46 PM
C:\Users\cchoi\Documents\EAST\Workspaces\15944542_matching_process_system_method.wsp

Doc code: IDS

PTO/SB/08a (02-18)

Doc description: Information Disclosure Statement (IDS) Filed

Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| | Application Number | 15944542 |
| | Filing Date | 2018-04-03 |
| | First Named Inventor | RAD |
| | Art Unit | 2153 |
| | Examiner Name | Yuk Ting Choi |
| | Attorney Docket Number | 083523.0121 |

| U.S.PATENTS | | | | | |
|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | 9547369 | | 2017-01-17 | WERNICK et al. | |
| | 2 | 9720570 | | 2017-08-01 | WERNICK et al. | |

If you wish to add additional U.S. Patent citation information please click the Add button.

| U.S.PATENT APPLICATION PUBLICATIONS | | | | | |
|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

| FOREIGN PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

| NON-PATENT LITERATURE DOCUMENTS |
|---|

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /Y.C/

EFS Web 2.1.18

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 15944542 |
|---|---|---|
| | Filing Date | 2018-04-03 |
| | First Named Inventor | RAD |
| | Art Unit | 2153 |
| | Examiner Name | Yuk Ting Choi |
| | Attorney Docket Number | 083523.0121 |

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|
| | 1 | | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | /YUK TING CHOI/ | Date Considered | 10/22/2018 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /Y.C/

| | |
|---|---|
| | Application Number | 15944542 |
| **INFORMATION DISCLOSURE** | Filing Date | 2018-04-03 |
| **STATEMENT BY APPLICANT** | First Named Inventor | RAD |
| ( Not for submission under 37 CFR 1.99) | Art Unit | 2153 |
| | Examiner Name | Yuk Ting Choi |
| | Attorney Docket  Number | 083523.0121 |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☐ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒ A certification statement is not submitted herewith.

## SIGNATURE

 A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Chad C. Walters/ | Date (YYYY-MM-DD) | 2018-08-07 |
|---|---|---|---|
| Name/Print | Chad C. Walters | Registration Number | 48022 |

This collection of information is required by 37 CFR 1.97 and 1.98.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 |

**CONFIRMATION NO. 3585**

5073
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980

**POA ACCEPTANCE LETTER**

*OC000000103004813*

Date Mailed: 10/15/2018

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 10/02/2018.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/tlulu/
_____



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 |

**CONFIRMATION NO. 3585**

**PUBLICATION NOTICE**

5073
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980


*OC000000102972211*

**Title:**Matching Process System and Method

**Publication No.**US-2018-0292981-A1
**Publication Date:**10/11/2018

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

| *Application Number* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 15/944,542 | RAD ET AL. |
| | | |

| **Document Code - DISQ** | **Internal Document – DO NOT MAIL** |
|---|---|

| **TERMINAL DISCLAIMER** | ☒ APPROVED | ☐ DISAPPROVED |
|---|---|---|
| **Date Filed : 02 October, 2018** | **This patent is subject to a Terminal Disclaimer** | |

**Approved/Disapproved by:**

/CRYSTAL QUEEN/

**Technology Center:** PLRC

**Telephone:** _____

U.S. Patent and Trademark Office

ATTORNEY DOCKET NO.
083523.0121

PATENT APPLICATION
USSN 15/944,542

1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Sean RAD |
| Serial No.: | 15/944,542 |
| Filing Date: | April 3, 2018 |
| Art Unit: | 2153 |
| Confirmation No.: | 3585 |
| Examiner: | Yuk Ting Choi |
| Title: | MATCHING PROCESS SYSTEM AND METHOD |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Examiner:

## RESPONSE TO OFFICE ACTION PURSUANT TO 37 C.F.R. § 1.111

In response to the Office Action dated August 8, 2018 ("Office Action"), Applicants respectfully request the Examiner to reconsider the rejection of the claims in view of the following amendments and remarks. Please amend the Application as follows.

ATTORNEY DOCKET NO.
083523.0121

PATENT APPLICATION
USSN 15/944,542

2

IN THE CLAIMS:

This listing of claims will replace all prior versions, and listings, of claims in the application:

1.     (Currently    Amended)      A    non-transitory    computer-readable    medium comprising instructions that, when executed by a processor, are configured to:

electronically    receive    a    plurality    of    user    online-dating    profiles,    each    profile comprising traits of a respective user;

electronically    receive    a    first    request    for    matching,    the    first    request    electronically submitted by a first user using a first electronic device;

determine from the plurality of user online-dating profiles a set of potential matches for the first user;

cause the display of a graphical representation of a first potential match of the set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user;

receive from the first electronic device of the first user a first positive preference indication associated with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface, wherein the first gesture comprises a first swiping gesture;

cause the graphical user interface to display a graphical representation of a second potential match of the set of potential matches instead of the graphical representation of the first potential match;

receive from a second electronic device of the second user a positive preference indication regarding the first user;

determine to allow the first user to communicate with the second user in response to receiving from the first electronic device of the first user the first positive preference indication regarding the second user and receiving from the second electronic device of the second user the positive preference indication regarding the first user;

receive from the first electronic device of the first user a first negative preference indication   associated   with   a   graphical   representation   of   a   third   potential   match   on   the

ATTORNEY DOCKET NO.
083523.0121

PATENT APPLICATION
USSN 15/944,542

3

graphical user interface, the first negative preference indication associated with a second gesture performed on the graphical user interface, the third potential match corresponding to a third user, wherein the second gesture comprises a second swiping gesture different than the first swiping gesture;

without allowing communication between the first user and the third user, receive from the first electronic device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the graphical user interface, the second positive preference indication associated with the first gesture performed on the graphical user interface, the fourth potential match corresponding to a fourth user;

receive from a third electronic device of the fourth user a second negative preference indication associated with a graphical representation of the first user; and

without allowing communication between the first user and the fourth user, receive from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the graphical user interface, the third positive preference indication associated with the first gesture performed on the graphical user interface, the fifth potential match corresponding to a fifth user.

2.      (Original)   The medium of Claim 1, wherein at least one or more of the plurality of user on-line dating profiles is associated with a social networking platform.

3.      (Canceled)

4.      (Canceled)

ATTORNEY DOCKET NO.                                                  PATENT APPLICATION
083523.0121                                                              USSN 15/944,542

4

5.      (Original)  The medium of Claim 1, further comprising instructions configured to, in response to determining to allow the first user to communicate with the second user, cause the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the first user and the second user and presenting an option for the first user to communicate with the second user.

6.      (Canceled)

ATTORNEY DOCKET NO.
083523.0121

PATENT APPLICATION
USSN 15/944,542

5

7.      (Currently Amended)  A system for profile matching, comprising:

an interface operable to:

electronically receive a plurality of user online-dating profiles, each profile comprising traits of a respective user; and

electronically receive a first request for matching, the first request electronically submitted by a first user using a first electronic device;

a processor coupled to the interface and operable to:

determine from the plurality of user online-dating profiles a set of potential matches for the first user; and

cause the display of a graphical representation of a first potential match of the set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user;

wherein the interface is further operable to receive from the first electronic device of the first user a first positive preference indication associated with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface, wherein the first gesture comprises a first swiping gesture;

wherein the processor is further operable to cause the graphical user interface to display a graphical representation of a second potential match of the set of potential matches instead of the graphical representation of the first potential match;

wherein the interface is further operable to receive from a second electronic device of the second user a positive preference indication regarding the first user;

wherein the processor is further operable to determine to allow the first user to communicate with the second user in response to receiving from the first electronic device of the first user the first positive preference indication regarding the second user and receiving from the second electronic device of the second user the positive preference indication regarding the first user; and

wherein the interface is further operable to:

receive from the first electronic device of the first user a first negative preference indication associated with a graphical representation of a third potential match on the graphical user interface, the first negative preference indication associated with a second gesture performed on the graphical user interface, the third potential match corresponding to

ATTORNEY DOCKET NO.                                      PATENT APPLICATION
083523.0121                                              USSN 15/944,542

6

a third user, wherein the second gesture comprises a second swiping gesture different than the first swiping gesture;

without allowing communication between the first user and the third user, receive from the first electronic device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the graphical user interface, the second positive preference indication associated with the first gesture performed on the graphical user interface, the fourth potential match corresponding to a fourth user;

receive from a third electronic device of the fourth user a second negative preference indication associated with a graphical representation of the first user; and

without allowing communication between the first user and the fourth user, receive from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the graphical user interface, the third positive preference indication associated with the first gesture performed on the graphical user interface, the fifth potential match corresponding to a fifth user.

8.      (Original)   The system of Claim 7, wherein at least one or more of the plurality of user on-line dating profiles is associated with a social networking platform.

9.      (Canceled)

10.      (Canceled)

ATTORNEY DOCKET NO.                                PATENT APPLICATION
083523.0121                                              USSN 15/944,542

7

11.    (Original)  The system of Claim 7, wherein the processor is further operable to, in response to determining to allow the first user to communicate with the second user, cause the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the first user and the second user and presenting an option for the first user to communicate with the second user.

12.    (Canceled)

ATTORNEY DOCKET NO.
083523.0121

PATENT APPLICATION
USSN 15/944,542

8

13.    (Currently Amended)  A computer implemented method of profile matching, comprising:

electronically transmitting from a first electronic device of a first user a first request for matching;

causing the display of a graphical representation of a first potential match of a set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user;

wherein the set of potential matches for the first user are determined from a plurality of user online-dating profiles in response to the first request for matching;

wherein the plurality of user online-dating profiles each comprises traits of a respective user;

transmitting from the first electronic device of the first user a first positive preference indication associated with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface, wherein the first gesture comprises a first swiping gesture;

causing the display on the graphical user interface of a graphical representation of a second potential match of the set of potential matches instead of the graphical representation of the first potential match;

allowing the first user to communicate with the second user in response to the first electronic device of the first user transmitting the first positive preference indication regarding the second user and a second user expressing a positive preference regarding the first user;

transmitting from the first electronic device of the first user a first negative preference indication associated with a graphical representation of a third potential match on the graphical user interface, the first negative preference indication associated with a second gesture performed on the graphical user interface, the third potential match corresponding to a third user, wherein the second gesture comprises a second swiping gesture different than the first swiping gesture;

without allowing the first user to communicate with the third user, transmitting from the first electronic device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the graphical user interface, the

ATTORNEY DOCKET NO.                                    PATENT APPLICATION
083523.0121                                            USSN 15/944,542

9

second positive preference indication associated with the first gesture performed on the graphical user interface, the fourth potential match corresponding to a fourth user;

wherein there is a fourth user expression of a negative preference for the first user; and

without allowing communication between the first user and the fourth user, transmitting from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the graphical user interface, the third positive preference indication associated with the first gesture performed on the graphical user interface, the fifth potential match corresponding to a fifth user.

14.    (Original)   The method of Claim 13, wherein at least one or more of the plurality of user on-line dating profiles is associated with a social networking platform.

15.    (Canceled)

16.    (Canceled)

17.    (Original)   The method of Claim 13, further comprising causing the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the first user and the second user and presenting an option for the first user to communicate with the second user.

18.    (Canceled)

ATTORNEY DOCKET NO.       PATENT APPLICATION
083523.0121            USSN 15/944,542

10

19. (Currently Amended) A system for profile matching, comprising:

an interface operable to electronically transmit from a first electronic device of a first user a first request for matching;

a processor coupled to the interface and operable to cause the display of a graphical representation of a first potential match of a set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user;

wherein the set of potential matches for the first user are determined from a plurality of user online-dating profiles in response to the first request for matching;

wherein the plurality of user online-dating profiles each comprises traits of a respective user;

wherein the interface is further operable to transmit from the first electronic device of the first user a first positive preference indication associated with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface, wherein the first gesture comprises a first swiping gesture;

wherein the processor is further operable to:

cause the display on the graphical user interface of a graphical representation of a second potential match of the set of potential matches instead of the graphical representation of the first potential match; and

allow the first user to communicate with the second user in response to the first electronic device of the first user transmitting the first positive preference indication regarding the second user and a second user expressing a positive preference regarding the first user;

wherein the interface is further operable to:

transmit from the first electronic device of the first user a first negative preference indication associated with a graphical representation of a third potential match on the graphical user interface, the first negative preference indication associated with a second gesture performed on the graphical user interface, the third potential match corresponding to a third user, wherein the second gesture comprises a second swiping gesture different than the first swiping gesture; and

ATTORNEY DOCKET NO.                                    PATENT APPLICATION
083523.0121                                            USSN 15/944,542

11

without allowing the first user to communicate with the third user, transmit from the first electronic device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the graphical user interface, the second positive preference indication associated with the first gesture performed on the graphical user interface, the fourth potential match corresponding to a fourth user;

wherein there is a fourth user expression of a negative preference for the first user; and

wherein the interface is further operable to, without allowing communication between the first user and the fourth user, transmit from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the graphical user interface, the third positive preference indication associated with the first gesture performed on the graphical user interface, the fifth potential match corresponding to a fifth user.

20.      (Original)  The system of Claim 19, wherein at least one or more of the plurality of user on-line dating profiles is associated with a social networking platform.

21.      (Canceled)

22.      (Canceled)

23.      (Original)  The system of Claim 19, wherein the processor is further operable to cause the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the first user and the second user and presenting an option for the first user to communicate with the second user.

24.      (Canceled)

ATTORNEY DOCKET NO.                                    PATENT APPLICATION
083523.0121                                            USSN 15/944,542

12

## REMARKS

This Application has been carefully reviewed in light of the Office Action. Applicants appreciate the Examiner's consideration of the Application. In order to advance prosecution of this Application, Applicants have responded to each notation contained within the Office Action. Applicants amend Claims 1, 7, and 19 and cancel Claims 3-4, 6, 9-10, 12, 15-16, 18, 21-22, and 24. Applicants respectfully request reconsideration and favorable action in this case.

### Double Patenting

The Office Action rejects Claims 1-24 under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-15 of U.S. Patent No. 9,733,811. Applicants do not necessarily agree with or acquiesce to the Examiner's comments regarding the claims of the present Application or their purported relationship to the claims of the patent. Enclosed with this Response, however, is a Terminal Disclaimer in compliance with 37 C.F.R. § 1.321(c) to overcome the obviousness-type double patenting rejection. Reconsideration and withdrawal of the double patenting rejection of these claims is respectfully requested.

### Examiner Interview

Applicants appreciate the Examiner's discussion of this case on September 13, 2018 with Applicants' representative, Chad C. Walters (Reg. No. 48,022). During the interview, the Examiner and Applicants' representative discussed the 35 U.S.C. 101 rejections and the apparent 35 U.S.C. 103 rejections based on the *Moldavsky* and *Hymes* references. The Examiner and Applicants' representative discussed the inclusion of the swiping functionality of dependent Claim 3 (and other dependent claims) into the independent claims. The Examiner agreed that amendments to incorporate those elements into the independent claims would overcome both the 35 U.S.C. 101 rejections and the references considered by the Examiner.

### Section 101 Rejection

The Office Action rejects Claims 1-24 under 35 U.S.C. § 101. To advance prosecution, Applicants have amended Claims 1, 7, and 19 as discussed in the Examiner

ATTORNEY DOCKET NO.                                    PATENT APPLICATION
083523.0121                                                          USSN 15/944,542

13

Interview.  Applicants respectfully submit that the claims are allowable under 35 U.S.C. §
101.

### Section 103 Rejection

The Office Action appears to include a rejection under 35 U.S.C. 103 based on the
*Moldavsky* and *Hymes* references.  Applicants have amended Claims 1, 7, and 19 and
respectfully submit that these amended claims are allowable over these references, as agreed
by the Examiner in the Examiner Interview.  Applicants respectfully request allowance of all
pending claims.

ATTORNEY DOCKET NO.                    PATENT APPLICATION
083523.0121                                          USSN 15/944,542

14

### No Waiver

Applicants' arguments are made without prejudice or disclaimer. By not responding to additional statements contained within the Office Action, Applicants do not acquiesce to the additional statements. The distinctions between the applied references and the claims are provided as examples only and are sufficient to overcome the rejections. Applicants reserve the right to discuss additional or other distinctions in a later response or on appeal, if appropriate.

### Request for Evidentiary Support

If the Examiner is relying upon "common knowledge" or "well known" principles or "Official Notice" or other information within the Examiner's personal knowledge to establish a rejection, Applicants respectfully request that the Examiner cite a reference or provide an affidavit in support of the position in accordance with M.P.E.P. § 2144.03 and 37 C.F.R. 1.104(d)(2).

ATTORNEY DOCKET NO.                          PATENT APPLICATION
083523.0121                                  USSN 15/944,542

15

## CONCLUSION

Applicants have made an earnest attempt to place this case in condition for allowance. For at least the foregoing reasons, Applicants respectfully request full allowance of all the pending claims.

If the Examiner believes a telephone conference would advance prosecution of this case in any way, the Examiner is invited to contact Chad C. Walters, Attorney for Applicants, at the Examiner's convenience at (214) 953-6511.

Although Applicants believe no fees are due, the Commissioner is authorized to charge any necessary fees and credit any overpayments to Deposit Account No. 02-0384 of BAKER BOTTS L.L.P.

Respectfully submitted,

BAKER BOTTS L.L.P.
Attorneys for Applicants

Chad C. Walters
Reg. No. 48,022
Tel. 214.953.6511

Date: October 2, 2018

**Correspondence Address:**

Customer Number:    **05073**

38706637

PTO/AIA/80 (07-17)
Approved for use through 01/31/2018. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no person is required to respond to a collection of information unless it displays a valid OMB control number

## POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(c).

I hereby appoint:

[X] Practitioners associated with Customer Number: | 05073

OR

[ ] Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | Name | Registration Number |
|------|--------------------|------|--------------------|
|      |                    |      |                    |
|      |                    |      |                    |
|      |                    |      |                    |
|      |                    |      |                    |
|      |                    |      |                    |

As attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned <u>only</u> to the undersigned according to the USPTO assignment records or assignment documents attached to this form in accordance with 37 CFR 3.73(c).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(c) to:

[X] The address associated with Customer Number: | 05073

OR

| [ ] | Firm or individual name | | |
|-----|------------------------|--|--|
|     | Address                | | |
|     | City | State | Zip |
|     | Country | | |
|     | Telephone | Email | |

Assignee name and address: Match Group, LLC
8750 N. Central Expressway, Suite 1400
Dallas, Texas 75231

A copy of this form, together with a statement under 37 CFR 3.73(c) (form PTO/AIA/96 or equivalent) is required to be filed in each application in which this form is used. The statement under 37 CFR 3.73(c) may be completed by one of the practitioners appointed in this form, and must identify the application in which this Power of Attorney is to be filed.

### SIGNATURE of Assignee of Record
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee.

| Signature | *Laurie Braddock* | Date | September 28, 2018 |
|-----------|-------------------|------|--------------------|
| Name | Laurie Braddock | Telephone | 214-576-3236 |
| Title | Asst. Secretary | | |

This collection of information is required by 37 CFR 1.31, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public, which is to update (and by the USPTO to process) the file of a patent or reexamination proceeding. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 18 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

ATTORNEY DOCKET NO.
076533.0146

DECLARATION AND
POWER OF ATTORNEY

1 of 6

DECLARATION AND POWER OF ATTORNEY

As a below named inventor, I hereby declare:

that my residence and post office address, are as stated below next to my name;

that I believe I am the original and sole inventor (if only one name is listed below) or an original and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention, design or discovery in an application entitled MATCHING PROCESS SYSTEM AND METHOD, of which (check one):

_____ is attached hereto; or

__X__ was filed on October 21, 2013 as Application Serial No. 14/059,192 and was amended on _____ (if applicable);

that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above;

that I acknowledge the duty to disclose to the U.S. Patent and Trademark Office all information known to me to be material to patentability as defined in 37 C.F.R. §1.56; and

that I have made or authorized to be made the application for the above entitled invention, design, or discovery.

ATTORNEY DOCKET NO.                               DECLARATION AND
076533.0146                                       POWER OF ATTORNEY

I hereby appoint:


Practitioners at Customer Number   **05073**


all of the firm of BAKER BOTTS L.L.P., my attorneys with full power of substitution and revocation, to prosecute this application and to transact all business in the United States Patent and Trademark Office connected therewith, and to file and prosecute any international patent applications filed thereon before any international authorities.


Send Correspondence To:                Direct Telephone Calls To:
Chad C. Walters                        Chad C. Walters
Customer Number 05073                  at 214.953.6511


I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment of not more than five years, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

ATTORNEY DOCKET NO.
076533.0146

DECLARATION AND
POWER OF ATTORNEY

3 of 6

Title of Invention:                    Matching Process System And Method

Full name of inventor:                 Sean Rad

Inventor's signature:
Date:                                  11-9-14
Residence (City, State):               Los Angeles, California
Post Office Address:                   10430 Wilshire Blvd.
                                       Unit 1403
                                       Los Angeles, California 90024

ATTORNEY DOCKET NO.                          DECLARATION AND
076533.0146                                  POWER OF ATTORNEY

4 of 6

Title of Invention:              Matching Process System And Method

Full name of inventor:           Todd M. Carrico

Inventor's signature:

Date:                            12/ 11 / 2014

Residence (City, State):         Sachse, Texas  Melassa, Texas

Post Office Address:             1407 Sunrise Lane
                                 Sachse, Texas 75048
                                 2 shadywood l.n
                                 Melassa TK 75454

ATTORNEY DOCKET NO.                                    DECLARATION AND
076533.0146                                            POWER OF ATTORNEY

5 of 6

Title of Invention:              Matching Process System And Method

Full name of inventor:           Kenneth B. Hoskins

Inventor's signature:
Date:                                                 12/11/2014
Residence (City, State):         Plano, Texas
Post Office Address:             2817 Chancellor Drive
                                 Plano, Texas 75074

ATTORNEY DOCKET NO.
076533.0146

DECLARATION AND
POWER OF ATTORNEY

6 of 6

Title of Invention:              Matching Process System And Method

Full name of inventor:           James C. Stone

Inventor's signature:            ........................................................

Date:                            ........................................................

Residence (City, State):         Addison, Texas

Post Office Address:             15826 Breedlove
                                 Addison, Texas 75001

ATTORNEY DOCKET NO.
083523.0118

DECLARATION AND
POWER OF ATTORNEY

i

## DECLARATION AND POWER OF ATTORNEY

As a below named inventor, I hereby declare:

that my residence and post office address, are as stated below next to my name;

that I believe I am the original and sole inventor (if only one name is listed below) or an original and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention, design or discovery in an application entitled **MATCHING PROCESS SYSTEM AND METHOD**, of which (check one):

.............. is attached hereto; or

✓ was filed on **October 21, 2013** as Application Serial No. **14/059,192**;

that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above;

that I acknowledge the duty to disclose to the U.S. Patent and Trademark Office all information known to me to be material to patentability as defined in 37 C.F.R. §1.56; and

that I have made or authorized to be made the application for the above entitled invention, design, or discovery.

I hereby appoint:

Practitioners at Customer Number **05073**

all of the firm of BAKER BOTTS L.L.P., my attorneys with full power of substitution and revocation, to prosecute this application and to transact all business in the United States Patent and Trademark Office connected therewith, and to file and prosecute any international patent applications filed thereon before any international authorities.

<u>Send Correspondence To:</u>

Chad C. Walters

Customer Number 05073

<u>Direct Telephone Calls To:</u>

Chad C. Walters

at 214.953.6511

30725831

ATTORNEY DOCKET NO.
083523.0118

DECLARATION AND
POWER OF ATTORNEY

2

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment of not more than five years, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

30725831

ATTORNEY DOCKET NO.
083523.0118

DECLARATION AND
POWER OF ATTORNEY

3

Title of Invention:                     MATCHING PROCESS SYSTEM AND METHOD

Full name of inventor:                  Jonathan Badeen

Inventor's signature:

Date:                                   12-1-16

Residence (City, State):                North Hollywood, California
Post Office Address:                    11201 Otsego St. #400
                                        North Hollywood, California 91601

30723583

Doc code: Oath
Document Description: Oath or declaration filed

PTO/AIA/02 (07-13)
Approved for use through 11/30/2020.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## SUBSTITUTE STATEMENT IN LIEU OF AN OATH OR DECLARATION FOR UTILITY OR DESIGN PATENT APPLICATION (35 U.S.C. 115(d) AND 37 CFR 1.64)

| Title of Invention | Matching Process System and Method |
|---|---|

This statement is directed to:

☐ The attached application,

OR

☒ United States application or PCT international application number **15/944,542** filed on **April 3, 2018**

**LEGAL NAME of inventor to whom this substitute statement applies:**

(E.g., Given Name (first and middle (if any)) and Family Name or Surname)

James C. Stone

Residence (except for a deceased or legally incapacitated inventor):

| City | Richardson | State | TX | Country | US |
|---|---|---|---|---|---|

Mailing Address (except for a deceased or legally incapacitated inventor):

706 Dumont Drive

| City | Richardson | State | TX | Zip | 75080 | Country | US |
|---|---|---|---|---|---|---|---|

I believe the above-named inventor or joint inventor to be the original inventor or an original joint inventor of a claimed invention in the application.

The above-identified application was made or authorized to be made by me.

I hereby acknowledge that any willful false statement made in this statement is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

Relationship to the inventor to whom this substitute statement applies:

☐ Legal Representative (for deceased or legally incapacitated inventor only),

☒ Assignee,

☐ Person to whom the inventor is under an obligation to assign,

☐ Person who otherwise shows a sufficient proprietary interest in the matter (petition under 37 CFR 1.46 is required), or

☐ Joint Inventor.

[Page 1 of 2]

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/AIA02 (07-13)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# SUBSTITUTE STATEMENT

Circumstances permitting execution of this substitute statement:

☐ Inventor is deceased,

☐ Inventor is under legal incapacity,

☒ Inventor cannot be found or reached after diligent effort, or

☐ Inventor has refused to execute the oath or declaration under 37 CFR 1.63.

If there are joint inventors, please check the appropriate box below:

☒ An application data sheet under 37 CFR 1.76 (PTO/AIA/14 or equivalent) naming the entire inventive entity has been or is currently submitted.

OR

☐ An application data sheet under 37 CFR 1.76 (PTO/AIA/14 or equivalent) has not been submitted. Thus, a Substitute Statement Supplemental Sheet (PTO/AIA/11 or equivalent) naming the entire inventive entity and providing inventor information is attached. See 37 CFR 1.64(b).

## WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

**PERSON EXECUTING THIS SUBSTITUTE STATEMENT:**

Name: Laurie Braddock

Date (Optional): 9/28/18

Signature: *Laurie Braddock*

**APPLICANT NAME AND TITLE OF PERSON EXECUTING THIS SUBSTITUTE STATEMENT:**

If the applicant is a juristic entity, list the applicant name and the title of the signer:

Applicant Name: Match Group, LLC

Title of Person Executing This Substitute Statement: Asst. Secretary

The signer, whose title is supplied above, is authorized to act on behalf of the applicant.

**Residence of the signer** (unless provided in an application data sheet, PTO/AIA/14 or equivalent):

| City | State | Country |
|------|-------|---------|
|      |       |         |

**Mailing Address of the signer** (unless provided in an application data sheet, PTO/AIA/14 or equivalent):

| City | State | Zip | Country |
|------|-------|-----|---------|
|      |       |     |         |

Note: Use an additional PTO/AIA/02 form for each inventor who is deceased, legally incapacitated, cannot be found or reached after diligent effort, or has refused to execute the oath or declaration under 37 CFR 1.63.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15944542 |
| **Filing Date:** | 03-Apr-2018 |
| **Title of Invention:** | Matching Process System and Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Filer:** | Chad Christian Walters/Wendy Flottman |
| **Attorney Docket Number:** | 083523.0121 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| STATUTORY OR TERMINAL DISCLAIMER | 1814 | 1 | 160 | 160 |
| **Total in USD ($)** | | | | **160** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 33896687 |
| **Application Number:** | 15944542 |
| **International Application Number:** | |
| **Confirmation Number:** | 3585 |
| **Title of Invention:** | Matching Process System and Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Chad Christian Walters/Wendy Flottman |
| **Filer Authorized By:** | Chad Christian Walters |
| **Attorney Docket Number:** | 083523.0121 |
| **Receipt Date:** | 02-OCT-2018 |
| **Filing Date:** | 03-APR-2018 |
| **Time Stamp:** | 16:05:12 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $160 |
| RAM confirmation Number | 100318INTEFSW00003074020384 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | Response.PDF | 646822<br>7ecc4cd6597e1330505dc1c42cecf174e8ab0fde | yes | 15 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | Document Description | | Start | | End |
| | Amendment/Req. Reconsideration-After Non-Final Reject | | 1 | | 1 |
| | Claims | | 2 | | 11 |
| | Applicant Arguments/Remarks Made in an Amendment | | 12 | | 15 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Terminal Disclaimer Filed | Terminal_Disclaimer.pdf | 152564<br>cf5be78728b514b8feec327eb1c7e7201ea9cada | no | 2 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | Power of Attorney | POA.pdf | 1760071<br>671474b9c08f3bf4aebcd78d32d04fd8d50b42c0 | no | 2 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 4 | Oath or Declaration filed | Declaration.PDF | 435054<br>cde557cb9d55fdcd2d6255bae7060a609ed6d521 | no | 11 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 5 | Fee Worksheet (SB06) | fee-info.pdf | 30349<br>efe428e5121cfa72edc96fb36e52ed2dc84437ab | no | 2 |

| Warnings: | |
|---|---|
| Information: | |
| **Total Files Size (in bytes):** | 3024860 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/26 (08-08)
Approved for use through 09/30/2008. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A "PRIOR" PATENT | Docket Number (Optional) 083852.0121 |
|---|---|

In re Application of:  Match Group, LLC

Application No.: 15/944,542

Filed:  04-03-2018

For:  Matching Process System and Method

The owner*, Match Group, LLC _____, of ____100____ percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term **prior patent** No. 9,733,811 _____ as the term of said prior patent is defined in 35 U.S.C. 154 and 173, and as the term of said **prior patent** is presently shortened by any terminal disclaimer. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the **prior patent** are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of the term of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. 154 and 173 of the prior patent, "as the term of said **prior patent** is presently shortened by any terminal disclaimer," in the event that said **prior patent** later:

    expires for failure to pay a maintenance fee;
    is held unenforceable;
    is found invalid by a court of competent jurisdiction;
    is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321;
    has all claims canceled by a reexamination certificate;
    is reissued; or
    is in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer.

Check either box 1 or 2 below, if appropriate.

1. [✓]  For submissions on behalf of a business/organization (e.g., corporation, partnership, university, government agency, etc.), the undersigned is empowered to act on behalf of the business/organization.

    I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

2. [ ]  The undersigned is an attorney or agent of record.  Reg. No._____

_____                _____August 7, 2018_____
                Signature                                                                                        Date

_____
           Jared F. Sine
        Typed or printed name

                                         (1) 214-265-9570
                                     Telephone Number

[✓]  Terminal disclaimer fee under 37 CFR 1.20(d) included.

        **WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

*Statement  under 37 CFR 3.73(b) is required if terminal disclaimer is signed by the assignee (owner).
Form PTO/SB/96 may be used for making this certification. See MPEP § 324.

This collection of information is required by 37 CFR 1.321. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2), (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application was referenced by either a published application, an application open to public inspection or an issued patent.
9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>15/944,542 | Filing Date<br>04/03/2018 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE  ☐ SMALL  ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **10/02/2018** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 12 | Minus | ** 24 | = 0 | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 4 | Minus | *** 4 | = 0 | x $460 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
LAVINIA JOHNSON

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 | 3585 |

| | |
|---|---|
| 5073        7590        08/10/2018 | EXAMINER |
| BAKER BOTTS L.L.P. | CHOI, YUK TING |
| 2001 ROSS AVENUE | |
| SUITE 900 | |

| | |
|---|---|
| DALLAS, TEXAS 75201-2980 | ART UNIT | PAPER NUMBER |
| UNITED STATES OF AMERICA | 2153 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/10/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail1@bakerbotts.com
ptomail2@bakerbotts.com

| ***Examiner-Initiated Interview Summary*** | Application No. | Applicant(s) | |
|---|---|---|---|
| | 15/944,542 | Rad et al. | |
| | **Examiner** | **Art Unit** | **AIA Status** |
| | YUK TING CHOI | 2153 | No |

All participants (applicant, applicant's representative, PTO personnel):

(1) <u>YUK TING CHOI</u>.                    (3) _____.

(2) <u>Chad Walters</u>.                      (4) _____.

    Date of Interview: <u>25 July 2018</u>.

    Type:    ☑ Telephonic   ☐ Video Conference
            ☐ Personal [copy given to: ☐ applicant ☑ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes    ☑ No.
    If Yes, brief description: _____.

Issues Discussed   ☑ 101   ☐ 112   ☐ 102   ☐ 103   ☑ Others
<sub>(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)</sub>

Claim(s) discussed: <u>1,7,13 and 19</u>.

Identification of prior art discussed: <u>none</u>.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

<u>Examiner suggested Applicant to incorporate claims 3, 9, 15 and 21 into claim 1, 7, 13 and 19 and a Terminal Disclaimer</u>
<u>for case 14/059,192 to overcome the potential double patenting rejections in order to expedite the prosecution process.</u>
<u>Applicant could not make decision at this stage. No agreement has been reached.</u>

**Applicant recordation instructions:** It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /YUK TING CHOI/ Primary Examiner, Art Unit 2153 | |
|---|---|

U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 | 3585 |

5073          7590          08/08/2018
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS 75201-2980
UNITED STATES OF AMERICA

| EXAMINER |
|---|
| CHOI, YUK TING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/08/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail1@bakerbotts.com
ptomail2@bakerbotts.com

| *Office Action Summary* | Application No. 15/944,542 | Applicant(s) Rad et al. |
|---|---|---|
| | Examiner YUK TING CHOI | Art Unit 2153 | AIA Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>4/03/2018</u>.
　　☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**　　2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims\***

5) ☑ Claim(s) <u>1-24</u> is/are pending in the application.
　　5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>1-24</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on <u>1-24</u> is/are:　a) ☑ accepted or　b) ☐ objected to by the Examiner.
　　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
　　Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
　**Certified copies:**
　　a) ☐ All　b) ☐ Some\*\*　c) ☐ None of the:
　　　1. ☐ Certified copies of the priority documents have been received.
　　　2. ☐ Certified copies of the priority documents have been received in Application No. _____.
　　　3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
\*\* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>04/03/2018</u>.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

## DETAILED ACTION

1.      The present application 15/944,542, filed on 04/03/2018, is being examined under the

pre-AIA first to invent provisions. Claims 1-24 are pending in this office action.

### *Drawings*

2.      The drawings received on 04/03/2018 are accepted by the Examiner.

### *Priority*

3.      Acknowledgment is made of applicant's claim for continuation applications

        - No. 15/576,773 filed on 08/14/2017, not yet been examined.

        - No. 14/059,102 filed on 10/21/2013, Patent No. 9,733,811, which is a continuation-in-

part of application

        -No. 12/399,301, filed on 12/19/2008, Patent No. 8, 566, 327, which is a provisional

application

        -No. 61/015,099, filed on 12/19/2007.

4.      A declaration of prior invention under 35 CFR 1.31 was filed on 5/30/2017 in the parent

case application No. 14/059,192, the earliest filing date was declared to be earlier than

08/6/2012. Therefore, the Janssens reference (US 2014/0040368 A1), which filed later than the

parent case application No. 14/059,192 has been withdrawn for consideration.

### *Double Patenting*

5.      The nonstatutory double patenting rejection is based on a judicially created doctrine

grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or

improper timewise extension of the "right to exclude" granted by a patent and to prevent

possible harassment by multiple assignees.    A nonstatutory obviousness-type double patenting

rejection is appropriate where the conflicting claims are not identical, but at least one examined

application claim is not patentably distinct from the reference claim(s) because the examined

application claim is either anticipated by, or would have been obvious over, the reference

claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re*

*Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225

USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re*

*Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and In *re Thorington*, 418 F.2d 528, 163

USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be

used to overcome an actual or provisional rejection based on a nonstatutory double patenting

ground provided the conflicting application or patent either is shown to be commonly owned with

this application, or claims an invention made as a result of activities undertaken within the scope

of a joint research agreement.

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal

disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 1-24 are rejected on the ground of nonstatutory obvious double patenting over

claims 1-15 of Patent No.: US 9,589,032 B1. The subject matter claimed in the instant

application is disclosed in the Patent No.: US 9,589,032 B1.   For example:

| Patent No.: US 9,733,811 B1 | Instant  Application: 15/944,542 |
|---|---|
| **Claim 4 ( Similar to other independent claims  7 "System" and 1 "method" in order)**<br><br>**A non-transitory computer-readable medium comprising instructions that,** | **Claim 1 (Similar to other independent claims 7 "System", 13 "method and 19 "system").**<br><br>**A non-transitory computer-readable medium comprising instructions that,** |

| | |
|---|---|
| **when executed by a processor, are configured to: electronically receive a** | **when executed by a processor, are configured to: electronically receive a plurality of user online dating profiles,** |
| **plurality of user online-dating profiles,** | |
| | **each profile comprising traits of a respective user;** |
| **each profile comprising traits of a respective user** and associated with a social networking platform; | |
| **electronically receive a first request for matching, the first request electronically submitted by a first user using a first electronic device;** | **electronically receive a first request for matching, the first request electronically submitted by a first user using a first electronic device;** |
| **determine** a set of potential matches **from the plurality of user online-dating profiles** | **determine from the plurality of user online-dating profiles** a set of potential matches |
| **for the first user** in response to receiving the first request; | **for the first user;** |
| **cause the display of a graphical representation of a first potential match of the set of potential matches to the first user on a graphical user interface of** | **cause the display of a graphical** |

| | |
|---|---|
| **the first electronic device, the first potential match corresponding to a** | **representation of a first potential match of the set of potential matches to** |
| **second user**; determine that the first user expressed | **the first user on a graphical user interface of** |
| **a positive preference** indication regarding the first potential match at least by determining that the first user performed a first swiping gesture **associated with the graphical representation** of the first potential match **on the graphical user interface**; | **the first electronic device, the first potential match corresponding to a second user;** |
| in response to the determination that the first user expressed the positive preference indication regarding *the first potential match*, automatically | receive from the first electronic device of the first user **a** first **positive preference** indication **associated with the graphical representation** of the second user **on the graphical user interface,** the first positive preference indication associated with a first gesture performed **on the graphical user interface;** |
| **cause the graphical user interface to display a graphical representation of a** | **cause the graphical user interface to display a graphical representation of a** |

| | |
|---|---|
| **second potential match of the set of potential matches instead of the graphical representation of the first potential match;** determine that the **second user** has expressed **a positive preference** <br><br> **indication regarding the first user** after <br><br><br> determining that the first user expressed the positive preference indication regarding the first potential match; **determine to** *enable* **communication** between **the first user** and **the second user in response to** the determination that both the first user has expressed **the positive preference indication regarding the second user and** <br> the second user has expressed **the positive preference indication regarding the first user;** <br> in response to the determination to enable communication between the first user and the second user, cause the graphical user interface to display to the first user both the graphical representation of the first potential | **second potential match of the set of potential matches instead of the graphical representation of** *the first potential match*; receive from a second electronic device of the **second user a positive preference indication regarding the first user;** <br><br><br> **determine to** *allow* **the first user** to **communicate** with **the second user in response** to receiving from the first electronic device of the first user **the** first **positive preference  indication regarding the second user and** receiving from the second electronic device of **the second user** <br><br> **the positive preference indication regarding the first user;** <br><br><br><br><br> receive from the first electronic device of the |

| | |
|---|---|
| match; determine that the first user expressed **a negative preference indication** regarding a second potential match of the set of potential matches at least by determining that the first user performed a second swiping gesture associated with a graphical representation of the second **potential match on the graphical user interface**, the **second** swiping **gesture** different than the first swiping gesture, the second **potential match corresponding to a third user**; determine to | first user  a first **negative preference indication** associated with a   **graphical representation of** a third **potential match on the graphical user interface,** the first negative preference indication associated with a **second gesture** performed on the graphical user interface, the third **potential match corresponding to a third user**; |
| *prevent* **communication between the first user and the third user** in response to determining that both the first user has expressed the **positive preference indication** regarding the second user and the second user has expressed the **positive preference indication** regarding the first user; determine that the first user expressed a positive preference indication regarding a third potential match of the set of potential matches at least by determining that the first | *without allowing* **communication between the first user and the third user**, receive from the first electronic device of the first user a second **positive preference in**dication associated with a graphical representation of a fourth potential match on the graphical user interface, the second **positive preference indication** associated with the first gesture performed on the graphical user interface, the fourth potential match corresponding to a fourth |

| | |
|---|---|
| user performed the first swiping gesture associated with a graphical representation of the third potential match on the graphical user interface, the third potential match corresponding to a fourth user; and determine to *prevent* communication **between the first user and the fourth user in response to determining that the fourth use**r has expressed a **negative preference indication** regarding the first user.<br><br>. | user;<br><br>receive from a third electronic device of the fourth user a second **negative preference indication associated** with a graphical representation of the first user; and<br><br>*without allowing* **communication between the first user and the fourth use**r, receive from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the graphical user interface, the third positive preference indication associated with the first gesture performed on the graphical user interface, the fifth potential match corresponding to a fifth user. |

### Claim Rejections - 35 USC § 101

6.      35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new

and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Claims 1-24 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.

In claims 1-24 are rejected under 35 U.S.C 101 because the claimed invention is directed to a judicial exception (i.e., a law of nature, a natural phenomenon, or an abstract idea) without significantly more. Claims 1-24 are directed to the abstract idea of storing electronic objects being associated with metadata having properties, as explained in detail below. The claims do not include additional elements that are sufficient to amount to significantly more than the judicial exception because the additional computer elements, which are recited at a high level of generality, provide conventional computer software functions that do not add meaningful limits to practicing the abstract idea.

Claim 1, recites, in part, an article of manufacture for matching user profiles including receiving user online dating profiles, each profile comprising traits of a respective user [e.g. collecting information]; receiving a first request for matching from a first user [e.g. collecting and analyzing information]; determining a set of potential matches for the first user [e.g. analyzing information]; receiving a first positive preference indication associated with the graphical representation of the second user on the graphical user interface [e.g. analyzing received information] ; cause the graphical interface to display a second potential match of the set of potential matches instead of the first potential match [e.g. displaying results of the collection and analysis]. These steps describe for matching user profiles are correspond to concepts identified as abstract ideas by the courts, e.g., **collecting information, analyzing it and displaying certain results of the collection and analysis** in *Electric Power Group.* Claim 1 also recites additional limitations receiving from a second electronic device of the second user a positive preference indication regarding the first user from a second user and allowing the first user to

communicate with the second user in response to the first positive preference indication

regarding the second user and receiving the second user the positive preference indication

regarding the first user [e.g. generating communication **based on** both parties indicated positive

preferences (**rules**)];  receiving a first negative preference associated with a graphical user

interface, the first negative preference indication associated with a third user ; <u>without allowing</u>

communication between the first and the third user when either the first user or the third user

indicates a negative preference indication  [e.g. generating prevent communication process

**based on** one of the party indicated a negative preference (**rules**)]; receiving  from a third

electronic device of the fourth user a second negative preference indication associated with a

graphical representation of the first user; <u>without allowing</u> communication between the first user

and the fourth user when either the first user or the fourth user indicates a negative preference

indication  [e.g. generating prevent communication process **based on** one of the party indicated

a negative preference indication (**rules**)].These steps describe allowing or preventing user

communication based on user's negative or positive preference indication are corresponding to

concepts identified as abstract ideas by the courts, e.g., Generating tasks [based on] rules … to

be completed upon the occurrence of an event in Accenture.  The additional limitations do not

appear to be improvement in another technology. In addition, the recited limitations "receiving",

"determining" "displaying", "updating", "allowing" and "without allowing" are recited at a higher

level of generality and are recited as performing generic computer function routinely used in

computer search engine applications.  Generic computer component recited as performing

generic computer functions are amount to no more than impending the abstract idea with a

computerized system. The use of generic computer components to allowing or disallowing

communication based on the rules designed for the system does not impose any meaningful

limit on the computer implementation of the abstract idea. Thus, taken alone, the additional

elements do not amount to significantly more than the above-identified judicial exception (the

abstract idea). Looking at the limitation as an ordered combination adds nothing that is not

already present when looking at the elements taken individually. There is no indication that the

combination of elements improves the functioning of a computer or improves any other

technology.  Their collective functions merely provide conventional computer implementation.

The dependent claims 2-6 are also rejected further define the communication platform is a

social networking platform, the received gesture type and the notification message presenting

an option for the user to communicate are corresponds to abstract idea, e.g., **collecting**

**information, analyzing it and displaying certain results of the collection and analysis** *in*

*Electric Power Group* which is directed to abstract idea. Therefore, claims 1-6 are not patent

eligible.

Claim 7, recites, in part, a system for matching user profiles including receiving user

online dating profiles, each profile comprising traits of a respective user [e.g. collecting

information]; receiving a first request for matching from a first user [e.g. collecting and analyzing

information]; determining a set of potential matches for the first user [e.g.  analyzing

information]; receiving a first positive preference indication associated with the graphical

representation of the second user on the graphical user interface [e.g. analyzing received

information] ; cause the graphical interface to display a second potential match of the set of

potential matches instead of the first potential match [e.g. displaying results of the collection and

analysis].  These steps describe for matching user profiles are correspond to concepts identified

as abstract ideas by the courts, e.g., **collecting information, analyzing it and displaying**

**certain results of the collection and analysis** *in Electric Power Group.*  Claim 7 also recites

additional limitations receiving from a second electronic device of the second user a positive

preference indication regarding the first user from a second user and a<u>llowing</u> the first user to

communicate with the second user in response to the first positive preference indication

regarding the second user and receiving the second user the positive preference indication

regarding the first user [e.g. generating communication **based on** both parties indicated positive

preferences (**rules**)];  receiving a first negative preference associated with a graphical user

interface, the first negative preference indication associated with a third user ; without allowing communication between the first and the third user when either the first user or the third user indicates a negative preference indication  [e.g. generating prevent communication process **based on** one of the party indicated a negative preference (**rules**)]; receiving  from a third electronic device of the fourth user a second negative preference indication associated with a graphical representation of the first user; without allowing communication between the first user and the fourth user when either the first user or the fourth user indicates a negative preference indication  [e.g. generating prevent communication process **based on** one of the party indicated a negative preference indication (**rules**)].These steps describe allowing or preventing user communication based on user's negative or positive preference indication are corresponding to concepts identified as abstract ideas by the courts, e.g., Generating tasks [based on] rules … to be completed upon the occurrence of an event in Accenture.  The additional limitations do not appear to be improvement in another technology. In addition, the recited limitations "receiving", "determining" "displaying", "updating", "allowing" and "without allowing" are recited at a higher level of generality and are recited as performing generic computer function routinely used in computer search engine applications.  Generic computer component recited as performing generic computer functions are amount to no more than impending the abstract idea with a computerized system. The use of generic computer components to allowing or disallowing communication based on the rules designed for the system does not impose any meaningful limit on the computer implementation of the abstract idea. Thus, taken alone, the additional elements do not amount to significantly more than the above-identified judicial exception (the abstract idea). Looking at the limitation as an ordered combination adds nothing that is not already present when looking at the elements taken individually. There is no indication that the combination of elements improves the functioning of a computer or improves any other technology.  Their collective functions merely provide conventional computer implementation. The dependent claims 8-12 are also rejected further define the communication platform is a

social networking platform, the received gesture type and the notification message presenting

an option for the user to communicate are corresponds to abstract idea, e.g., **collecting**

**information, analyzing it and displaying certain results of the collection and analysis** *in*

*Electric Power Group* which is directed to abstract idea. Therefore, claims 7-12 are not patent

eligible.

 Claim 13, recites, in part, a method for matching user profiles including receiving user

online dating profiles, each profile comprising traits of a respective user [e.g. collecting

information]; receiving a first request for matching from a first user [e.g. collecting and analyzing

information]; determining a set of potential matches for the first user [e.g.  analyzing

information]; receiving a first positive preference indication associated with the graphical

representation of the second user on the graphical user interface [e.g. analyzing received

information] ; cause the graphical interface to display a second potential match of the set of

potential matches instead of the first potential match [e.g. displaying results of the collection and

analysis].  These steps describe for matching user profiles are correspond to concepts identified

as abstract ideas by the courts, e.g., **collecting information, analyzing it and displaying**

**certain results of the collection and analysis** *in Electric Power Group.*  Claim 13 also recites

additional limitations receiving from a second electronic device of the second user a positive

preference indication regarding the first user from a second user and a<u>llowing</u> the first user to

communicate with the second user in response to the first positive preference indication

regarding the second user and receiving the second user the positive preference indication

regarding the first user [e.g. generating communication **based on** both parties indicated positive

preferences (**rules**)];  receiving a first negative preference associated with a graphical user

interface, the first negative preference indication associated with a third user ; <u>without allowing</u>

communication between the first and the third user when either the first user or the third user

indicates a negative preference indication  [e.g. generating prevent communication process

**based on** one of the party indicated a negative preference (**rules**)]; receiving  from a third

electronic device of the fourth user a second negative preference indication associated with a graphical representation of the first user; <u>without allowing</u> communication between the first user and the fourth user when either the first user or the fourth user indicates a negative preference indication  [e.g. generating prevent communication process **based on** one of the party indicated a negative preference indication (**rules**)].These steps describe allowing or preventing user communication based on user's negative or positive preference indication are corresponding to concepts identified as abstract ideas by the courts, e.g., Generating tasks [based on] rules … to be completed upon the occurrence of an event in Accenture.  The additional limitations do not appear to be improvement in another technology. In addition, the recited limitations "receiving", "determining" "displaying", "updating", "allowing" and "without allowing" are recited at a higher level of generality and are recited as performing generic computer function routinely used in computer search engine applications.  Generic computer component recited as performing generic computer functions are amount to no more than impending the abstract idea with a computerized system. The use of generic computer components to allowing or disallowing communication based on the rules designed for the system does not impose any meaningful limit on the computer implementation of the abstract idea. Thus, taken alone, the additional elements do not amount to significantly more than the above-identified judicial exception (the abstract idea). Looking at the limitation as an ordered combination adds nothing that is not already present when looking at the elements taken individually. There is no indication that the combination of elements improves the functioning of a computer or improves any other technology.  Their collective functions merely provide conventional computer implementation. The dependent claims 14-18 are also rejected further define the communication platform is a social networking platform, the received gesture type and the notification message presenting an option for the user to communicate are corresponds to abstract idea, e.g., **collecting information, analyzing it and displaying certain results of the collection and analysis** *in*

*Electric Power Group* which is directed to abstract idea. Therefore, claims 13-18 are not patent eligible.

Claim 19, recites, in part, a system for matching user profiles including receiving user online dating profiles, each profile comprising traits of a respective user [e.g. collecting information]; receiving a first request for matching from a first user [e.g. collecting and analyzing information]; determining a set of potential matches for the first user [e.g.  analyzing information]; receiving a first positive preference indication associated with the graphical representation of the second user on the graphical user interface [e.g. analyzing received information] ; cause the graphical interface to display a second potential match of the set of potential matches instead of the first potential match [e.g. displaying results of the collection and analysis].  These steps describe for matching user profiles are correspond to concepts identified as abstract ideas by the courts, e.g., **collecting information, analyzing it and displaying certain results of the collection and analysis** *in Electric Power Group.*  Claim 7 also recites additional limitations receiving from a second electronic device of the second user a positive preference indication regarding the first user from a second user and a<u>llowing</u> the first user to communicate with the second user in response to the first positive preference indication regarding the second user and receiving the second user the positive preference indication regarding the first user [e.g. generating communication **based on** both parties indicated positive preferences (**rules**)];  receiving a first negative preference associated with a graphical user interface, the first negative preference indication associated with a third user ; <u>without allowing</u> communication between the first and the third user when either the first user or the third user indicates a negative preference indication  [e.g. generating prevent communication process **based on** one of the party indicated a negative preference (**rules**)]; receiving  from a third electronic device of the fourth user a second negative preference indication associated with a graphical representation of the first user; <u>without allowing</u> communication between the first user and the fourth user when either the first user or the fourth user indicates a negative preference

indication  [e.g. generating prevent communication process **based on** one of the party indicated

a negative preference indication (**rules**)].These steps describe allowing or preventing user

communication based on user's negative or positive preference indication are corresponding to

concepts identified as abstract ideas by the courts, e.g., Generating tasks [based on] rules … to

be completed upon the occurrence of an event in Accenture.  The additional limitations do not

appear to be improvement in another technology. In addition, the recited limitations "receiving",

"determining" "displaying", "updating", "allowing" and "without allowing" are recited at a higher

level of generality and are recited as performing generic computer function routinely used in

computer search engine applications.  Generic computer component recited as performing

generic computer functions are amount to no more than impending the abstract idea with a

computerized system. The use of generic computer components to allowing or disallowing

communication based on the rules designed for the system does not impose any meaningful

limit on the computer implementation of the abstract idea. Thus, taken alone, the additional

elements do not amount to significantly more than the above-identified judicial exception (the

abstract idea). Looking at the limitation as an ordered combination adds nothing that is not

already present when looking at the elements taken individually. There is no indication that the

combination of elements improves the functioning of a computer or improves any other

technology.  Their collective functions merely provide conventional computer implementation.

The dependent claims 20-24 are also rejected further define the communication platform is a

social networking platform, the received gesture type and the notification message presenting

an option for the user to communicate are corresponds to abstract idea, e.g., **collecting**

**information, analyzing it and displaying certain results of the collection and analysis** *in*

*Electric Power Group* which is directed to abstract idea. Therefore, claims 19-24 are not patent

eligible.

**Referring to claims 1 and 7,** Moldavsky discloses a non-transitory computer-readable medium comprising instructions that, when executed by a processor, are configured to:

electronically receive a plurality of user online dating profiles (***See para. [0008] and [0040], receiving a list of pre-qualifying match based on user's dating preferences***) each profile comprising traits of a respective user (***See Figures 5 and 7, para. [0118], each matched profile including name, category from which the match was selected, photo and etc***.);

electronically receive a first request for matching, the first request electronically submitted by a first user using a first electronic device (***See para. [0116], a first user submit a search criteria to look for a match***);

determine from the plurality of user online-dating profiles a set of potential matches for the first user (***See para. [0118] and Figure 7, the system determines a list of matches based on search criteria chosen by the first user***);

cause the display of a graphical representation of a first potential match of the set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user (***See Figure 7, para. [0151] displaying a first match in the list on the screen shown in Figure 7, the first match is corresponding to a second user***);

receive from the first electronic device of the first user a first positive preference indication associated with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface (**See *para. [0154], if the first user is interested in the first match, first user taps gesture "save and connect" [e.g. positive preference] associated with the first match***);

cause the graphical user interface to display a graphical representation of a second

potential match of the set of potential matches instead of the graphical representation of the first

potential match (***See para. [0154] and Figure 7, moving the first match into a "saved***

***matched" directory and when user go back to the original search list, a second match in***

***the list is displayed, the first match has been moved to "saved matched"***"); […]

receive from the first electronic device of the first user a first negative preference

indication associated with a graphical representation of a third potential match on the graphical

user interface (***See para. [0119] and Figure 8, receiving  a first negative preference***

***"Dismiss Match" from the first user on a third match on the list***), the first negative

preference indication associated with a second gesture performed on the graphical user

interface, the third potential match corresponding to a third user (***See para. [0119] and Figure***

***8, the second gesture is tap on "Dismiss Match" associated with the third match***);

 […] receive from the first electronic device of the first user a second positive preference

indication associated with a graphical representation of a fourth potential match on the graphical

user interface (**See *para. [0154], if the first user is interested in the fourth match, first user***

***taps gesture "save and connect" [e.g. positive preference] associated with the fourth***

***match***), the second positive preference indication associated with the first gesture preformed on

the graphical user interface , the fourth potential match corresponding to a fourth user (**See**

**para. [0154], first user taps gesture "save and connect" [e.g. positive preference]**

**associated with the fourth match**);

receive from a third electronic device of the fourth user a second negative preference

indication associated with a graphical representation of the first user (***See para. [0119] and***

***Figures 8 and 28, receiving  a second negative preference "Dismiss Match" from another***

***device regarding on a first user on the list***); and

[…] receive from the first electronic device of the first user a third positive preference indication

associated with a graphical representation of a fifth potential match on the graphical user

interface (**See *para. [0154], if the first user is interested in the fifth match, first user taps***

***gesture "save and connect" [e.g. positive preference] associated with the fifth match***),

the third positive preference indication associated with the first gesture performed on the

graphical user interface, the fifth potential match corresponding to a fifth user (**See *para. [0154],***

***first user taps gesture "save and connect" [e.g. positive preference] associated with the***

***fifth match***).

Moldavsky discloses receiving a positive preference indication and a negative

preference indications on a potential match from one or more client devices but does not

explicitly disclose  allow or disallow communication based on the received preference

indications.

However, Hymes discloses receive from a second electronic device of the second user a

positive preference indication regarding the first user, determine to allow the first user to

communicate with the second user in response to receiving from the first electronic device of

the first user the first positive preference indication regarding the second user and receiving

from the second electronic device of the second user the positive preference indication

regarding the first user (***See Figure 5 and para. [0073]-para. [0086], receiving expressed***

***interest message from a second user and determine to allow or facilitate communication***

***with the second user in response to first personal also expressed interest in***

***communicate with the second user, note the system allows  to communicate only when***

***both parties have expressed interest to communicate***); without allowing communication

between the first user and the third user when either of the first user or the third user does not

provide positive preference indication and without allowing communication between the first

user and the fourth user when either of the first user or the third user does not provide positive

preference indication (***See Figure 5 and para. [0073]-para. [0086], receiving expressed
interest message from a first user and determine to withhold communication with the
third or fourth user in response to the third person or fourth person does not expressed
interest in communicate with the first user, note the system allows to communicate only
when both parties have expressed interest to communicate***).

Hence, it would have been obvious to one having ordinary skill in the art at the time of
invention was made to modify the matching profile system of Moldavsky to include allow or
disallow communication based on the received preference indications, in order to facilitate
developing relationship with people that one in interested in (***See, Hymes, para. [0008]***).

**As to claims 2, 8, 14 and 20**, Moldavsky discloses wherein at least one or more of the
plurality of user on-line dating profiles is associated with a social networking platform (***See para.
[0003]and para. [0005], para. [0039] and para. [0114], the Connect Quest application is a
social networking system including dating and friendship***).

**As to claims 5, 11, 17 and 23,** Moldvasky discloses in response to determining to allow
the first user to communicate with the second user, cause the display of a graphical notification
on the graphical user interface of the first electronic device of the first user, the graphical
notification indicating that a match exists between the first user and the second user and
presenting an option for the first user to communicate with the second user (***See para. [0120]-
para. [0122], the user can communicate with other using group chat, private chat or
public chat after indicating the second user is a match as showed in Figure 7***).

**As to claims 6, 12, 18 and 24,** Moldvasky discloses in response to determining to allow
the first user to communicate with the second user.

cause the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the first user and the second user and presenting an option for the first user to communicate with the second user (***See para. [0120]-para. [0122], the user can communicate with other using group chat, private chat or public chat after indicating the second user is a match as showed in Figure 7***).

**Referring to claims 13 and 19**, Moldavsky discloses a computer implemented method of profile matching (***See para. [0008] and [0040], providing a list of pre-qualifying match based on user's dating preferences***), comprising:

electronically transmitting from a first electronic device of a first user a first request for matching (***See para. [0116], a first user submit a search criteria to look for a match***);

causing the display of a graphical representation of a first potential match of a set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user (***See Figure 7, para. [0151] displaying a first match in the list on the screen shown in Figure 7, the first match is corresponding to a second user***); wherein the set of potential matches for the first user are determined from a plurality of user online-dating profiles in response to the first request for matching (***See para. [0118] and Figure 7, the system determines a list of matches based on search criteria chosen by the first user***); wherein the plurality of user online-dating profiles each comprises traits of a respective user (***See Figures 5 and 7, para. [0118], each matched profile including name, category from which the match was selected, photo and etc.***);

transmitting from the first electronic device of the first user a first positive preference indication associated with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface (**See *para. [0154], if the first user is interested in the first match,***

*first user taps gesture "save and connect" [e.g. positive preference] associated with the first match*);

causing the display on the graphical user interface of a graphical representation of a second potential match of the set of potential matches instead of the graphical representation of the first potential match (***See para. [0154] and Figure 7, moving the first match into a "saved matched" directory and when user go back to the original search list, a second match in the list is displayed, the first match has been moved to "saved matched"***); […]

transmitting from the first electronic device of the first user a first negative preference indication associated with a graphical representation of a third potential match on the graphical user interface (***See para. [0119] and Figure 8, receiving  a first negative preference "Dismiss Match" from the first user on a third match on the list***), the first negative preference indication associated with a second gesture performed on the graphical user interface, the third potential match corresponding to a third user(***See para. [0119] and Figure 8, the second gesture is tap on "Dismiss Match" associated with the third match***);

 […] transmitting from the first electronic device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the graphical user interface (**See *para. [0154], if the first user is interested in the fourth match, first user taps gesture "save and connect" [e.g. positive preference] associated with the fourth match***), the second positive preference indication associated with the first gesture performed on the graphical user interface (**See *para. [0154], first user taps gesture "save and connect" [e.g. positive preference] associated with the fourth match),* wherein the fourth potential match corresponding to a fourth user; wherein there is a fourth user expression of a negative preference for the first user (***See para. [0119] and Figures 8 and 28, receiving  a second negative preference "Dismiss Match" from another device regarding on a first user on the list***); and

[…] transmitting from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the graphical user interface (**See *para. [0154], if the first user is interested in the fifth match, first user taps gesture "save and connect" [e.g. positive preference] associated with the fifth match***), the third positive preference indication associated with the first gesture performed on the graphical user interface, the fifth potential match corresponding to a fifth user (**See *para. [0154], first user taps gesture "save and connect" [e.g. positive preference] associated with the fifth match***).

Moldavsky discloses receiving a positive preference indication and a negative preference indications on a potential match from one or more client devices but does not explicitly disclose allow or disallow communication based on the received preference indications.

However, Hymes discloses receive from a second electronic device of the second user a positive preference indication regarding the first user, determine to allow the first user to communicate with the second user in response to receiving from the first electronic device of the first user the first positive preference indication regarding the second user and receiving from the second electronic device of the second user the positive preference indication regarding the first user (***See Figure 5 and para. [0073]-para. [0086], receiving expressed interest message from a second user and determine to allow or facilitate communication with the second user in response to first personal also expressed interest in communicate with the second user, note the system allows to communicate only when both parties have expressed interest to communicate***); without allowing communication between the first user and the third user when either of the first user or the third user does not provide positive preference indication and without allowing communication between the first user and the fourth user when either of the first user or the third user does not provide positive preference indication (***See Figure 5 and para. [0073]-para. [0086], receiving expressed***

*interest message from a first user and determine to withhold communication with the third or fourth user in response to the third person or fourth person does not expressed interest in communicate with the first user, note the system allows to communicate only when both parties have expressed interest to communicate).*

Hence, it would have been obvious to one having ordinary skill in the art at the time of invention was made to modify the matching profile system of Moldavsky to include allow or disallow communication based on the received preference indications, in order to facilitate developing relationship with people that one in interested in (***See, Hymes, para. [0008]***).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to YUK TING CHOI whose telephone number is (571)270-1637.  The examiner can normally be reached on Monday-Friday 9am-6pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Heather Herndon can be reached on 5712724136.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished applications is available through Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private

Application/Control Number: 15/944,542                                           Page 25
Art Unit: 2153

PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you

would like assistance from a USPTO Customer Service Representative or access to the

automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


                                                        YUK TING CHOI
                                                        Examiner
                                                        Art Unit 2153


/YUK TING CHOI/
Primary Examiner, Art Unit 2153

| *Notice of References Cited* | Application/Control No. 15/944,542 | Applicant(s)/Patent Under Reexamination Rad et al. | |
|---|---|---|---|
| | Examiner YUK TING CHOI | Art Unit 2153 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-20080051033-A1 | 02-2008 | Hymes; Charles Martin | G06F17/30247 | 455/47 |
| * | B | US-20080196094-A1 | 08-2008 | Benschop; Dirk Leonard | G06Q20/10 | 726/5 |
| * | C | US-20120088524-A1 | 04-2012 | Moldavsky; David | G06Q30/02 | 455/456.3 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/944,542 | Rad et al. |
| | **Examiner** | **Art Unit** |
| | YUK TING CHOI | 2153 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| G06F17/30867 OR G06F17/3053 OR G06F17/30386 | 08/02/2018 | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| G06F17/30867 OR G06F17/3053 OR G06F17/30386 and East Text search | 08/02/2018 | |
| East Text Search | 08/02/2018 | |
| Inventor and Assignee search | 08/02/2018 | |
| Double Patenting search | 08/02/2018 | |
| NPL google search | 08/02/2018 | |
| IDS search | 08/02/2018 | |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

| /YUK TING CHOI/ Primary Examiner, Art Unit 2153 | |
|---|---|
| | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/944,542 | Rad et al. |
| | Examiner | Art Unit |
| | YUK TING CHOI | 2153 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

| CLAIMS | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | | |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 08/02/2018 | | | | | | | | |
| | 1 | ✓ | | | | | | | | |
| | 2 | ✓ | | | | | | | | |
| | 3 | ✓ | | | | | | | | |
| | 4 | ✓ | | | | | | | | |
| | 5 | ✓ | | | | | | | | |
| | 6 | ✓ | | | | | | | | |
| | 7 | ✓ | | | | | | | | |
| | 8 | ✓ | | | | | | | | |
| | 9 | ✓ | | | | | | | | |
| | 10 | ✓ | | | | | | | | |
| | 11 | ✓ | | | | | | | | |
| | 12 | ✓ | | | | | | | | |
| | 13 | ✓ | | | | | | | | |
| | 14 | ✓ | | | | | | | | |
| | 15 | ✓ | | | | | | | | |
| | 16 | ✓ | | | | | | | | |
| | 17 | ✓ | | | | | | | | |
| | 18 | ✓ | | | | | | | | |
| | 19 | ✓ | | | | | | | | |
| | 20 | ✓ | | | | | | | | |
| | 21 | ✓ | | | | | | | | |
| | 22 | ✓ | | | | | | | | |
| | 23 | ✓ | | | | | | | | |
| | 24 | ✓ | | | | | | | | |
| | | | | | | | | | | |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application Number: 15/944,542 – GAU: 2153 | First Named Inventor: Sean Rad et al. |
|---|---|---|
| | Attorney Docket No: 083523.0121 | Filing Date: |

## ISSUED U.S. PATENTS AND PUBLISHED U.S. APPLICATIONS

| Examiner Initials* | Document Number | Publication or Issue Date | First Named Inventor |
|---|---|---|---|
| | 6,480,885 | 11/12/2002 | Olivier |
| | 2005/0021750 | 01/27/2005 | Abrams |
| | 2005/0027707 | 02/03/2005 | Syed |
| | 2006/0059147 | 03/16/2006 | Weiss et al. |
| | 2006/0085419 | 04/20/2006 | Rosen |
| | 2006/0106780 | 05/18/2006 | Dagan |
| | 2007/0073687 | 03/29/2007 | Terrill et al. |
| | 2007/0073803 | 03/29/2007 | Terrill et al. |
| | 2008/0196094 | 08/14/2008 | Benschop |
| | 2008/0294624 | 11/27/2008 | Kanigsberg et al. |
| | 2008/0301118 | 12/04/2008 | Chien et al. |
| | 2009/0106040 | 04/23/2009 | Jones |
| | 2010/0125632 | 05/20/2010 | Leonard |
| | 7,917,448 | 03/29/2011 | Smola et al. |
| | 2011/0087974 | 04/14/2011 | Kulas |
| | 2011/0196927 | 08/11/2011 | Vance |
| | 8,060,463 | 11/15/2011 | Spiegel |
| | 2012/0088524 | 04/12/2012 | Moldavsky |
| | 8,180,804 | 05/15/2012 | Narayanan et al. |
| | 8,566,327 | 10/22/2013 | Carrico et al. |
| | 2014/0040368 | 02/06/2014 | Janssens |
| | 2014/0074824 | 03/13/2014 | Rad |

## NON-PATENT LITERATURE (NPL)

| Examiner Initials* | DOCUMENT (Including Author (if any), Title, and Source) | DATE |
|---|---|---|
| | PCT Notification of Transmittal of the International Search Report and the Written Opinion of the International Searching Authority, or the Declaration with attached PCT International Search Report and Written Opinion of the International Searching Authority in International Application No. PCT/US08/87706, dated February 10, 2009, 8 pages. | February 10, 2009 |

| Active 37710608.1 EXAMINER     /YUK TING CHOI/ | DATE CONSIDERED     07/25/2018 |
|---|---|

*EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to the applicant.

**The date identified by the applicant for any NPL herein shall not be construed to be an admission that it is or is considered to be prior art under 35 U.S.C. §§ 102-103.

Page 1 of 2

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /Y.C/

15/846,540 - GAU: 2153

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application Number: | First Named Inventor: Sean Rad et al. |
|---|---|---|
| | Attorney Docket No: 083523.0121 | Filing Date: |

## ISSUED U.S. PATENTS AND PUBLISHED U.S. APPLICATIONS

| Examiner Initials* | Document Number | Publication or Issue Date | First Named Inventor |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## NON-PATENT LITERATURE (NPL)

| Examiner Initials* | DOCUMENT (Including Author (if any), Title, and Source) | DATE |
|---|---|---|
| | *USPTO, Non-final Office Action* dated 08/25/2011 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 14 pages. | 08/25/2011 |
| | *Response to Office Action Pursuant to 37 C.F.R. § 1.111* filed 11/23/2011 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 12 pages. | 11/23/2011 |
| | *USPTO, Final Office Action* dated 01/06/2012 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 15 pages. | 01/06/2012 |
| | *Request for Continued Examination Transmittal and Amendment Filed with Request for Continued Examination* filed 5/7/2012 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 17 pages. | 05/07/2012 |
| | *USPTO, Non-final Office Action* dated 10/02/2012 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 10 pages. | 10/02/2012 |
| | *Response to Office Action Pursuant to 37 C.F.R. § 1.111* filed 12/31/2012 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 13 pages. | 12/31/2012 |
| | *USPTO, Final Office Action* dated 03/07/2013 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 12 pages. | 03/07/2013 |
| | *Response to Office Action Pursuant to 37 C.F.R. § 1.116 and Certification and Request for Consideration Under the After Final Consideration Pilot Program 2.0* filed 06/06/2013 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 14 pages. | 06/06/2013 |
| | USPTO, *Notice of Allowance and Fees Due* dated 06/19/2013 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 12 pages. | 06/19/2013 |

| Active 37710608.1 EXAMINER      /YUK TING CHOI/ | DATE CONSIDERED       07/25/2018 |
|---|---|

*EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to the applicant.

**The date identified by the applicant for any NPL herein shall not be construed to be an admission that it is or is considered to be prior art under 35 U.S.C. §§ 102-103.

All References Considered Except Where Lined Through. /Y.C/

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S287 | 1 | "20120088524" and messag$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 17:51 |
| S286 | 1 | "20120088524" and email | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 17:51 |
| S285 | 2 | "20120088524" and social | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 17:47 |
| S284 | 1 | "20120088524" and dismiss$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 17:15 |
| S282 | 1 | "20120088524" and receiv$3 near5 message$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 17:01 |
| S281 | 1 | "20120088524" and send near5 message$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:54 |
| S280 | 1 | "20120088524" and send same saved | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:53 |
| S279 | 1 | "20120088524" and saved | US-PGPUB; | OR | OFF | 2018/08/02 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | 16:46 |
| S278 | 1 | "20120088524" and dismiss$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:44 |
| S277 | 1 | "20120088524" and director$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:43 |
| S276 | 1 | "20120088524" and profile$3 and (dating) and criter$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:23 |
| S275 | 1 | "20120088524" and (user) near10 profile$3 and select$3 near10 criter$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:20 |
| S274 | 1 | "20120088524" and (generat$3 creat$3) near10 profile$3 and select$3 near10 criter$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:19 |
| S273 | 1 | "20120088524" and creat$3 near10 profile$3 and select$3 near10 criter$5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:18 |
| S271 | 1 | "20120088524" and profile$3 and (dat$3) near10 (preference$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:14 |
| S270 | 1 | "20120088524" and profile$3 and (dat$3) and criter$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; | OR | OFF | 2018/08/02 16:13 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | IBM_TDB | | | |
| S268 | 1 | "20120088524" and profile$3 and (dat$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:12 |
| S267 | 1 | "20120088524" and profile$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:12 |
| S266 | 1 | "20120088524" and sav$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:03 |
| S264 | 1 | "20120088524" and interest$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:03 |
| S263 | 1 | "20120088524" and (dismiss$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 16:02 |
| S262 | 8 | "9733811" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 12:30 |
| S261 | 1 | "15676773" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/08/02 12:12 |
| S257 | 8 | "9733811" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 14:35 |
| S256 | 5 | "14059192" | US-PGPUB; USPAT; USOCR; FPRS; | OR | OFF | 2018/07/25 14:34 |

| | | | EPO; JPO; DERWENT; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| S255 | 324 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 positive button$3 love$3 interest$3) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) and (dating singles (match near5 making)) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 13:59 |
| S253 | 14 | S224 AND ( (G06Q50/01 OR H04L67/306 OR H04L51/32 OR G06F17/30867).CPC. ) | US-PGPUB | OR | OFF | 2018/07/25 13:56 |
| S252 | 138 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 positive button$3 love$3 interest$3) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) near20 (like$3 positive love$3 interest$3) and (dating singles (match near5 making)) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 13:55 |
| S251 | 433 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 positive button$3 love$3 interest$3) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) near20 (like$3 positive love$3 interest$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 13:51 |
| S250 | 100 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 positive button$3 love$3 interest$3) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) near20 (like$3 positive love$3 interest$3) and (skip$3 disable$3 disallow$3 prevent$3 prohibit$3) near10 (communication contact message$3 chat$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 13:47 |
| S249 | 73 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 love$3 interest$3) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) near20 (like$3 love$3 interest$3) and (disable$3 disallow$3 prevent$3 prohibit$3) near10 (communication contact message$3 chat$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 13:42 |
| S248 | 44 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 love$3 interest$3) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) near20 (like$3 love$3 interest$3) and (disable$3 disallow$3 prevent$3 prohibit$3) near10 (conmmunication contact message$3 chat$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 13:42 |
| S247 | 44 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 love$3 interest$3) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) near20 (like$3 loce$3 interest$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; | OR | OFF | 2018/07/25 13:42 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | and (disable$3 disallow$3 prevent$3 prohibit$3) near10 (conmmunication contact message$3 chat$3) | IBM_TDB | | | |
| S246 | 56 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 love$3 interest$3) and ( next second) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) near20 (like$3 loce$3 interest$3) and (disable$3 disallow$3 prevent$3 prohibit$3) near10 (conmmunication contact message$3 chat$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 13:36 |
| S245 | 702 | (match$3) near10 (profil$3) and (click$3 select$3 swip$3) near10 (like$3 love$3 interest$3) and ( next second) near10 (profile$3) and (initat$3 start$3 creat$3 generat$3) near10 (communication contact$3 messag$3 chat$3) near20 (like$3 loce$3 interest$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 13:34 |
| S244 | 113 | (user$3 ) near20 (message communicat$3 chat) near20 (user$3) near20 (mutual both) near20 (interest$3 like$3 thumb$3 agree$3) and match$3 near10 (user$3 profil$3) and (initiat$3 start$3 allow$3 ) near10 (message communicat$3 chat$3 voice$3 email$3) near20 (mutual both) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 12:34 |
| S243 | 397 | (user$3 ) near20 (message communicat$3 chat) near20 (user$3) near20 (both near20 (interest$3 like$3 thumb$3 agree$3)) and match$3 near10 (user$3 profil$3) and (social dating single$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 12:11 |
| S242 | 437 | (user$3 ) near20 (message communicat$3 chat) near20 (user$3) near20 (both near20 (interest$3 like$3 thumb$3 agree$3)) and match$3 near10 (user$3 profil$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 12:10 |
| S240 | 11 | (match$3 recommend$3 suggest$3) near10 (profil$3 user$3) and (match$3 recommend$3 suggest$3 display$3 provid$3) near10 (user profil$3) and (positive negative like$3 dislike$3 love$3 thumb ) and ( allow$3 enable$3 start$3 initial$3 provid$3) near10 (communication messag$3 chat$3) near10 both near10 (consent$3 interest$3 agree$3 like$3 love$3 thumb$3 positive heart$3) and (singles dating social) and match$3 near20 (profil$3) and (present$3 display$3) near10 (match$3) near10 (user$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 12:05 |
| S239 | 1 | "20050027707" and initial near5 communicat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 12:01 |

| S238 | 2 | "20050027707" and communicat$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 12:00 |
|---|---|---|---|---|---|---|
| S237 | 5 | "10896578" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 12:00 |
| S234 | 235 | (match$3 recommend$3 suggest$3) near10 (profil$3 user$3) and (match$3 recommend$3 suggest$3 display$3 provid$3) near10 (user profil$3) and (positive negative like$3 dislike$3 love$3 thumb ) and ( allow$3 enable$3 start$3 initial$3 provid$3) near10 (communication messag$3 chat$3) near20 (consent$3 agree$3 like$3 love$3 thumb$3 positive heart$3) and (singles dating social) and match$3 near20 (profil$3) and (display$3) near10 (match$3) near10 (user$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 11:53 |
| S230 | 104 | (match$3) near10 (profil$3 user$3) and (recommend$3 suggest$3 display$3 provid$3) near10 (user profil$3) and (positive negative like$3 dislike$3 love$3 thumb ) and ( allow$3 enable$3 start$3 initial$3 provid$3) near10 (communication messag$3 chat$3) near20 (both) near20 (like$3 love$3 thumb$3 positive heart$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 11:09 |
| S229 | 5 | "6480885".pn. " 7917448".pn. "8060463".pn. "8180804".pn. "8566327".pn. | USPAT | OR | OFF | 2018/07/25 11:06 |
| S225 | 30 | "20050021750" "20050027707" "20060059147" "20060085419" "20060106780" "20070073687" "20070073803" "20080196094" "20080294624" "20080301118" "20090106040" "20100125632" "20110087974" "20110196927" "20120088524" "20140040368" "20140074824" | US-PGPUB; USPAT | OR | OFF | 2018/07/25 11:04 |
| S224 | 23 | "20050021750" "20050027707" "20060059147" "20060085419" "20060106780" "20070073687" "20070073803" "20080196094" "20080294624" "20080301118" "20090106040" "20100125632" "20110087974" "20110196927" "20120088524" "20140040368" "20140074824" | US-PGPUB | OR | OFF | 2018/07/25 11:04 |
| S215 | 37 | ((sean near5 rad)(todd near5 carrico) (kenneth near5 hoskin) (james near5 stone) (jonathan near5 badeen)).in. and match$3 near10 profil$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 10:53 |

| S214 | 8 | "9733811" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2018/07/25 10:49 |

**8/2/2018 10:39:36 PM**
**C:\ Users\ cchoi\ Documents\ EAST\ Workspaces\ 15944542_matching_process_system_method.wsp**

# Bibliographic Data

Application No:     15/944,542

Foreign Priority claimed:          ○ Yes     ● No

35 USC 119 (a-d) conditions met:  ☐ Yes     ☑ No          ☐ Met After Allowance

Verified and Acknowledged:        | /YUK TING  CHOI/ |          |            |
                                  | Examiner's Signature |      | Initials   |

Title:                            | Matching Process System and Method |

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 04/03/2018<br>**RULE** | 707 | 2153 | 083523.0121 |

**APPLICANTS**

Match Group, LLC, Dallas, TX,

**INVENTORS**

Sean Rad Los Angeles, CA, UNITED STATES

Todd M. Carrico Sachse, TX, UNITED STATES

Kenneth B. Hoskins Plano, TX, UNITED STATES

James C. Stone Addison, TX, UNITED STATES

Jonathan Badeen North Hollywood, CA, UNITED STATES

**CONTINUING DATA**

This application is a CON of 15676773 08/14/2017

15676773 is a CON of 14059192 10/21/2013 PAT 9733811

14059192 has PRO of 61793866 03/15/2013

14059192 is a CIP of 12339301 12/19/2008 PAT 8566327

12339301 has PRO of 61015099 12/19/2007

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED\*\***

04/27/2018

**STATE OR COUNTRY**

UNITED STATES

**ADDRESS**

BAKER BOTTS L.L.P.

2001 ROSS AVENUE

SUITE 900

DALLAS, TX 75201-2980

UNITED STATES

**FILING FEE RECEIVED**

$6,720

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (02-18)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | 15944542 |
| Filing Date | 2018-04-03 |
| First Named Inventor | RAD |
| Art Unit | 2153 |
| Examiner Name | Yuk Ting Choi |
| Attorney Docket Number | 083523.0121 |

### U.S.PATENTS

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 9547369 | | 2017-01-17 | WERNICK et al. | |
| | 2 | 9720570 | | 2017-08-01 | WERNICK et al. | |

If you wish to add additional U.S. Patent citation information please click the Add button.

### U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

### FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

### NON-PATENT LITERATURE DOCUMENTS

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 15944542 |
| --- | --- | --- |
| | Filing Date | 2018-04-03 |
| | First Named Inventor | RAD |
| | Art Unit | 2153 |
| | Examiner Name | Yuk Ting Choi |
| | Attorney Docket  Number | 083523.0121 |

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
| --- | --- | --- | --- |
| | 1 | | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | | Date Considered | |
| --- | --- | --- | --- |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 15944542 |
|---|---|---|
| | Filing Date | 2018-04-03 |
| | First Named Inventor | RAD |
| | Art Unit | 2153 |
| | Examiner Name | Yuk Ting Choi |
| | Attorney Docket  Number | 083523.0121 |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐  That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐  That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐  See attached certification statement.

☐  The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒  A certification statement is not submitted herewith.

## SIGNATURE

 A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Chad C. Walters/ | Date (YYYY-MM-DD) | 2018-08-07 |
|---|---|---|---|
| Name/Print | Chad C. Walters | Registration Number | 48022 |

This collection of information is required by 37 CFR 1.97 and 1.98.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.1.18

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 33392407 |
| **Application Number:** | 15944542 |
| **International Application Number:** | |
| **Confirmation Number:** | 3585 |
| **Title of Invention:** | Matching Process System and Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Chad Christian Walters/Wendy Flottman |
| **Filer Authorized By:** | Chad Christian Walters |
| **Attorney Docket Number:** | 083523.0121 |
| **Receipt Date:** | 07-AUG-2018 |
| **Filing Date:** | 03-APR-2018 |
| **Time Stamp:** | 10:05:44 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Information Disclosure Statement (IDS) Form (SB08) | IDS.pdf | 1407504  5a2402cfc2dc0502ca57f5d20d95985e60282030 | no | 4 |

**Warnings:**

| Information: | |
|---|---|
| This is not a USPTO supplied IDS fillable form | |
| **Total Files Size (in bytes):** | 1407504 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

<u>**New Applications Under 35 U.S.C. 111**</u>
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
<u>**National Stage of an International Application under 35 U.S.C. 371**</u>
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
<u>**New International Application Filed with the USPTO as a Receiving Office**</u>
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 | 3585 |

| | |
|---|---|
| 5073          7590          07/12/2018 | EXAMINER |
| BAKER BOTTS L.L.P.<br>2001 ROSS AVENUE<br>SUITE 900<br>DALLAS, TX 75201-2980 | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/12/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail1@bakerbotts.com
ptomail2@bakerbotts.com

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Doc Code:
TRACK1.GRANT

| ***Decision Granting Request for Prioritized Examination (Track I or After RCE)*** | Application No.:15/944,542 |
|---|---|

1.  THE REQUEST FILED <u>April 3, 2018</u>        IS **GRANTED**.

The above-identified application has met the requirements for prioritized examination
    A.  ☒  for an original nonprovisional application (Track I).
    B.  ☐  for an application undergoing continued examination (RCE).

2.  **The above-identified application will undergo prioritized examination.**  The application will be accorded special status throughout its entire course of prosecution until one of the following occurs:

   A.   filing a **petition for extension of time** to extend the time period for filing a reply;

   B.   filing an **amendment to amend the application to contain more than four independent claims, more than thirty total claims**, or a multiple dependent claim;

   C.   filing a **request for continued examination**;

   D.   filing a notice of appeal;

   E.   filing a request for suspension of action;

   F.   mailing of a notice of allowance;

   G.   mailing of a final Office action;

   H.   completion of examination as defined in 37 CFR 41.102; or

   I.   abandonment of the application.

Telephone inquiries with regard to this decision should be directed to Kimberly Inabinet at 571-272-4618.

/Kimberly Inabinet/                                  Paralegal Specialist, Office of Petitions

U.S. Patent and Trademark Office
PTO-2298 (Rev. 02-2012)

# Office of Petitions:  Routing Sheet



**4700**

**Application No.** 15944542

**This application is being forwarded to your office for further processing.  A decision has been rendered on a petition filed in this application, as indicated below. For details of this decision, please see the document PET.OP.DEC filed on the same date as this document.**

**X GRANTED**

**DISMISSED**

**DENIED**

| Office of Petitions: Decision Count Sheet | Mailing Month | 7 |
| --- | --- | --- |

Application No.  **15944542**

* 1 5 9 4 4 5 4 2 *

For US serial numbers: enter number only, no slashes or commas.  Ex: 10123456
For PCT: enter "51+single digit of year of filing+last 5 numbers", Ex. for PCT/US05/12345, enter 51512345

Deciding Official:  **Kimberly Inabinet**

**Count (1) - Palm Credit**     15944542

Decision:  **GRANT**

FINANCE WORK NEEDED
☐ Select Check Box for YES

* G R A N T *

Decision Type:  643 - Track One request

* 6 4 3 *

Notes:

**Count (2)**

Decision:  n/a

FINANCE WORK NEEDED
☐ Select Check Box for YES

Decision Type:  NONE

Notes:

**Count (3)**

Decision:  n/a

FINANCE WORK NEEDED
☐ Select Check Box for YES

Decision Type:  NONE

Notes:

Initials of Approving Official (if required)

If more than 3 decisions, attach
2nd count sheet & mark this box  ☐

Printed on:     7/9/2018

Office of Petitions Internal Document - Ver. 5.0



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 15/944,542 | 04/03/2018 | | 2740 | 083523.0121 | 24 | 4 |

5073
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980

**CONFIRMATION NO. 3585**
**UPDATED FILING RECEIPT**

|||||||||||||||||||||||||||||||||
OC000000100722387

Date Mailed: 07/06/2018

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**
Sean Rad, Los Angeles, CA;
Todd M. Carrico, Sachse, TX;
Kenneth B. Hoskins, Plano, TX;
James C. Stone, Addison, TX;
Jonathan Badeen, North Hollywood, CA;

**Applicant(s)**
Match Group, LLC, Dallas, TX;

**Assignment For Published Patent Application**
Match Group, LLC, Dallas, TX

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**
This application is a CON of 15/676,773 08/14/2017
which is a CON of 14/059,192 10/21/2013 PAT 9733811
which claims benefit of 61/793,866 03/15/2013
and is a CIP of 12/339,301 12/19/2008 PAT 8566327
which claims benefit of 61/015,099 12/19/2007

**Foreign Applications** for which priority is claimed  (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)  - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange: Yes**

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 04/27/2018

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 15/944,542**

**Projected Publication Date:** 10/11/2018

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

Matching Process System and Method

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific

countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop

technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 |

**CONFIRMATION NO. 3585**

5073
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 900
DALLAS, TX 75201-2980

**INFORMAL NOTICE**


*OC000000100722368*

Date Mailed: 07/06/2018

## INFORMATIONAL NOTICE TO APPLICANT

Applicant is notified that the above-identified application contains the deficiencies noted below. No period for reply is set forth in this notice for correction of these deficiencies. However, if a deficiency relates to the inventor's oath or declaration, the applicant must file an oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each actual inventor no later than the expiration of the time period set in the "Notice of Allowability" to avoid abandonment. See 37 CFR 1.53(f).

The item(s) indicated below are also required and should be submitted with any reply to this notice to avoid further processing delays.

- A properly executed inventor's oath or declaration has not been received for the following inventor(s):
  Sean Rad
  Todd M. Carrico
  Kenneth B. Hoskins
  James C. Stone
  Jonathan Badeen

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/sareebuddin/

# PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number
15/944,542

## APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE($) | FEE($) | | RATE($) | FEE($) |
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 300 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 660 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 760 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 24 minus 20 = | * 4 | | | OR | x 100 = | 400 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 4 minus 3 = | 1 | | | | x 460 = | 460 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 2580 |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE($) | ADDITIONAL FEE($) | | RATE($) | ADDITIONAL FEE($) |
| AMENDMENT A | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE($) | ADDITIONAL FEE($) | | RATE($) | ADDITIONAL FEE($) |
| AMENDMENT B | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

ATTORNEY DOCKET NO.
083523.0121

PATENT APPLICATION
USSN 15/944,542

1 of 3

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Sean RAD et al. |
| Application No.: | 15/944,542 |
| Filing Date: | April 3, 2018 |
| Group Art Unit: | TBD |
| Confirmation No.: | 3585 |
| Examiner: | Unassigned |
| Title: | MATCHING PROCESS SYSTEM AND METHOD |

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313

Dear Examiner:

## **RESPONSE TO NOTICE TO FILE CORRECTED APPLICATION PAPERS**

This paper is submitted in response to the Notice to File Corrected Application Papers dated May 1, 2018 (the "Notice"). Applicants submit the following:

- •   Remarks which begin on page 2 of this paper; and
- •   Replacement FIG. 3 of drawings.

ATTORNEY DOCKET NO.
083523.0121

PATENT APPLICATION
USSN 15/944,542

2 of 3

## REMARKS

The Notice requires replacement drawings in compliance with 37 C.F.R. 1.84 and 37 C.F.R. 1.121(d). The replacement drawing includes no new matter.

38167416

ATTORNEY DOCKET NO.                          PATENT APPLICATION
083523.0121                                  USSN 15/944,542

3 of 3

## CONCLUSION

Applicant has made an earnest attempt to place this case in condition for allowance. For the foregoing reasons, and for other apparent reasons, Applicant respectfully requests full allowance of all pending claims.

If the Examiner believes a telephone conference would advance prosecution of this case in any way, the Examiner is invited to contact the undersigned attorney at the Examiner's convenience.

Applicant believes no fee(s) to be currently due, however, the Commissioner is hereby authorized to charge any additional required fees and credit any overpayments to Deposit Account No. 02-0384 of BAKER BOTTS L.L.P.

Respectfully submitted,
BAKER BOTTS L.L.P.
Attorneys for Applicant

Chad C. Walters
Reg. No. 48,022
(214) 953-6511

Date: June 21, 2018

**Correspondence Address:**
Customer Number: **05073**

38167416

Matching Process System and Method
083523.0121

REPLACEMENT SHEET

*3/11*



*FIG. 2*



*FIG. 3*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 32974718 |
| **Application Number:** | 15944542 |
| **International Application Number:** | |
| **Confirmation Number:** | 3585 |
| **Title of Invention:** | Matching Process System and Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Chad Christian Walters/Wendy Flottman |
| **Filer Authorized By:** | Chad Christian Walters |
| **Attorney Docket Number:** | 083523.0121 |
| **Receipt Date:** | 22-JUN-2018 |
| **Filing Date:** | 03-APR-2018 |
| **Time Stamp:** | 11:32:10 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | response.PDF | 129811 <br> 7db17a2f21252669417e2cb04fd52772735 29af3 | yes | 4 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Applicant Response to Pre-Exam Formalities Notice | 1 | 3 |
| Drawings-only black and white line drawings | 4 | 4 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |
| **Total Files Size (in bytes):** | 129811 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Document code: WFEE

United States Patent and Trademark Office
Sales Receipt for Accounting Date:  06/25/2018

MTEKLEMI    SALE #00000027    Mailroom Dt: 06/22/2018    020384   15944542
                     01     FC : 1051                    160.00 DA



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/944,542 | 04/03/2018 | Sean Rad | 083523.0121 |

**CONFIRMATION NO. 3585**

5073
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

**FORMALITIES LETTER**


*OC000000099132126*

Date Mailed: 05/01/2018

# NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Filing Date Granted*

An application number and filing date have been accorded to this application. The application is informal since it does not comply with the regulations for the reason(s) indicated below. Applicant is given TWO MONTHS from the date of this Notice within which to correct the informalities indicated below. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

The required item(s) identified below must be timely submitted to avoid abandonment:

- Replacement drawings in compliance with 37 CFR 1.84 and 37 CFR 1.121(d) are required. The drawings submitted are not acceptable because:
  - The drawings must be reasonably free from erasures and must be free from alterations, overwriting, interlineations, folds, and copy marks. See Figure(s) 3.

Applicant is cautioned that correction of the above items may cause the specification and drawings page count to exceed 100 pages. If the specification and drawings exceed 100 pages, applicant will need to submit the required application size fee.

- Surcharge as set forth in 37 CFR 1.16(f) must be submitted.
  The surcharge is due for any one of:
  - late submission of the basic filing fee, search fee, or examination fee,
  - late submission of inventor's oath or declaration,
  - filing an application that does not contain at least one claim on filing, or
  - submission of an application filed by reference to a previously filed application.

## SUMMARY OF FEES DUE:

The fee(s) required within **TWO MONTHS** from the date of this Notice to avoid abandonment is/are itemized below. No entity status discount is in effect. If applicant is qualified for small entity status, a written assertion of small entity status must be submitted to establish small entity status. (See 37 CFR 1.27). If applicant is qualified for micro entity status, an acceptable Certification of Micro Entity Status must be submitted to establish micro entity status. (See 37 CFR 1.29 and forms PTO/SB/15A and 15B.)
- $ **160** surcharge.
- $( **0**) previous unapplied payment amount.
- $ **160** TOTAL FEE BALANCE DUE.

## Items Required To Avoid Processing Delays:

Applicant is notified that the above-identified application contains the deficiencies noted below. No period for reply is set forth in this notice for correction of these deficiencies. However, if a deficiency relates to the inventor's oath or declaration, the applicant must file an oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each actual inventor no later than the expiration of the time period set in the "Notice of Allowability" to avoid abandonment. See 37 CFR 1.53(f).

• A properly executed inventor's oath or declaration has not been received for the following inventor(s):
Sean Rad
Todd M. Carrico
Kenneth B. Hoskins
James C. Stone
Jonathan Badeen

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

Replies should be mailed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web, including a copy of this Notice and selecting the document description "Applicant response to Pre-Exam Formalities Notice". https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at 1-866-217-9197 or visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

Questions about the contents of this notice and the requirements it sets forth should be directed to the Office of Data Management, Application Assistance Unit, at **(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/lvongxay/
_____

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| | Application or Docket Number |
|---|---|
| | 15/944,542 |

### APPLICATION AS FILED - PART I

| | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| FOR | | | | | | | |
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 300 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 660 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 760 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 24 minus 20 = | * 4 | | | OR | x 100 = | 400 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 4 minus 3 = | 1 | | | | x 460 = | 460 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 2580 |

### APPLICATION AS AMENDED - PART II

#### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

#### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 15/944,542 | 04/03/2018 | | 2580 | 083523.0121 | 24 | 4 |

**CONFIRMATION NO. 3585**

5073
BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 700
DALLAS, TX 75201-2980

**FILING RECEIPT**

CC000000099132125

Date Mailed: 05/01/2018

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Sean Rad, Los Angeles, CA;
Todd M. Carrico, Sachse, TX;
Kenneth B. Hoskins, Plano, TX;
James C. Stone, Addison, TX;
Jonathan Badeen, North Hollywood, CA;

**Applicant(s)**

Match Group, LLC, Dallas, TX;

**Assignment For Published Patent Application**

Match Group, LLC, Dallas, TX

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**

This application is a CON of 15/676,773 08/14/2017
which is a CON of 14/059,192 10/21/2013 PAT 9733811
which claims benefit of 61/793,866 03/15/2013
and is a CIP of 12/339,301 12/19/2008 PAT 8566327
which claims benefit of 61/015,099 12/19/2007

**Foreign Applications** for which priority is claimed  (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)  - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 04/27/2018

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 15/944,542**

**Projected Publication Date:**  To Be Determined - pending completion of Corrected Papers

**Non-Publication Request:** No

**Early Publication Request:** No

**Title**

  Matching Process System and Method

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific

countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

# *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop

technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Doc Code: TRACK1.REQ
Document Description: TrackOne Request

PTO/AIA/424 (04-14)

## CERTIFICATION AND REQUEST FOR PRIORITIZED EXAMINATION
## UNDER 37 CFR 1.102(e) (Page 1 of 1)

| First Named Inventor: | Sean Rad | Nonprovisional Application Number (if known): | |
|---|---|---|---|
| Title of Invention: | Matching Process System and Method | | |

**APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS PRIORITIZED EXAMINATION FOR THE ABOVE-IDENTIFIED APPLICATION.**

1. The processing fee set forth in 37 CFR 1.17(i)(1) and the prioritized examination fee set forth in 37 CFR 1.17(c) have been filed with the request. The publication fee requirement is met because that fee, set forth in 37 CFR 1.18(d), is currently $0. The basic filing fee, search fee, and examination fee are filed with the request or have been already been paid. I understand that any required excess claims fees or application size fee must be paid for the application.

2. I understand that the application may not contain, or be amended to contain, more than four independent claims, more than thirty total claims, or any multiple dependent claims, and that any request for an extension of time will cause an outstanding Track I request to be dismissed.

3. The applicable box is checked below:

   I.   ☑ **Original Application (Track One) - Prioritized Examination under § 1.102(e)(1)**

   i.   (a) The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a). This certification and request is being filed with the utility application via EFS-Web.
   ----OR----
   (b) The application is an original nonprovisional plant application filed under 35 U.S.C. 111(a). This certification and request is being filed with the plant application in paper.

   ii.  An executed inventor's oath or declaration under 37 CFR 1.63 or 37 CFR 1.64 for each inventor, **or** the application data sheet meeting the conditions specified in 37 CFR 1.53(f)(3)(i) is filed with the application.

   II.  ☐ **Request for Continued Examination - Prioritized Examination under § 1.102(e)(2)**

   i.   A request for continued examination has been filed with, or prior to, this form.
   ii.  If the application is a utility application, this certification and request is being filed via EFS-Web.
   iii. The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a), or is a national stage entry under 35 U.S.C. 371.
   iv.  This certification and request is being filed prior to the mailing of a first Office action responsive to the request for continued examination.
   v.   No prior request for continued examination has been granted prioritized examination status under 37 CFR 1.102(e)(2).

| Signature | *Chad Walters (signature)* | Date | April 3, 2018 |
|---|---|---|---|
| Name (Print/Typed) | Chad C. Walters | Practitioner Registration Number | 48022 |

**Note:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required.*

☑ *Total of **one** forms are submitted.

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 083523.0121 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2  (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor | 1 | | | | Remove |
|---|---|---|---|---|---|

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Sean | | Rad | |

| Residence Information (Select One) | ⦿ US Residency | ◯ Non US Residency | ◯ Active US Military Service |
|---|---|---|---|

| City | Los Angeles | State/Province | CA | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 10430 Wilshire Blvd. |
|---|---|
| Address 2 | Unit 1403 |

| City | Los Angeles | | State/Province | CA |
|---|---|---|---|---|
| Postal Code | 90024 | Country i | US | |

| Inventor | 2 | | | | Remove |
|---|---|---|---|---|---|

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Todd | M. | Carrico | |

| Residence Information (Select One) | ⦿ US Residency | ◯ Non US Residency | ◯ Active US Military Service |
|---|---|---|---|

| City | Sachse | State/Province | TX | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 1407 Sunrise Lane |
|---|---|
| Address 2 | |

| City | Sachse | | State/Province | TX |
|---|---|---|---|---|
| Postal Code | 75048 | Country i | US | |

| Inventor | 3 | | | | Remove |
|---|---|---|---|---|---|

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Kenneth | B. | Hoskins | |

| Residence Information (Select One) | ⦿ US Residency | ◯ Non US Residency | ◯ Active US Military Service |
|---|---|---|---|

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 083523.0121 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

| City | Plano | State/Province | TX | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 2817 Chancellor Drive | | |
|---|---|---|---|
| Address 2 | | | |
| City | Plano | State/Province | TX |
| Postal Code | 75074 | Country i | US |

**Inventor    4**                                    [ Remove ]

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | James | C. | Stone | |

| Residence Information (Select One) | ⊙ US Residency | ◯ Non US Residency | ◯ Active US Military Service |
|---|---|---|---|

| City | Addison | State/Province | TX | Country of Residence | |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 15826 Breedlove | | |
|---|---|---|---|
| Address 2 | | | |
| City | Addison | State/Province | TX |
| Postal Code | 75001 | Country i | US |

**Inventor    5**                                    [ Remove ]

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Jonathan | | Badeen | |

| Residence Information (Select One) | ⊙ US Residency | ◯ Non US Residency | ◯ Active US Military Service |
|---|---|---|---|

| City | North Hollywood | State/Province | CA | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 11201 Otsego St. #400 | | |
|---|---|---|---|
| Address 2 | | | |
| City | North Hollywood | State/Province | TX |
| Postal Code | 91601 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.                    [ Add ]

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

☐ **An Address is being provided for the correspondence Information of this application.**

EFS Web 2.2.12

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 083523.0121 |
|---|---|---|
| | Application Number | |
| Title of Invention | Matching Process System and Method | |

| **Customer Number** | 05073 | | |
|---|---|---|---|
| **Email Address** | PTOmail1@bakerbotts.com | Add Email | Remove Email |

## Application Information:

| **Title of the Invention** | Matching Process System and Method | | |
|---|---|---|---|
| **Attorney Docket Number** | 083523.0121 | **Small Entity Status Claimed** | ☐ |
| **Application Type** | Nonprovisional | | |
| **Subject Matter** | Utility | | |
| **Total Number of Drawing Sheets (if any)** | 11 | **Suggested Figure for Publication (if any)** | |

### Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

| ☐ | Request Early Publication (Fee required at time of Request 37 CFR 1.219) |
|---|---|
| ☐ | **Request Not to Publish.**  I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify  that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a  multilateral international agreement, that requires publication at eighteen months after filing. |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ⦿ Customer Number | ◯ US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 05073 | | |

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 083523.0121 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| | Continuation of | 15/676773 | 2017-08-14 | |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 15/676773 | Continuation of | 14/059192 | 2013-10-21 | 9733811 | 2017-08-15 |

| Prior Application Status | Expired | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| 14/059192 | Claims benefit of provisional | 61/793866 | 2013-03-15 | |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 14/059192 | Continuation in part of | 12/339301 | 2008-12-19 | 8566327 | 2013-10-22 |

| Prior Application Status | Expired | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| 12/339301 | Claims benefit of provisional | 61/015099 | 2007-12-19 | |

| Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. |
|---|

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |

EFS Web 2.2.12

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 083523.0121 |
| | Application Number | |

| Title of Invention | Matching Process System and Method |
| --- | --- |

| | | | |
| --- | --- | --- | --- |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 083523.0121 |
| --- | --- | --- |
| | Application Number | |

| Title of Invention | Matching Process System and Method |
| --- | --- |

# Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application.  After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s).  Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A.  Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2)  any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B.  Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐   A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed.  If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐   B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:** Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 083523.0121 |
|---|---|---|
| | Application Number | |

| Title of Invention | Matching Process System and Method |
|---|---|

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

### Applicant    1

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

[ Clear ]

( • ) Assignee          ( ) Legal Representative under  35 U.S.C. 117          ( ) Joint Inventor

( ) Person to whom the inventor is obligated to assign.          ( ) Person who shows sufficient proprietary interest

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor:

If the Applicant is an Organization check here. [x]

| Organization Name | Match Group, LLC |
|---|---|

**Mailing Address Information For Applicant:**

| **Address 1** | 8750 N. Central Expressway | | |
|---|---|---|---|
| Address 2 | Suite 1400 | | |
| **City** | Dallas | **State/Province** | TX |
| **Country** | US | Postal Code | 75231 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 083523.0121 |
| | Application Number | |

| Title of Invention | Matching Process System and Method |
| --- | --- |

| **Assignee    1** |
| --- |
| Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication. |

| If the Assignee or Non-Applicant Assignee is an Organization check here. | | | | [x] |
| --- | --- | --- | --- | --- |
| Organization Name | Match Group, LLC | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| **Address 1** | 8750 N. Central Expressway | | |
| --- | --- | --- | --- |
| Address 2 | Suite 1400 | | |
| **City** | | Dallas | **State/Province** | TX |
| **Country i** | US | | Postal Code | 75231 |
| Phone Number | | | Fax Number | |
| Email Address | | | | |

| Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button. |
| --- |

## Signature:

NOTE: This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| Signature | _(signature)_ | | Date (YYYY-MM-DD) | 2018-04-03 |
| --- | --- | --- | --- | --- |
| First Name | Chad C. | Last Name | Walters | Registration Number | 48022 |

| Additional Signature may be generated within this form by selecting the Add button. |
| --- |

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | 083523.0121 |
|---|---|---|
| | Application Number | |
| Title of Invention | Matching Process System and Method | |

This collection of information is required by 37 CFR 1.76.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

ATTORNEY'S DOCKET                         PATENT APPLICATION
083523.0121

71

## MATCHING PROCESS SYSTEM AND METHOD

ABSTRACT

A method for profile matching includes receiving a
plurality of user profiles, each user profile comprising
traits of a respective user.   The method includes
receiving a preference indication for a first user
profile of the plurality of user profiles.   The method
also includes determining a potential match user profile
of the plurality of user profiles based on the preference
indication for the first user profile.   The method also
includes presenting the potential match user profile to a
second user.

ATTORNEY'S DOCKET                              PATENT APPLICATION
083523.0121

56

WHAT IS CLAIMED IS:

1. A non-transitory computer-readable medium comprising instructions that, when executed by a processor, are configured to:

5        electronically receive a plurality of user online-dating profiles, each profile comprising traits of a respective user;

electronically receive a first request for matching, the first request electronically submitted by a first 10    user using a first electronic device;

determine from the plurality of user online-dating profiles a set of potential matches for the first user;

cause the display of a graphical representation of a first potential match of the set of potential matches to 15    the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user;

receive from the first electronic device of the first user a first positive preference indication 20    associated with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface;

cause the graphical user interface to display a 25    graphical representation of a second potential match of the set of potential matches instead of the graphical representation of the first potential match;

receive from a second electronic device of the second user a positive preference indication regarding 30    the first user;

determine to allow the first user to communicate with the second user in response to receiving from the

57

first electronic device of the first user the first positive preference indication regarding the second user and receiving from the second electronic device of the second user the positive preference indication regarding
5     the first user;

        receive from the first electronic device of the first user a first negative preference indication associated with a graphical representation of a third potential match on the graphical user interface, the
10     first negative preference indication associated with a second gesture performed on the graphical user interface, the third potential match corresponding to a third user;

        without allowing communication between the first user and the third user, receive from the first
15     electronic device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the graphical user interface, the second positive preference indication associated with the first gesture performed on
20     the graphical user interface, the fourth potential match corresponding to a fourth user;

        receive from a third electronic device of the fourth user a second negative preference indication associated with a graphical representation of the first user; and

25     without allowing communication between the first user and the fourth user, receive from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the
30     graphical user interface, the third positive preference indication associated with the first gesture performed on

58

the graphical user interface, the fifth potential match corresponding to a fifth user.

2. The medium of Claim 1, wherein at least one or more of the plurality of user on-line dating profiles is associated with a social networking platform.

3. The medium of Claim 1, wherein:

the first gesture comprises a first swiping gesture; and

the second gesture comprises a second swiping gesture different than the first swiping gesture.

4. The medium of Claim 2, wherein:

the first gesture comprises a first swiping gesture; and

the second gesture comprises a second swiping gesture different than the first swiping gesture

5. The medium of Claim 1, further comprising instructions configured to, in response to determining to allow the first user to communicate with the second user, cause the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the first user and the second user and presenting an option for the first user to communicate with the second user.

6. The medium of Claim 4, further comprising instructions configured to, in response to determining to allow the first user to communicate with the second user,

ATTORNEY'S DOCKET                              PATENT APPLICATION
083523.0121

59

cause the display of a graphical notification on the
graphical user interface of the first electronic device
of the first user, the graphical notification indicating
that a match exists between the first user and the second
5   user and presenting an option for the first user to
communicate with the second user.

ATTORNEY'S DOCKET                        PATENT APPLICATION
083523.0121

60

7.    A system for profile matching, comprising:

an interface operable to:

electronically receive a plurality of user online-dating profiles, each profile comprising traits of a
5      respective user; and

electronically receive a first request for matching, the first request electronically submitted by a first user using a first electronic device;

a processor coupled to the interface and operable
10     to:

determine from the plurality of user online-dating profiles a set of potential matches for the first user; and

cause the display of a graphical representation of a
15     first potential match of the set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user;

wherein the interface is further operable to receive
20     from the first electronic device of the first user a first positive preference indication associated with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on
25     the graphical user interface;

wherein the processor is further operable to cause the graphical user interface to display a graphical representation of a second potential match of the set of potential matches instead of the graphical representation
30     of the first potential match;

ATTORNEY'S DOCKET                     PATENT APPLICATION
083523.0121

61

wherein the interface is further operable to receive from a second electronic device of the second user a positive preference indication regarding the first user;

wherein the processor is further operable to
5   determine to allow the first user to communicate with the second user in response to receiving from the first electronic device of the first user the first positive preference indication regarding the second user and receiving from the second electronic device of the second
10  user the positive preference indication regarding the first user; and

wherein the interface is further operable to:

receive from the first electronic device of the first user a first negative preference indication
15  associated with a graphical representation of a third potential match on the graphical user interface, the first negative preference indication associated with a second gesture performed on the graphical user interface, the third potential match corresponding to a third user;

20  without allowing communication between the first user and the third user, receive from the first electronic device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the
25  graphical user interface, the second positive preference indication associated with the first gesture performed on the graphical user interface, the fourth potential match corresponding to a fourth user;

receive from a third electronic device of the
30  fourth user a second negative preference indication associated with a graphical representation of the first user; and

62

without allowing communication between the first user and the fourth user, receive from the first electronic device of the first user a third positive preference indication associated with a graphical 5 representation of a fifth potential match on the graphical user interface, the third positive preference indication associated with the first gesture performed on the graphical user interface, the fifth potential match corresponding to a fifth user.

10

8. The system of Claim 7, wherein at least one or more of the plurality of user on-line dating profiles is associated with a social networking platform.

15 9. The system of Claim 7, wherein:

the first gesture comprises a first swiping gesture; and

the second gesture comprises a second swiping gesture different than the first swiping gesture.

20

10. The system of Claim 8, wherein:

the first gesture comprises a first swiping gesture; and

the second gesture comprises a second swiping 25 gesture different than the first swiping gesture

11. The system of Claim 7, wherein the processor is further operable to, in response to determining to allow the first user to communicate with the second user, cause 30 the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a

ATTORNEY'S DOCKET                    PATENT APPLICATION
083523.0121

63

match exists between the first user and the second user and presenting an option for the first user to communicate with the second user.

12. The system of Claim 10, wherein the processor is further operable to, in response to determining to allow the first user to communicate with the second user, cause the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the first user and the second user and presenting an option for the first user to communicate with the second user.

64

13. A computer implemented method of profile matching, comprising:

electronically transmitting from a first electronic device of a first user a first request for matching;

5          causing the display of a graphical representation of a first potential match of a set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match corresponding to a second user;

10          wherein the set of potential matches for the first user are determined from a plurality of user online-dating profiles in response to the first request for matching;

wherein the plurality of user online-dating profiles
15          each comprises traits of a respective user;

transmitting from the first electronic device of the first user a first positive preference indication associated with the graphical representation of the second user on the graphical user interface, the first
20          positive preference indication associated with a first gesture performed on the graphical user interface;

causing the display on the graphical user interface of a graphical representation of a second potential match of the set of potential matches instead of the graphical
25          representation of the first potential match;

allowing the first user to communicate with the second user in response to the first electronic device of the first user transmitting the first positive preference indication regarding the second user and a second user
30          expressing a positive preference regarding the first user;

65

transmitting from the first electronic device of the first user a first negative preference indication associated with a graphical representation of a third potential match on the graphical user interface, the
5    first negative preference indication associated with a second gesture performed on the graphical user interface, the third potential match corresponding to a third user;

without allowing the first user to communicate with the third user, transmitting from the first electronic
10   device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the graphical user interface, the second positive preference indication associated with the first gesture performed on the graphical user
15   interface, the fourth potential match corresponding to a fourth user;

wherein there is a fourth user expression of a negative preference for the first user; and

without allowing communication between the first
20   user and the fourth user, transmitting from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the graphical user interface, the third positive preference
25   indication associated with the first gesture performed on the graphical user interface, the fifth potential match corresponding to a fifth user.

14.    The method of Claim 13, wherein at least one or
30   more of the plurality of user on-line dating profiles is associated with a social networking platform.

ATTORNEY'S DOCKET                        PATENT APPLICATION
083523.0121

66

15.   The method of Claim 13, wherein:

the first gesture comprises a first swiping gesture; and

the second gesture comprises a second swiping
5      gesture different than the first swiping gesture.


16.   The method of Claim 14, wherein:

the first gesture comprises a first swiping gesture; and

10     the second gesture comprises a second swiping
gesture different than the first swiping gesture


17.   The method of Claim 13, further comprising
causing the display of a graphical notification on the
15     graphical user interface of the first electronic device
of the first user, the graphical notification indicating
that a match exists between the first user and the second
user and presenting an option for the first user to
communicate with the second user.

20

18.   The method of Claim 16, further comprising
causing the display of a graphical notification on the
graphical user interface of the first electronic device
of the first user, the graphical notification indicating
25     that a match exists between the first user and the second
user and presenting an option for the first user to
communicate with the second user.

67

19.  A system for profile matching, comprising:

an interface operable to electronically transmit from a first electronic device of a first user a first request for matching;

5          a processor coupled to the interface and operable to cause the display of a graphical representation of a first potential match of a set of potential matches to the first user on a graphical user interface of the first electronic device, the first potential match
10         corresponding to a second user;

wherein the set of potential matches for the first user are determined from a plurality of user online-dating profiles in response to the first request for matching;

15         wherein the plurality of user online-dating profiles each comprises traits of a respective user;

wherein the interface is further operable to transmit from the first electronic device of the first user a first positive preference indication associated
20         with the graphical representation of the second user on the graphical user interface, the first positive preference indication associated with a first gesture performed on the graphical user interface;

wherein the processor is further operable to:

25                  cause the display on the graphical user interface of a graphical representation of a second potential match of the set of potential matches instead of the graphical representation of the first potential match; and

30                  allow the first user to communicate with the second user in response to the first electronic device of the first user transmitting the first positive preference

68

indication regarding the second user and a second user expressing a positive preference regarding the first user;

wherein the interface is further operable to:

5                 transmit from the first electronic device of the first user a first negative preference indication associated with a graphical representation of a third potential match on the graphical user interface, the first negative preference indication associated with a
10      second gesture performed on the graphical user interface, the third potential match corresponding to a third user; and

without allowing the first user to communicate with the third user, transmit from the first electronic
15      device of the first user a second positive preference indication associated with a graphical representation of a fourth potential match on the graphical user interface, the second positive preference indication associated with the first gesture performed on the graphical user
20      interface, the fourth potential match corresponding to a fourth user;

wherein there is a fourth user expression of a negative preference for the first user; and

wherein the interface is further operable to,
25      without allowing communication between the first user and the fourth user, transmit from the first electronic device of the first user a third positive preference indication associated with a graphical representation of a fifth potential match on the graphical user interface,
30      the third positive preference indication associated with the first gesture performed on the graphical user

69

interface, the fifth potential match corresponding to a fifth user.

20. The system of Claim 19, wherein at least one or
5       more of the plurality of user on-line dating profiles is associated with a social networking platform.

21. The system of Claim 19, wherein:
        the first gesture comprises a first swiping gesture;
10     and
        the second gesture comprises a second swiping gesture different than the first swiping gesture.

22. The system of Claim 20, wherein:
15      the first gesture comprises a first swiping gesture; and
        the second gesture comprises a second swiping gesture different than the first swiping gesture

20      23. The system of Claim 19, wherein the processor is further operable to cause the display of a graphical notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the
25     first user and the second user and presenting an option for the first user to communicate with the second user.

        24. The system of Claim 23, wherein the processor is further operable to cause the display of a graphical
30     notification on the graphical user interface of the first electronic device of the first user, the graphical notification indicating that a match exists between the

ATTORNEY'S DOCKET                        PATENT APPLICATION
083523.0121

70

first user and the second user and presenting an option
for the first user to communicate with the second user.

5

ATTORNEY'S DOCKET                           PATENT APPLICATION
083523.0121

1

# MATCHING PROCESS SYSTEM AND METHOD

## RELATED APPLICATION

This application is a continuation of U.S. Application Serial No. 15,676,773 filed August 14, 2017 and entitled "Matching Process System And Method," which is a continuation of U.S. Application Serial No. 14/059,192 filed October 21, 2013 and entitled "Matching Process System and Method;" which (a) is a continuation-in-part of U.S. Application Serial No. 12/339,301 filed December 19, 2008 and entitled "Matching Process System and Method," now U.S. Patent No. 8,566,327, which claims benefit under 35 U.S.C. § 119(e) to U.S. Provisional Application Serial No. 61/015,099, entitled "Matching Process System And Method," filed December 19, 2007; and (b) claims benefit under 35 U.S.C. 119(e) to U.S. Provisional Application Serial No. 61/793,866 filed March 15, 2013 and entitled "Social Matching System and Method."

## TECHNICAL FIELD

This invention relates generally to computer matching systems and more particularly to a matching process system and method.

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

2

BACKGROUND

Networking architectures have grown increasingly complex in communications environments. In recent years, a series of protocols and configurations have been 5 developed in order to accommodate a diverse group of end users having various networking needs. Many of these architectures have gained significant notoriety because they can offer the benefits of automation, convenience, management, and enhanced consumer selections.

10 Certain network protocols may be used in order to allow an end user to conduct an on-line search of candidates to fill a given vacancy. These protocols may relate to job searches, person finding services, real estate searches, or on-line dating. While some believe 15 that on-line dating is simply a matter of matching supply and demand, there is statistical and empirical evidence to suggest that successful on-line dating entails far more.

For example, people having similar and/or compatible 20 character traits and values should be matched together. However, effectively linking two participants together can prove to be a challenging endeavor. Coordinating a relationship between two like-minded individuals can be a significant chore, as there are a number of obstacles and 25 barriers that must be overcome.

One problem that has arisen is that matching services are limited to searching for matches only within their own platform. Thus, only people who have gone through the process of signing up for the service are 30 searched for a match. One solution to this problem is to have users register in multiple services. This is problematic because it can be expensive and time

3

consuming for users. Further, the user must then visit all of the services to monitor the search progress: this inefficiency may cause users to give up on the search process.

5        Another problem is that the search results of these services contain many irrelevant entities to the searcher. This costs the user of the service time and may deter them from continuing through all of the search results.

10       Another problem is that large numbers of unwanted communication requests can become a nuisance to the user. Too many nuisance requests may deter the user from further use of the system. Users with the most attractive profiles are oftentimes the ones that receive 15  the most unwanted attention. If the users with the most attractive profiles cease to use the system, the quality of the user pool deteriorates.

4

## SUMMARY

In one embodiment, a method for profile matching comprises receiving a plurality of user profiles, each user profile comprising traits of a respective user. It
5  also comprises receiving a preference indication for a first user profile of the plurality of user profiles. It further comprises determining a potential match user profile of the plurality of user profiles based on the preference indication for the first user profile. The
10  method also comprises presenting the potential match user profile to a second user.

Receiving a preference indication for a first user profile may include receiving from a third user a recommendation of the first user profile for the second
15  user. It may also include receiving from the second user a preference indication for the first user profile. The method may further include determining a score of a third user profile of the plurality of user profiles as a potential match for the second user. It may also include
20  altering the score of the third user profile based on the preference indication for the first user profile.

In another embodiment, a method for profile matching comprises receiving a plurality of user profiles, each user profile comprising traits of a respective user. The
25  method further comprises receiving a request for matches from a first user, the first user associated with a first user profile. The method also comprises scoring the plurality of user profiles for potential matching with the first user based on comparisons of the plurality of
30  user profiles with the first user profile. It also comprises identifying a second user profile of the plurality of user profiles as a potential match for the

ATTORNEY'S DOCKET                         PATENT APPLICATION
083523.0121

5

first user based on the scoring. The method further comprises identifying commonality between a third user profile of the plurality of user profiles and the second user profile. In addition, the method comprises 5 presenting to the first user the third user profile as a potential match for the first user.

Depending on the specific features implemented, particular embodiments may exhibit some, none, or all of the following technical advantages. Various embodiments 10 may be capable of dynamically updating match search results based on user activity. Some embodiments may be capable of enhancing match search results by reducing the impact of restrictive user preferences. In addition, some embodiments may provide the ability to evaluate the 15 attractiveness of potential matches. Various embodiments may be capable of importing user profiles from other social-networking systems. Some embodiments may be capable of generating the pool of users based on both explicit and implicit criteria derived from other social 20 networking systems. Other technical advantages will be readily apparent to one skilled in the art from the following figures, description and claims.

ATTORNEY'S DOCKET                              PATENT APPLICATION
083523.0121

6

BRIEF DESCRIPTION OF THE DRAWINGS

Reference is now made to the following description taken in conjunction with the accompanying drawings, wherein like reference numbers represent like parts, and which:

FIGURE 1A is an overview of one embodiment of the matching system;

FIGURE 1B shows the contents of the terminal from FIGURE 1A;

FIGURE 1C shows the contents of the matching server from FIGURE 1A;

FIGURE 1D is a diagram of a database from FIGURE 1C showing one embodiment of how a matching server stores a pool;

FIGURE 1E is a diagram of the display from FIGURE 1B showing one embodiment of the presentation of search results to a user;

FIGURE 1F is a diagram of the display from FIGURE 1B showing one embodiment of the presentation of details of a match result entity to a user;

FIGURE 2 is a diagram depicting how a user may recommend an entity to another user, in accordance with a particular embodiment;

FIGURE 3 is a diagram of the display from FIGURE 1B depicting how the user may be made aware of fate characteristics the user shares with a match result entity, in accordance with a particular embodiment;

FIGURE 4 is a diagram depicting how two platforms may be searched for a match, in accordance with a particular embodiment;

ATTORNEY'S DOCKET                        PATENT APPLICATION
083523.0121

7

FIGURE 5 is a flow chart indicating how a result list may be generated, in accordance with a particular embodiment;

FIGURE 6 shows one embodiment of the matching system displaying to a user the profile information of a second user;

FIGURE 7 is a diagram of the display from FIGURE 6 showing the effect of a left swipe gesture;

FIGURE 8 is a diagram of the display from FIGURE 6 showing the effect of a right swipe gesture;

FIGURE 9 shows the matching system displaying a match of a first user and a second user, in accordance with a particular embodiment;

FIGURE 10 is a flowchart depicting a method for enabling communication between two users of the matching system of FIGURE 1 based on a mutual expression of approval, in accordance with a particular embodiment;

FIGURE 11 is a flowchart depicting a method for enabling communication between two users of the matching system of FIGURE 1 based on a user suggested matching proposal, in accordance with a particular embodiment; and

FIGURES 12A-D depict embodiments of a user interface.

ATTORNEY'S DOCKET                              PATENT APPLICATION
083523.0121

8

DETAILED DESCRIPTION

        Referring to FIGURE 1A, one embodiment of a matching
system is shown.  FIGURE 1A is a simplified block diagram
of a system 100 for facilitating an on-line dating
5       scenario in a network environment.  In other embodiments,
system 100 can be leveraged to identify and to evaluate
suitable    candidates    in    other    areas    (e.g.
hiring/employment,   recruiting,   real   estate,   general
person  searches,  etc.).     Users  14  interact  with  a
10      matching server 20 through terminals 10.  FIGURE 1B is a
diagram  showing,  in  one  embodiment,  the  contents  of
terminal 10.  Terminal 10 comprises interface 16 (so that
user 14 may be able to interact with terminal 10) and
display 12.   FIGURE 1C is a diagram showing,  in one
15      embodiment, the contents of matching server 20.  Matching
server 20 comprises memory 26 and at least one CPU 28.
Memory 26 may store multiple databases, such as databases
26a and 26b.   Terminal 10 and matching server 20 are
communicatively coupled via network connections 22 and
20      network 24.

        Users   14   are   clients,   customers,   prospective
customers,  or  entities  wishing  to  participate  in  an  on-
line    dating    scenario    and/or    to    view    information
associated with other participants in the system.  Users
25      14 may also seek to access or to initiate a communication
with other users that may be delivered via network 24.
Users 14 may review data (such as profiles, for example)
associated  with  other  users  in  order  to  make  matching
decisions or elections.   Data, as used herein, refers to
30      any type of numeric, voice, video, text, or script data,
or  any  other  suitable  information  in  any  appropriate

9

format that may be communicated from one point to another.

In one embodiment, terminal 10 represents (and is inclusive of) a personal computer that may be used to 5 access network 24. Alternatively, terminal 10 may be representative of a cellular telephone, an electronic notebook, a laptop, a personal digital assistant (PDA), or any other suitable device (wireless or otherwise: some of which can perform web browsing), component, or element 10 capable of accessing one or more elements within system 100. Interface 16, which may be provided in conjunction with the items listed above, may further comprise any suitable interface for a human user such as a video camera, a microphone, a keyboard, a mouse, or any other 15 appropriate equipment according to particular configurations and arrangements. In addition, interface 16 may be a unique element designed specifically for communications involving system 100. Such an element may be fabricated or produced specifically for matching 20 applications involving a user.

Display 12, in one embodiment, is a computer monitor. Alternatively, display 12 may be a projector, speaker, or other device that allows user 14 to appreciate information that system 100 transmits.

25 Network 24 is a communicative platform operable to exchange data or information emanating from user 14. Network 24 could be a plain old telephone system (POTS). Transmission of information emanating from the user may be assisted by management associated with matching server 30 20 or manually keyed into a telephone or other suitable electronic equipment. In other embodiments, network 24 could be any packet data network offering a

ATTORNEY'S DOCKET                    PATENT APPLICATION
083523.0121

10

communications interface or exchange between any two nodes in system 100.  Network 24 may alternatively be any local area network (LAN), metropolitan area network (MAN), wide area network (WAN), wireless local area network (WLAN), virtual private network (VPN), intranet, or any other appropriate architecture or system that facilitates communications in a network or telephonic environment, including a combination of any networks or systems described above.  In various embodiments, network connections 22 may include, but are not limited to, wired and/or wireless mediums which may be provisioned with routers and firewalls.

Matching server 20 is operable to receive and to communicate information to terminal 10.  In some embodiments, matching server 20 may comprise a plurality of servers or other equipment, each performing different or the same functions in order to receive and communicate information to terminal 10.  Matching server 20 may include software and/or algorithms to achieve the operations for processing, communicating, delivering, gathering, uploading, maintaining, and/or generally managing data, as described herein.  Alternatively, such operations and techniques may be achieved by any suitable hardware, component, device, application specific integrated circuit (ASIC), additional software, field programmable gate array (FPGA), server, processor, algorithm, erasable programmable ROM (EPROM), electrically erasable programmable ROM (EEPROM), or any other suitable object that is operable to facilitate such operations.

In some embodiments, user 14, using terminal 10, registers with matching server 20.  Registration may

11

include user 14 submitting information to matching server
20 about user 14 as well as characteristics user 14 is
seeking to be matched with.  Such information may include
a user handle, which may be a combination of characters
5    that uniquely identifies user 14 to matching server 20.
In various embodiments, matching server 20 may be
configured to collect this information; for example,
matching server 20 may be configured to ask user 14 to
respond to a series of questions.  Matching server 20 may
10   be configured to receive the information submitted by
user 14 and create a profile for user 14 based on that
information, storing the profile in memory 26.

As an example only, consider a case where user 14 is
interested in participating in an on-line dating
15   scenario.  User 14 can access the Internet via terminal
10, travel to a web site managed by matching server 20,
and begin the registration process.  As part of the
registration process, matching server 20 may ask user 14
a series of questions which identifies characteristics
20   about user 14.  Thus, matching server 20 may ask about
the height, weight, age, location, and ethnicity of user
14.  It may also ask about the birthplace, parents,
eating habits, activities, and goals of user 14.
Matching server 20 may further use the registration
25   process to discover what user 14 may be looking for in a
match, such as age, weight, height, location, ethnicity,
diet, education, etc.  Further, matching server 20 may
ask user 14 to indicate how important certain factors are
when looking for a match.  For example, matching server
30   20 may allow the user to indicate which characteristics
in a potential match are a necessity.  In another
example, matching server 20 may ask, "How important is it

12

that your match does not smoke?" Matching server 20 may
also allow the user to indicate that certain
characteristics are not important search criteria. For
example, when asking user 14 about what height or weight
5      user 14 is seeking in a match, matching server 20 may be
configured to receive "not important" as a response. In
yet another example, matching server 20 may allow user 14
to rate which factors are important on a numerical scale.
For example, matching server 20 may ask user 14 the
10     following: "On a scale of 1 - 10, how important is it
that your match has the same education level as you?" In
some embodiments, matching server 20 may specify that any
number of questions or requested descriptions are
necessary before registration may be concluded. As an
15     example only, matching server 20 may require that user 14
communicate the sex of user 14 and the sex user 14
prefers to be matched with. After concluding the
registration process, matching server 20 may store the
responses of user 14 as a profile. This same process may
20     be repeated by several different users 14, causing
matching server 20 to contain a plurality of profiles.

       FIGURE 1D depicts an embodiment in which matching
server 20 has a database 26a which contains a pool 30.
Each entry in database 26a has a pool entity 30a along
25     with information concerning that entity. In one
embodiment, each pool entity 30a-e represents a user and
their profile. In some embodiments, not all registered
users are in pool 30. As discussed further below,
matching server 20 may use a selection process for
30     including stored profiles in pool 30. As depicted in
FIGURE 1D, in this embodiment, the collection of users
and profiles forms pool 30 through which matching server

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

13

20 may perform various functions such as searches for
matches.

Matching server 20 may be configured to search
through pool 30 and present matches to user 14. In
5    FIGURE 1E, one embodiment of this presentation is
depicted as occurring through display 12. In various
embodiments, matches may be presented to user 14
utilizing other communication schemes, such as electronic
messages (i.e., e-mail) or text messages (i.e., utilizing
10   SMS). In the depicted embodiment, a result list 31 is
presented to user 14. A match result entity 31a in a
result list 31 may be associated with a view button 33.
Using interface 16, user 14 may request that matching
server 20 provide more information about an entity in
15   result list 31 by pressing the associated view button 33.
Matching server 20 may then communicate to user 14 more
information about that entity by retrieving the
information from memory 26. In FIGURE 1F, one embodiment
of information that matching server 20 provides for user
20   14 is shown. Using display 12, user 14 views an entity
from result list 31. Matching server 20 may also provide
user 14 with the ability to contact the entity through a
contact button 35. In one embodiment, when contact
button 35 is utilized by user 14, matching server 20 may
25   provide user 14 with contact information of the entity
such as a telephone number or an e-mail address; in
another embodiment, matching server 20 may provide user
14 with a way to directly contact the entity, such as
sending a message or providing voice or video
30   communication between user 14 and the entity. Even
further, matching server 20 may be configured to allow
user 14 to express a negative preference for the entity

14

through dislike button 36. In one embodiment, when, for example, dislike button 36 is utilized by user 14, matching server 20 may remove the entity from result list 31; in another embodiment, the entity may be removed from
5     pool 30 of users from which matches are identified.

As an example only, consider that user 14 has submitted a search request to matching server 20. Matching server 20 may search through pool 30, identify results, and communicate result list 31 to user 14 which
10    would contain other users for whom matching server 20 had created a profile and who were identified through a search and selection process. Next, user 14 may be interested in learning more about Jane Doe, entity 31a; thus, user 14 would click view button 33 associated with
15    Jane Doe. Matching server 20 would receive this request and respond by displaying Jane Doe's profile (stored in memory 26), as depicted in FIGURE 1F. Next, after reading the profile, user 14 may be interested in contacting Jane Doe; hence, user 14 would click contact
20    button 35. Matching server 20 would respond by allowing user 14 enter a message that matching server 20 would then communicate to Jane Doe.

Matching server 20 may even further be configured to allow user 14 to store a match result entity; in one
25    embodiment, the system may be configured to allow user 14 to utilize favorite button 34 that will add the desired match result entity into another list. In another embodiment, utilizing favorite button 34 will remove the associated match result entity from result list 31.

30    As an example only, user 14 may decide that he would like to save Jane Doe's profile so that he can review it later. User 14 may click favorite button 34, and

15

matching server 20 may respond by placing Jane Doe's profile into a separate list. Further, matching server 20 may also remove Jane Doe from user's 14 result list 31. As a result, user 14 may see another match result entity populate result list 31. This is beneficial because it may focus user 14 on evaluating new entities rather than reevaluating previously-known entities because the entities still appear in result list 31.

In some embodiments, matching server 20 may be configured to generate pool 30 by default according to various characteristics and preferences of user 14 and other users of the system. Matching server 20 may also restrict entities from being included in pool 30 based on the status of the profile, or if user 14 has rejected or blocked an entity. Matching server 20 may also restrict entities from the pool that have blocked or rejected user 14. For example, matching server 20 may not allow profiles that are not in good standing to be included in pool 30. In other embodiments, matching server 20 may be configured to generate pool 30 by first choosing seeds. Seeds include, but are not limited to, profiles that user 14 has sent a message to or profiles that user 14 has expressed a preference for. Each seed is then compared to other entities to determine which entities will be included in pool 30. Any suitable method can be used to determine which entities are included in pool 30. For example, any characteristics or algorithms described herein may form the basis of such a determination. As another example, a commonality score may be generated based on the comparison between each entity and the seed. In some embodiments, this commonality score can be a measure of how physically similar the users are to each

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

16

other.   This score may be generated based on the number
of users that have expressed a positive preference for
both the seed and the entity being compared.   This score
may also be generated based on whether the seed and
5      entity have been viewed together in one session; further,
the more times the seed and entity have been viewed
together, the larger the commonality score.   The law of
large numbers may allow for a vast amount of such
commonalities to be established over a few days.   Testing
10     has revealed that using such commonality scoring methods
has yielded at least one physical match for 80% of users
whose profile has been viewed at least once, and between
6 and 1000 physical matches for 60% of users whose
profile has been viewed at least once.   Matching server
15     20 may be further configured to allow entities that have
a commonality score above a certain threshold to become a
part of pool 30.   Matching server 20 may further be
configured to update pool 30.   In some embodiments,
matching server 20 may do so by creating new seed
20     entities based on activity by user 14, such as indicating
a preference for that entity.   Further, matching server
20 may then compare the chosen seed entity with other
profiles stored in matching server 20 and determine
whether those profiles will be included in pool 30 using
25     a threshold score as described above.   At least one
advantage realized by this embodiment is that user 14 is
presented with updated potential matches which increases
the likelihood of user 14 finding a suitable match.
Another advantage present in certain embodiments is that
30     these updated potential matches have a greater likelihood
of compatibility with user 14 since they are chosen based

17

on their commonality with entities user 14 has expressed
a preference for.

As an example only, consider the case in which user
14 has registered, requested a search, and received from
5      matching server 20 results list 31.  Then, user 14
decides to contact Jane Doe and presses contact button
35.  Aside from providing user 14 with the ability to
contact Jane Doe, matching server 20 will designate Jane
Doe's profile as a seed.  Matching server 20 will then
10     compare Jane Doe's profile to other profiles stored in
memory 26 in order to identify other users who may be
similar to Jane Doe and thus be a good match for user 14.
In this example, matching server 20 will generate a
commonality score for each of these comparisons and
15     compare these scores to a preset threshold.  If the
commonality score is lower than the threshold, that
profile will not be added to pool 30.  However, if the
commonality score is higher than the threshold, matching
server 20 will add this profile to pool 30.  As an
20     example, further assume that the seed, Jane Doe, is being
compared to another entity, Susan Smith.  Based on the
fact that both Susan and Jane have three users (Tom,
Dick, and Harry) who have expressed a positive preference
for their profiles, matching server 20 generates a
25     commonality score of 100 for the comparison.  In
contrast, matching server 20 generated a commonality
score of 50 for the comparison between the seed (Jane
Doe) and yet another entity, Lucy Goosey.  This was
because only one user (Bob) had indicated a positive
30     preference toward both Lucy and Jane.  Continuing the
example, matching server 20 is using a commonality
threshold score of 70, which results in including Susan's

18

profile (whose commonality score was greater than the threshold score) in pool 30 and excluding Lucy's (whose commonality score was less than the threshold score). Thus, user 14 gets the benefit of having more entities 5 identified that may be good matches.

In some embodiments, matching server 20 may be configured to include behavioral scales. These may include multi-item scales for materialism and gender-role traditionalism. Such scales may provide the advantage of 10 improved matching through deeper appreciation for the personality of entities in the system.

In some embodiments, matching server 20 may be configured to analyze profile text for categories. It may search for a number of text strings and then 15 associate the profile with any number of categories. As an example only, matching server 20 may add any profile to the Cat category whose text contains any of the following strings:

20              "cat" "cats" "cat." "cats." "cat," "cats,"

Matching server 20 may be configured to make it more likely that a profile will be in a result list if categories associated with the profile are also 25 categories found in the user's profile who submitted the search request.

Matching server 20 may be configured to analyze one or more portions of the text of an entity's profile and generate a readability score that may be used in various 30 ways, such as in the process of searching for matches for user 14. In some embodiments, matching server 20 may analyze factors such as, but not limited to: average

ATTORNEY'S DOCKET                              PATENT APPLICATION
083523.0121

19

number of words per sentence, total number of words with
greater than three syllables, and total number of words
in the profile.  Matching server 20 may also concatenate
all of the collected responses with a single space
5     between them.   It may further break the text into
sentences, words, and syllables.  From these statistics,
matching server 20 may also be configured to generate a
readability score by, in one embodiment, taking the
average of the Flesch Kincaid Reading Ease test, the
10    Flesch Kincaid Grade Level test, and the Gunning Fox
score.   Other embodiments may utilize any other
combination of these or other tests to determine a
readability score.  In some embodiments, analyses may be
used to determine the IQ of an entity, the grade level of
15    the writing, or how nervous the entity generally is.  An
advantage of this embodiment may be that the system
provides user 14 with a metric for determining
approximate intelligence of other users.  The readability
score may be used, for example, in the matching process
20    to identify potential matches.

      As an example only, the Flesch Kincaid Reading Ease
score may be generated by first computing the following
intermediate score:

25         206.835 - (1.015 * [Average Words per Sentence]) -
               (84.6 * [Average Syllables per Word])

Then, the Flesch Kincaid Reading Ease score is determined
by using the following table:

30

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

20

| Intermediate Score Condition | Flesh Kincaid Reading Ease Score |
|---|---|
| < 100 | 4 |
| < 91 | 5 |
| < 81 | 6 |
| < 71 | 7 |
| < 66 | 8 |
| < 61 | 9 |
| < 51 | 10 |
| < 31 | 13 |
| < 0 | 14 |
| Else | 15 |

The Flesch Kincaid Grade Level may be computed according
to the following:

5       (0.39 * [Average Words Per Sentence]) + (11.8 * [Average
                    Syllables Per Word]) - 15.59

The Gunning Fox score may be computed according to the
following:

10

       ([Average Words Per Sentence] + (([Number Of Words With
         More Than 3 Syllables] / [Number of Words In Entire
                    Text]) + 100)) * 0.4

15     As indicated, any suitable tests may be utilized in any
suitable manner to determine a readability score.
       In some embodiments, matching server 20 may be
configured to allow a user to interact with the result
list of another user.   Matching server 20 may be

21

configured to allow a user to express a preference for entities within a result list of another user, and to indicate to the other user of this preference. Thus, a user may be able to get advice from a friend regarding
5   what other users may constitute good matches for the user and thus be able to find a better match.

       As an example only, consider FIGURES 1A and FIGURE 2.  Two users 14, Harry and Sally, are connected to matching server 20 via terminals 10.  Display 12a is used
10   by Harry while display 12b is used by Sally.  Matching server 20 allows Sally to view Harry's result list 31 on her terminal in display 12b.  By pressing recommend button 37, Sally may indicate a preference for one or more of the entities in result list 31.  Assume Sally
15   presses recommend button 37 associated with Jane Loe. After doing so, matching server 20 will notify Harry of Sally's preference.  On Harry's display 12a, matching server 20 will cause notification 39 to appear, associating it with Jane Loe.  Notification 39 will
20   indicate to Harry that Sally has recommended Jane Loe as a potential match.  Harry may find Sally's preference helpful in determining which entities he should pursue further if, for example, he believes Sally understands the type of person he is looking for.

25        In one embodiment, matching server 20 may be configured to analyze the profiles of both user 14 and the entities in pool 30 for keywords.  Matching server 20 may be configured to search through the profile of user 14 for keywords that relate to things such as activities
30   and interests.  Matching server 20 may generate a score for each entity in pool 30 based on a comparison between the list of keywords found in user's 14 profile and a

22

similarly-generated list of keywords of each entity in
pool 30. In one embodiment, this is accomplished by
storing a list of words in memory 26, and using it to
identify keywords in the searched profiles. In some
5  embodiments, identified keywords may be used as a means
of weighting various scores. As an example only, a
profile that contains the word "God" may be weighted much
differently than a profile which has merely indicated
that their religious preference is Christian. In various
10  embodiments, this may provide an advantage to user 14 in
that user 14 is able to determine how similar he/she is
with a potential match. In addition, the keyword
analysis may be used by the system when searching and
identifying matches for a user.

15  As an example only, consider two registered users,
Harry and Sally, both of whom have profiles stored in
matching server 20. Matching server 20 then analyzes
each of these profiles by comparing it to a list of
predefined keywords. Matching server 20 then associates
20  each word that matched the list of keywords with each
profile. Now assume that Harry performs a search. While
fulfilling Harry's query, matching server 20 evaluates
Sally's profile for inclusion in Harry's result list 31.
This evaluation includes comparing the list of keywords
25  found in Harry's profile to the keywords found in Sally's
profile. The more keywords that Harry and Sally have in
common, the more likely it will be that matching server
20 will include Sally's profile in Harry's result list
31.

30  In some embodiments, matching server 20 may be
configured to impute a level of physical attractiveness
to an entity in pool 30. Matching server 20 may be

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

23

configured to monitor how frequent an entity in pool 30 has been viewed as well as how many times that entity has been part of a result list in order to impute the level of physical attractiveness.  Matching server 20 may

5  further be configured to generate a score based on this data.  Further, in some embodiments, matching server 20 may impute physical attractiveness to an entity based on the imputed physical attractiveness scores of other entities.  Matching server 20 may compute an average of

10  the imputed physical attractiveness scores of the other entities weighted by the commonality score between each of the other entities and the present entity.  Empirical data indicates that people are more likely to match with people of similar attractiveness.  Thus, in many

15  embodiments, a user may obtain an advantage in that they are able to be presented with potential matches that, according to one measurement, are as attractive as the user.

        As an example only, consider a registered user,

20  Sally, whose profile was created by matching server 20 in January.  Since that time, matching server 20 has recorded the number of times Sally's profile has appeared in any user's result list 31; assume that this has occurred 10 times.  Further, matching server 20 has also

25  recorded the number of times a user has viewed Sally's profile by clicking view button 33 associated with Sally's profile; assume that this has happened 5 times. In this manner, matching server 20 has constructed a ratio that represents the imputed physical attractiveness

30  of Sally's profile.  Still further, assume that Harry, a registered user, now submits a query. Matching server 20 has evaluated the imputed physical attractiveness ratio

24

of Harry's profile. When evaluating Sally's profile for inclusion in result list 31 returned to Harry, matching server 20 will compare the imputed physical attractiveness of Sally's profile and Harry's profile.
5   The more similar the ratios associated with Harry and Sally's profiles are to each other, the more likely it is that Sally's profile will be selected by matching server 20 to be in Harry's result list 31. In another example, assume that Sally's profile has not been registered long
10   enough to generate a meaningful imputed physical attractiveness ratio. Matching server 20 may then generate an imputed physical attractiveness score based on entities that Sally does have commonality scores with. This computed average may be weighted by the strength of
15   the commonality score between Sally and each entity with whom she has a commonality score. Continuing the example, assume that Sally has a commonality score of 5 with Lucy and 10 with Julia. When matching server 20 computes the Sally's average, it will give twice as much
20   weight to Julia's imputed physical attractiveness score than to Lucy's.

In some embodiments, matching server 20 may be configured to make an entity in result list 31 more appealing to user 14 by pointing out coincidences in the
25   profile data that give user 14 a sense of fate with the entity. In one embodiment, matching server 20 may be configured to search for similar initials, birthplaces, birth dates, birth month, birth year, university, first names, last names, user handles, parental occupations,
30   and keywords to identify users who may give another user a sense of fate. In other embodiments, matching server

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

25

20 may use the fate characteristics as a metric in the matching process.

As an example only, assume that Harry is a registered user who has performed a search. After
5    matching server 20 returns a result list, Harry chooses to learn more about one of the entities in the result list and clicks view button 33. Consider FIGURE 3, which is only an example of information that matching server 20 may return to Harry after clicking view button 33. In
10   Harry's display 12, matching server 20 presents certain details about the profile. In particular, matching server 20 presents to Harry a fate notification 32 which points out specific similarities between the profile of the entity and Harry's profile. Reading fate
15   notification 32 gives Harry a sense of familiarity which enhances his appreciation for the profile.

In another example, fate characteristics may be used to decide whether a profile in pool 30 is included in user's 14 result list 31. Assume that Harry is a
20   registered user who has submitted a matching query to matching server 20. While determining which entities to include in Harry's result list, matching server 20 considers two profiles: Sally and Roxy. Sally and Harry both have the same birth date, initials, and have parents
25   that work in the same profession. In contrast, Roxy and Harry only share the same birth place. Matching server 20 may be configured to award more points to Sally than to Roxy based on these comparisons, making it more likely that Sally's profile will be included in Harry's result
30   list.

In some embodiments, matching server 20 may be configured to evaluate the likelihood of contact between

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

26

user 14 and an entity in pool 30.  Matching server 20 may
be configured to compare demographic data between user 14
and pool entity 30a.   In another embodiment, matching
server 20 may be configured to weigh the demographic
5    similarities and differences based on the sex of user 14.
The demographic data may include, but is not limited to,
age, education, ethnicity, income, and location.

        As an example only, assume that Harry and Sally are
registered users who have profiles in matching server 20.
10   Harry has submitted a search request to matching server
20.   While fulfilling this request, matching server 20
evaluates Sally's profile since her profile is in pool
30.  As part of the evaluation, matching server 20 looks
at the differences between Harry and Sally's stated age,
15   income, education, ethnicity, and location.    In this
example, Harry is 10 years older than Sally, makes
$10,000 more per year, and has a Master's degree while
Sally has a bachelor's degree.     Even with these
disparities, matching server 20 will give Sally's profile
20   a high score which makes it more likely that Sally's
profile will appear in Harry's result list.  However, if
it was Sally who submitted the search, and matching
server 20 was evaluating Harry's profile, a different
score is possible.  So, if it were Sally who was 10 years
25   older, made $10,000 more per year, and had a Master's
degree while Harry had a Bachelor's degree, matching
server 20 would give a low score to Harry's profile,
making it less likely that his profile would appear in
Sally's result list.    Matching server 20 may be
30   configured this way because empirical data has shown that
these demographic differences do not have an equivalent

27

effect on the choices men and women make regarding matches.

In another embodiment, matching server 20 may be configured to compare the locations of user 14 and pool entity 30a in increments of ten miles. In yet another embodiment, matching server 20 may be configured to score the location comparison in light of other factors; as an example, matching system 20 may be configured to return a score consistent with a 10 mile difference in location even though there is a 50 mile difference between user 14 and pool entity 30a if user 14 and pool entity 30a have the same income, education, and age. An advantage realized in several embodiments is that it better approximates how a user evaluates entities. Entities that live further away are generally less appealing to a user; but, users may still be interested if the entity matches their preferences in other categories.

As an example only, consider a registered user, Harry, who submits a search request. While fulfilling this request, matching server 20 examines Sally's profile in pool 30, and determines that the stated locations of Harry's and Sally's profiles are 13 miles apart. Matching server 20 will give Sally's profile a score as if the distance between them were only 10 miles. However, in yet another example, Sally's profile may indicate that she lives 50 miles away from Harry. Yet, matching server 20 also notes that both Harry and Sally make $100,000 per year, have Master's degrees, and that Harry and Sally are one year apart in age (Harry is older). Given these similarities, matching server 20 will give a score to Sally's profile that is consistent with a 20 mile difference in location even though they

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

28

are actually 50 miles apart.   In this manner, matching
server 20 takes into account empirical data that shows
that people searching for matches who indicate that they
want to see matches who live close to them are still
5    willing to pursue a potential match that lives far away
if the potential match fits very closely with the other
search criteria.

In another embodiment, matching server 20 may be
configured to evaluate the age difference between user 14
10    and pool entity 30a using ranges as well as a sliding
scale.   By way of example only, matching server 20 may be
configured to assign a high value to an age difference
between 0 and -5, while assigning a lower value to an age
difference between +2 and 0.   An even lower value may be
15    assigned to an age difference between -6 and -8.   Even
lower values would be assigned incrementally as the age
difference increases outside of the ranges discussed.
The higher the assigned value is, the more likely it will
be that pool entity 30a will be included in result list
20    31.   Yet another embodiment may apply this combination of
ranges and a sliding scale but use different values and
ranges depending on the sex of user 14.

As an example only, consider a situation in which a
registered user, Harry, requests a search to be
25    performed.    While fulfilling this request, matching
server 20 evaluates Sally's profile, which was in pool
30.    As part of the evaluation, matching server 20
compares the ages of Harry and Sally, and determines that
Harry is two years older than Sally; this determination
30    leads to matching server 20 assigning, in this example,
50 points to Sally's profile.   Matching server 20 may
also be configured to assign 50 points to Sally's profile

29

had she been five years younger than Harry; but, if she had been up to two years older than Harry, matching server 20 may have been configured to assign 40 points to her profile. Matching server 20 may be further
5 configured to assign 30 points to Sally's profile if she was 6 to 8 years younger than Harry. However, if Sally were more than 8 years younger than Harry, matching server 20 may be configured to further decrease the number of points assigned to her profile: if she was 9
10 years younger, then 25 points; if she was 10 years younger, 20 points; if she was 11 years younger, 15 points; etc. The more points assigned to Sally's profile, the more likely it is that her profile will appear in Harry's result list. Thus, matching server 20
15 may be configured to assign a score based on age difference using a combination of ranges and a sliding scale.

In another example, matching server 20 may assign scores differently if it was Sally who was searching and
20 if it was Harry's profile that was being evaluated. In this example, matching server 20 may be configured to assign Harry's profile 50 points if he were between 1 and 5 years older than her. If he were 6 to 8 years older than her, matching server 20 may assign 45 points. If he
25 were greater than 8 years older than her, matching server 20 may assign points in the following fashion: if he was 9 years older, 40 points would be assigned; if he was 10 years older, 35 points would be assigned; etc. However, if he was up to two years younger than Sally, matching
30 server 20 may assign 50 points to his profile. If he were more than two years younger, matching server 20 may assign less points on a sliding scale: 45 points if he

ATTORNEY'S DOCKET                         PATENT APPLICATION
083523.0121

30

were 3 years younger, 40 points if he were 4 years younger, etc. The more points assigned to Harry's profile, the more like it is that his profile will appear in Sally's result list. This example illustrates how
5    matching server 20 may be configured to take the sex of user 14 into account when scoring based on age differences.

In various embodiments, matching server 20 may be configured to evaluate the attractiveness of an entity in
10   pool 30 through collected feedback from other users. In one embodiment, matching server 20 may present an entity to user 14, prompting user 14 to rate the attractiveness of the entity on a scale from 1 - 9. This range gives the advantage of having a midpoint. Matching server 20
15   may further be configured to collect such responses and store them; in one embodiment, matching server 20 may store the data in memory 26, using a structure such as database 26b. Matching server 20 may further be configured to compute the average of such responses for
20   the entity, and store this number as well. In various embodiments, these values may be used in order to help in the matching process. Empirical data indicates that people are more likely to match with people of similar attractiveness. Thus, in various embodiments, users
25   whose attractiveness rating are similar will be more likely to appear in each other's result list. Further, a user may indicate that they only want profiles in their result list whose average attractiveness rating is higher than an indicated threshold.

30   As an example only, assume registered user, Harry, uses terminal 10, which in this example is Harry's personal computer, and establishes communication with

31

matching server 20.   In this example, this communication
occurs by Harry using a Web browser to access a Web page
controlled  by  matching  server  20.    Sometime  after
visiting  the  Web  page,  matching  server  20  may  present
5      Harry with an option to rate the physical attractiveness
of other users registered with matching server 20.  Using
display 12 and interface 16, Harry may view profiles of
registered users and rank them on a scale of 1 – 9 by
entering the values using interface 16; in this example,
10     interface 16 comprises a mouse and/or a keyboard.  After
submitting this rating, matching server 20 will associate
it with the profile and store it.   Matching server 20
will  also  allow  other  users  to  rate  profiles,  thereby
collecting  a  plurality  of  rankings  for  profiles.
15     Matching server 20 may use this data when trying to find
matches for users.   One example of this is that matching
server 20 may allow user 14 to specify that he/she is
searching for profiles which have an average rating of 6
or above. In turn, matching server 20 may populate user's
20     14 result list from the pool only with profiles whose
average rating is at 6 or above.  Another example of how
matching server 20 may use this data involves making it
more likely that an entity will appear in a user's result
list if the entity and that user have a similar average
25     attractiveness rating.   So, if a user has an average
rating of 6, then an entity with an average rating of 5
may be more likely to appear in the user's result list
than an entity with an average rating of 2.

In  another  example,  assume  that  Harry  is  a
30     registered  user  and  has  requested  a  search.    While
fulfilling  this  request,  matching  server  20  evaluates
Sally's profile.   As part of this evaluation, matching

32

server 20 notices that Sally's profile contains feedback from other users ranking the attractiveness of Sally's profile.  Matching server 20, in this example, averages that data; Sally's profile average is 6.  Matching server 5     20 may then examine Harry's profile to determine a similar average.  If Harry's profile has an average close to 6, it will be more likely that matching server 20 will include Sally's profile in Harry's result list.    If Harry's profile average is lower than 6, it will be less 10    likely that Sally's profile will be included in Harry's result list.  If Harry's profile average is greater than 6, it will be even less likely that Sally's profile will be included in Harry's result list.  The more Harry's profile average deviates from that of Sally's, the less 15    likely it will be that matching server 20 will present Sally's profile in Harry's result list.

In some embodiments, matching server 20 may be configured to analyze profile information and received activity information to construct "pairs" which link at 20    least two profiles.  These pairings may also be associated with a value that ascertains the quality of the pairing.  For example, a pairing which results from one user viewing the profile of another user may be assigned a value that is less than a pairing which 25    results from a first user viewing the profile of a second user when the second user has also viewed the first user's profile.  Matching server 20 may use these pairings in order to generate search results for entities within and outside of the pairing.  Each member of the 30    pair may be used as a seed entity for generating search results for users in matching server 20.  In various embodiments, an advantage may be realized as matching

33

server 20 analyzes many of these pairs to develop dynamic results to users of the system, the results being potentially more relevant as matching server 20 leverages the interaction between users and profiles to generate 5 search results.

Pairs may be formed from a variety of user activity received by matching server 20. This activity may include: profile views, mutual profile views, one-way double blind communication, mutual double-blind 10 communication, declining double blind communication, one way wink, mutual wink, expressing disinterest in response to receiving a wink, one way favorite, and mutual favorite. Other suitable activity may also be received by matching server 20 and utilized as a basis for 15 generating pairs.

For example, Harry may be a registered user who has expressed a positive preference for Sally. Matching server 20 may be configured to generate a pair which includes Harry and Sally. Matching server 20 may utilize 20 this pair when providing search results to other users. Betty may have requested matches, and Betty may be similar to Sally. Matching server 20 may present Harry in Betty's result list as a result of the pairing between Harry and Sally. Further, Jim may have executed a search 25 and Jim may be similar to Harry. As a result of the pairing between Sally and Harry, matching server 20 may present Sally in Jim's list of search results.

In some embodiments, matching server 20 may be configured to encourage user 14 to interact with entities 30 in pool 30. For example, matching server 20 may present a list of limited entities from pool 30 to user 14, but not present other entities to user 14 unless user 14

34

interacts with the already presented entities.  Possible
interaction with these entities may include viewing more
information regarding the entity, expressing a positive
or negative preference for the entity, and choosing to
5    contact the entity.  Other suitable forms of interaction
may also be utilized.  For example, matching server 20
may prompt the user with a question about the list of
entities, such as asking whether or not the user likes
the entity.  Responses to such prompts may include "yes,"
10   "maybe," "no," "remove," and "remove other."  The
presented entities may be chosen using a variety of
methods.  For example, the presented entities may be
chosen based on various scoring algorithms as described
above.  In addition, presented entities may be chosen
15   using predictive analysis, such as logistical regression.
Other techniques may be used to determine the presented
entities.  For example, entities that have been presented
previously may be excluded.  As another example, entities
that have been blocked by user 14 may also be excluded.
20   In various embodiments, a combination of these techniques
as well as others may be used to determine the limited
number of entities presented to user 14.

For example, Harry may be a registered user of the
matching system.  Matching server 20 may be configured to
25   present to Harry a list of five entities that Harry must
interact with.  Once Harry has interacted with these
entities, matching server 20 may present five more
entities for Harry to interact with.  Previously, Harry
has blocked Sally, another registered user of the system.
30   As a result, matching server 20 may exclude Sally from
being presented to Harry in the list of five entities.
Further, Harry has already interacted with Betty, another

ATTORNEY'S DOCKET                           PATENT APPLICATION
083523.0121

35

registered user of the system:  Harry sent a message to
Betty utilizing matching server 20.  As a result, Betty
will be excluded from being presented to Harry in the
list of five entities.  Matching server 20 may then
5     choose two of the five entities using scoring algorithms
described above.  For example, matching server 20 may
choose Alice and Amy to be presented in the list of five
entities because Alice and Amy have received high scores
when their profiles were compared to Harry's profile.
10    Matching server 20 may choose the remaining three
entities using predictive analysis.  According to this
example, matching server 20 may use logistical regression
to identify Carla, Christi, and Camela as the other three
entities to present to Harry.  Thus, in this example,
15    Harry is presented with a list of five entities by
matching server 20.  Matching server 20 may not present
another set of five entities until Harry has interacted
with these five entities.  Harry may interact with these
entities in a variety of ways.  For example, Harry may
20    send a message to Alice and send a "wink" to Amy.  In
addition, Harry may choose to view more information about
Carla's profile, but express a negative preference
towards Christi and Camela.  After matching server 20
receives these types of interaction with the presented
25    five entities, another set of five entities may be
presented to Harry.

In this example, matching server 20 may further be
configured to process the user interaction provided by
Harry.  For example, matching server 20 may utilize
30    Alice's profile as a seed entity to generate other
possible entities to present to Harry since Harry sent a
message to Alice.  Thus, a benefit is from presenting a

36

the five entities to Harry in that the interaction between Harry and these entities may be utilized by matching server 20 to generate other entities for matching to Harry. This serves as an example of how 5 preferences may be identified based on user behavior.

In FIGURE 4, one embodiment is disclosed wherein matching server 20, with pool 30, may be configured to interact with another platform, such as social networking platform 50, containing a set 52 of users. Users 14 are 10 communicatively coupled to matching server 20 and social networking platform 50. Matching server 20 may further be configured to provide users of social networking platform 50 a service by which they may search for users within set 52 or within pool 30 using the algorithms and 15 processing of matching server 20. Matching server 20 may even further be configured to allow users of matching server 20 to search through pool 30 and set 52. Matching server 20 may be configured to parse the profiles of the entities in set 52, collecting data and applying 20 algorithms.

In another embodiment, matching server 20 may be configured to allow users of social networking platform 50 to interact with matching server 20 using social networking platform 50. This level of integration 25 provides the advantage of users not having to learn and sign up for a different platform.

Social networking platform 50, in one embodiment, may be a service which stores profiles of its users. This service may be further configured to provide access 30 to the stored profiles. In one embodiment, social networking platform 50 may also allow other services to

ATTORNEY'S DOCKET                    PATENT APPLICATION
083523.0121

37

interact with users of social networking platform 50 through social networking platform 50.

In one embodiment, matching server 20 may be configured to collect requests from users of social
5 networking platform 50 and perform a search through pool 30 and set 52. Matching server 20 may further be configured to present the results of this search from within social networking platform 50. Matching server 20 may further be configured to present entities in the
10 search result from pool 30 as if they were entities of set 52; in one embodiment, matching server 20 may be configured to generate profiles of entities from pool 30 into set 52. Thus, users of social networking platform 50 may view all of the entities in the search result,
15 regardless of their source (either from pool 30 or set 52), within the environment of social networking platform 50.

As an example only, consider two users: Harry, for whom matching server 20 has created a profile, and Sally,
20 who has a profile stored in social networking platform 50. From within social networking platform 50, matching server 20 presents to Sally the ability to perform a search which Sally uses. The results of this search are presented to Sally within social networking platform 50.
25 In this example, Harry's profile is displayed to Sally as a search result along with other entities from set 52 though Harry's profile was from pool 30. In this example, matching server 20 uses the algorithms discussed herein and searches through the profiles stored in pool 30 and
30 set 52. In order to display Harry's profile to Sally, matching server 20 creates a profile in set 52 using the data stored in Harry's profile in pool 30. Sally is then

38

able to interact with this newly created profile from
within social networking platform 50 in the same manner
as she is other entities in set 52.

5      In another embodiment, matching server 20 may be
configured to allow its users to interact with social
networking platform 50 through matching server 20.  In
one embodiment, matching server 20 supplements pool 30
with set 52.  In yet another embodiment, entities from
set 52 appear as entities of pool 30 to the user in their
10     list of search results.  In one embodiment, matching
server 20 may be configured to generate profiles within
pool 30 from entities of set 52; the system may be
configured to do so through capabilities provided by
social networking platform 50, such as an application
15     programming interface.

As an example only, consider two users: Harry, whose
profile is stored in matching server 20, and Sally, whose
profile is stored in social networking platform 50.
Harry submits a search request to matching server 20.
20     Matching server 20 may return result list 31 to Harry,
which, in this example, contains an entity representing
Sally's profile.  Matching server 20 may accomplish this
by creating profiles in pool 30 that correspond to the
profiles found in set 52.  Once these profiles have been
25     imported into pool 30, matching server 20 may then search
through pool 30.  While doing so, matching server 20
applies the algorithms and scores discussed herein.
Thus, in this example, matching server 20 has been
configured to both search and apply scoring algorithms to
30     entities in pool 30 and set 52.  Further, in one example,
Harry is not able to distinguish that Sally's profile was
originally stored in social networking platform 50.

ATTORNEY'S DOCKET                        PATENT APPLICATION
083523.0121

39

Rather, matching server 20 presents Sally's profile in
the same manner as other profiles stored in pool 30.
Thus, in this example, Harry may use favorite button 34,
view button 33, and contact button 35 when interacting
5    with Sally's profile in the same manner as described
above.

One advantage present in various embodiments is that
a user has a wider pool of entities to search through.
Another advantage is that a user does not have to sign up
10   with several platforms to search through the users on
those platforms.

FIGURE 5 is a flowchart illustrating one embodiment
of how result list 31 may be generated. At step 62,
matching server 20 generates pool 30, as described above.
15   At step 64, matching server 20 applies a filter to pool
30, removing certain entities; in various embodiments,
this filter is based on user's 14 own sex and the sex
user 14 desires to be matched with. At step 66, matching
server 20 may be configured to apply algorithms to pool
20   30 that will generate a plurality of scores for each
entity in pool 30. In one embodiment, these algorithms
may include analyzing the text of the profiles of the
entities in pool 30 to generate a readability score,
determining how attractive an entity of pool 30 is, or
25   measuring how likely it is that user 14 will contact an
entity of pool 30. At step 68, matching server 20 may be
configured to collect all of the scores from step 66; in
one embodiment, matching server 20 may use database 26b
to store all of these scores. At step 70, matching
30   server 20 may be configured to apply an ordering
algorithm which will determine the order in which
entities in result list 31 are presented to user 14. In

ATTORNEY'S DOCKET                                    PATENT APPLICATION
083523.0121

40

one embodiment, this ordering algorithm is based, in part, on the scoring algorithms applied at step 66. The ordering algorithm assigns points to each entity and orders them based on these values, constructing result list 31. An embodiment of this ordering algorithm is summarized in the following table:

| Condition | Number of Points for Ordering |
|---|---|
| Readability score 1 point higher than user | +33554432 |
| Match result entity has expressed a preference for the user | +16777216 |
| Match result entity has been recommended by a friend of the user | +8388608 |
| User has viewed the details of match result entity | +2097152 |
| Match result entity has commonality with an entity user has expressed a preference for | +1048576 |
| Both have the same ambition | +128 |
| Both have the same beliefs | +16384 |
| Same answer for Build | +64 |
| Same answer for Car | +1 |
| Both have the same diet | +4 |
| Both have the same preference for drinking alcohol | +131072 |
| Same answer for Ethnicity | +1024 |
| Same answer for Fear | +256 |
| Same answer for Hair | +2 |
| Same answer for Number of children | +524288 |
| Same answer for morning | +32 |
| Same answer for "must have" | +32768 |
| Same answer for "night out" | +16 |
| Same answer for "pets" | +65536 |
| Same answer for politics | +8192 |
| Same answer for relationship status | +0 |
| Same answer for "romance" | +512 |

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

41

| Condition | Number of Points for Ordering |
|---|---|
| Same answer for smoking preferences | +262144 |
| Same answer for sports interests | +8 |
| Same answer for "system" | +4096 |

As an example only, consider a registered user, Harry, who desires to perform a search. Before processing the request, matching server 20 may ask Harry what sex he is and what sex does he desire to be matched with; in this example, Harry responds that he is a male seeking a female. After doing so, matching server 20 will generate pool 30 as described above. Next, matching server 20 will apply a filter to remove certain entities from pool 30. In this example, all males will be removed from pool 30 since Harry is seeking a female. Further, all females seeking females will be removed from pool 30 since Harry is a male. In other examples, other entities that are removed from pool 30 include entities that Harry has expressed a negative preference for before, or entities that have expressed a negative preference for Harry. After pool 30 has been filtered, matching server 20 applies a variety of scoring algorithms to the entities remaining in pool 30. These algorithms may account for various comparisons such as those based on readability, likelihood to contact, fate, and keywords described above. Matching server 20 will then tabulate these scores, storing them, in this example, in database 26b. Matching server 20 will then determine what order these entities are presented to Harry by applying an ordering algorithm. Here, matching server 20 assigns one ordering score to each entity by examining the results of

42

the scoring algorithms. After doing so, matching server
will present result list 31 to Harry, where the order of
the entities that appear in the result list is based on
the ordering algorithm. In this example, it is possible
5    for result list 31 to change. Consider another user,
Sally, who appears in Harry's result list. If Harry
decides to add her into a separate list by using favorite
button 34, Sally will be removed from result list 31 (as
described above). However, Sally will also become a seed
10   entity from which entities may be added to pool 30 (as
described above). Hence, matching server 20 will update
the pool, apply the filters, apply the scoring
algorithms, tabulate the results, apply the ordering
algorithm, and update result list 31. As another
15   example, an entity may update their profile which can
change result list 31. For example, assume Sally's
profile had an ordering algorithm score that placed her
within the top 20 entities in result list 31. Sally then
changes her profile which results in keywords that match
20   Harry's profile being added to her profile. Matching
server 20 will then update her scoring algorithms. In
this example, the change in Sally's profile and resulting
increase in keyword matches with Harry's profile
significantly increased her score. This was then
25   reflected in the ordering algorithm as it was also
applied to the updated profile. Afterwards, Sally's
profile is now placed within the top 5 entities in result
list 31.

In some embodiments, matching server 20 may be
30   configured to receive required characteristics from user
14 regarding a match. User 14 may be allowed to specify
such restrictions based upon any number of

43

characteristics, including those described herein.   For
example, matching server 20 may allow user 14 to specify
that entities that indicate they have children should not
be displayed.   In another example, user 14 may specify
5      that only entities between the ages of 20 and 30 should
be present in result list 31.   In some embodiments,
matching server 20 may implement these restrictions in
step 64 of FIGURE 5.   In other embodiments, however,
matching server 20 may refuse to apply these restrictions
10     to certain entities based on the characteristics of the
entities.  Any number of characteristics, including those
described herein, may form the basis upon which matching
server 20 decides not to apply the restrictions submitted
by user 14.  As an example only, matching server 20 may
15     ignore the restrictions if the entity has a high enough
attractiveness rating.   In another example, though user
14 has requested that no profiles which are located more
than 50 miles away should be present in result list 31,
matching server 20 may include such profiles because
20     those profiles have over 5 matching keywords, a high
attractiveness rating, and have specified the same life
goals as user 14.   Thus, in some embodiments, matching
server 20 may refuse to apply restrictions submitted by
user 14 based on any combination of characteristics or
25     algorithms.

An advantage present in many embodiments is that
through taking into account various factors when scoring
potential matches and using only very few strict filters,
a large amount of result entities may be returned to the
30     user.  A further advantage is that the ordering algorithm
will put the most relevant search results first, saving
the user time.

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

44

FIGURES 6-9 depict embodiments of a user interface presented to users of the matching system discussed above with respect to FIGURES 1 and 4.  According to some embodiments, users 14 interact with matching server 20
5    through interface 16 presented by terminal 10.  In addition to the embodiments of interface 16 described above in relation to FIGURE 1A, interface 16 may also comprise a touch screen interface operable to detect and receive touch input such as a tap or a swiping gesture.

10    In some embodiments, matching server 20 may import profiles from other social networking systems.  This level of integration provides the advantage of users only having to update their profile information in one place. For example, when user 14 updates his profile within
15   social networking platform 50, matching server 20 is also able to access the updated profile information.

In some embodiments, matching server 20 may further be configured, as part of the user registration process, to link to a user's existing profile within social
20   networking platform 50.  Matching server 20 may be configured to parse the profiles of the users in set 52, e.g., collecting data and applying algorithms.  For example, matching server 20 may use explicit signals from social networking platform 50 such as common friends,
25   common interests, common network, location, gender, sexuality, or age to evaluate potential matches between users 14.  Matching server 20 may also use implicit signals such as for whom a user 14 expresses approval and disapproval.  Implicit signals may also include facial
30   recognition algorithms to detect ethnicity, hair color, eye color, etc., of profiles that user 14 has expressed interest in.

45

In particular embodiments, matching server 20 may have users 14 to link their user profiles to an existing profile within social networking platform 50. Matching server 20 may be configured to generate and add profiles to user profile pool 30 from entities of set 52; the system may be configured to do so through capabilities provided by social networking platform 50, such as an application programming interface. One advantage of linking is that matching server 20 can use the authentication features provided by social networking platform 50. For example, creating a user profile on matching server 20 containing false information becomes harder when the information must come from another verifiable and peer monitored source such as social networking platform 50.

In some embodiments, matching server 20 may allow a user 14 to propose a match between two of his connections within social networking platform 50. For example, Harry may be friends with both Bob and Sally within social networking platform 50. Harry believes Bob and Sally are a good match and therefore instructs matching server 20 to create a match between the two users in user profile pool 30. Once matched, matching server 20 allows Harry and Sally to communicate with each other.

In some embodiments, matching server 20 may be configured to apply a relevance algorithm which determines the content and order in which matching server 20 displays potential matches to user 14. A relevance algorithm may be based on both explicit and implicit signals from user 14. Explicit signals include information entered by user 14 as part of its user profile, such as height, weight, age, location, income,

ATTORNEY'S DOCKET                              PATENT APPLICATION
083523.0121

46

and ethnicity. Explicit signals may also include
information about the characteristics user 14 is seeking
in a match, such as gender, hair color, eye color, or
occupation. Explicit signals may also be entered by user
5    14 as part of a search request. For example, user 14 may
request matching server 20 limit the pool of potential
matches to those users within a fixed geographic region.
Matching server 20 is operable to compare geographic
positions associated with the plurality of user profiles
10   in user profile pool 30 with a geographic position
associated with user 14. Explicit signals may be
imported from a social networking platform 50, such as
the number of shared entities in a social graph of user
14. Implicit signals may be based on the behavior of user
15   14 either within system 100 or other social networking
platforms 50. For example, if user 14 has expressed
disapproval of a user profile in the past, matching
server 20 may no longer present the disapproved of user
profile to user 14 in future searches. In various
20   embodiments, matching server 20 may be configured to
evaluate the attractiveness of a user in user profile
pool 30 through collected feedback from other users. For
example, matching server 20 may rank a user profile that
receives more likes as more relevant than a user profile
25   that receives fewer likes. In particular embodiments,
matching server 20 may assign a higher relevance to a
user profile if the other user has previously expressed a
preference for user 14. As an example, user Harry may
have previously expressed a preference for user Sally.
30   If Sally requests a set of user profiles from matching
server 20, and Harry's user profile is included in the
set, matching server 20 may assign Harry's user profile a

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

47

higher relevance based on his expression of preference
for Sally.   This can result in Harry's profile being
presented to Sally sooner than otherwise would have
occurred.   This may be advantageous in that it can
5   increase the chances of a match without compromising a
user's feelings of privacy when expressing preferences
for potential matches.   In some embodiments, matching
server 20 may be configured to use the fate
characteristics as a metric in the relevance algorithm.

10       In some embodiments, terminal 10 is operable to
determine its own geographic location by a global
positioning satellite navigational system.   Terminal 10
may also determine its own geographic location using
cellphone-based triangulation techniques, Wi-Fi based
15   positioning system, Global Positioning Satellite (GPS)
system, or network addresses assigned by a service
provider.

         FIGURE 6 shows one embodiment of system 100
displaying to a user the profile information of a second
20   user.   Matching server 20 may be configured to search
through its plurality of profiles and present suggested
matches to user 14.   In FIGURE 6, one embodiment of this
presentation is depicted as occurring through the display
of terminal 10.   In this embodiment, a plurality of user
25   profiles is presented to user 14.   Using terminal 10,
user 14 may request that matching server 20 present a
subset of users from user profile pool 30 based on
specified search parameters.   The display may show an
image of a suggested user and one or more aspects of the
30   suggested user's profile information.   In some
embodiments, the combination of image and one or more
aspects of profile information is displayed as "card" 88

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

48

representing the suggested user.  A set of suggested
users may be displayed as stack of cards 88.  User 14 may
view information regarding one suggested user at a time
or more than one of the suggested users at a time.  User
5    14 may be presented with a summary of information
regarding a suggested user.  The summary may include one
or more of: a picture, an icon, name, location
information, gender, physical attributes, hobbies, or
other profile information.

10        In some embodiments, terminal 10 may also display
"information" button 84 which allows user 14 to request
matching server 20 to retrieve and display more
information about the presented user from user profile
pool 30.  In addition, user 14 may express approval or
15   disapproval for a presented user.  Expressing approval or
disapproval can be accomplished through various methods.
For example, terminal 10 may display "like" button 86
(represented by a green heart icon) and "dislike" button
82 (represented by a red "X" icon).  Pressing like button
20   86 indicates to matching server 20 that user 14 approves
of and is interested in communication with the presented
user.  Pressing dislike button 82 indicates that user 14
disapproves of and does not want to communicate with the
presented user.  The approval preference of user 14 is
25   anonymous in that matching server 20 does not inform
users 14 whether other users have expressed approval or
disapproval for them.

As an example, consider two registered users, Harry
and Sally, both of whom have profiles stored in matching
30   server 20.  Harry is at a restaurant and requests
matching server 20 to present him users within a one-mile
radius of his location.  Matching server 20 compares a

49

geographic position associated with Sally with a
geographic position associated with Harry. If Sally is
currently within the one-mile radius of Harry and
matching server 20 determines her profile information
5       matches Harry's preferences, matching server 20 will
present Harry one or more aspects of Sally's profile
information. If other users also meet the search
criteria, matching server 20 will present one or more
aspects of those users' profile information as well.
10      Harry may request more information about Sally by
pressing information button 84. Harry may also indicate
his preference to communicate directly with Sally by
selecting like button 86. In another example, Harry may
expand his search to a twenty-five mile radius to meet
15      people in his town, not just his immediate vicinity.

FIGURES 7 and 8 are diagrams of embodiments of the
display from FIGURE 6 showing the effect of a left swipe
gesture (FIGURE 7) and the effect of a right swipe
gesture (FIGURE 8). In one embodiment, users 14 may
20      navigate through the set of presented users by swiping
through stack of cards 88. Users 14 may also express
approval of a presented user by performing a right swipe
gesture or express disapproval by performing a left swipe
gesture. In some embodiments, user 14 performs a swiping
25      gesture by moving a finger or other suitable object
across a screen of terminal 10. Other suitable gestures
or manners of interacting with terminal 10 may be used
(e.g., tapping on portions of a screen of terminal 10).

In some embodiments, matching server 20 creates a
30      match between two users 14 after both users 14 have
expressed a preference for each other's profiles using
like button 86 or the swiping gesture associated with

50

like button 86.  When matching server 20 creates a match,
it may also provide the matched users with the ability to
contact each other through a contact button.   In some
embodiments, when a match is created, matching server 20
5    may immediately (or soon thereafter) present an option to
users  14  that  have  been  matched  to  engage  in  a
communication session (e.g., a chat, an SMS message, an
e-mail, a telephone call, a voice communication session,
a  video  communication  session).   This  may  be  done  in
10   response to a first user 14 expressing a preference for a
second user 14 that has already expressed a preference
for the first user 14.

FIGURE 9 shows one embodiment of matching system 100
displaying a match of a first user and a second user, in
15   accordance with a particular embodiment.  Matching server
20 may provide first user 14 and second user 14 with each
other's contact information such as a telephone number or
an e-mail address. Matching server 20 may also provide
both first and second users 14 with a way to directly
20   contact the other, such as sending a message or providing
voice or video communication between the first and second
user.   In some embodiments, direct communication may be
initiated  by  pressing  "Send  a  Message"  button  92.
Alternatively, a user may choose to continue browsing the
25   set of presented users by pressing "Keep Playing" button
94.

For example, user Harry may indicate a preference to
communicate directly with user Sally by selecting like
button 86.  At this point, Sally is not aware that Harry
30   expressed a preference for her.   If Sally also requests
matching server 20 present her with a set of possible
matches, Harry may appear in her set.  Sally may select

51

like button 86 (or perform an associated swiping gesture)
when viewing Harry's profile. Matching server 20 may
then notify both Harry and Sally that a match occurred.
At this point, both Harry and Sally are made aware that
5  they each expressed approval of each other's profile.
Matching server 20 then enables Harry and Sally to
directly communicate with each other (e.g., through a
private chat interface).

In some embodiments, one advantage of a system
10 disclosing preferences of profiles to users when mutual
approval has occurred is that a user can feel more secure
in their privacy knowing that their preferences will be
disclosed to those that have expressed a preference for
that user. As an example, a user can avoid embarrassment
15 if their expression of preference for a profile was not
reciprocated. This may lead to users more actively
expressing their preferences. Such increased activity
can be used by the matching system to generate more
potential matches or better rankings of potential
20 matches. In some embodiments, matching server 20 may be
configured to allow direct communication between users
when there has been a mutual expression of preference.
This may be advantageous because users can avoid
browsing, deleting, or responding to unwanted messages.

25 FIGURE 10 is a flowchart depicting a method for
enabling communication between two users of the matching
system of FIGURE 1 based on a mutual expression of
approval, in accordance with a particular embodiment.

At step 1002, in some embodiments, matching server
30 20 generates a set of user profiles in response to a
request for matching from a first user 14. At step 1004,
matching server 20 presents the set of user profiles to

52

first user 14. Matching server 20 determines the
contents and ordering of the set of users profiles by
using, e.g., the relevance algorithms described above in
the discussion of FIGURE 4. For example, matching server
5      20 may only include user profiles whose contents indicate
location within a specified geographical radius and order
the presentation of those user profiles based on the
number of mutual friends in common with first user 14.

At step 1006, in some embodiments, matching server
10     20 receives an indication of the preference of first user
14 regarding a presented user profile. Matching server
20 determines if first user 14 expresses approval or
disapproval of the presented user profile at step 1008.
If first user 14 disapproves of the presented user
15     profile then a match is not made and, at step 1016,
matching server 20 will not allow communication between
the two users. If first user 14 expresses approval for
the presented user profile at step 1008, then matching
server 20 will check if second user 14 represented by the
20     presented user profile has already expressed a preference
for first user 14 at step 1010. If matching server 20
detects a mutual expression of approval then a match is
made between first and second users 14. Then, at step
1012, matching server 20 allows private communications
25     between first and second users 14. If a mutual
expression of approval is not detected at step 1010, then
matching server 20 stores the preference of first user 14
regarding the presented user profile for future
comparison and continues to step 1016 where private
30     communications are not yet allowed.

FIGURE 11 is a flowchart depicting a method for
enabling communication between two users of the matching

ATTORNEY'S DOCKET                        PATENT APPLICATION
083523.0121

53

system of FIGURE 1 based on a matching proposal suggested by a user, in accordance with a particular embodiment. At step 1102, matching server 20 receives interactions from first user 14. Interactions from first user 14 may include identification of user profiles for two other users 14. For example, Harry is connected to both Bob and Sally within social networking platform 50. Harry believes Bob and Sally are a good match for each other and generates a matching proposal requesting matching server 20 to create a match between Bob and Sally.

At step 1104, in some embodiments, matching server 20 validates the suggested matching proposal between second and third users 14. For example, matching server 20 verifies that Bob's profile indicates that he wants to be matched with a woman, and Sally's profile indicates that she wants to be matched with a man. Matching server 20 may also verify that Sally has not previously expressed disapproval for Bob. If matching server 20 determines the suggested matching proposal is valid, matching server 20 creates the match and allows communication between the users 14 suggested to be matched at step 1106. If matching server 20 determines the suggested matching proposal is not valid, matching server 20 does not create a match and does not allow communication between second and third users 14 at step 1108. In some embodiments, step 1104 may not be performed. For example, if a matching proposal is suggested, then matching server 20 may perform step 1106 with respect to the users suggested to be matched.

FIGURES 12A-D depict embodiments of a user interface. In some embodiments, the interface allows user 14 of terminal 10 to enable communication between

54

other users 14 by suggesting a matching proposal to matching server 20.

FIGURE 12A illustrates one embodiment of an interface for proposing a match between two users. The
5      interface is divided into three sections: connection list area 1202, search area 1204, and suggestion area 1206. Connection list area 1202 displays a set of connections user 14 has with other users of, e.g., system 100 of FIGURE 1. Connections may be based on prior matches
10    created by matching server 20. Connections may also be imported from another social networking platform 50. Search area 1204 enables user 14 to search for particular connections within system 100. In some embodiments, the search may be limited to just the connections displayed
15    in connection list area 1202. Suggestion area 1206 displays the connections that user 14 may use to form a suggested match.

FIGURE 12B illustrates suggestion area 1206 displaying a first selected user (i.e., "Jonathan Smith")
20    of a proposed match between two users. User 14 identifies the first selected user through a set of interactions with connection list area 1202, search area 1204, and suggestion area 1206. For example, user 14 may locate a connection in connection list area 1202 by
25    typing a user handle in search area 1204. User 14 may then add the connection to suggestion area 1206. In some embodiments, user 14 may drag the connection from connection list area 1202 to suggestion area 1206.

FIGURE 12C illustrates suggestion area 1206
30    displaying a proposed match between two suggested users (i.e., "Jonathan Smith" and "Mary Major"). For example, user 14 may locate a second connection in connect list

ATTORNEY'S DOCKET                          PATENT APPLICATION
083523.0121

55

area 1202 that user 14 believes is a match for the first connection. User 14 may add the second connection to suggestion area 1206. When both connections are added to suggestion area 1206, matching server 20 may create a
5    match between the two users and allow communication between them.

FIGURE 12D illustrates an example communication interface between users of the matching system. User 14 is presented with chat box 1208 for each of the matches
10   that exist for user 14. Users 14 may communicate with each other through chat box 1208. In some embodiments, users 14 may communicate through SMS messages, e-mail, telephone calls, online voice communication sessions, and/or video communication sessions.

15   Modifications, additions, or omissions may be made to the methods described herein (such as those described above with respect to FIGURES 5, 10 and 11) without departing from the scope of the disclosure. For example, the steps may be combined, modified, or deleted where
20   appropriate, and additional steps may be added. Additionally, the steps may be performed in any suitable order without departing from the scope of the present disclosure.

Although several embodiments have been illustrated
25   and described in detail, it will be recognized that substitutions and alterations are possible without departing from the spirit and scope of the appended claims.

*1/11*



14   TERMINAL
10

100

MATCHING
SERVER
20

22

24

NETWORK

22

22

*FIG. 1A*

14   TERMINAL
10



10

12   DISPLAY

16   INTERFACE

*FIG. 1B*

20

26a
26
26b

CPU   28

CPU   28

*FIG. 1C*

*2/11*

| NAME | PROPERTY 1 | PROPERTY 2 | ○ ○ ○ |
|------|-----------|-----------|-------|
| Jane Doe —30a | | | |
| Jane Roe —30b | | | |
| Jane Boe —30c | | | ○ ○ ○ |
| Jane Loe —30d | | | |
| Jane Snoe —30e | | | |
| ○ | | | |
| ○ | | | |
| ○ | | | |

30 ⎨ (bracketing names)   26a →

*FIG. 1D*



*FIG. 1E*



*FIG. 1F*

Matching Process System and Method
083523.0121

*3/11*



*FIG. 2*



*FIG. 3*

Matching Process System and Method
083523.0121

*4/11*



*FIG. 4*



*FIG. 5*



*5/11*

FIG. 6

FIG. 7

FIG. 8

FIG. 9

Matching Process System and Method
083523.0121

6/11



*FIG. 10*

Matching Process System and Method
083523.0121

7/11



FIG. 11

083523.0121

*8/11*



*FIG. 12A*

Matching Process System and Method
083523.0121

*9/11*



*FIG. 12B*

Matching Process System and Method
083523.0121

*10/11*



*FIG. 12C*

*11/11*



*FIG. 12D*

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application Number: | First Named Inventor: Sean Rad et al. |
|---|---|---|
| | Attorney Docket No: 083523.0121 | Filing Date: |

## ISSUED U.S. PATENTS AND PUBLISHED U.S. APPLICATIONS

| Examiner Initials* | Document Number | Publication or Issue Date | First Named Inventor |
|---|---|---|---|
| | 6,480,885 | 11/12/2002 | Olivier |
| | 2005/0021750 | 01/27/2005 | Abrams |
| | 2005/0027707 | 02/03/2005 | Syed |
| | 2006/0059147 | 03/16/2006 | Weiss et al. |
| | 2006/0085419 | 04/20/2006 | Rosen |
| | 2006/0106780 | 05/18/2006 | Dagan |
| | 2007/0073687 | 03/29/2007 | Terrill et al. |
| | 2007/0073803 | 03/29/2007 | Terrill et al. |
| | 2008/0196094 | 08/14/2008 | Benschop |
| | 2008/0294624 | 11/27/2008 | Kanigsberg et al. |
| | 2008/0301118 | 12/04/2008 | Chien et al. |
| | 2009/0106040 | 04/23/2009 | Jones |
| | 2010/0125632 | 05/20/2010 | Leonard |
| | 7,917,448 | 03/29/2011 | Smola et al. |
| | 2011/0087974 | 04/14/2011 | Kulas |
| | 2011/0196927 | 08/11/2011 | Vance |
| | 8,060,463 | 11/15/2011 | Spiegel |
| | 2012/0088524 | 04/12/2012 | Moldavsky |
| | 8,180,804 | 05/15/2012 | Narayanan et al. |
| | 8,566,327 | 10/22/2013 | Carrico et al. |
| | 2014/0040368 | 02/06/2014 | Janssens |
| | 2014/0074824 | 03/13/2014 | Rad |

## NON-PATENT LITERATURE (NPL)

| Examiner Initials* | DOCUMENT (Including Author (if any), Title, and Source) | DATE |
|---|---|---|
| | PCT Notification of Transmittal of the International Search Report and the Written Opinion of the International Searching Authority, or the Declaration with attached PCT International Search Report and Written Opinion of the International Searching Authority in International Application No. PCT/US08/87706, dated February 10, 2009, 8 pages. | February 10, 2009 |
| | | |

| Active 37710608.1 EXAMINER | DATE CONSIDERED |
|---|---|

*EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to the applicant.

**The date identified by the applicant for any NPL herein shall not be construed to be an admission that it is or is considered to be prior art under 35 U.S.C. §§ 102-103.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application Number: | First Named Inventor: Sean Rad et al. |
|---|---|---|
| | Attorney Docket No: 083523.0121 | Filing Date: |

## ISSUED U.S. PATENTS AND PUBLISHED U.S. APPLICATIONS

| Examiner Initials* | Document Number | Publication or Issue Date | First Named Inventor |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## NON-PATENT LITERATURE (NPL)

| Examiner Initials* | DOCUMENT (Including Author (if any), Title, and Source) | DATE |
|---|---|---|
| | *USPTO, Non-final Office Action* dated 08/25/2011 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 14 pages. | 08/25/2011 |
| | *Response to Office Action Pursuant to 37 C.F.R. § 1.111* filed 11/23/2011 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 12 pages. | 11/23/2011 |
| | *USPTO, Final Office Action* dated 01/06/2012 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 17 pages. | 01/06/2012 |
| | *Request for Continued Examination Transmittal and Amendment Filed with Request for Continued Examination* filed 5/7/2012 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 10 pages. | 05/07/2012 |
| | *USPTO, Non-final Office Action* dated 10/02/2012 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 10 pages. | 10/02/2012 |
| | *Response to Office Action Pursuant to 37 C.F.R. § 1.111* filed 12/31/2012 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 13 pages. | 12/31/2012 |
| | *USPTO, Final Office Action* dated 03/07/2013 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 12 pages. | 03/07/2013 |
| | *Response to Office Action Pursuant to 37 C.F.R. § 1.116 and Certification and Request for Consideration Under the After Final Consideration Pilot Program 2.0* filed 06/06/2013 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 14 pages. | 06/06/2013 |
| | USPTO, *Notice of Allowance and Fees Due* dated 06/19/2013 for Application Serial No. 12/339,301, filed December 19, 2008 in the name of Todd M. Carrico, 12 pages. | 06/19/2013 |

| Active 37710608.1 EXAMINER | DATE CONSIDERED |
|---|---|

*EXAMINER: Initial if citation considered, whether or not citation is in conformance with MEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to the applicant.

**The date identified by the applicant for any NPL herein shall not be construed to be an admission that it is or is considered to be prior art under 35 U.S.C. §§ 102-103.

ATTORNEY DOCKET NO.                          PATENT APPLICATION
083523.0121

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:        Sean Rad et al.

Title:                       MATCHING PROCESS SYSTEM AND METHOD

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Dear Sir:

### INFORMATION DISCLOSURE STATEMENT

Applicant respectfully requests, pursuant to 37 C.F.R. §§ 1.56, 1.97 and 1.98, that the references listed on the attached PTO-1449 form, and previously cited in U.S. Application Serial No. 15/676,773 filed August 14, 2017 by Applicant and entitled "Matching Process System and Method", be considered and cited in the examination of the above-identified continuation patent application.

Pursuant to 37 C.F.R. § 1.98(d), copies of these references are not being furnished. Furthermore, pursuant to 37 C.F.R. § 1.97(h), no representation is made that these references qualify as prior art or that these references are material to the patentability of the present application.

Pursuant to 37 C.F.R. § 1.97(b), no fee is believed due.  If, however, Applicant has overlooked the need for a fee, the Commissioner is hereby authorized to charge any underpayment to Deposit Account No. 02-0384 of Baker Botts L.L.P.

Respectfully submitted,

BAKER BOTTS L.L.P.
Attorneys for Applicant

Chad C. Walters
Reg. No. 48,022

Dated: April 3, 2018
**CUSTOMER NUMBER 05073**

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | Matching Process System and Method |
| **First Named Inventor/Applicant Name:** | Sean Rad |
| **Filer:** | Barton E. Showalter |
| **Attorney Docket Number:** | 083523.0121 |

Filed as Large Entity

**Filing Fees for**   Track I Prioritized Examination - Nonprovisional Application under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY APPLICATION FILING | 1011 | 1 | 300 | 300 |
| UTILITY SEARCH FEE | 1111 | 1 | 660 | 660 |
| UTILITY EXAMINATION FEE | 1311 | 1 | 760 | 760 |
| REQUEST FOR PRIORITIZED EXAMINATION | 1817 | 1 | 4000 | 4000 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| CLAIMS IN EXCESS OF 20 | 1202 | 4 | 100 | 400 |
| INDEPENDENT CLAIMS IN EXCESS OF 3 | 1201 | 1 | 460 | 460 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous-Filing:** | | | | |
| PROCESSING FEE,  EXCEPT PROV. APPLS. | 1830 | 1 | 140 | 140 |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **6720** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 32237158 |
| **Application Number:** | 15944542 |
| **International Application Number:** | |
| **Confirmation Number:** | 3585 |
| **Title of Invention:** | Matching Process System and Method |
| **First Named Inventor/Applicant Name:** | Sean  Rad |
| **Customer Number:** | 5073 |
| **Filer:** | Barton E. Showalter |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | 083523.0121 |
| **Receipt Date:** | 03-APR-2018 |
| **Filing Date:** | |
| **Time Stamp:** | 17:52:57 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $6720 |
| RAM confirmation Number | 040418INTEFSW00004701020384 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | TrackOne Request | 121track1.PDF | 1024283<br><br>bbe9af6a2472926face995c64652746803df2bd | no | 1 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 2 | Application Data Sheet | 121ads.PDF | 1463054<br><br>20f3c1965face3ae0598059a15b37f8b6d2e66f8 | no | 9 |

**Warnings:**

**Information:**

This is not an USPTO supplied ADS fillable form

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

| 3 | | 121spec.pdf | 250507<br><br>9070a451b02b0f9dbb4f448b925e62f96b48217e | yes | 71 |

| | **Multipart Description/PDF files in .zip description** | | | | |
|---|---|---|---|---|---|
| | **Document Description** | | **Start** | **End** | |
| | Abstract | | 71 | 71 | |
| | Claims | | 56 | 70 | |
| | Specification | | 1 | 55 | |

**Warnings:**

**Information:**

| 4 | Drawings-only black and white line drawings | 121figs.pdf | 309144<br><br>3ce6e98084828f580375533f0e75883df1c4fc08 | no | 11 |

**Warnings:**

**Information:**

| 5 | | 121ids.PDF | 777702 | yes | 3 |
|---|---|---|---|---|---|
| | | | 3210040e03cb32c19e2035cf9757f99931ce cc67 | | |

| | **Multipart Description/PDF files in .zip description** | | |
|---|---|---|---|
| | **Document Description** | **Start** | **End** |
| | Information Disclosure Statement (IDS) Form (SB08) | 2 | 3 |
| | Transmittal Letter | 1 | 1 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 6 | Fee Worksheet (SB06) | fee-info.pdf | 41564 | no | 2 |
|---|---|---|---|---|---|
| | | | 0dcdfc958b2cbd8d9a5fd4cc95865bdeed1 2074c | | |

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 3866254 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.